**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOUI**

| | | |
|---|---|---|
| **STEPHANIE CAMPBELL,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | Civil Action No. |
| | ) | |
| **Gannett Media Corp.,** | ) | |
| | ) | |
| **Pacific Daily News,** | ) | |
| | ) | |
| **The Gadsden Times,** | ) | |
| | ) | |
| **The Montgomery Advertiser,** | ) | |
| | ) | |
| **The Tuscaloosa News,** | ) | |
| | ) | |
| **Ft. Smith Southwest Times Record,** | ) | |
| | ) | |
| **Tucson Citizen,** | ) | |
| | ) | |
| **Redding Record Searchlight,** | ) | |
| | ) | |
| **Mt Shasta Herald,** | ) | |
| | ) | |
| **The Desert Sun,** | ) | |
| | ) | |
| **Victorville Daily Press,** | ) | |
| | ) | |
| **Ventura County Star,** | ) | |
| | ) | |
| **The Salinas Californian,** | ) | |
| | ) | |
| **The Stockton Record,** | ) | |
| | ) | |
| **The Coloradoan,** | ) | |
| | ) | |
| **The Pueblo Chieftain,** | ) | |
| | ) | |
| **The News-Press,** | ) | |
| | ) | |
| **News Chief,** | ) | |
| | ) | |
| **Ocala Star Banner,** | ) | |

1

The Palm Beach Post, )
)
Naples Daily News, )
)
Daily Commercial, )
)
The St. Augustine Record, )
)
Palm Beach Daily News, )
)
Pensacola News Journal, )
)
Daytona Beach News-Journal, )
)
The Ledger, )
)
Herald-Tribune, )
)
Treasure Coast Palm, )
)
Panama City News Herald, )
)
Northwest Florida Daily News, )
)
Tallahassee Democrat, )
)
The Gainesville Sun, )
)
The Augusta Chronicle, )
)
Savannah Morning News, )
)
Athens Banner-Herald, )
)
Pekin Daily Times, )
)
The Courier, )
)
The Journal Standard, )
)
Daily Ledger, )
)
The Register-Mail, )
)
Journal Star, )

**Rockford Register Star,** )

**Daily Leader,** )

**McDonough County Voice,** )

**The State Journal-Register,** )

**Star-Courier,** )

**Evening World,** )

**The Indianapolis Star,** )

**Journal & Courier,** )

**The Palladium-Item,** )

**South Bend Tribune,** )

**The Courier & Press,** )

**The Herald-Times,** )

**The Reporter-Times,** )

**The Star Press,** )

**Times-Mail,** )

**The Hawk Eye,** )

**Iowa City Press-Citizen,** )

**Ames Tribune,** )

**Dodge City Daily Globe,** )

**Garden City Telegram,** )

**McPherson Sentinel,** )

**Salina Journal,** )

**The Hays Daily News,** )

3

The Hutchinson News,                    )
                                        )
The Leavenworth Times,                  )
                                        )
The Morning Sun,                        )
                                        )
The Newton Kansan,                      )
                                        )
The Topeka Capital-Journal,             )
                                        )
The Gleaner,                            )
                                        )
Daily Comet,                            )
                                        )
The Daily Advertiser,                   )
                                        )
The News-Star,                          )
                                        )
Post South,                             )
                                        )
The Town Talk,                          )
                                        )
The Shreveport Times,                   )
                                        )
Daily World,                            )
                                        )
The Courier,                            )
                                        )
The Daily Times Salisbury,              )
                                        )
The Herald-Mail,                        )
                                        )
Cape Cod Times,                         )
                                        )
Marshfield News Herald,                 )
                                        )
Patriot Ledger,                         )
                                        )
Taunton Daily Gazette,                  )
                                        )
The Enterprise,                         )
                                        )
The Gardner News,                       )
                                        )
The Herald News,                        )

4

The MetroWest Daily News,                    )
                                             )
The Milford Daily News,                      )
                                             )
The Standard-Times,                          )
                                             )
Worcester Telegram & Gazette,                )
                                             )
Cheboygan Daily Tribune,                     )
                                             )
Hillsdale Daily News,                        )
                                             )
Lansing State Journal,                       )
                                             )
Livingston Daily Press & Argus,              )
                                             )
Petoskey News Review,                        )
                                             )
Sentinel-Standard,                           )
                                             )
Sturgis Journal,                             )
                                             )
The Battle Creek Enquirer,                   )
                                             )
The Daily Reporter,                          )
                                             )
The Daily Telegram,                          )
                                             )
The Detroit Free Press,                      )
                                             )
The Holland Sentinel,                        )
                                             )
The Monroe News,                             )
                                             )
The Sault News,                              )
                                             )
The Times Herald,                            )
                                             )
St. Cloud Times ,                            )
                                             )
Hattiesburg American,                        )
                                             )
Springfield News-Leader,                     )
                                             )
Columbia Daily Tribune ,                     )

5

| | |
|---|---|
| **Great Falls Tribune,** | ) |
| | ) |
| **Reno Gazette-Journal,** | ) |
| | ) |
| **Fosters Daily Democrat,** | ) |
| | ) |
| **Portsmouth Herald,** | ) |
| | ) |
| **Burlington County Times,** | ) |
| | ) |
| **Courier News,** | ) |
| | ) |
| **Courier Post,** | ) |
| | ) |
| **Daily Journal,** | ) |
| | ) |
| **Daily Record,** | ) |
| | ) |
| **Herald News,** | ) |
| | ) |
| **Home News Tribune,** | ) |
| | ) |
| **MyCentralJersey.com,** | ) |
| | ) |
| **New Jersey Herald,** | ) |
| | ) |
| **The Bergen Record,** | ) |
| | ) |
| **Alamogordo Daily News,** | ) |
| | ) |
| **Carlsbad Current-Argus,** | ) |
| | ) |
| **Deming Headlight,** | ) |
| | ) |
| **Las Cruces Sun-News,** | ) |
| | ) |
| **Ruidoso News,** | ) |
| | ) |
| **Silver City Sun-News,** | ) |
| | ) |
| **The Daily Times,** | ) |
| | ) |
| **Daily Messenger,** | ) |
| | ) |
| **Democrat and Chronicle,** | ) |

6

The Journal News, )
)
Poughkeepsie Journal, )
)
Press & Sun-Bulletin, )
)
Spectator, )
)
The Ithaca Journal, )
)
The Leader, )
)
The Star Gazette, )
)
Times Herald-Record, )
)
Times Telegram, )
)
Utica Observer-Dispatch, )
)
Asheville Citizen-Times, )
)
Star News, )
)
Sun Journal, )
)
The Courier-Tribune, )
)
The Daily News, )
)
The Dispatch, )
)
The Fayetteville Observer, )
)
The Free Press, )
)
The Gaston Gazette, )
)
The Star, )
)
Times-News, )
)
Times-News, )
)
Devils Lake Daily Journal, )

7

| | |
|---|---|
| | ) |
| Akron Beacon Journal, | ) |
| | ) |
| Chillicothe Gazette, | ) |
| | ) |
| The Cincinnati Enquirer, | ) |
| | ) |
| Lancaster Eagle-Gazette, | ) |
| | ) |
| Mansfield News Journal, | ) |
| | ) |
| Newark Advocate, | ) |
| | ) |
| News Herald, | ) |
| | ) |
| Record-Courier, | ) |
| | ) |
| Telegraph-Forum, | ) |
| | ) |
| The Alliance Review, | ) |
| | ) |
| The Coshocton Tribune, | ) |
| | ) |
| The Daily Jeffersonian, | ) |
| | ) |
| The Daily Record, | ) |
| | ) |
| The Independent, | ) |
| | ) |
| The Marion Star, | ) |
| | ) |
| The News-Messenger, | ) |
| | ) |
| The Repository, | ) |
| | ) |
| The Times-Gazette, | ) |
| | ) |
| The Times-Reporter, | ) |
| | ) |
| Times Recorder, | ) |
| | ) |
| Examiner Enterprise, | ) |
| | ) |
| The Oklahoman, | ) |
| | ) |
| Statesman Journal, | ) |

8

|  | ) |
|---|---|
| **Beaver County Times,** | ) |
| | ) |
| **Bucks County Courier Times,** | ) |
| | ) |
| **Chambersburg Public Opinion,** | ) |
| | ) |
| **Ellwood City Ledger,** | ) |
| | ) |
| **Erie Times News,** | ) |
| | ) |
| **Hanover Evening Sun,** | ) |
| | ) |
| **Lebanon Daily News,** | ) |
| | ) |
| **Pocono Record,** | ) |
| | ) |
| **The Daily American,** | ) |
| | ) |
| **The Echo Pilot,** | ) |
| | ) |
| **The Intelligencer,** | ) |
| | ) |
| **The Record Herald,** | ) |
| | ) |
| **Tri-County Independent,** | ) |
| | ) |
| **York Daily Record,** | ) |
| | ) |
| **The Newport Daily News,** | ) |
| | ) |
| **The Anderson Independent-Mail,** | ) |
| | ) |
| **Greenville News,** | ) |
| | ) |
| **Spartanburg Herald-Journal,** | ) |
| | ) |
| **American News,** | ) |
| | ) |
| **Watertown Public Opinion,** | ) |
| | ) |
| **Columbia Daily Herald,** | ) |
| | ) |
| **The Knoxville News-Sentinel,** | ) |
| | ) |
| **The Daily News Journal,** | ) |

The Jackson Sun,                               )
                                               )
The Leaf-Chronicle,                            )
                                               )
The Oak Ridger,                                )
                                               )
The Tennessean,                                )
                                               )
Amarillo Globe-News,                           )
                                               )
Austin American-Statesman,                     )
                                               )
Corpus Christi Caller-Times,                   )
                                               )
San Angelo Standard-Times,                     )
                                               )
Lubbock Avalanche-Journal,                     )
                                               )
Sherman/Dennison Herald Democrat               )
                                               )
The Abilene Reporter-News,                     )
                                               )
The El Paso Times,                             )
                                               )
Times Record News,                             )
                                               )
Waxahachie Daily Light,                        )
                                               )
The Spectrum,                                  )
                                               )
The News Leader,                               )
                                               )
Kitsap Sun,                                    )
                                               )
The Progress-Index,                            )
                                               )
The Post-Crescent,                             )
                                               )
The Reporter,                                  )
                                               )
Green Bay Press-Gazette,                       )
                                               )
Herald Times Reporter,                         )
                                               )
Marshfield News Herald,                        )

|                                              |     |
|----------------------------------------------|-----|
| **The Northwestern,**                        | )   |
|                                              | )   |
| **The Sheboygan Press,**                     | )   |
|                                              | )   |
| **Stevens Point Journal,**                   | )   |
|                                              | )   |
| **Wausau Daily Herald,**                     | )   |
|                                              | )   |
| **The Wisconsin Rapids Daily Tribune,**      | )   |
|                                              | )   |
|                                              | )   |
|                                              | )   |
| **Defendants.**                              | )   |

## **COMPLAINT**

COMES NOW PLAINTIFF, Stephanie Campbell ("Campbell"), for its Complaint against, Gannett Media Corp., Pacific Daily News, The Gadsden Times, The Montgomery Advertiser, The Tuscaloosa News, Ft. Smith Southwest Times Record, Tucson Citizen, Redding Record Searchlight, Mt Shasta Herald, The Desert Sun, Victorville Daily Press, Ventura County Star, The Salinas Californian, The Stockton Record, The Coloradoan, The Pueblo Chieftain, The News-Press, News Chief, Ocala Star Banner, The Palm Beach Post, Naples Daily News, Daily Commercial, The St. Augustine Record, Palm Beach Daily News, Pensacola News Journal, Daytona Beach News-Journal, The Ledger, Herald-Tribune, Treasure Coast Palm, Panama City News Herald, Northwest Florida Daily News, Tallahassee Democrat, The Gainesville Sun, The Augusta Chronicle, Savannah Morning News, Athens Banner-Herald, Pekin Daily Times, The Courier, The Journal Standard, Daily Ledger, The Register-Mail, Journal Star, Rockford Register Star, Daily Leader, McDonough County Voice, The State Journal-Register, Star-Courier, Evening World, The Indianapolis Star, Journal & Courier, The Palladium-Item, South Bend Tribune, The Courier & Press, The Herald-Times, The Reporter-Times, The Star Press, Times-Mail, The Hawk

Eye, Iowa City Press-Citizen, Ames Tribune, Dodge City Daily Globe, Garden City Telegram, McPherson Sentinel, Salina Journal, The Hays Daily News, The Hutchinson News, The Leavenworth Times, The Morning Sun, The Newton Kansan, The Topeka Capital-Journal, The Gleaner, Daily Comet, The Daily Advertiser, The News-Star, Post South, The Town Talk, The Shreveport Times, Daily World, The Courier, The Daily Times Salisbury, The Herald-Mail, Cape Cod Times, Marshfield News Herald, Patriot Ledger, Taunton Daily Gazette, The Enterprise, The Gardner News, The Herald News, The MetroWest Daily News, The Milford Daily News, The Standard-Times, Worcester Telegram & Gazette, Cheboygan Daily Tribune, Hillsdale Daily News, Lansing State Journal, Livingston Daily Press & Argus, Petoskey News Review, Sentinel-Standard, Sturgis Journal, The Battle Creek Enquirer, The Daily Reporter, The Daily Telegram, The Detroit Free Press, The Holland Sentinel, The Monroe News, The Sault News, The Times Herald, St. Cloud Times , Hattiesburg American, Springfield News-Leader, Columbia Daily Tribune , Great Falls Tribune, Reno Gazette-Journal, Fosters Daily Democrat, Portsmouth Herald, Burlington County Times, Courier News, Courier Post, Daily Journal, Daily Record, Herald News, Home News Tribune, Daily, New Jersey Herald, The Bergen Record, Alamogordo Daily News, Carlsbad Current-Argus, Deming Headlight, Las Cruces Sun-News, Ruidoso News, Silver City Sun-News, The Daily Times, Daily, Democrat and Chronicle, The Journal News, Poughkeepsie Journal, Press & Sun-Bulletin, Spectator, The Ithaca Journal, The Leader, The Star Gazette, Times Herald-Record, Daily, Utica Observer-Dispatch, Asheville Citizen-Times, Star News, Sun Journal, The Courier-Tribune, The Daily News, The Dispatch, The Fayetteville Observer, The Free Press, Daily, The Star, Times-News, Times-News, Devils Lake Daily Journal, Akron Beacon Journal, Chillicothe Gazette, The Cincinnati Enquirer, Lancaster Eagle-Gazette, Mansfield News Journal, Daily, News Herald, Record-Courier, Telegraph-Forum, The Alliance

Review, The Coshocton Tribune, The Daily Jeffersonian, The Daily Record, The Independent, The Marion Star, Daily, The Repository, The Times-Gazette, The Times-Reporter, Times Recorder, Examiner Enterprise, The Oklahoman, Statesman Journal, Beaver County Times, Bucks County Courier Times, Daily, Ellwood City Ledger, Erie Times News, Hanover Evening Sun, Lebanon Daily News, Pocono Record, The Daily American, The Echo Pilot, The Intelligencer, The Record Herald, Daily, York Daily Record, The Newport Daily News, The Anderson Independent-Mail, Greenville News, Spartanburg Herald-Journal, American News, Watertown Public Opinion, Columbia Daily Herald, Daily, The Daily News Journal, The Jackson Sun, The Leaf-Chronicle, The Oak Ridger, The Tennessean, Amarillo Globe-News, Austin American-Statesman, Corpus Christi Caller-Times, San Angelo Standard-Times, Daily, Sherman/Dennison Herald Democrat, The Abilene Reporter-News, The El Paso Times, Times Record News, Waxahachie Daily Light, The Spectrum, The News Leader, Kitsap Sun, The Progress-Index, The Post-Crescent, The Reporter, Green Bay Press-Gazette, Herald Times Reporter, Marshfield News Herald, The Northwestern, The Sheboygan Press, Stevens Point Journal, Wausau Daily Herald, The Wisconsin Rapids Daily Tribune (collectively the "Gannett Infringers") and alleges as follows:

## JURISDICTION AND VENUE

1.     This is a copyright infringement action seeking damages and injunctive relief against various defendants who have unlawfully reproduced and distributed the unlawfully reproduced copy of Plaintiff's image around the world in association with some of the largest publications in the United States.

2.     The theft of Plaintiff's original image infringes on her rights under the Copyright Act of 1976 and unless enjoined, will continue to cause irreparable harm to Plaintiff.

3.     Plaintiff, Stephanie Campbell, is a photographer who resides in Missouri, within this Court's jurisdiction.

4.     This Complaint includes an action for copyright infringement under 17 U.S.C. § 501 *et seq*.

5.     This court has jurisdiction over the subject matter of the complaint pursuant to 28 U.S.C § 1338(a) because this is a civil action arising under an Act of Congress relating to copyrights.

6.     Upon information and belief, this court has personal jurisdiction over Gannett Infringers because of their substantial and continuous business contacts with the state of Missouri through marketing and advertising to Missouri residents and because the acts giving rise to this Complaint have occurred as a result of such marketing and advertising contact with the state of Missouri.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 & 1400 because all Defendants conduct business within this judicial district and the acts giving rise to this Complaint are believed to have occurred within this judicial district.

## FACTUAL BACKGROUND

### Stephanie Campbell

8.     Campbell is an experienced, professional photographer.

9.     Campbell has played football in Kansas City for various teams including teams in the Women's Football Association (WFA), a professional tackle football league.

10.     During her time in the WFA, Ms. Campbell became familiar with Katie Sowers, an individual who recently gained national notoriety for becoming the NFL's first openly gay, and second full-time woman coach.

11.     With the unique combination of being a professional photographer who is also a colleagues of Katie Sowers, Ms. Campbell was afforded unparalleled access to photograph Sowers at the moment she learned about her groundbreaking hire.

12.     Consequently, Ms. Campbell was able to capture high quality, close-up photographs of Sowers' reaction to the news and subsequent action shots of Sowers coaching.

13.     Among the numerous photographs taken by Ms. Campbell is the following photograph ("Sowers Photograph"):



14.     Ms. Campbell owns the exclusive rights to the Sowers Photograph which is registered with the US Copyright Office, Reg. No. VA 2-073-437.

15.     Ms. Campbell requires that use of her photograph be attributed to her as the photographer.  Generally, the photograph will include at least the name of the author of the work, Stephanie Campbell.

16.     Ms. Campbell's name as used in association with the photograph constituted copyright management information under 17 U.S.C. §1202 (c)(2).



**5 things to know about 49ers assistant coach Katie Sowers**

Katie Sowers is the second woman in NFL history to have a season-long coaching job.
Image Courtesy of Stephanie Campbell

## I.     **Defendant Gannett Media Corp.**

17.     Upon Information and Believe, Defendant Gannett Media Corp is located in McLean Virginia and it provides training, record keeping, learning platforms and back office services for Gannett including providing a common infrastructure platform to manage aspects of the Gannett media network which include providing content and advertising services and obtaining revenue for advertisers and subscribers throughout the United States, including Missouri residents.

18.     To provide content to the various publications, Gannett Media Corp provides a content delivery network (Presto) with at least one server accessible online to the public at www.gannett-cdn.com (the "Website").

19.     Presto was created to allow Gannett Media Corp to distribute high resolution images to the other Gannett Infringers across the country for use as part of their publication.

20.     Gannett Media Corp knew that taking a screen shot of Plaintiff's image required

permission and that placing a screen shot of Plaintiff's image in the content delivery network without permission would result in a claim of infringement.

21.     On the Website, Gannett Media Corp posts and disseminates content for use by itself and various publishers and customers around the United States, including those located in Missouri.

22.     Such content is used to market and promote Gannett Media Corp, and for use by advertisers and various other publications around the United States, including Missouri.

23.     Upon information and belief, Gannett Media Corp created and is responsible for maintaining and operating the Website and the content delivery network.

24.     Upon information and belief, Gannett Media Corp receives a direct financial benefit for providing content, including the Sowers photograph to various publications around the United States, including Missouri.

25.     Upon information and belief, Defendant Gannett Media Corp has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Gannett Media Corp's Infringement**

26.     Defendant Gannett Media Corp obtained a reproduction of Plaintiff's image and distributed it to digital publications around the United States via its content delivery network.

27.     Defendant Gannett Media Corp manages all aspects of employees including training on Gannett's Presto Content Management Platform and training on Gannett's use of copyrighted content.

28.     Upon information and belief, Gannett Media Corp was responsible for training the other Gannett Infringers and their employees on how to use Presto, how to upload high-resolution images into Presto and how to obtain licenses for use with images placed into Presto.

29.     Upon information and belief, Gannett Media Corp failed to properly train the other

Gannett Infringers or their employees on how to use the Presto content management platform to avoid infringement and/or encouraged them to infringe Plaintiff's image.

30.     Upon information and belief, the image below was unlawfully reproduced by Gannett Media Corp and placed on its Website for reproduction and distribution to various publications around the world, including the other Gannett Infringers.



31.     Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

32.     Upon information and belief, Gannett's content delivery network was configured by Gannett Media Corp to create standardized content for use by all locally focused websites including digital publications around the United States.

33.     Upon information and belief, Gannett Media Corp placed the unauthorized reproduction of Plaintiff's image on its Presto content delivery network for use by the other Gannett Infringers to further reproduce and distribute the image and use commercially including in association with advertisements and to solicit advertising sales and new subscribers to their publications.

34.     In addition, Gannett Media Corp promoted the image to entice viewers of Photograph to view advertisements associated with an Ad Meter Platform.

35.     Upon information and belief, Gannett Media Corp is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

36.     Upon information Gannett Media Corp stored the image on its content delivery network which was then distributed to the other Gannett Infringer publications around the United States.

37.     Specifically, the image was reproduced and distributed by Gannett Media Corp through its content delivery network at www.gannett-cdn.com//presto/2020/01/28/USAT/84168c40-5c4f-4921-88ae-2a1a2c1ccef8-ScreenShot_2020-01-28_at_11.11.01_AM.png?crop%3D1352,761,x0,y0%26width%3D1352%26height%3D761%26format%3Dpjpg%26auto%3Dwebp.

38.     Upon information and belief, Defendant Gannett Media Corp distributed the image knowing that such image was reproduced without permission and intending that the unlicensed reproduction would be used by the other Gannett Infringers, including: Gannett Media Corp., Pacific Daily News, The Gadsden Times, The Montgomery Advertiser, The Tuscaloosa News, Ft. Smith Southwest Times Record, Tucson Citizen, Redding Record Searchlight, Mt Shasta Herald, The Desert Sun, Victorville Daily Press, Ventura County Star, The Salinas Californian, The Stockton Record, The Coloradoan, The Pueblo Chieftain, The News-Press, News Chief, Ocala Star Banner, The Palm Beach Post, Naples Daily News, Daily Commercial, The St. Augustine Record, Palm Beach Daily News, Pensacola News Journal, Daytona Beach News-Journal, The Ledger, Herald-

Tribune, Treasure Coast Palm, Panama City News Herald, Northwest Florida Daily News, Tallahassee Democrat, The Gainesville Sun, The Augusta Chronicle, Savannah Morning News, Athens Banner-Herald, Pekin Daily Times, The Courier, The Journal Standard, Daily Ledger, The Register-Mail, Journal Star, Rockford Register Star, Daily Leader, McDonough County Voice, The State Journal-Register, Star-Courier, Evening World, The Indianapolis Star, Journal & Courier, Pal The Palladium-Item, South Bend Tribune, The Courier & Press, The Herald-Times, The Reporter-Times, The Star Press, Times-Mail, The Hawk Eye, Iowa City Press-Citizen, Ames Tribune, Dodge City Daily Globe, Garden City Telegram, McPherson Sentinel, Salina Journal, The Hays Daily News, The Hutchinson News, The Leavenworth Times, The Morning Sun, The Newton Kansan, The Topeka Capital-Journal, The Gleaner, Daily Comet, The Daily Advertiser, The News-Star, Post South, The Town Talk, The Shreveport Times, Daily World, The Courier, The Daily Times Salisbury, The Herald-Mail, Cape Cod Times, Marshfield News Herald, Patriot Ledger, Taunton Daily Gazette, The Enterprise, The Gardner News, The Herald News, The MetroWest Daily News, The Milford Daily News, The Standard-Times, Worcester Telegram & Gazette, Cheboygan Daily Tribune, Hillsdale Daily News, Lansing State Journal, Livingston Daily Press & Argus, Petoskey News Review, Sentinel-Standard, Sturgis Journal, The Battle Creek Enquirer, The Daily Reporter, The Daily Telegram, The Detroit Free Press, The Holland Sentinel, The Monroe News, The Sault News, The Times Herald, St. Cloud Times , Hattiesburg American, Springfield News-Leader, Columbia Daily Tribune , Great Falls Tribune, Reno Gazette-Journal, Fosters Daily Democrat, Portsmouth Herald, Burlington County Times, Courier News, Courier Post, Daily Journal, Daily Record, Herald News, Home News Tribune, Daily, New Jersey Herald, The Bergen Record, Alamogordo Daily News, Carlsbad Current-Argus, Deming Headlight, Las Cruces Sun-News, Ruidoso News, Silver City Sun-News, The Daily Times, Daily, Democrat and Chronicle, The

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 20 of 848

Journal News, Poughkeepsie Journal, Press & Sun-Bulletin, Spectator, The Ithaca Journal, The Leader, The Star Gazette, Times Herald-Record, Daily, Utica Observer-Dispatch, Asheville Citizen-Times, Star News, Sun Journal, The Courier-Tribune, The Daily News, The Dispatch, The Fayetteville Observer, The Free Press, Daily, The Star, Times-News, Times-News, Devils Lake Daily Journal, Akron Beacon Journal, Chillicothe Gazette, The Cincinnati Enquirer, Lancaster Eagle-Gazette, Mansfield News Journal, Daily, News Herald, Record-Courier, Telegraph-Forum, The Alliance Review, The Coshocton Tribune, The Daily Jeffersonian, The Daily Record, The Independent, The Marion Star, Daily, The Repository, The Times-Gazette, The Times-Reporter, Times Recorder, Examiner Enterprise, The Oklahoman, Statesman Journal, Beaver County Times, Bucks County Courier Times, Daily, Ellwood City Ledger, Erie Times News, Hanover Evening Sun, Lebanon Daily News, Pocono Record, The Daily American, The Echo Pilot, The Intelligencer, The Record Herald, Daily, York Daily Record, The Newport Daily News, The Anderson Independent-Mail, Greenville News, Spartanburg Herald-Journal, American News, Watertown Public Opinion, Columbia Daily Herald, Daily, The Daily News Journal, The Jackson Sun, The Leaf-Chronicle, The Oak Ridger, The Tennessean, Amarillo Globe-News, Austin American-Statesman, Corpus Christi Caller-Times, San Angelo Standard-Times, Daily, Sherman/Dennison Herald Democrat, The Abilene Reporter-News, The El Paso Times, Times Record News, Waxahachie Daily Light, The Spectrum, The News Leader, Kitsap Sun, The Progress-Index, The Post-Crescent, The Reporter, Green Bay Press-Gazette, Herald Times Reporter, Marshfield News Herald, The Northwestern, The Sheboygan Press, Stevens Point Journal, Wausau Daily Herald, The Wisconsin Rapids Daily Tribune.

39.     Defendant Gannett Media Corp knew of the infringement of the Sowers Photograph, at least as early as when they received notice of the ongoing infringement on or about January 2021

and despite receiving notice, the infringement continued.

40. The unauthorized screen shot of the Sowers Photograph was reproduced and distributed without authorization as part of the content delivery network.

41. The unauthorized screen shot obtained by Gannett Media Corp was used to create a webpage for each of the other Gannett Infringers and as the visual image for a video which was located on the webpage for each of the other Gannett infringers.

42. The unauthorized screen shot was used to promote Gannett Media Corp and the other Gannett Infringers and to obtain revenue, including advertising revenue for Gannett Media Corp and each of the other Gannett Infringers.

43. Defendant Gannett Media Corp had actual and constructive knowledge of the infringement which occurred through their content distribution network by the other Gannett Infringers.

44. Defendant Gannett Media Corp knew or should have known of the infringing activity by each of the Gannett Infringers.

45. Providing the unauthorized screen shot of the Sowers Photograph through the content delivery network, induced, caused or materially contributed to the unlawful reproduction and distribution of Plaintiff's copyrighted image.

46. Upon information and Belief, Defendant Gannett Media Corp has the right and ability to supervise and control the activities by the other Gannett Infringers.

47. Defendant Gannett Media Corp's actions were willful, intentional, purposeful and/or in disregard of and indifferent to Plaintiff's rights.

48. Defendant Gannett Media Corp also used the image as part of a video which was provided through the Presto content delivery network to various publications around the United

States.

49.     Defendant Gannett Media Corp's infringement arose out of the reproduction of Plaintiff's image and distribution of Plaintiff's image via its Presto content delivery network for inclusion by various publications which targeted Missouri residents reviewing these publications.

50.     Defendant Gannett Media Corp's infringement also arose out of its distribution of the unlawful reproduction of Plaintiff's image through its Presto content delivery network to various publishers throughout the United States for further reproduction, display and distribution.

51.     Ms. Campbell did not give Defendant Gannett Media Corp permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

52.     Ms. Campbell did not give Defendant Gannett Media Corp permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

53.     Nonetheless, Defendant Gannett Media Corp reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its Presto content delivery network (the "Gannett's Use").

54.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

55.     Upon information and belief, the article was used as part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise on its Presto content delivery network.

56.     Defendant did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**II.     Defendant The Gadsden Times**

57.     Defendant The Gadsden Times is a daily publication which publishes local, national

and international articles in print, digital, video and on social media and is located in Gadsden, Alabama.

58.     Upon information and belief, The Gadsden Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

59.     As part of its publication, The Gadsden Times sells copies of its publication along with subscriptions and advertising for the publication.

60.     The Gadsden Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

61.     As part of its publication, The Gadsden Times also provides a website located at gadsdentimes.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

62.     Upon information and belief, The Gadsden Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

63.     The Gadsden Times is in charge of and determines which content is placed on its website located at The Gadsden Times which is used for its website, its advertisers, its subscribers and in its publication.

64.     The Gadsden Times maintains at least one server accessible online to the public at www.gadsdentimes.com (the "Website").

65.     The Website has a copyright notice on the website © 2022 www.gadsdentimes.com. All rights reserved.

66.     Upon information and belief, The Gadsden Times used the Sowers Photograph in association with advertisements placed on the Website which were viewed by subscribers viewing

the Website along with the Sowers Photograph at the following urls:

> https://www.gadsdentimes.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.gadsdentimes.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.gadsdentimes.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

67.    The Sowers Photograph was used for advertising by The Gadsden Times.

68.    On the Website, The Gadsden Times posts and disseminates content to its subscribers, including those located in Missouri.

69.    Such content is used to market and promote The Gadsden Times and its advertisers.

70.    Upon information and belief, Defendant The Gadsden Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Gadsden Times's Infringement**

71.    Defendant The Gadsden Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.gadsdentimes.com.

72.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

73.    Defendant The Gadsden Times's website includes commercial advertising targeting the subscribers of The Gadsden Times's publication, including those in Missouri.

74.    Upon information and belief, because the advertisers on Defendant The Gadsden Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

25

75.     Upon information and belief, The Gadsden Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

76.     Upon information and belief, The Gadsden Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

77.     Upon information The Gadsden Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

78.     Alternatively, The Gadsden Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Gadsden Times's website for its digital subscribers and in connection with advertising located on its website.

79.     Defendant The Gadsden Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

80.     Defendant The Gadsden Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

81.     Ms. Campbell did not give Defendant The Gadsden Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

82.     Ms. Campbell did not give Defendant The Gadsden Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

83.     Nonetheless, Defendant The Gadsden Times reproduced Plaintiff's photograph and

used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Gadsden Times's Use").

84. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

85. Upon information and belief, the The Gadsden Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

86. Defendant The Gadsden Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

III.     **Defendant The Montgomery Advertiser**

87. Defendant The Montgomery Advertiser is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Montgomery, Alabama.

88. Upon information and belief, The Montgomery Advertiser has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

89. As part of its publication, The Montgomery Advertiser sells copies of its publication along with subscriptions and advertising for the publication.

90. The Montgomery Advertiser is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

91. As part of its publication, The Montgomery Advertiser also provides a website

located at montgomeryadvertiser.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

92.     Upon information and belief, The Montgomery Advertiser knows that its website is read from users across the United States, including the residents in the Kansas City area.

93.     The Montgomery Advertiser is in charge of and determines which content is placed on its website located at The Montgomery Advertiser which is used for its website, its advertisers, its subscribers and in its publication.

94.     The Montgomery Advertiser maintains at least one server accessible online to the public at www.montgomeryadvertiser.com(the "Website").

95.     The Website has a copyright notice on the website © 2022 www.montgomeryadvertiser.com. All rights reserved.

96.     Upon information and belief, The Montgomery Advertiser used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.montgomeryadvertiser.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.montgomeryadvertiser.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.montgomeryadvertiser.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

97.     The Sowers Photograph was used for advertising by The Montgomery Advertiser.

98.     On the Website, The Montgomery Advertiser posts and disseminates content to its subscribers, including those located in Missouri.

99. Such content is used to market and promote The Montgomery Advertiser and its advertisers.

100. Upon information and belief, Defendant The Montgomery Advertiser has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Montgomery Advertiser's Infringement**

101. Defendant The Montgomery Advertiser reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.montgomeryadvertiser.com.

102. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

103. Defendant The Montgomery Advertiser's website includes commercial advertising targeting the subscribers of The Montgomery Advertiser's publication, including those in Missouri.

104. Upon information and belief, because the advertisers on Defendant The Montgomery Advertiser's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

105. Upon information and belief, The Montgomery Advertiser selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

106. Upon information and belief, The Montgomery Advertiser is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

107. Upon information The Montgomery Advertiser reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

108.     Alternatively, The Montgomery Advertiser obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Montgomery Advertiser's website for its digital subscribers and in connection with advertising located on its website.

109.     Defendant The Montgomery Advertiser used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

110.     Defendant The Montgomery Advertiser's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

111.     Ms. Campbell did not give Defendant The Montgomery Advertiser permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

112.     Ms. Campbell did not give Defendant The Montgomery Advertiser permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

113.     Nonetheless, Defendant The Montgomery Advertiser reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Montgomery Advertiser's Use").

114.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

115.     Upon information and belief, the The Montgomery Advertiser's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new

subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

116.    Defendant The Montgomery Advertiser did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**IV.    Defendant The Tuscaloosa News**

117.    Defendant The Tuscaloosa News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Tuscaloosa, Alabama.

118.    Upon information and belief, The Tuscaloosa News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

119.    As part of its publication, The Tuscaloosa News sells copies of its publication along with subscriptions and advertising for the publication.

120.    The Tuscaloosa News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

121.    As part of its publication, The Tuscaloosa News also provides a website located at tuscaloosanews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

122.    Upon information and belief, The Tuscaloosa News knows that its website is read from users across the United States, including the residents in the Kansas City area.

123.    The Tuscaloosa News is in charge of and determines which content is placed on its website located at The Tuscaloosa News which is used for its website, its advertisers, its subscribers and in its publication.

124.     The Tuscaloosa News maintains at least one server accessible online to the public at www.tuscaloosanews.com(the "Website").

125.     The Website has a copyright notice on the website © 2022 www.tuscaloosanews.com. All rights reserved.

126.     Upon information and belief, The Tuscaloosa News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

    https://www.tuscaloosanews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
    /microsoft/4597663002/,

    https://www.tuscaloosanews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
    commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

    https://www.tuscaloosanews.com/story/entertainment/2020/01/29/super-bowl-
    commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

127.     The Sowers Photograph was used for advertising by The Tuscaloosa News.

128.     On the Website, The Tuscaloosa News posts and disseminates content to its subscribers, including those located in Missouri.

129.     Such content is used to market and promote The Tuscaloosa News and its advertisers.

130.     Upon information and belief, Defendant The Tuscaloosa News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Tuscaloosa News's Infringement**

131.     Defendant The Tuscaloosa News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.tuscaloosanews.com.

132. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

133. Defendant The Tuscaloosa News's website includes commercial advertising targeting the subscribers of The Tuscaloosa News's publication, including those in Missouri.

134. Upon information and belief, because the advertisers on Defendant The Tuscaloosa News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

135. Upon information and belief, The Tuscaloosa News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

136. Upon information and belief, The Tuscaloosa News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

137. Upon information The Tuscaloosa News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

138. Alternatively, The Tuscaloosa News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Tuscaloosa News's website for its digital subscribers and in connection with advertising located on its website.

139. Defendant The Tuscaloosa News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

140. Defendant The Tuscaloosa News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the

unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

141.    Ms. Campbell did not give Defendant The Tuscaloosa News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

142.    Ms. Campbell did not give Defendant The Tuscaloosa News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

143.    Nonetheless, Defendant The Tuscaloosa News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Tuscaloosa News's Use").

144.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

145.    Upon information and belief, the The Tuscaloosa News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

146.    Defendant The Tuscaloosa News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**V.      Defendant Ft. Smith Southwest Times Record**

147.    Defendant Ft. Smith Southwest Times Record is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Fort Smith, Arkansas.

148.    Upon information and belief, Ft. Smith Southwest Times Record has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri

residents.

149. As part of its publication, Ft. Smith Southwest Times Record sells copies of its publication along with subscriptions and advertising for the publication.

150. Ft. Smith Southwest Times Record is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

151. As part of its publication, Ft. Smith Southwest Times Record also provides a website located at swtimes.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

152. Upon information and belief, Ft. Smith Southwest Times Record knows that its website is read from users across the United States, including the residents in the Kansas City area.

153. Ft. Smith Southwest Times Record is in charge of and determines which content is placed on its website located at Ft. Smith Southwest Times Record which is used for its website, its advertisers, its subscribers and in its publication.

154. Ft. Smith Southwest Times Record maintains at least one server accessible online to the public at www.swtimes.com(the "Website").

155. The Website has a copyright notice on the website © 2022 www.swtimes.com. All rights reserved.

156. Upon information and belief, Ft. Smith Southwest Times Record used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.swtimes.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
/microsoft/4597663002/,

https://www.swtimes.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.swtimes.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

157.    The Sowers Photograph was used for advertising by Ft. Smith Southwest Times Record.

158.    On the Website, Ft. Smith Southwest Times Record posts and disseminates content to its subscribers, including those located in Missouri.

159.    Such content is used to market and promote Ft. Smith Southwest Times Record and its advertisers.

160.    Upon information and belief, Defendant Ft. Smith Southwest Times Record has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Ft. Smith Southwest Times Record's Infringement**

161.    Defendant Ft. Smith Southwest Times Record reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.swtimes.com.

162.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

163.    Defendant Ft. Smith Southwest Times Record's website includes commercial advertising targeting the subscribers of Ft. Smith Southwest Times Record's publication, including those in Missouri.

164.    Upon information and belief, because the advertisers on Defendant Ft. Smith Southwest Times Record's website are based on the location of the viewer, these advertisements

target Missouri residents and include advertisers targeting Missouri residents.

165.    Upon information and belief, Ft. Smith Southwest Times Record selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

166.    Upon information and belief, Ft. Smith Southwest Times Record is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

167.    Upon information Ft. Smith Southwest Times Record reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

168.    Alternatively, Ft. Smith Southwest Times Record obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Ft. Smith Southwest Times Record's website for its digital subscribers and in connection with advertising located on its website.

169.    Defendant Ft. Smith Southwest Times Record used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

170.    Defendant Ft. Smith Southwest Times Record's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

171.    Ms. Campbell did not give Defendant Ft. Smith Southwest Times Record permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

172.    Ms. Campbell did not give Defendant Ft. Smith Southwest Times Record permission

37

to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

173.    Nonetheless, Defendant Ft. Smith Southwest Times Record reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Ft. Smith Southwest Times Record's Use").

174.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

175.    Upon information and belief, the Ft. Smith Southwest Times Record's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

176.    Defendant Ft. Smith Southwest Times Record did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## VI.    Defendant Tucson Citizen

177.    Defendant Tucson Citizen is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Tucson, Arizona.

178.    Upon information and belief, Tucson Citizen has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

179.    As part of its publication, Tucson Citizen sells copies of its publication along with subscriptions and advertising for the publication.

180.    Tucson Citizen is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly

visitors.

181.     As part of its publication, Tucson Citizen also provides a website located at tucsoncitizen.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

182.     Upon information and belief, Tucson Citizen knows that its website is read from users across the United States, including the residents in the Kansas City area.

183.     Tucson Citizen is in charge of and determines which content is placed on its website located at Tucson Citizen which is used for its website, its advertisers, its subscribers and in its publication.

184.     Tucson Citizen maintains at least one server accessible online to the public at www.tucsoncitizen.com(the "Website").

185.     The Website has a copyright notice on the website © 2022 www.tucsoncitizen.com. All rights reserved.

186.     Upon information and belief, Tucson Citizen used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.tucsoncitizen.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.tucsoncitizen.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.tucsoncitizen.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

187.     The Sowers Photograph was used for advertising by Tucson Citizen.

188.    On the Website, Tucson Citizen posts and disseminates content to its subscribers, including those located in Missouri.

189.    Such content is used to market and promote Tucson Citizen and its advertisers.

190.    Upon information and belief, Defendant Tucson Citizen has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Tucson Citizen's Infringement**

191.    Defendant Tucson Citizen reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.tucsoncitizen.com.

192.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

193.    Defendant Tucson Citizen's website includes commercial advertising targeting the subscribers of Tucson Citizen's publication, including those in Missouri.

194.    Upon information and belief, because the advertisers on Defendant Tucson Citizen's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

195.    Upon information and belief, Tucson Citizen selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

196.    Upon information and belief, Tucson Citizen is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

197.    Upon information Tucson Citizen reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 40 of 848

198. Alternatively, Tucson Citizen obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Tucson Citizen's website for its digital subscribers and in connection with advertising located on its website.

199. Defendant Tucson Citizen used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

200. Defendant Tucson Citizen's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

201. Ms. Campbell did not give Defendant Tucson Citizen permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

202. Ms. Campbell did not give Defendant Tucson Citizen permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

203. Nonetheless, Defendant Tucson Citizen reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Tucson Citizen's Use").

204. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

205. Upon information and belief, the Tucson Citizen's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

206.     Defendant Tucson Citizen did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**VII.     Defendant Redding Record Searchlight**

207.     Defendant Redding Record Searchlight is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Redding, California.

208.     Upon information and belief, Redding Record Searchlight has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

209.     As part of its publication, Redding Record Searchlight sells copies of its publication along with subscriptions and advertising for the publication.

210.     Redding Record Searchlight is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

211.     As part of its publication, Redding Record Searchlight also provides a website located at redding.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

212.     Upon information and belief, Redding Record Searchlight knows that its website is read from users across the United States, including the residents in the Kansas City area.

213.     Redding Record Searchlight is in charge of and determines which content is placed on its website located at Redding Record Searchlight which is used for its website, its advertisers, its subscribers and in its publication.

214.     Redding Record Searchlight maintains at least one server accessible online to the

public at www.redding.com (the "Website").

215. The Website has a copyright notice on the website © 2022 www.redding.com. All rights reserved.

216. Upon information and belief, Redding Record Searchlight used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.redding.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.redding.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.redding.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

217. The Sowers Photograph was used for advertising by Redding Record Searchlight.

218. On the Website, Redding Record Searchlight posts and disseminates content to its subscribers, including those located in Missouri.

219. Such content is used to market and promote Redding Record Searchlight and its advertisers.

220. Upon information and belief, Defendant Redding Record Searchlight has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Redding Record Searchlight's Infringement**

221. Defendant Redding Record Searchlight reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.redding.com.

222. Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

223. Defendant Redding Record Searchlight's website includes commercial advertising targeting the subscribers of Redding Record Searchlight's publication, including those in Missouri.

224. Upon information and belief, because the advertisers on Defendant Redding Record Searchlight's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

225. Upon information and belief, Redding Record Searchlight selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

226. Upon information and belief, Redding Record Searchlight is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

227. Upon information Redding Record Searchlight reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

228. Alternatively, Redding Record Searchlight obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Redding Record Searchlight's website for its digital subscribers and in connection with advertising located on its website.

229. Defendant Redding Record Searchlight used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

230. Defendant Redding Record Searchlight's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its

website to various subscribers, including Missouri residents.

231. Ms. Campbell did not give Defendant Redding Record Searchlight permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

232. Ms. Campbell did not give Defendant Redding Record Searchlight permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

233. Nonetheless, Defendant Redding Record Searchlight reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Redding Record Searchlight's Use").

234. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

235. Upon information and belief, the Redding Record Searchlight's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

236. Defendant Redding Record Searchlight did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**VIII.** **Defendant Mt Shasta Herald**

237. Defendant Mt Shasta Herald is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Mt Shasta, California.

238. Upon information and belief, Mt Shasta Herald has subscribers, advertisers and is

distributed digitally across the United States, which includes targeted Missouri residents.

239. As part of its publication, Mt Shasta Herald sells copies of its publication along with subscriptions and advertising for the publication.

240. Mt Shasta Herald is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

241. As part of its publication, Mt Shasta Herald also provides a website located at mtshastanews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

242. Upon information and belief, Mt Shasta Herald knows that its website is read from users across the United States, including the residents in the Kansas City area.

243. Mt Shasta Herald is in charge of and determines which content is placed on its website located at Mt Shasta Herald which is used for its website, its advertisers, its subscribers and in its publication.

244. Mt Shasta Herald maintains at least one server accessible online to the public at www.mtshastanews.com (the "Website").

245. The Website has a copyright notice on the website © 2022 www.mtshastanews.com. All rights reserved.

246. Upon information and belief, Mt Shasta Herald used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.mtshastanews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.mtshastanews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.mtshastanews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

247. The Sowers Photograph was used for advertising by Mt Shasta Herald.

248. On the Website, Mt Shasta Herald posts and disseminates content to its subscribers, including those located in Missouri.

249. Such content is used to market and promote Mt Shasta Herald and its advertisers.

250. Upon information and belief, Defendant Mt Shasta Herald has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Mt Shasta Herald's Infringement**

251. Defendant Mt Shasta Herald reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.mtshastanews.com.

252. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

253. Defendant Mt Shasta Herald's website includes commercial advertising targeting the subscribers of Mt Shasta Herald's publication, including those in Missouri.

254. Upon information and belief, because the advertisers on Defendant Mt Shasta Herald's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

255. Upon information and belief, Mt Shasta Herald selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

256. Upon information and belief, Mt Shasta Herald is accustomed to negotiating and

obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

257.    Upon information Mt Shasta Herald reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

258.    Alternatively, Mt Shasta Herald obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Mt Shasta Herald's website for its digital subscribers and in connection with advertising located on its website.

259.    Defendant Mt Shasta Herald used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

260.    Defendant Mt Shasta Herald's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

261.    Ms. Campbell did not give Defendant Mt Shasta Herald permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

262.    Ms. Campbell did not give Defendant Mt Shasta Herald permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

263.    Nonetheless, Defendant Mt Shasta Herald reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Mt Shasta Herald's Use").

264.    The reproduced photograph is viewable by anyone in the United States with internet

access, including individuals residing in Missouri.

265. Upon information and belief, the Mt Shasta Herald's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

266. Defendant Mt Shasta Herald did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**IX.    Defendant The Desert Sun**

267. Defendant The Desert Sun is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Palm Springs, California.

268. Upon information and belief, The Desert Sun has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

269. As part of its publication, The Desert Sun sells copies of its publication along with subscriptions and advertising for the publication.

270. The Desert Sun is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

271. As part of its publication, The Desert Sun also provides a website located at desertsun.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

272. Upon information and belief, The Desert Sun knows that its website is read from users across the United States, including the residents in the Kansas City area.

273.     The Desert Sun is in charge of and determines which content is placed on its website located at The Desert Sun which is used for its website, its advertisers, its subscribers and in its publication.

274.     The Desert Sun maintains at least one server accessible online to the public at www.desertsun.com (the "Website").

275.     The Website has a copyright notice on the website © 2022 www.desertsun.com. All rights reserved.

276.     Upon information and belief, The Desert Sun used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.desertsun.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.desertsun.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.desertsun.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

277.     The Sowers Photograph was used for advertising by The Desert Sun.

278.     On the Website, The Desert Sun posts and disseminates content to its subscribers, including those located in Missouri.

279.     Such content is used to market and promote The Desert Sun and its advertisers.

280.     Upon information and belief, Defendant The Desert Sun has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Desert Sun's Infringement**

281.    Defendant The Desert Sun reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.desertsun.com.

282.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

283.    Defendant The Desert Sun's website includes commercial advertising targeting the subscribers of The Desert Sun's publication, including those in Missouri.

284.    Upon information and belief, because the advertisers on Defendant The Desert Sun's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

285.    Upon information and belief, The Desert Sun selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

286.    Upon information and belief, The Desert Sun is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

287.    Upon information The Desert Sun reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

288.    Alternatively, The Desert Sun obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Desert Sun's website for its digital subscribers and in connection with advertising located on its website.

289.    Defendant The Desert Sun used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

290.     Defendant The Desert Sun's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

291.     Ms. Campbell did not give Defendant The Desert Sun permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

292.     Ms. Campbell did not give Defendant The Desert Sun permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

293.     Nonetheless, Defendant The Desert Sun reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Desert Sun's Use").

294.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

295.     Upon information and belief, the The Desert Sun's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

296.     Defendant The Desert Sun did not have a license or any permission to use the Sowers Photograph or distribute it to others.

X.     **Defendant Victorville Daily Press**

297.     Defendant Victorville Daily Press is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Victorville, California.

298.     Upon information and belief, Victorville Daily Press has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

299.     As part of its publication, Victorville Daily Press sells copies of its publication along with subscriptions and advertising for the publication.

300.     Victorville Daily Press is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

301.     As part of its publication, Victorville Daily Press also provides a website located at vvdailypress.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

302.     Upon information and belief, Victorville Daily Press knows that its website is read from users across the United States, including the residents in the Kansas City area.

303.     Victorville Daily Press is in charge of and determines which content is placed on its website located at Victorville Daily Press which is used for its website, its advertisers, its subscribers and in its publication.

304.     Victorville Daily Press maintains at least one server accessible online to the public at www.vvdailypress.com(the "Website").

305.     The Website has a copyright notice on the website © 2022 www.vvdailypress.com. All rights reserved.

306.     Upon information and belief, Victorville Daily Press used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.vvdailypress.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.vvdailypress.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.vvdailypress.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

307.    The Sowers Photograph was used for advertising by Victorville Daily Press.

308.    On the Website, Victorville Daily Press posts and disseminates content to its subscribers, including those located in Missouri.

309.    Such content is used to market and promote Victorville Daily Press and its advertisers.

310.    Upon information and belief, Defendant Victorville Daily Press has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Victorville Daily Press's Infringement**

311.    Defendant Victorville Daily Press reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.vvdailypress.com.

312.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

313.    Defendant Victorville Daily Press's website includes commercial advertising targeting the subscribers of Victorville Daily Press's publication, including those in Missouri.

314.    Upon information and belief, because the advertisers on Defendant Victorville Daily Press's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

315.    Upon information and belief, Victorville Daily Press selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

316.    Upon information and belief, Victorville Daily Press is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

317.    Upon information Victorville Daily Press reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

318.    Alternatively, Victorville Daily Press obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Victorville Daily Press's website for its digital subscribers and in connection with advertising located on its website.

319.    Defendant Victorville Daily Press used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

320.    Defendant Victorville Daily Press's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

321.    Ms. Campbell did not give Defendant Victorville Daily Press permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

322.    Ms. Campbell did not give Defendant Victorville Daily Press permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

323.    Nonetheless, Defendant Victorville Daily Press reproduced Plaintiff's photograph

and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Victorville Daily Press's Use").

324.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

325.    Upon information and belief, the Victorville Daily Press's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

326.    Defendant Victorville Daily Press did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XI.    **Defendant Ventura County Star**

327.    Defendant Ventura County Star is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Camarillo, California.

328.    Upon information and belief, Ventura County Star has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

329.    As part of its publication, Ventura County Star sells copies of its publication along with subscriptions and advertising for the publication.

330.    Ventura County Star is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

331.    As part of its publication, Ventura County Star also provides a website located at

vcstar.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

332. Upon information and belief, Ventura County Star knows that its website is read from users across the United States, including the residents in the Kansas City area.

333. Ventura County Star is in charge of and determines which content is placed on its website located at Ventura County Star which is used for its website, its advertisers, its subscribers and in its publication.

334. Ventura County Star maintains at least one server accessible online to the public at www.vcstar.com(the "Website").

335. The Website has a copyright notice on the website © 2022 www.vcstar.com. All rights reserved.

336. Upon information and belief, Ventura County Star used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.vcstar.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.vcstar.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.vcstar.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

337. The Sowers Photograph was used for advertising by Ventura County Star.

338. On the Website, Ventura County Star posts and disseminates content to its subscribers, including those located in Missouri.

339. Such content is used to market and promote Ventura County Star and its advertisers.

340. Upon information and belief, Defendant Ventura County Star has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Ventura County Star's Infringement**

341. Defendant Ventura County Star reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.vcstar.com.

342. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

343. Defendant Ventura County Star's website includes commercial advertising targeting the subscribers of Ventura County Star's publication, including those in Missouri.

344. Upon information and belief, because the advertisers on Defendant Ventura County Star's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

345. Upon information and belief, Ventura County Star selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

346. Upon information and belief, Ventura County Star is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

347. Upon information Ventura County Star reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

348. Alternatively, Ventura County Star obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Ventura County Star's website for its digital subscribers

and in connection with advertising located on its website.

349.    Defendant Ventura County Star used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

350.    Defendant Ventura County Star's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

351.    Ms. Campbell did not give Defendant Ventura County Star permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

352.    Ms. Campbell did not give Defendant Ventura County Star permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

353.    Nonetheless, Defendant Ventura County Star reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Ventura County Star's Use").

354.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

355.    Upon information and belief, the Ventura County Star's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

356.    Defendant Ventura County Star did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XII.    Defendant The Salinas Californian

357.    Defendant The Salinas Californian is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Salinas, California.

358.    Upon information and belief, The Salinas Californian has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

359.    As part of its publication, The Salinas Californian sells copies of its publication along with subscriptions and advertising for the publication.

360.    The Salinas Californian is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

361.    As part of its publication, The Salinas Californian also provides a website located at thecalifornian.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

362.    Upon information and belief, The Salinas Californian knows that its website is read from users across the United States, including the residents in the Kansas City area.

363.    The Salinas Californian is in charge of and determines which content is placed on its website located at The Salinas Californian which is used for its website, its advertisers, its subscribers and in its publication.

364.    The Salinas Californian maintains at least one server accessible online to the public at www.thecalifornian.com(the "Website").

365.    The Website has a copyright notice on the website © 2022 www.thecalifornian.com. All rights reserved.

366.    Upon information and belief, The Salinas Californian used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

    https://www.thecalifornian.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

    https://www.thecalifornian.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

    https://www.thecalifornian.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

367.    The Sowers Photograph was used for advertising by The Salinas Californian.

368.    On the Website, The Salinas Californian posts and disseminates content to its subscribers, including those located in Missouri.

369.    Such content is used to market and promote The Salinas Californian and its advertisers.

370.    Upon information and belief, Defendant The Salinas Californian has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Salinas Californian's Infringement**

371.    Defendant The Salinas Californian reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thecalifornian.com.

372.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

373.    Defendant The Salinas Californian's website includes commercial advertising

targeting the subscribers of The Salinas Californian's publication, including those in Missouri.

374.     Upon information and belief, because the advertisers on Defendant The Salinas Californian's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

375.     Upon information and belief, The Salinas Californian selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

376.     Upon information and belief, The Salinas Californian is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

377.     Upon information The Salinas Californian reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

378.     Alternatively, The Salinas Californian obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Salinas Californian's website for its digital subscribers and in connection with advertising located on its website.

379.     Defendant The Salinas Californian used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

380.     Defendant The Salinas Californian's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

381.     Ms. Campbell did not give Defendant The Salinas Californian permission to

reproduce or use the Sowers Photograph or any of her other photographs in anyway.

382.     Ms. Campbell did not give Defendant The Salinas Californian permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

383.     Nonetheless, Defendant The Salinas Californian reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Salinas Californian's Use").

384.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

385.     Upon information and belief, the The Salinas Californian's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

386.     Defendant The Salinas Californian did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XIII.    Defendant The Stockton Record**

387.     Defendant The Stockton Record is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Stockton, California.

388.     Upon information and belief, The Stockton Record has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

389.     As part of its publication, The Stockton Record sells copies of its publication along

with subscriptions and advertising for the publication.

390. The Stockton Record is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

391. As part of its publication, The Stockton Record also provides a website located at recordnet.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

392. Upon information and belief, The Stockton Record knows that its website is read from users across the United States, including the residents in the Kansas City area.

393. The Stockton Record is in charge of and determines which content is placed on its website located at The Stockton Record which is used for its website, its advertisers, its subscribers and in its publication.

394. The Stockton Record maintains at least one server accessible online to the public at www.recordnet.com(the "Website").

395. The Website has a copyright notice on the website © 2022 www.recordnet.com. All rights reserved.

396. Upon information and belief, The Stockton Record used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.recordnet.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.recordnet.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.recordnet.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

397.    The Sowers Photograph was used for advertising by The Stockton Record.

398.    On the Website, The Stockton Record posts and disseminates content to its subscribers, including those located in Missouri.

399.    Such content is used to market and promote The Stockton Record and its advertisers.

400.    Upon information and belief, Defendant The Stockton Record has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Stockton Record's Infringement**

401.    Defendant The Stockton Record reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.recordnet.com.

402.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

403.    Defendant The Stockton Record's website includes commercial advertising targeting the subscribers of The Stockton Record's publication, including those in Missouri.

404.    Upon information and belief, because the advertisers on Defendant The Stockton Record's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

405.    Upon information and belief, The Stockton Record selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

406.    Upon information and belief, The Stockton Record is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

407.     Upon information The Stockton Record reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

408.     Alternatively, The Stockton Record obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Stockton Record's website for its digital subscribers and in connection with advertising located on its website.

409.     Defendant The Stockton Record used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

410.     Defendant The Stockton Record's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

411.     Ms. Campbell did not give Defendant The Stockton Record permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

412.     Ms. Campbell did not give Defendant The Stockton Record permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

413.     Nonetheless, Defendant The Stockton Record reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Stockton Record's Use").

414.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

415.     Upon information and belief, the The Stockton Record's Use was part of a marketing

and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

416.     Defendant The Stockton Record did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XIV.    Defendant The Coloradoan**

417.     Defendant The Coloradoan is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Fort Collins, Colorado.

418.     Upon information and belief, The Coloradoan has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

419.     As part of its publication, The Coloradoan sells copies of its publication along with subscriptions and advertising for the publication.

420.     The Coloradoan is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

421.     As part of its publication, The Coloradoan also provides a website located at coloradoan.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

422.     Upon information and belief, The Coloradoan knows that its website is read from users across the United States, including the residents in the Kansas City area.

423.     The Coloradoan is in charge of and determines which content is placed on its website located at The Coloradoan which is used for its website, its advertisers, its subscribers and in its

publication.

424. The Coloradoan maintains at least one server accessible online to the public at www.coloradoan.com(the "Website").

425. The Website has a copyright notice on the website © 2022 www.coloradoan.com. All rights reserved.

426. Upon information and belief, The Coloradoan used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.coloradoan.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.coloradoan.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.coloradoan.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

427. The Sowers Photograph was used for advertising by The Coloradoan.

428. On the Website, The Coloradoan posts and disseminates content to its subscribers, including those located in Missouri.

429. Such content is used to market and promote The Coloradoan and its advertisers.

430. Upon information and belief, Defendant The Coloradoan has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Coloradoan's Infringement**

431. Defendant The Coloradoan reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.coloradoan.com.

432.     Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

433.     Defendant The Coloradoan's website includes commercial advertising targeting the subscribers of The Coloradoan's publication, including those in Missouri.

434.     Upon information and belief, because the advertisers on Defendant The Coloradoan's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

435.     Upon information and belief, The Coloradoan selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

436.     Upon information and belief, The Coloradoan is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

437.     Upon information The Coloradoan reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

438.     Alternatively, The Coloradoan obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Coloradoan's website for its digital subscribers and in connection with advertising located on its website.

439.     Defendant The Coloradoan used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

440.     Defendant The Coloradoan's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed

reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

441.    Ms. Campbell did not give Defendant The Coloradoan permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

442.    Ms. Campbell did not give Defendant The Coloradoan permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

443.    Nonetheless, Defendant The Coloradoan reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Coloradoan's Use").

444.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

445.    Upon information and belief, the The Coloradoan's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

446.    Defendant The Coloradoan did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XV.    Defendant The Pueblo Chieftain**

447.    Defendant The Pueblo Chieftain is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Pueblo, Colorado.

448.    Upon information and belief, The Pueblo Chieftain has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

449.    As part of its publication, The Pueblo Chieftain sells copies of its publication along with subscriptions and advertising for the publication.

450.    The Pueblo Chieftain is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

451.    As part of its publication, The Pueblo Chieftain also provides a website located at chieftain.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

452.    Upon information and belief, The Pueblo Chieftain knows that its website is read from users across the United States, including the residents in the Kansas City area.

453.    The Pueblo Chieftain is in charge of and determines which content is placed on its website located at The Pueblo Chieftain which is used for its website, its advertisers, its subscribers and in its publication.

454.    The Pueblo Chieftain maintains at least one server accessible online to the public at www.chieftain.com(the "Website").

455.    The Website has a copyright notice on the website © 2022 www.chieftain.com. All rights reserved.

456.    Upon information and belief, The Pueblo Chieftain used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.chieftain.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.chieftain.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.chieftain.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

457.    The Sowers Photograph was used for advertising by The Pueblo Chieftain.

458.    On the Website, The Pueblo Chieftain posts and disseminates content to its subscribers, including those located in Missouri.

459.    Such content is used to market and promote The Pueblo Chieftain and its advertisers.

460.    Upon information and belief, Defendant The Pueblo Chieftain has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Pueblo Chieftain's Infringement**

461.    Defendant The Pueblo Chieftain reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.chieftain.com.

462.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

463.    Defendant The Pueblo Chieftain's website includes commercial advertising targeting the subscribers of The Pueblo Chieftain's publication, including those in Missouri.

464.    Upon information and belief, because the advertisers on Defendant The Pueblo Chieftain's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

465.    Upon information and belief, The Pueblo Chieftain selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

466.    Upon information and belief, The Pueblo Chieftain is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of

the consequences for failing to do so.

467. Upon information The Pueblo Chieftain reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

468. Alternatively, The Pueblo Chieftain obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Pueblo Chieftain's website for its digital subscribers and in connection with advertising located on its website.

469. Defendant The Pueblo Chieftain used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

470. Defendant The Pueblo Chieftain's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

471. Ms. Campbell did not give Defendant The Pueblo Chieftain permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

472. Ms. Campbell did not give Defendant The Pueblo Chieftain permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

473. Nonetheless, Defendant The Pueblo Chieftain reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Pueblo Chieftain's Use").

474. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

475. Upon information and belief, the The Pueblo Chieftain's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

476. Defendant The Pueblo Chieftain did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XVI.    **Defendant The News-Press**

477. Defendant The News-Press is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Fort Myers, Florida.

478. Upon information and belief, The News-Press has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

479. As part of its publication, The News-Press sells copies of its publication along with subscriptions and advertising for the publication.

480. The News-Press is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

481. As part of its publication, The News-Press also provides a website located at news-press.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

482. Upon information and belief, The News-Press knows that its website is read from users across the United States, including the residents in the Kansas City area.

483. The News-Press is in charge of and determines which content is placed on its website located at The News-Press which is used for its website, its advertisers, its subscribers and in its

publication.

484.    The News-Press maintains at least one server accessible online to the public at www.news-press.com(the "Website").

485.    The Website has a copyright notice on the website © 2022 www.news-press.com. All rights reserved.

486.    Upon information and belief, The News-Press used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.news-press.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.news-press.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.news-press.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

487.    The Sowers Photograph was used for advertising by The News-Press.

488.    On the Website, The News-Press posts and disseminates content to its subscribers, including those located in Missouri.

489.    Such content is used to market and promote The News-Press and its advertisers.

490.    Upon information and belief, Defendant The News-Press has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The News-Press's Infringement**

491.    Defendant The News-Press reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.news-press.com.

492. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

493. Defendant The News-Press's website includes commercial advertising targeting the subscribers of The News-Press's publication, including those in Missouri.

494. Upon information and belief, because the advertisers on Defendant The News-Press's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

495. Upon information and belief, The News-Press selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

496. Upon information and belief, The News-Press is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

497. Upon information The News-Press reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

498. Alternatively, The News-Press obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The News-Press's website for its digital subscribers and in connection with advertising located on its website.

499. Defendant The News-Press used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

500. Defendant The News-Press's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed

reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

501.    Ms. Campbell did not give Defendant The News-Press permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

502.    Ms. Campbell did not give Defendant The News-Press permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

503.    Nonetheless, Defendant The News-Press reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The News-Press's Use").

504.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

505.    Upon information and belief, the The News-Press's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

506.    Defendant The News-Press did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XVII.  Defendant News Chief**

507.    Defendant News Chief is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Winter Haven, Florida.

508.    Upon information and belief, News Chief has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

509.   As part of its publication, News Chief sells copies of its publication along with subscriptions and advertising for the publication.

510.   News Chief is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

511.   As part of its publication, News Chief also provides a website located at newschief.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

512.   Upon information and belief, News Chief knows that its website is read from users across the United States, including the residents in the Kansas City area.

513.   News Chief is in charge of and determines which content is placed on its website located at News Chief which is used for its website, its advertisers, its subscribers and in its publication.

514.   News Chief maintains at least one server accessible online to the public at www.newschief.com(the "Website").

515.   The Website has a copyright notice on the website © 2022 www.newschief.com. All rights reserved.

516.   Upon information and belief, News Chief used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.newschief.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.newschief.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.newschief.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

517. The Sowers Photograph was used for advertising by News Chief.

518. On the Website, News Chief posts and disseminates content to its subscribers, including those located in Missouri.

519. Such content is used to market and promote News Chief and its advertisers.

520. Upon information and belief, Defendant News Chief has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant News Chief's Infringement**

521. Defendant News Chief reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.newschief.com.

522. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

523. Defendant News Chief's website includes commercial advertising targeting the subscribers of News Chief's publication, including those in Missouri.

524. Upon information and belief, because the advertisers on Defendant News Chief's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

525. Upon information and belief, News Chief selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

526. Upon information and belief, News Chief is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

527.     Upon information News Chief reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

528.     Alternatively, News Chief obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on News Chief's website for its digital subscribers and in connection with advertising located on its website.

529.     Defendant News Chief used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

530.     Defendant News Chief's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

531.     Ms. Campbell did not give Defendant News Chief permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

532.     Ms. Campbell did not give Defendant News Chief permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

533.     Nonetheless, Defendant News Chief reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "News Chief's Use").

534.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

535.     Upon information and belief, the News Chief's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to

encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

536.     Defendant News Chief did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XVIII. Defendant Ocala Star Banner

537.     Defendant Ocala Star Banner is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Ocala, Florida.

538.     Upon information and belief, Ocala Star Banner has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

539.     As part of its publication, Ocala Star Banner sells copies of its publication along with subscriptions and advertising for the publication.

540.     Ocala Star Banner is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

541.     As part of its publication, Ocala Star Banner also provides a website located at ocala.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

542.     Upon information and belief, Ocala Star Banner knows that its website is read from users across the United States, including the residents in the Kansas City area.

543.     Ocala Star Banner is in charge of and determines which content is placed on its website located at Ocala Star Banner which is used for its website, its advertisers, its subscribers and in its publication.

544.     Ocala Star Banner maintains at least one server accessible online to the public at

www.ocala.com(the "Website").

545.     The Website has a copyright notice on the website © 2022 www.ocala.com. All rights reserved.

546.     Upon information and belief, Ocala Star Banner used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.ocala.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.ocala.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.ocala.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

547.     The Sowers Photograph was used for advertising by Ocala Star Banner.

548.     On the Website, Ocala Star Banner posts and disseminates content to its subscribers, including those located in Missouri.

549.     Such content is used to market and promote Ocala Star Banner and its advertisers.

550.     Upon information and belief, Defendant Ocala Star Banner has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Ocala Star Banner's Infringement**

551.     Defendant Ocala Star Banner reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.ocala.com.

552.     Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

553. Defendant Ocala Star Banner's website includes commercial advertising targeting the subscribers of Ocala Star Banner's publication, including those in Missouri.

554. Upon information and belief, because the advertisers on Defendant Ocala Star Banner's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

555. Upon information and belief, Ocala Star Banner selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

556. Upon information and belief, Ocala Star Banner is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

557. Upon information Ocala Star Banner reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

558. Alternatively, Ocala Star Banner obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Ocala Star Banner's website for its digital subscribers and in connection with advertising located on its website.

559. Defendant Ocala Star Banner used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

560. Defendant Ocala Star Banner's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

561.     Ms. Campbell did not give Defendant Ocala Star Banner permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

562.     Ms. Campbell did not give Defendant Ocala Star Banner permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

563.     Nonetheless, Defendant Ocala Star Banner reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Ocala Star Banner's Use").

564.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

565.     Upon information and belief, the Ocala Star Banner's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

566.     Defendant Ocala Star Banner did not have a license or any permission to use the Sowers Photograph or distribute it to others.

XIX.   **Defendant The Palm Beach Post**

567.     Defendant The Palm Beach Post is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in West Palm Beach, Florida.

568.     Upon information and belief, The Palm Beach Post has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

569.     As part of its publication, The Palm Beach Post sells copies of its publication along with subscriptions and advertising for the publication.

570.    The Palm Beach Post is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

571.    As part of its publication, The Palm Beach Post also provides a website located at palmbeachpost.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

572.    Upon information and belief, The Palm Beach Post knows that its website is read from users across the United States, including the residents in the Kansas City area.

573.    The Palm Beach Post is in charge of and determines which content is placed on its website located at The Palm Beach Post which is used for its website, its advertisers, its subscribers and in its publication.

574.    The Palm Beach Post maintains at least one server accessible online to the public at www.palmbeachpost.com(the "Website").

575.    The Website has a copyright notice on the website © 2022 www.palmbeachpost.com. All rights reserved.

576.    Upon information and belief, The Palm Beach Post used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

    https://www.palmbeachpost.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

    https://www.palmbeachpost.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

    https://www.palmbeachpost.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

577. The Sowers Photograph was used for advertising by The Palm Beach Post.

578. On the Website, The Palm Beach Post posts and disseminates content to its subscribers, including those located in Missouri.

579. Such content is used to market and promote The Palm Beach Post and its advertisers.

580. Upon information and belief, Defendant The Palm Beach Post has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Palm Beach Post's Infringement**

581. Defendant The Palm Beach Post reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.palmbeachpost.com.

582. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

583. Defendant The Palm Beach Post's website includes commercial advertising targeting the subscribers of The Palm Beach Post's publication, including those in Missouri.

584. Upon information and belief, because the advertisers on Defendant The Palm Beach Post's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

585. Upon information and belief, The Palm Beach Post selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

586. Upon information and belief, The Palm Beach Post is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

587. Upon information The Palm Beach Post reproduced Plaintiff's image by using a

screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

588.    Alternatively, The Palm Beach Post obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Palm Beach Post's website for its digital subscribers and in connection with advertising located on its website.

589.    Defendant The Palm Beach Post used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

590.    Defendant The Palm Beach Post's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

591.    Ms. Campbell did not give Defendant The Palm Beach Post permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

592.    Ms. Campbell did not give Defendant The Palm Beach Post permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

593.    Nonetheless, Defendant The Palm Beach Post reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Palm Beach Post's Use").

594.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

595.    Upon information and belief, the The Palm Beach Post's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to

encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

596.    Defendant The Palm Beach Post did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XX.    Defendant Naples Daily News

597.    Defendant Naples Daily News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Naples, Florida.

598.    Upon information and belief, Naples Daily News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

599.    As part of its publication, Naples Daily News sells copies of its publication along with subscriptions and advertising for the publication.

600.    Naples Daily News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

601.    As part of its publication, Naples Daily News also provides a website located at naplesnews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

602.    Upon information and belief, Naples Daily News knows that its website is read from users across the United States, including the residents in the Kansas City area.

603.    Naples Daily News is in charge of and determines which content is placed on its website located at Naples Daily News which is used for its website, its advertisers, its subscribers and in its publication.

604.    Naples Daily News maintains at least one server accessible online to the public at

www.naplesnews.com(the "Website").

605.    The Website has a copyright notice on the website © 2022 www.naplesnews.com. All rights reserved.

606.    Upon information and belief, Naples Daily News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.naplesnews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.naplesnews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.naplesnews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

607.    The Sowers Photograph was used for advertising by Naples Daily News.

608.    On the Website, Naples Daily News posts and disseminates content to its subscribers, including those located in Missouri.

609.    Such content is used to market and promote Naples Daily News and its advertisers.

610.    Upon information and belief, Defendant Naples Daily News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Naples Daily News's Infringement**

611.    Defendant Naples Daily News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.naplesnews.com.

612.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 89 of 848

613. Defendant Naples Daily News's website includes commercial advertising targeting the subscribers of Naples Daily News's publication, including those in Missouri.

614. Upon information and belief, because the advertisers on Defendant Naples Daily News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

615. Upon information and belief, Naples Daily News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

616. Upon information and belief, Naples Daily News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

617. Upon information Naples Daily News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

618. Alternatively, Naples Daily News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Naples Daily News's website for its digital subscribers and in connection with advertising located on its website.

619. Defendant Naples Daily News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

620. Defendant Naples Daily News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

621.	Ms. Campbell did not give Defendant Naples Daily News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

622.	Ms. Campbell did not give Defendant Naples Daily News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

623.	Nonetheless, Defendant Naples Daily News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Naples Daily News's Use").

624.	The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

625.	Upon information and belief, the Naples Daily News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

626.	Defendant Naples Daily News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XXI.	Defendant Daily Commercial

627.	Defendant Daily Commercial is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Leesburg, Florida.

628.	Upon information and belief, Daily Commercial has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

629.	As part of its publication, Daily Commercial sells copies of its publication along with subscriptions and advertising for the publication.

630.     Daily Commercial is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

631.     As part of its publication, Daily Commercial also provides a website located at dailycommercial.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

632.     Upon information and belief, Daily Commercial knows that its website is read from users across the United States, including the residents in the Kansas City area.

633.     Daily Commercial is in charge of and determines which content is placed on its website located at Daily Commercial which is used for its website, its advertisers, its subscribers and in its publication.

634.     Daily Commercial maintains at least one server accessible online to the public at www.dailycommercial.com(the "Website").

635.     The Website has a copyright notice on the website © 2022 www.dailycommercial.com. All rights reserved.

636.     Upon information and belief, Daily Commercial used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.dailycommercial.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.dailycommercial.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.dailycommercial.com/story/entertainment/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

637. The Sowers Photograph was used for advertising by Daily Commercial.

638. On the Website, Daily Commercial posts and disseminates content to its subscribers, including those located in Missouri.

639. Such content is used to market and promote Daily Commercial and its advertisers.

640. Upon information and belief, Defendant Daily Commercial has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Daily Commercial's Infringement**

641. Defendant Daily Commercial reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.dailycommercial.com.

642. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

643. Defendant Daily Commercial's website includes commercial advertising targeting the subscribers of Daily Commercial's publication, including those in Missouri.

644. Upon information and belief, because the advertisers on Defendant Daily Commercial's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

645. Upon information and belief, Daily Commercial selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

646. Upon information and belief, Daily Commercial is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

647. Upon information Daily Commercial reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

648. Alternatively, Daily Commercial obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Daily Commercial's website for its digital subscribers and in connection with advertising located on its website.

649. Defendant Daily Commercial used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

650. Defendant Daily Commercial's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

651. Ms. Campbell did not give Defendant Daily Commercial permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

652. Ms. Campbell did not give Defendant Daily Commercial permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

653. Nonetheless, Defendant Daily Commercial reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Daily Commercial's Use").

654. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

655. Upon information and belief, the Daily Commercial's Use was part of a marketing

and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

656.     Defendant Daily Commercial did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XXII.  Defendant The St. Augustine Record

657.     Defendant The St. Augustine Record is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in St. Augustine, Florida.

658.     Upon information and belief, The St. Augustine Record has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

659.     As part of its publication, The St. Augustine Record sells copies of its publication along with subscriptions and advertising for the publication.

660.     The St. Augustine Record is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

661.     As part of its publication, The St. Augustine Record also provides a website located at staugustine.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

662.     Upon information and belief, The St. Augustine Record knows that its website is read from users across the United States, including the residents in the Kansas City area.

663.     The St. Augustine Record is in charge of and determines which content is placed on its website located at The St. Augustine Record which is used for its website, its advertisers, its

subscribers and in its publication.

664. The St. Augustine Record maintains at least one server accessible online to the public at www.staugustine.com(the "Website").

665. The Website has a copyright notice on the website © 2022 www.staugustine.com. All rights reserved.

666. Upon information and belief, The St. Augustine Record used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.staugustine.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.staugustine.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.staugustine.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

667. The Sowers Photograph was used for advertising by The St. Augustine Record.

668. On the Website, The St. Augustine Record posts and disseminates content to its subscribers, including those located in Missouri.

669. Such content is used to market and promote The St. Augustine Record and its advertisers.

670. Upon information and belief, Defendant The St. Augustine Record has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The St. Augustine Record's Infringement**

671. Defendant The St. Augustine Record reproduced Plaintiff's image and distributed it

to its subscribers, including those located in Missouri, via its website located at www.staugustine.com.

672.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

673.    Defendant The St. Augustine Record's website includes commercial advertising targeting the subscribers of The St. Augustine Record's publication, including those in Missouri.

674.    Upon information and belief, because the advertisers on Defendant The St. Augustine Record's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

675.    Upon information and belief, The St. Augustine Record selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

676.    Upon information and belief, The St. Augustine Record is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

677.    Upon information The St. Augustine Record reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

678.    Alternatively, The St. Augustine Record obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The St. Augustine Record's website for its digital subscribers and in connection with advertising located on its website.

679.    Defendant The St. Augustine Record used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

680.     Defendant The St. Augustine Record's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

681.     Ms. Campbell did not give Defendant The St. Augustine Record permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

682.     Ms. Campbell did not give Defendant The St. Augustine Record permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

683.     Nonetheless, Defendant The St. Augustine Record reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The St. Augustine Record's Use").

684.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

685.     Upon information and belief, the The St. Augustine Record's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

686.     Defendant The St. Augustine Record did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XXIII. <u>Defendant Palm Beach Daily News</u>**

687.     Defendant Palm Beach Daily News is a daily publication which publishes local,

national and international articles in print, digital, video and on social media and is located in West Palm Beach, Florida.

688.    Upon information and belief, Palm Beach Daily News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

689.    As part of its publication, Palm Beach Daily News sells copies of its publication along with subscriptions and advertising for the publication.

690.    Palm Beach Daily News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

691.    As part of its publication, Palm Beach Daily News also provides a website located at palmbeachdailynews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

692.    Upon information and belief, Palm Beach Daily News knows that its website is read from users across the United States, including the residents in the Kansas City area.

693.    Palm Beach Daily News is in charge of and determines which content is placed on its website located at Palm Beach Daily News which is used for its website, its advertisers, its subscribers and in its publication.

694.    Palm Beach Daily News maintains at least one server accessible online to the public at www.palmbeachdailynews.com(the "Website").

695.    The Website has a copyright notice on the website © 2022 www.palmbeachdailynews.com. All rights reserved.

696.    Upon information and belief, Palm Beach Daily News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the

Website along with the Sowers Photograph at the following urls:

https://www.palmbeachdailynews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.palmbeachdailynews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.palmbeachdailynews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

697.     The Sowers Photograph was used for advertising by Palm Beach Daily News.

698.     On the Website, Palm Beach Daily News posts and disseminates content to its subscribers, including those located in Missouri.

699.     Such content is used to market and promote Palm Beach Daily News and its advertisers.

700.     Upon information and belief, Defendant Palm Beach Daily News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Palm Beach Daily News's Infringement**

701.     Defendant Palm Beach Daily News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.palmbeachdailynews.com.

702.     Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

703.     Defendant Palm Beach Daily News's website includes commercial advertising targeting the subscribers of Palm Beach Daily News's publication, including those in Missouri.

704.     Upon information and belief, because the advertisers on Defendant Palm Beach Daily

News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

705.    Upon information and belief, Palm Beach Daily News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

706.    Upon information and belief, Palm Beach Daily News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

707.    Upon information Palm Beach Daily News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

708.    Alternatively, Palm Beach Daily News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Palm Beach Daily News's website for its digital subscribers and in connection with advertising located on its website.

709.    Defendant Palm Beach Daily News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

710.    Defendant Palm Beach Daily News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

711.    Ms. Campbell did not give Defendant Palm Beach Daily News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

712.    Ms. Campbell did not give Defendant Palm Beach Daily News permission to

distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

713.    Nonetheless, Defendant Palm Beach Daily News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Palm Beach Daily News's Use").

714.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

715.    Upon information and belief, the Palm Beach Daily News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

716.    Defendant Palm Beach Daily News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XXIV. Defendant Pensacola News Journal

717.    Defendant Pensacola News Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Pensacola, Florida.

718.    Upon information and belief, Pensacola News Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

719.    As part of its publication, Pensacola News Journal sells copies of its publication along with subscriptions and advertising for the publication.

720.    Pensacola News Journal is part of a network of over 300 publications across 46 states

with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

721.    As part of its publication, Pensacola News Journal also provides a website located at pnj.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

722.    Upon information and belief, Pensacola News Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

723.    Pensacola News Journal is in charge of and determines which content is placed on its website located at Pensacola News Journal which is used for its website, its advertisers, its subscribers and in its publication.

724.    Pensacola News Journal maintains at least one server accessible online to the public at www.pnj.com(the "Website").

725.    The Website has a copyright notice on the website © 2022 www.pnj.com. All rights reserved.

726.    Upon information and belief, Pensacola News Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.pnj.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.pnj.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.pnj.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

727. The Sowers Photograph was used for advertising by Pensacola News Journal.

728. On the Website, Pensacola News Journal posts and disseminates content to its subscribers, including those located in Missouri.

729. Such content is used to market and promote Pensacola News Journal and its advertisers.

730. Upon information and belief, Defendant Pensacola News Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Pensacola News Journal's Infringement**

731. Defendant Pensacola News Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.pnj.com.

732. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

733. Defendant Pensacola News Journal's website includes commercial advertising targeting the subscribers of Pensacola News Journal's publication, including those in Missouri.

734. Upon information and belief, because the advertisers on Defendant Pensacola News Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

735. Upon information and belief, Pensacola News Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

736. Upon information and belief, Pensacola News Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

737. Upon information Pensacola News Journal reproduced Plaintiff's image by using a

screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

738.    Alternatively, Pensacola News Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Pensacola News Journal's website for its digital subscribers and in connection with advertising located on its website.

739.    Defendant Pensacola News Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

740.    Defendant Pensacola News Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

741.    Ms. Campbell did not give Defendant Pensacola News Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

742.    Ms. Campbell did not give Defendant Pensacola News Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

743.    Nonetheless, Defendant Pensacola News Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Pensacola News Journal's Use").

744.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

745. Upon information and belief, the Pensacola News Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

746. Defendant Pensacola News Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XXV. Defendant Daytona Beach News-Journal

747. Defendant Daytona Beach News-Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Daytona Beach, Florida.

748. Upon information and belief, Daytona Beach News-Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

749. As part of its publication, Daytona Beach News-Journal sells copies of its publication along with subscriptions and advertising for the publication.

750. Daytona Beach News-Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

751. As part of its publication, Daytona Beach News-Journal also provides a website located at news-journalonline.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

752. Upon information and belief, Daytona Beach News-Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

753.	Daytona Beach News-Journal is in charge of and determines which content is placed on its website located at Daytona Beach News-Journal which is used for its website, its advertisers, its subscribers and in its publication.

754.	Daytona Beach News-Journal maintains at least one server accessible online to the public at www.news-journalonline.com(the "Website").

755.	The Website has a copyright notice on the website © 2022 www.news-journalonline.com. All rights reserved.

756.	Upon information and belief, Daytona Beach News-Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.news-journalonline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.news-journalonline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.news-journalonline.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

757.	The Sowers Photograph was used for advertising by Daytona Beach News-Journal.

758.	On the Website, Daytona Beach News-Journal posts and disseminates content to its subscribers, including those located in Missouri.

759.	Such content is used to market and promote Daytona Beach News-Journal and its advertisers.

760.	Upon information and belief, Defendant Daytona Beach News-Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Daytona Beach News-Journal's Infringement**

761. Defendant Daytona Beach News-Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.news-journalonline.com.

762. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

763. Defendant Daytona Beach News-Journal's website includes commercial advertising targeting the subscribers of Daytona Beach News-Journal's publication, including those in Missouri.

764. Upon information and belief, because the advertisers on Defendant Daytona Beach News-Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

765. Upon information and belief, Daytona Beach News-Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

766. Upon information and belief, Daytona Beach News-Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

767. Upon information Daytona Beach News-Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

768. Alternatively, Daytona Beach News-Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Daytona Beach News-Journal's website for its digital subscribers and in connection with advertising located on its website.

769.    Defendant Daytona Beach News-Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

770.    Defendant Daytona Beach News-Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

771.    Ms. Campbell did not give Defendant Daytona Beach News-Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

772.    Ms. Campbell did not give Defendant Daytona Beach News-Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

773.    Nonetheless, Defendant Daytona Beach News-Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Daytona Beach News-Journal's Use").

774.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

775.    Upon information and belief, the Daytona Beach News-Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

776.    Defendant Daytona Beach News-Journal did not have a license or any permission to

use the Sowers Photograph or distribute it to others.

## XXVI. **Defendant The Ledger**

777.    Defendant The Ledger is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Lakeland, Florida.

778.    Upon information and belief, The Ledger has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

779.    As part of its publication, The Ledger sells copies of its publication along with subscriptions and advertising for the publication.

780.    The Ledger is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

781.    As part of its publication, The Ledger also provides a website located at theledger.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

782.    Upon information and belief, The Ledger knows that its website is read from users across the United States, including the residents in the Kansas City area.

783.    The Ledger is in charge of and determines which content is placed on its website located at The Ledger which is used for its website, its advertisers, its subscribers and in its publication.

784.    The Ledger maintains at least one server accessible online to the public at www.theledger.com(the "Website").

785.    The Website has a copyright notice on the website © 2022 www.theledger.com. All rights reserved.

786.    Upon information and belief, The Ledger used the Sowers Photograph in association

with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.theledger.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.theledger.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.theledger.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

787.    The Sowers Photograph was used for advertising by The Ledger.

788.    On the Website, The Ledger posts and disseminates content to its subscribers, including those located in Missouri.

789.    Such content is used to market and promote The Ledger and its advertisers.

790.    Upon information and belief, Defendant The Ledger has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Ledger's Infringement**

791.    Defendant The Ledger reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.theledger.com.

792.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

793.    Defendant The Ledger's website includes commercial advertising targeting the subscribers of The Ledger's publication, including those in Missouri.

794.    Upon information and belief, because the advertisers on Defendant The Ledger's website are based on the location of the viewer, these advertisements target Missouri residents and

include advertisers targeting Missouri residents.

795.    Upon information and belief, The Ledger selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

796.    Upon information and belief, The Ledger is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

797.    Upon information The Ledger reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

798.    Alternatively, The Ledger obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Ledger's website for its digital subscribers and in connection with advertising located on its website.

799.    Defendant The Ledger used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

800.    Defendant The Ledger's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

801.    Ms. Campbell did not give Defendant The Ledger permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

802.    Ms. Campbell did not give Defendant The Ledger permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

803.    Nonetheless, Defendant The Ledger reproduced Plaintiff's photograph and used the

reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Ledger's Use").

804.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

805.    Upon information and belief, the The Ledger's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

806.    Defendant The Ledger did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XXVII.    **Defendant Herald-Tribune**

807.    Defendant Herald-Tribune is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Sarasota, Florida.

808.    Upon information and belief, Herald-Tribune has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

809.    As part of its publication, Herald-Tribune sells copies of its publication along with subscriptions and advertising for the publication.

810.    Herald-Tribune is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

811.    As part of its publication, Herald-Tribune also provides a website located at heraldtribune.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

812.    Upon information and belief, Herald-Tribune knows that its website is read from users across the United States, including the residents in the Kansas City area.

813.    Herald-Tribune is in charge of and determines which content is placed on its website located at Herald-Tribune which is used for its website, its advertisers, its subscribers and in its publication.

814.    Herald-Tribune maintains at least one server accessible online to the public at www.heraldtribune.com(the "Website").

815.    The Website has a copyright notice on the website © 2022 www.heraldtribune.com. All rights reserved.

816.    Upon information and belief, Herald-Tribune used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.heraldtribune.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.heraldtribune.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.heraldtribune.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

817.    The Sowers Photograph was used for advertising by Herald-Tribune.

818.    On the Website, Herald-Tribune posts and disseminates content to its subscribers, including those located in Missouri.

819.    Such content is used to market and promote Herald-Tribune and its advertisers.

820.    Upon information and belief, Defendant Herald-Tribune has targeted dissemination

of its content toward residents in the state of Missouri.

**Defendant Herald-Tribune's Infringement**

821. Defendant Herald-Tribune reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.heraldtribune.com.

822. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

823. Defendant Herald-Tribune's website includes commercial advertising targeting the subscribers of Herald-Tribune's publication, including those in Missouri.

824. Upon information and belief, because the advertisers on Defendant Herald-Tribune's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

825. Upon information and belief, Herald-Tribune selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

826. Upon information and belief, Herald-Tribune is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

827. Upon information Herald-Tribune reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

828. Alternatively, Herald-Tribune obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Herald-Tribune's website for its digital subscribers and in connection with advertising located on its website.

829. Defendant Herald-Tribune used the image as part of a video which was provided

through its website to various subscribers around the United States, including those located in Missouri.

830. Defendant Herald-Tribune's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

831. Ms. Campbell did not give Defendant Herald-Tribune permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

832. Ms. Campbell did not give Defendant Herald-Tribune permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

833. Nonetheless, Defendant Herald-Tribune reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Herald-Tribune's Use").

834. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

835. Upon information and belief, the Herald-Tribune's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

836. Defendant Herald-Tribune did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XXVIII.   Defendant Treasure Coast Palm**

837. Defendant Treasure Coast Palm is a daily publication which publishes local, national

and international articles in print, digital, video and on social media and is located in Treasure Coast, Florida.

838.     Upon information and belief, Treasure Coast Palm has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

839.     As part of its publication, Treasure Coast Palm sells copies of its publication along with subscriptions and advertising for the publication.

840.     Treasure Coast Palm is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

841.     As part of its publication, Treasure Coast Palm also provides a website located at tcpalm.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

842.     Upon information and belief, Treasure Coast Palm knows that its website is read from users across the United States, including the residents in the Kansas City area.

843.     Treasure Coast Palm is in charge of and determines which content is placed on its website located at Treasure Coast Palm which is used for its website, its advertisers, its subscribers and in its publication.

844.     Treasure Coast Palm maintains at least one server accessible online to the public at www.tcpalm.com(the "Website").

845.     The Website has a copyright notice on the website © 2022 www.tcpalm.com. All rights reserved.

846.     Upon information and belief, Treasure Coast Palm used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the

Website along with the Sowers Photograph at the following urls:

https://www.tcpalm.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.tcpalm.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.tcpalm.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

847.    The Sowers Photograph was used for advertising by Treasure Coast Palm.

848.    On the Website, Treasure Coast Palm posts and disseminates content to its subscribers, including those located in Missouri.

849.    Such content is used to market and promote Treasure Coast Palm and its advertisers.

850.    Upon information and belief, Defendant Treasure Coast Palm has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Treasure Coast Palm's Infringement**

851.    Defendant Treasure Coast Palm reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.tcpalm.com.

852.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

853.    Defendant Treasure Coast Palm's website includes commercial advertising targeting the subscribers of Treasure Coast Palm's publication, including those in Missouri.

854.    Upon information and belief, because the advertisers on Defendant Treasure Coast Palm's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

855.    Upon information and belief, Treasure Coast Palm selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

856.    Upon information and belief, Treasure Coast Palm is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

857.    Upon information Treasure Coast Palm reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

858.    Alternatively, Treasure Coast Palm obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Treasure Coast Palm's website for its digital subscribers and in connection with advertising located on its website.

859.    Defendant Treasure Coast Palm used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

860.    Defendant Treasure Coast Palm's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

861.    Ms. Campbell did not give Defendant Treasure Coast Palm permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

862.    Ms. Campbell did not give Defendant Treasure Coast Palm permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

863.    Nonetheless, Defendant Treasure Coast Palm reproduced Plaintiff's photograph and

used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Treasure Coast Palm's Use").

864.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

865.     Upon information and belief, the Treasure Coast Palm's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

866.     Defendant Treasure Coast Palm did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XXIX. Defendant Panama City News Herald

867.     Defendant Panama City News Herald is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Panama City, Florida.

868.     Upon information and belief, Panama City News Herald has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

869.     As part of its publication, Panama City News Herald sells copies of its publication along with subscriptions and advertising for the publication.

870.     Panama City News Herald is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

871.     As part of its publication, Panama City News Herald also provides a website located at newsherald.com where digital subscribers, including those located in Missouri, can access and

review its content, including photographs, videos and advertising.

872. Upon information and belief, Panama City News Herald knows that its website is read from users across the United States, including the residents in the Kansas City area.

873. Panama City News Herald is in charge of and determines which content is placed on its website located at Panama City News Herald which is used for its website, its advertisers, its subscribers and in its publication.

874. Panama City News Herald maintains at least one server accessible online to the public at www.newsherald.com(the "Website").

875. The Website has a copyright notice on the website © 2022 www.newsherald.com. All rights reserved.

876. Upon information and belief, Panama City News Herald used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.newsherald.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.newsherald.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.newsherald.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

877. The Sowers Photograph was used for advertising by Panama City News Herald.

878. On the Website, Panama City News Herald posts and disseminates content to its subscribers, including those located in Missouri.

879. Such content is used to market and promote Panama City News Herald and its

advertisers.

880.    Upon information and belief, Defendant Panama City News Herald has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Panama City News Herald's Infringement**

881.    Defendant Panama City News Herald reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.newsherald.com.

882.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

883.    Defendant Panama City News Herald's website includes commercial advertising targeting the subscribers of Panama City News Herald's publication, including those in Missouri.

884.    Upon information and belief, because the advertisers on Defendant Panama City News Herald's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

885.    Upon information and belief, Panama City News Herald selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

886.    Upon information and belief, Panama City News Herald is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

887.    Upon information Panama City News Herald reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

888.    Alternatively, Panama City News Herald obtained an unlicensed reproduction of

Plaintiff's image from Gannett Media Corp for use on Panama City News Herald's website for its digital subscribers and in connection with advertising located on its website.

889. Defendant Panama City News Herald used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

890. Defendant Panama City News Herald's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

891. Ms. Campbell did not give Defendant Panama City News Herald permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

892. Ms. Campbell did not give Defendant Panama City News Herald permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

893. Nonetheless, Defendant Panama City News Herald reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Panama City News Herald's Use").

894. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

895. Upon information and belief, the Panama City News Herald's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri

residents and Missouri advertisers.

896.    Defendant Panama City News Herald did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### XXX.   Defendant Northwest Florida Daily News

897.    Defendant Northwest Florida Daily News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Fort Walton Beach, Florida.

898.    Upon information and belief, Northwest Florida Daily News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

899.    As part of its publication, Northwest Florida Daily News sells copies of its publication along with subscriptions and advertising for the publication.

900.    Northwest Florida Daily News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

901.    As part of its publication, Northwest Florida Daily News also provides a website located at nwfdailynews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

902.    Upon information and belief, Northwest Florida Daily News knows that its website is read from users across the United States, including the residents in the Kansas City area.

903.    Northwest Florida Daily News is in charge of and determines which content is placed on its website located at Northwest Florida Daily News which is used for its website, its advertisers, its subscribers and in its publication.

904.     Northwest Florida Daily News maintains at least one server accessible online to the public at www.nwfdailynews.com(the "Website").

905.     The Website has a copyright notice on the website © 2022 www.nwfdailynews.com. All rights reserved.

906.     Upon information and belief, Northwest Florida Daily News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.nwfdailynews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.nwfdailynews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.nwfdailynews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

907.     The Sowers Photograph was used for advertising by Northwest Florida Daily News.

908.     On the Website, Northwest Florida Daily News posts and disseminates content to its subscribers, including those located in Missouri.

909.     Such content is used to market and promote Northwest Florida Daily News and its advertisers.

910.     Upon information and belief, Defendant Northwest Florida Daily News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Northwest Florida Daily News's Infringement**

911.     Defendant Northwest Florida Daily News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at

www.nwfdailynews.com.

912. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

913. Defendant Northwest Florida Daily News's website includes commercial advertising targeting the subscribers of Northwest Florida Daily News's publication, including those in Missouri.

914. Upon information and belief, because the advertisers on Defendant Northwest Florida Daily News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

915. Upon information and belief, Northwest Florida Daily News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

916. Upon information and belief, Northwest Florida Daily News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

917. Upon information Northwest Florida Daily News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

918. Alternatively, Northwest Florida Daily News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Northwest Florida Daily News's website for its digital subscribers and in connection with advertising located on its website.

919. Defendant Northwest Florida Daily News used the image as part of a video which was provided through its website to various subscribers around the United States, including those

located in Missouri.

920.     Defendant Northwest Florida Daily News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

921.     Ms. Campbell did not give Defendant Northwest Florida Daily News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

922.     Ms. Campbell did not give Defendant Northwest Florida Daily News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

923.     Nonetheless, Defendant Northwest Florida Daily News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Northwest Florida Daily News's Use").

924.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

925.     Upon information and belief, the Northwest Florida Daily News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

926.     Defendant Northwest Florida Daily News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XXXI. Defendant Tallahassee Democrat**

927. Defendant Tallahassee Democrat is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Tallahassee, Florida.

928. Upon information and belief, Tallahassee Democrat has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

929. As part of its publication, Tallahassee Democrat sells copies of its publication along with subscriptions and advertising for the publication.

930. Tallahassee Democrat is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

931. As part of its publication, Tallahassee Democrat also provides a website located at tallahassee.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

932. Upon information and belief, Tallahassee Democrat knows that its website is read from users across the United States, including the residents in the Kansas City area.

933. Tallahassee Democrat is in charge of and determines which content is placed on its website located at Tallahassee Democrat which is used for its website, its advertisers, its subscribers and in its publication.

934. Tallahassee Democrat maintains at least one server accessible online to the public at www.tallahassee.com(the "Website").

935. The Website has a copyright notice on the website © 2022 www.tallahassee.com. All rights reserved.

936. Upon information and belief, Tallahassee Democrat used the Sowers Photograph in

association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.tallahassee.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.tallahassee.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.tallahassee.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

937.    The Sowers Photograph was used for advertising by Tallahassee Democrat.

938.    On the Website, Tallahassee Democrat posts and disseminates content to its subscribers, including those located in Missouri.

939.    Such content is used to market and promote Tallahassee Democrat and its advertisers.

940.    Upon information and belief, Defendant Tallahassee Democrat has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Tallahassee Democrat's Infringement**

941.    Defendant Tallahassee Democrat reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.tallahassee.com.

942.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

943.    Defendant Tallahassee Democrat's website includes commercial advertising targeting the subscribers of Tallahassee Democrat's publication, including those in Missouri.

944.    Upon information and belief, because the advertisers on Defendant Tallahassee Democrat's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

945. Upon information and belief, Tallahassee Democrat selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

946. Upon information and belief, Tallahassee Democrat is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

947. Upon information Tallahassee Democrat reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

948. Alternatively, Tallahassee Democrat obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Tallahassee Democrat's website for its digital subscribers and in connection with advertising located on its website.

949. Defendant Tallahassee Democrat used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

950. Defendant Tallahassee Democrat's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

951. Ms. Campbell did not give Defendant Tallahassee Democrat permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

952. Ms. Campbell did not give Defendant Tallahassee Democrat permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

953.     Nonetheless, Defendant Tallahassee Democrat reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Tallahassee Democrat's Use").

954.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

955.     Upon information and belief, the Tallahassee Democrat's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

956.     Defendant Tallahassee Democrat did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XXXII.     Defendant The Gainesville Sun**

957.     Defendant The Gainesville Sun is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Gainesville, Florida.

958.     Upon information and belief, The Gainesville Sun has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

959.     As part of its publication, The Gainesville Sun sells copies of its publication along with subscriptions and advertising for the publication.

960.     The Gainesville Sun is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

961.     As part of its publication, The Gainesville Sun also provides a website located at gainesville.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

962.     Upon information and belief, The Gainesville Sun knows that its website is read from users across the United States, including the residents in the Kansas City area.

963.     The Gainesville Sun is in charge of and determines which content is placed on its website located at The Gainesville Sun which is used for its website, its advertisers, its subscribers and in its publication.

964.     The Gainesville Sun maintains at least one server accessible online to the public at www.gainesville.com(the "Website").

965.     The Website has a copyright notice on the website © 2022 www.gainesville.com. All rights reserved.

966.     Upon information and belief, The Gainesville Sun used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.gainesville.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.gainesville.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.gainesville.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

967.     The Sowers Photograph was used for advertising by The Gainesville Sun.

968.     On the Website, The Gainesville Sun posts and disseminates content to its

subscribers, including those located in Missouri.

969.     Such content is used to market and promote The Gainesville Sun and its advertisers.

970.     Upon information and belief, Defendant The Gainesville Sun has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Gainesville Sun's Infringement**

971.     Defendant The Gainesville Sun reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.gainesville.com.

972.     Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

973.     Defendant The Gainesville Sun's website includes commercial advertising targeting the subscribers of The Gainesville Sun's publication, including those in Missouri.

974.     Upon information and belief, because the advertisers on Defendant The Gainesville Sun's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

975.     Upon information and belief, The Gainesville Sun selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

976.     Upon information and belief, The Gainesville Sun is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

977.     Upon information The Gainesville Sun reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

978.     Alternatively, The Gainesville Sun obtained an unlicensed reproduction of Plaintiff's

image from Gannett Media Corp for use on The Gainesville Sun's website for its digital subscribers and in connection with advertising located on its website.

979.     Defendant The Gainesville Sun used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

980.     Defendant The Gainesville Sun's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

981.     Ms. Campbell did not give Defendant The Gainesville Sun permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

982.     Ms. Campbell did not give Defendant The Gainesville Sun permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

983.     Nonetheless, Defendant The Gainesville Sun reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Gainesville Sun's Use").

984.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

985.     Upon information and belief, the The Gainesville Sun's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

986.     Defendant The Gainesville Sun did not have a license or any permission to use the

Sowers Photograph or distribute it to others.

**XXXIII.** **Defendant The Augusta Chronicle**

987.     Defendant The Augusta Chronicle is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Augusta, Georgia.

988.     Upon information and belief, The Augusta Chronicle has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

989.     As part of its publication, The Augusta Chronicle sells copies of its publication along with subscriptions and advertising for the publication.

990.     The Augusta Chronicle is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

991.     As part of its publication, The Augusta Chronicle also provides a website located at augustachronicle.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

992.     Upon information and belief, The Augusta Chronicle knows that its website is read from users across the United States, including the residents in the Kansas City area.

993.     The Augusta Chronicle is in charge of and determines which content is placed on its website located at The Augusta Chronicle which is used for its website, its advertisers, its subscribers and in its publication.

994.     The Augusta Chronicle maintains at least one server accessible online to the public at www.augustachronicle.com(the "Website").

995.     The Website has a copyright notice on the website © 2022

www.augustachronicle.com. All rights reserved.

996.     Upon information and belief, The Augusta Chronicle used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.augustachronicle.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.augustachronicle.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.augustachronicle.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

997.     The Sowers Photograph was used for advertising by The Augusta Chronicle.

998.     On the Website, The Augusta Chronicle posts and disseminates content to its subscribers, including those located in Missouri.

999.     Such content is used to market and promote The Augusta Chronicle and its advertisers.

1000.   Upon information and belief, Defendant The Augusta Chronicle has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Augusta Chronicle's Infringement**

1001.   Defendant The Augusta Chronicle reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.augustachronicle.com.

1002.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1003. Defendant The Augusta Chronicle's website includes commercial advertising targeting the subscribers of The Augusta Chronicle's publication, including those in Missouri.

1004. Upon information and belief, because the advertisers on Defendant The Augusta Chronicle's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1005. Upon information and belief, The Augusta Chronicle selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1006. Upon information and belief, The Augusta Chronicle is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1007. Upon information The Augusta Chronicle reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1008. Alternatively, The Augusta Chronicle obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Augusta Chronicle's website for its digital subscribers and in connection with advertising located on its website.

1009. Defendant The Augusta Chronicle used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1010. Defendant The Augusta Chronicle's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1011. Ms. Campbell did not give Defendant The Augusta Chronicle permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1012. Ms. Campbell did not give Defendant The Augusta Chronicle permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1013. Nonetheless, Defendant The Augusta Chronicle reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Augusta Chronicle's Use").

1014. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1015. Upon information and belief, the The Augusta Chronicle's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1016. Defendant The Augusta Chronicle did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XXXIV.** **Defendant Savannah Morning News**

1017. Defendant Savannah Morning News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Savannah, Georgia.

1018. Upon information and belief, Savannah Morning News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1019.  As part of its publication, Savannah Morning News sells copies of its publication along with subscriptions and advertising for the publication.

1020.  Savannah Morning News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1021.  As part of its publication, Savannah Morning News also provides a website located at savannahnow.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1022.  Upon information and belief, Savannah Morning News knows that its website is read from users across the United States, including the residents in the Kansas City area.

1023.  Savannah Morning News is in charge of and determines which content is placed on its website located at Savannah Morning News which is used for its website, its advertisers, its subscribers and in its publication.

1024.  Savannah Morning News maintains at least one server accessible online to the public at www.savannahnow.com(the "Website").

1025.  The Website has a copyright notice on the website © 2022 www.savannahnow.com. All rights reserved.

1026.  Upon information and belief, Savannah Morning News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.savannahnow.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.savannahnow.com/story/sports/Ad-Meter/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.savannahnow.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1027.   The Sowers Photograph was used for advertising by Savannah Morning News.

1028.   On the Website, Savannah Morning News posts and disseminates content to its subscribers, including those located in Missouri.

1029.   Such content is used to market and promote Savannah Morning News and its advertisers.

1030.   Upon information and belief, Defendant Savannah Morning News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Savannah Morning News's Infringement**

1031.   Defendant Savannah Morning News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.savannahnow.com.

1032.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1033.   Defendant Savannah Morning News's website includes commercial advertising targeting the subscribers of Savannah Morning News's publication, including those in Missouri.

1034.   Upon information and belief, because the advertisers on Defendant Savannah Morning News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1035.   Upon information and belief, Savannah Morning News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1036.   Upon information and belief, Savannah Morning News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1037.   Upon information Savannah Morning News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1038.   Alternatively, Savannah Morning News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Savannah Morning News's website for its digital subscribers and in connection with advertising located on its website.

1039.   Defendant Savannah Morning News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1040.   Defendant Savannah Morning News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1041.   Ms. Campbell did not give Defendant Savannah Morning News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1042.   Ms. Campbell did not give Defendant Savannah Morning News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1043.   Nonetheless, Defendant Savannah Morning News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with

advertising content via its website to its digital subscribers and others (the "Savannah Morning News's Use").

1044.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1045.   Upon information and belief, the Savannah Morning News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1046.   Defendant Savannah Morning News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XXXV.   Defendant Athens Banner-Herald

1047.   Defendant Athens Banner-Herald is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Athens, Georgia.

1048.   Upon information and belief, Athens Banner-Herald has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1049.   As part of its publication, Athens Banner-Herald sells copies of its publication along with subscriptions and advertising for the publication.

1050.   Athens Banner-Herald is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1051.   As part of its publication, Athens Banner-Herald also provides a website located at onlineathens.com where digital subscribers, including those located in Missouri, can access and

review its content, including photographs, videos and advertising.

1052. Upon information and belief, Athens Banner-Herald knows that its website is read from users across the United States, including the residents in the Kansas City area.

1053. Athens Banner-Herald is in charge of and determines which content is placed on its website located at Athens Banner-Herald which is used for its website, its advertisers, its subscribers and in its publication.

1054. Athens Banner-Herald maintains at least one server accessible online to the public at www.onlineathens.com(the "Website").

1055. The Website has a copyright notice on the website © 2022 www.onlineathens.com. All rights reserved.

1056. Upon information and belief, Athens Banner-Herald used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.onlineathens.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
>
> https://www.onlineathens.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.onlineathens.com/story/entertainment/2020/01/29/super-bowl-commercials-
> 2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1057. The Sowers Photograph was used for advertising by Athens Banner-Herald.

1058. On the Website, Athens Banner-Herald posts and disseminates content to its subscribers, including those located in Missouri.

1059. Such content is used to market and promote Athens Banner-Herald and its

advertisers.

1060.   Upon information and belief, Defendant Athens Banner-Herald has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Athens Banner-Herald's Infringement**

1061.   Defendant Athens Banner-Herald reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.onlineathens.com.

1062.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1063.   Defendant Athens Banner-Herald's website includes commercial advertising targeting the subscribers of Athens Banner-Herald's publication, including those in Missouri.

1064.   Upon information and belief, because the advertisers on Defendant Athens Banner-Herald's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1065.   Upon information and belief, Athens Banner-Herald selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1066.   Upon information and belief, Athens Banner-Herald is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1067.   Upon information Athens Banner-Herald reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1068.   Alternatively, Athens Banner-Herald obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Athens Banner-Herald's website for its digital

subscribers and in connection with advertising located on its website.

1069. Defendant Athens Banner-Herald used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1070. Defendant Athens Banner-Herald's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1071. Ms. Campbell did not give Defendant Athens Banner-Herald permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1072. Ms. Campbell did not give Defendant Athens Banner-Herald permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1073. Nonetheless, Defendant Athens Banner-Herald reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Athens Banner-Herald's Use").

1074. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1075. Upon information and belief, the Athens Banner-Herald's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1076. Defendant Athens Banner-Herald did not have a license or any permission to use the

Sowers Photograph or distribute it to others.

## XXXVI.    **Defendant Pekin Daily Times**

1077.    Defendant Pekin Daily Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Pekin, Illinois.

1078.    Upon information and belief, Pekin Daily Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1079.    As part of its publication, Pekin Daily Times sells copies of its publication along with subscriptions and advertising for the publication.

1080.    Pekin Daily Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1081.    As part of its publication, Pekin Daily Times also provides a website located at pekintimes.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1082.    Upon information and belief, Pekin Daily Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

1083.    Pekin Daily Times is in charge of and determines which content is placed on its website located at Pekin Daily Times which is used for its website, its advertisers, its subscribers and in its publication.

1084.    Pekin Daily Times maintains at least one server accessible online to the public at www.pekintimes.com(the "Website").

1085.    The Website has a copyright notice on the website © 2022 www.pekintimes.com. All rights reserved.

1086.   Upon information and belief, Pekin Daily Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.pekintimes.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.pekintimes.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.pekintimes.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1087.   The Sowers Photograph was used for advertising by Pekin Daily Times.

1088.   On the Website, Pekin Daily Times posts and disseminates content to its subscribers, including those located in Missouri.

1089.   Such content is used to market and promote Pekin Daily Times and its advertisers.

1090.   Upon information and belief, Defendant Pekin Daily Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Pekin Daily Times's Infringement**

1091.   Defendant Pekin Daily Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.pekintimes.com.

1092.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1093.   Defendant Pekin Daily Times's website includes commercial advertising targeting the subscribers of Pekin Daily Times's publication, including those in Missouri.

1094.   Upon information and belief, because the advertisers on Defendant Pekin Daily

Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1095.   Upon information and belief, Pekin Daily Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1096.   Upon information and belief, Pekin Daily Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1097.   Upon information Pekin Daily Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1098.   Alternatively, Pekin Daily Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Pekin Daily Times's website for its digital subscribers and in connection with advertising located on its website.

1099.   Defendant Pekin Daily Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1100.   Defendant Pekin Daily Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1101.   Ms. Campbell did not give Defendant Pekin Daily Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1102.   Ms. Campbell did not give Defendant Pekin Daily Times permission to distribute a

reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1103.   Nonetheless, Defendant Pekin Daily Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Pekin Daily Times's Use").

1104.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1105.   Upon information and belief, the Pekin Daily Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1106.   Defendant Pekin Daily Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XXXVII.   Defendant The Courier**

1107.   Defendant The Courier is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Lincoln, Illinois.

1108.   Upon information and belief, The Courier has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1109.   As part of its publication, The Courier sells copies of its publication along with subscriptions and advertising for the publication.

1110.   The Courier is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1111.   As part of its publication, The Courier also provides a website located at lincolncourier.com where digital subscribers, including those located in Missouri, can access and

review its content, including photographs, videos and advertising.

1112.  Upon information and belief, The Courier knows that its website is read from users across the United States, including the residents in the Kansas City area.

1113.  The Courier is in charge of and determines which content is placed on its website located at The Courier which is used for its website, its advertisers, its subscribers and in its publication.

1114.  The Courier maintains at least one server accessible online to the public at www.lincolncourier.com(the "Website").

1115.  The Website has a copyright notice on the website © 2022 www.lincolncourier.com. All rights reserved.

1116.  Upon information and belief, The Courier used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.lincolncourier.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
>
> https://www.lincolncourier.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.lincolncourier.com/story/entertainment/2020/01/29/super-bowl-commercials-
> 2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1117.  The Sowers Photograph was used for advertising by The Courier.

1118.  On the Website, The Courier posts and disseminates content to its subscribers, including those located in Missouri.

1119.  Such content is used to market and promote The Courier and its advertisers.

1120.   Upon information and belief, Defendant The Courier has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Courier's Infringement**

1121.   Defendant The Courier reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.lincolncourier.com.

1122.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1123.   Defendant The Courier's website includes commercial advertising targeting the subscribers of The Courier's publication, including those in Missouri.

1124.   Upon information and belief, because the advertisers on Defendant The Courier's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1125.   Upon information and belief, The Courier selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1126.   Upon information and belief, The Courier is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1127.   Upon information The Courier reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1128.   Alternatively, The Courier obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Courier's website for its digital subscribers and in connection with advertising located on its website.

1129.  Defendant The Courier used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1130.  Defendant The Courier's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1131.  Ms. Campbell did not give Defendant The Courier permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1132.  Ms. Campbell did not give Defendant The Courier permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1133.  Nonetheless, Defendant The Courier reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Courier's Use").

1134.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1135.  Upon information and belief, the The Courier's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1136.  Defendant The Courier did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XXXVIII. <u>Defendant The Journal Standard</u>**

1137.  Defendant The Journal Standard is a daily publication which publishes local, national

and international articles in print, digital, video and on social media and is located in Freeport, Illinois.

1138.   Upon information and belief, The Journal Standard has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1139.   As part of its publication, The Journal Standard sells copies of its publication along with subscriptions and advertising for the publication.

1140.   The Journal Standard is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1141.   As part of its publication, The Journal Standard also provides a website located at journalstandard.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1142.   Upon information and belief, The Journal Standard knows that its website is read from users across the United States, including the residents in the Kansas City area.

1143.   The Journal Standard is in charge of and determines which content is placed on its website located at The Journal Standard which is used for its website, its advertisers, its subscribers and in its publication.

1144.   The Journal Standard maintains at least one server accessible online to the public at www.journalstandard.com(the "Website").

1145.   The Website has a copyright notice on the website © 2022 www.journalstandard.com. All rights reserved.

1146.   Upon information and belief, The Journal Standard used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the

Website along with the Sowers Photograph at the following urls:

> https://www.journalstandard.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

> https://www.journalstandard.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

> https://www.journalstandard.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1147.   The Sowers Photograph was used for advertising by The Journal Standard.

1148.   On the Website, The Journal Standard posts and disseminates content to its subscribers, including those located in Missouri.

1149.   Such content is used to market and promote The Journal Standard and its advertisers.

1150.   Upon information and belief, Defendant The Journal Standard has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Journal Standard's Infringement**

1151.   Defendant The Journal Standard reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.journalstandard.com.

1152.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1153.   Defendant The Journal Standard's website includes commercial advertising targeting the subscribers of The Journal Standard's publication, including those in Missouri.

1154.   Upon information and belief, because the advertisers on Defendant The Journal Standard's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

1155.   Upon information and belief, The Journal Standard selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1156.   Upon information and belief, The Journal Standard is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1157.   Upon information The Journal Standard reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1158.   Alternatively, The Journal Standard obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Journal Standard's website for its digital subscribers and in connection with advertising located on its website.

1159.   Defendant The Journal Standard used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1160.   Defendant The Journal Standard's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1161.   Ms. Campbell did not give Defendant The Journal Standard permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1162.   Ms. Campbell did not give Defendant The Journal Standard permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1163.   Nonetheless, Defendant The Journal Standard reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Journal Standard's Use").

1164.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1165.   Upon information and belief, the The Journal Standard's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1166.   Defendant The Journal Standard did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XXXIX.   Defendant Daily Ledger**

1167.   Defendant Daily Ledger is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Canton, Illinois.

1168.   Upon information and belief, Daily Ledger has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1169.   As part of its publication, Daily Ledger sells copies of its publication along with subscriptions and advertising for the publication.

1170.   Daily Ledger is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1171.   As part of its publication, Daily Ledger also provides a website located at cantondailyledger.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1172. Upon information and belief, Daily Ledger knows that its website is read from users across the United States, including the residents in the Kansas City area.

1173. Daily Ledger is in charge of and determines which content is placed on its website located at Daily Ledger which is used for its website, its advertisers, its subscribers and in its publication.

1174. Daily Ledger maintains at least one server accessible online to the public at www.cantondailyledger.com(the "Website").

1175. The Website has a copyright notice on the website © 2022 www.cantondailyledger.com. All rights reserved.

1176. Upon information and belief, Daily Ledger used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.cantondailyledger.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.cantondailyledger.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.cantondailyledger.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1177. The Sowers Photograph was used for advertising by Daily Ledger.

1178. On the Website, Daily Ledger posts and disseminates content to its subscribers, including those located in Missouri.

1179. Such content is used to market and promote Daily Ledger and its advertisers.

1180. Upon information and belief, Defendant Daily Ledger has targeted dissemination of

its content toward residents in the state of Missouri.

**Defendant Daily Ledger's Infringement**

1181.   Defendant Daily Ledger reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.cantondailyledger.com.

1182.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1183.   Defendant Daily Ledger's website includes commercial advertising targeting the subscribers of Daily Ledger's publication, including those in Missouri.

1184.   Upon information and belief, because the advertisers on Defendant Daily Ledger's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1185.   Upon information and belief, Daily Ledger selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1186.   Upon information and belief, Daily Ledger is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1187.   Upon information Daily Ledger reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1188.   Alternatively, Daily Ledger obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Daily Ledger's website for its digital subscribers and in connection with advertising located on its website.

1189.   Defendant Daily Ledger used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1190.   Defendant Daily Ledger's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1191.   Ms. Campbell did not give Defendant Daily Ledger permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1192.   Ms. Campbell did not give Defendant Daily Ledger permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1193.   Nonetheless, Defendant Daily Ledger reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Daily Ledger's Use").

1194.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1195.   Upon information and belief, the Daily Ledger's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1196.   Defendant Daily Ledger did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XL.**   **Defendant The Register-Mail**

1197.   Defendant The Register-Mail is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Galesburg, Illinois.

1198.   Upon information and belief, The Register-Mail has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1199.   As part of its publication, The Register-Mail sells copies of its publication along with subscriptions and advertising for the publication.

1200.   The Register-Mail is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1201.   As part of its publication, The Register-Mail also provides a website located at galesburg.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1202.   Upon information and belief, The Register-Mail knows that its website is read from users across the United States, including the residents in the Kansas City area.

1203.   The Register-Mail is in charge of and determines which content is placed on its website located at The Register-Mail which is used for its website, its advertisers, its subscribers and in its publication.

1204.   The Register-Mail maintains at least one server accessible online to the public at www.galesburg.com(the "Website").

1205.   The Website has a copyright notice on the website © 2022 www.galesburg.com. All rights reserved.

1206.   Upon information and belief, The Register-Mail used the Sowers Photograph in

association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.galesburg.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.galesburg.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.galesburg.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1207. The Sowers Photograph was used for advertising by The Register-Mail.

1208. On the Website, The Register-Mail posts and disseminates content to its subscribers, including those located in Missouri.

1209. Such content is used to market and promote The Register-Mail and its advertisers.

1210. Upon information and belief, Defendant The Register-Mail has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Register-Mail's Infringement**

1211. Defendant The Register-Mail reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.galesburg.com.

1212. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1213. Defendant The Register-Mail's website includes commercial advertising targeting the subscribers of The Register-Mail's publication, including those in Missouri.

1214. Upon information and belief, because the advertisers on Defendant The Register-Mail's website are based on the location of the viewer, these advertisements target Missouri residents

and include advertisers targeting Missouri residents.

1215.   Upon information and belief, The Register-Mail selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1216.   Upon information and belief, The Register-Mail is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1217.   Upon information The Register-Mail reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1218.   Alternatively, The Register-Mail obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Register-Mail's website for its digital subscribers and in connection with advertising located on its website.

1219.   Defendant The Register-Mail used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1220.   Defendant The Register-Mail's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1221.   Ms. Campbell did not give Defendant The Register-Mail permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1222.   Ms. Campbell did not give Defendant The Register-Mail permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1223. Nonetheless, Defendant The Register-Mail reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Register-Mail's Use").

1224. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1225. Upon information and belief, the The Register-Mail's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1226. Defendant The Register-Mail did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XLI. **Defendant Journal Star**

1227. Defendant Journal Star is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Peoria, Illinois.

1228. Upon information and belief, Journal Star has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1229. As part of its publication, Journal Star sells copies of its publication along with subscriptions and advertising for the publication.

1230. Journal Star is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1231. As part of its publication, Journal Star also provides a website located at pjstar.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1232. Upon information and belief, Journal Star knows that its website is read from users across the United States, including the residents in the Kansas City area.

1233. Journal Star is in charge of and determines which content is placed on its website located at Journal Star which is used for its website, its advertisers, its subscribers and in its publication.

1234. Journal Star maintains at least one server accessible online to the public at www.pjstar.com(the "Website").

1235. The Website has a copyright notice on the website © 2022 www.pjstar.com. All rights reserved.

1236. Upon information and belief, Journal Star used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.pjstar.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.pjstar.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.pjstar.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1237. The Sowers Photograph was used for advertising by Journal Star.

1238. On the Website, Journal Star posts and disseminates content to its subscribers, including those located in Missouri.

1239. Such content is used to market and promote Journal Star and its advertisers.

1240. Upon information and belief, Defendant Journal Star has targeted dissemination of

its content toward residents in the state of Missouri.

**Defendant Journal Star's Infringement**

1241. Defendant Journal Star reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.pjstar.com.

1242. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1243. Defendant Journal Star's website includes commercial advertising targeting the subscribers of Journal Star's publication, including those in Missouri.

1244. Upon information and belief, because the advertisers on Defendant Journal Star's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1245. Upon information and belief, Journal Star selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1246. Upon information and belief, Journal Star is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1247. Upon information Journal Star reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1248. Alternatively, Journal Star obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Journal Star's website for its digital subscribers and in connection with advertising located on its website.

1249. Defendant Journal Star used the image as part of a video which was provided through

its website to various subscribers around the United States, including those located in Missouri.

1250.   Defendant Journal Star's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1251.   Ms. Campbell did not give Defendant Journal Star permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1252.   Ms. Campbell did not give Defendant Journal Star permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1253.   Nonetheless, Defendant Journal Star reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Journal Star's Use").

1254.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1255.   Upon information and belief, the Journal Star's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1256.   Defendant Journal Star did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XLII.   Defendant Rockford Register Star**

1257.   Defendant Rockford Register Star is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in

Rockford, Illinois.

1258. Upon information and belief, Rockford Register Star has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1259. As part of its publication, Rockford Register Star sells copies of its publication along with subscriptions and advertising for the publication.

1260. Rockford Register Star is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1261. As part of its publication, Rockford Register Star also provides a website located at rrstar.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1262. Upon information and belief, Rockford Register Star knows that its website is read from users across the United States, including the residents in the Kansas City area.

1263. Rockford Register Star is in charge of and determines which content is placed on its website located at Rockford Register Star which is used for its website, its advertisers, its subscribers and in its publication.

1264. Rockford Register Star maintains at least one server accessible online to the public at www.rrstar.com(the "Website").

1265. The Website has a copyright notice on the website © 2022 www.rrstar.com. All rights reserved.

1266. Upon information and belief, Rockford Register Star used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.rrstar.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.rrstar.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.rrstar.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

1267.   The Sowers Photograph was used for advertising by Rockford Register Star.

1268.   On the Website, Rockford Register Star posts and disseminates content to its
subscribers, including those located in Missouri.

1269.   Such content is used to market and promote Rockford Register Star and its
advertisers.

1270.   Upon information and belief, Defendant Rockford Register Star has targeted
dissemination of its content toward residents in the state of Missouri.

**Defendant Rockford Register Star's Infringement**

1271.   Defendant Rockford Register Star reproduced Plaintiff's image and distributed it to
its subscribers, including those located in Missouri, via its website located at www.rrstar.com.

1272.   Upon information and belief, the photograph was a large PNG image file which was
over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1273.   Defendant Rockford Register Star's website includes commercial advertising
targeting the subscribers of Rockford Register Star's publication, including those in Missouri.

1274.   Upon information and belief, because the advertisers on Defendant Rockford
Register Star's website are based on the location of the viewer, these advertisements target Missouri
residents and include advertisers targeting Missouri residents.

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 168 of 848

1275.   Upon information and belief, Rockford Register Star selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1276.   Upon information and belief, Rockford Register Star is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1277.   Upon information Rockford Register Star reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1278.   Alternatively, Rockford Register Star obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Rockford Register Star's website for its digital subscribers and in connection with advertising located on its website.

1279.   Defendant Rockford Register Star used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1280.   Defendant Rockford Register Star's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1281.   Ms. Campbell did not give Defendant Rockford Register Star permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1282.   Ms. Campbell did not give Defendant Rockford Register Star permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1283.   Nonetheless, Defendant Rockford Register Star reproduced Plaintiff's photograph

and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Rockford Register Star's Use").

1284. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1285. Upon information and belief, the Rockford Register Star's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1286. Defendant Rockford Register Star did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XLIII. Defendant Daily Leader

1287. Defendant Daily Leader is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Pontiac, Illinois.

1288. Upon information and belief, Daily Leader has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1289. As part of its publication, Daily Leader sells copies of its publication along with subscriptions and advertising for the publication.

1290. Daily Leader is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1291. As part of its publication, Daily Leader also provides a website located at pontiacdailyleader.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1292.   Upon information and belief, Daily Leader knows that its website is read from users across the United States, including the residents in the Kansas City area.

1293.   Daily Leader is in charge of and determines which content is placed on its website located at Daily Leader which is used for its website, its advertisers, its subscribers and in its publication.

1294.   Daily Leader maintains at least one server accessible online to the public at www.pontiacdailyleader.com(the "Website").

1295.   The Website has a copyright notice on the website © 2022 www.pontiacdailyleader.com. All rights reserved.

1296.   Upon information and belief, Daily Leader used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.pontiacdailyleader.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.pontiacdailyleader.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.pontiacdailyleader.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1297.   The Sowers Photograph was used for advertising by Daily Leader.

1298.   On the Website, Daily Leader posts and disseminates content to its subscribers, including those located in Missouri.

1299.   Such content is used to market and promote Daily Leader and its advertisers.

1300.   Upon information and belief, Defendant Daily Leader has targeted dissemination of

its content toward residents in the state of Missouri.

**Defendant Daily Leader's Infringement**

1301.   Defendant Daily Leader reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.pontiacdailyleader.com.

1302.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1303.   Defendant Daily Leader's website includes commercial advertising targeting the subscribers of Daily Leader's publication, including those in Missouri.

1304.   Upon information and belief, because the advertisers on Defendant Daily Leader's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1305.   Upon information and belief, Daily Leader selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1306.   Upon information and belief, Daily Leader is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1307.   Upon information Daily Leader reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1308.   Alternatively, Daily Leader obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Daily Leader's website for its digital subscribers and in connection with advertising located on its website.

1309.   Defendant Daily Leader used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1310.   Defendant Daily Leader's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1311.   Ms. Campbell did not give Defendant Daily Leader permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1312.   Ms. Campbell did not give Defendant Daily Leader permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1313.   Nonetheless, Defendant Daily Leader reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Daily Leader's Use").

1314.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1315.   Upon information and belief, the Daily Leader's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1316.   Defendant Daily Leader did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XLIV. <u>Defendant McDonough County Voice</u>**

1317. Defendant McDonough County Voice is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Macomb, Illinois.

1318. Upon information and belief, McDonough County Voice has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1319. As part of its publication, McDonough County Voice sells copies of its publication along with subscriptions and advertising for the publication.

1320. McDonough County Voice is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1321. As part of its publication, McDonough County Voice also provides a website located at mcdonoughvoice.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1322. Upon information and belief, McDonough County Voice knows that its website is read from users across the United States, including the residents in the Kansas City area.

1323. McDonough County Voice is in charge of and determines which content is placed on its website located at McDonough County Voice which is used for its website, its advertisers, its subscribers and in its publication.

1324. McDonough County Voice maintains at least one server accessible online to the public at www.mcdonoughvoice.com(the "Website").

1325. The Website has a copyright notice on the website © 2022 www.mcdonoughvoice.com. All rights reserved.

1326. Upon information and belief, McDonough County Voice used the Sowers

Photograph in association with advertisements placed on the Website which viewed by subscribers

viewing the Website along with the Sowers Photograph at the following urls:

> https://www.mcdonoughvoice.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
>
> https://www.mcdonoughvoice.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.mcdonoughvoice.com/story/entertainment/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1327. The Sowers Photograph was used for advertising by McDonough County Voice.

1328. On the Website, McDonough County Voice posts and disseminates content to its subscribers, including those located in Missouri.

1329. Such content is used to market and promote McDonough County Voice and its advertisers.

1330. Upon information and belief, Defendant McDonough County Voice has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant McDonough County Voice's Infringement**

1331. Defendant McDonough County Voice reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.mcdonoughvoice.com.

1332. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1333. Defendant McDonough County Voice's website includes commercial advertising targeting the subscribers of McDonough County Voice's publication, including those in Missouri.

1334. Upon information and belief, because the advertisers on Defendant McDonough County Voice's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1335. Upon information and belief, McDonough County Voice selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1336. Upon information and belief, McDonough County Voice is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1337. Upon information McDonough County Voice reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1338. Alternatively, McDonough County Voice obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on McDonough County Voice's website for its digital subscribers and in connection with advertising located on its website.

1339. Defendant McDonough County Voice used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1340. Defendant McDonough County Voice's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1341. Ms. Campbell did not give Defendant McDonough County Voice permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1342.  Ms. Campbell did not give Defendant McDonough County Voice permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1343.  Nonetheless, Defendant McDonough County Voice reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "McDonough County Voice's Use").

1344.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1345.  Upon information and belief, the McDonough County Voice's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1346.  Defendant McDonough County Voice did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XLV.  Defendant The State Journal-Register**

1347.  Defendant The State Journal-Register is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Springfield, Illinois.

1348.  Upon information and belief, The State Journal-Register has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1349.  As part of its publication, The State Journal-Register sells copies of its publication along with subscriptions and advertising for the publication.

1350. The State Journal-Register is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1351. As part of its publication, The State Journal-Register also provides a website located at sj-r.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1352. Upon information and belief, The State Journal-Register knows that its website is read from users across the United States, including the residents in the Kansas City area.

1353. The State Journal-Register is in charge of and determines which content is placed on its website located at The State Journal-Register which is used for its website, its advertisers, its subscribers and in its publication.

1354. The State Journal-Register maintains at least one server accessible online to the public at www.sj-r.com(the "Website").

1355. The Website has a copyright notice on the website © 2022 www.sj-r.com. All rights reserved.

1356. Upon information and belief, The State Journal-Register used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.sj-r.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.sj-r.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.sj-r.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

1357.   The Sowers Photograph was used for advertising by The State Journal-Register.

1358.   On the Website, The State Journal-Register posts and disseminates content to its subscribers, including those located in Missouri.

1359.   Such content is used to market and promote The State Journal-Register and its advertisers.

1360.   Upon information and belief, Defendant The State Journal-Register has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The State Journal-Register's Infringement**

1361.   Defendant The State Journal-Register reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.sj-r.com.

1362.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1363.   Defendant The State Journal-Register's website includes commercial advertising targeting the subscribers of The State Journal-Register's publication, including those in Missouri.

1364.   Upon information and belief, because the advertisers on Defendant The State Journal-Register's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1365.   Upon information and belief, The State Journal-Register selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1366.   Upon information and belief, The State Journal-Register is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1367. Upon information The State Journal-Register reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1368. Alternatively, The State Journal-Register obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The State Journal-Register's website for its digital subscribers and in connection with advertising located on its website.

1369. Defendant The State Journal-Register used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1370. Defendant The State Journal-Register's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1371. Ms. Campbell did not give Defendant The State Journal-Register permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1372. Ms. Campbell did not give Defendant The State Journal-Register permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1373. Nonetheless, Defendant The State Journal-Register reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The State Journal-Register's Use").

1374. The reproduced photograph is viewable by anyone in the United States with internet

access, including individuals residing in Missouri.

1375. Upon information and belief, the The State Journal-Register's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1376. Defendant The State Journal-Register did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XLVI. Defendant Star-Courier**

1377. Defendant Star-Courier is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Kewanee, Illinois.

1378. Upon information and belief, Star-Courier has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1379. As part of its publication, Star-Courier sells copies of its publication along with subscriptions and advertising for the publication.

1380. Star-Courier is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1381. As part of its publication, Star-Courier also provides a website located at starcourier.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1382. Upon information and belief, Star-Courier knows that its website is read from users across the United States, including the residents in the Kansas City area.

1383. Star-Courier is in charge of and determines which content is placed on its website located at Star-Courier which is used for its website, its advertisers, its subscribers and in its

publication.

1384.   Star-Courier maintains at least one server accessible online to the public at www.starcourier.com(the "Website").

1385.   The Website has a copyright notice on the website © 2022 www.starcourier.com. All rights reserved.

1386.   Upon information and belief, Star-Courier used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.starcourier.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.starcourier.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.starcourier.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1387.   The Sowers Photograph was used for advertising by Star-Courier.

1388.   On the Website, Star-Courier posts and disseminates content to its subscribers, including those located in Missouri.

1389.   Such content is used to market and promote Star-Courier and its advertisers.

1390.   Upon information and belief, Defendant Star-Courier has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Star-Courier's Infringement**

1391.   Defendant Star-Courier reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.starcourier.com.

1392.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1393.   Defendant Star-Courier's website includes commercial advertising targeting the subscribers of Star-Courier's publication, including those in Missouri.

1394.   Upon information and belief, because the advertisers on Defendant Star-Courier's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1395.   Upon information and belief, Star-Courier selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1396.   Upon information and belief, Star-Courier is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1397.   Upon information Star-Courier reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1398.   Alternatively, Star-Courier obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Star-Courier's website for its digital subscribers and in connection with advertising located on its website.

1399.   Defendant Star-Courier used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1400.   Defendant Star-Courier's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to

various subscribers, including Missouri residents.

1401. Ms. Campbell did not give Defendant Star-Courier permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1402. Ms. Campbell did not give Defendant Star-Courier permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1403. Nonetheless, Defendant Star-Courier reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Star-Courier's Use").

1404. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1405. Upon information and belief, the Star-Courier's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1406. Defendant Star-Courier did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XLVII.**    **Defendant Evening World**

1407. Defendant Evening World is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Spencer, Indiana.

1408. Upon information and belief, Evening World has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1409. As part of its publication, Evening World sells copies of its publication along with subscriptions and advertising for the publication.

1410. Evening World is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1411. As part of its publication, Evening World also provides a website located at spencereveningworld.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1412. Upon information and belief, Evening World knows that its website is read from users across the United States, including the residents in the Kansas City area.

1413. Evening World is in charge of and determines which content is placed on its website located at Evening World which is used for its website, its advertisers, its subscribers and in its publication.

1414. Evening World maintains at least one server accessible online to the public at www.spencereveningworld.com(the "Website").

1415. The Website has a copyright notice on the website © 2022 www.spencereveningworld.com. All rights reserved.

1416. Upon information and belief, Evening World used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.spencereveningworld.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.spencereveningworld.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.spencereveningworld.com/story/entertainment/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1417.    The Sowers Photograph was used for advertising by Evening World.

1418.    On the Website, Evening World posts and disseminates content to its subscribers, including those located in Missouri.

1419.    Such content is used to market and promote Evening World and its advertisers.

1420.    Upon information and belief, Defendant Evening World has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Evening World's Infringement**

1421.    Defendant Evening World reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.spencereveningworld.com.

1422.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1423.    Defendant Evening World's website includes commercial advertising targeting the subscribers of Evening World's publication, including those in Missouri.

1424.    Upon information and belief, because the advertisers on Defendant Evening World's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1425.    Upon information and belief, Evening World selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1426.    Upon information and belief, Evening World is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1427.   Upon information Evening World reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1428.   Alternatively, Evening World obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Evening World's website for its digital subscribers and in connection with advertising located on its website.

1429.   Defendant Evening World used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1430.   Defendant Evening World's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1431.   Ms. Campbell did not give Defendant Evening World permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1432.   Ms. Campbell did not give Defendant Evening World permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1433.   Nonetheless, Defendant Evening World reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Evening World's Use").

1434.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1435.   Upon information and belief, the Evening World's Use was part of a marketing and

promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1436.   Defendant Evening World did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XLVIII.   Defendant The Indianapolis Star**

1437.   Defendant The Indianapolis Star is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Indianapolis, Indiana.

1438.   Upon information and belief, The Indianapolis Star has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1439.   As part of its publication, The Indianapolis Star sells copies of its publication along with subscriptions and advertising for the publication.

1440.   The Indianapolis Star is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1441.   As part of its publication, The Indianapolis Star also provides a website located at indystar.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1442.   Upon information and belief, The Indianapolis Star knows that its website is read from users across the United States, including the residents in the Kansas City area.

1443.   The Indianapolis Star is in charge of and determines which content is placed on its website located at The Indianapolis Star which is used for its website, its advertisers, its subscribers

and in its publication.

1444. The Indianapolis Star maintains at least one server accessible online to the public at www.indystar.com(the "Website").

1445. The Website has a copyright notice on the website © 2022 www.indystar.com. All rights reserved.

1446. Upon information and belief, The Indianapolis Star used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.indystar.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.indystar.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.indystar.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

1447. The Sowers Photograph was used for advertising by The Indianapolis Star.

1448. On the Website, The Indianapolis Star posts and disseminates content to its subscribers, including those located in Missouri.

1449. Such content is used to market and promote The Indianapolis Star and its advertisers.

1450. Upon information and belief, Defendant The Indianapolis Star has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Indianapolis Star's Infringement**

1451. Defendant The Indianapolis Star reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.indystar.com.

1452. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1453. Defendant The Indianapolis Star's website includes commercial advertising targeting the subscribers of The Indianapolis Star's publication, including those in Missouri.

1454. Upon information and belief, because the advertisers on Defendant The Indianapolis Star's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1455. Upon information and belief, The Indianapolis Star selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1456. Upon information and belief, The Indianapolis Star is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1457. Upon information The Indianapolis Star reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1458. Alternatively, The Indianapolis Star obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Indianapolis Star's website for its digital subscribers and in connection with advertising located on its website.

1459. Defendant The Indianapolis Star used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1460. Defendant The Indianapolis Star's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the

unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1461. Ms. Campbell did not give Defendant The Indianapolis Star permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1462. Ms. Campbell did not give Defendant The Indianapolis Star permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1463. Nonetheless, Defendant The Indianapolis Star reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Indianapolis Star's Use").

1464. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1465. Upon information and belief, the The Indianapolis Star's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1466. Defendant The Indianapolis Star did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XLIX. Defendant Journal & Courier

1467. Defendant Journal & Courier is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Lafayette, Indiana.

1468. Upon information and belief, Journal & Courier has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1469.   As part of its publication, Journal & Courier sells copies of its publication along with subscriptions and advertising for the publication.

1470.   Journal & Courier is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1471.   As part of its publication, Journal & Courier also provides a website located at jconline.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1472.   Upon information and belief, Journal & Courier knows that its website is read from users across the United States, including the residents in the Kansas City area.

1473.   Journal & Courier is in charge of and determines which content is placed on its website located at Journal & Courier which is used for its website, its advertisers, its subscribers and in its publication.

1474.   Journal & Courier maintains at least one server accessible online to the public at www.jconline.com(the "Website").

1475.   The Website has a copyright notice on the website © 2022 www.jconline.com. All rights reserved.

1476.   Upon information and belief, Journal & Courier used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.jconline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.jconline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.jconline.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

1477. The Sowers Photograph was used for advertising by Journal & Courier.

1478. On the Website, Journal & Courier posts and disseminates content to its subscribers,

including those located in Missouri.

1479. Such content is used to market and promote Journal & Courier and its advertisers.

1480. Upon information and belief, Defendant Journal & Courier has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant Journal & Courier's Infringement**

1481. Defendant Journal & Courier reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.jconline.com.

1482. Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1483. Defendant Journal & Courier's website includes commercial advertising targeting

the subscribers of Journal & Courier's publication, including those in Missouri.

1484. Upon information and belief, because the advertisers on Defendant Journal &

Courier's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

1485. Upon information and belief, Journal & Courier selected Plaintiff's image for

inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1486. Upon information and belief, Journal & Courier is accustomed to negotiating and

obtaining licenses for use of photographic images and as a sophisticated media company is aware of

the consequences for failing to do so.

1487.   Upon information Journal & Courier reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1488.   Alternatively, Journal & Courier obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Journal & Courier's website for its digital subscribers and in connection with advertising located on its website.

1489.   Defendant Journal & Courier used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1490.   Defendant Journal & Courier's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1491.   Ms. Campbell did not give Defendant Journal & Courier permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1492.   Ms. Campbell did not give Defendant Journal & Courier permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1493.   Nonetheless, Defendant Journal & Courier reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Journal & Courier's Use").

1494.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1495.   Upon information and belief, the Journal & Courier's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1496.   Defendant Journal & Courier did not have a license or any permission to use the Sowers Photograph or distribute it to others.

L.      **Defendant The Palladium-Item**

1497.   Defendant The Palladium-Item is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Richmond, Indiana.

1498.   Upon information and belief, The Palladium-Item has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1499.   As part of its publication, The Palladium-Item sells copies of its publication along with subscriptions and advertising for the publication.

1500.   The Palladium-Item is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1501.   As part of its publication, The Palladium-Item also provides a website located at pal-item.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1502.   Upon information and belief, The Palladium-Item knows that its website is read from users across the United States, including the residents in the Kansas City area.

1503.   The Palladium-Item is in charge of and determines which content is placed on its

website located at The Palladium-Item which is used for its website, its advertisers, its subscribers and in its publication.

1504.   The Palladium-Item maintains at least one server accessible online to the public at www.pal-item.com(the "Website").

1505.   The Website has a copyright notice on the website © 2022 www.pal-item.com. All rights reserved.

1506.   Upon information and belief, The Palladium-Item used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.pal-item.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.pal-item.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.pal-item.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1507.   The Sowers Photograph was used for advertising by The Palladium-Item.

1508.   On the Website, The Palladium-Item posts and disseminates content to its subscribers, including those located in Missouri.

1509.   Such content is used to market and promote The Palladium-Item and its advertisers.

1510.   Upon information and belief, Defendant The Palladium-Item has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Palladium-Item's Infringement**

1511.   Defendant The Palladium-Item reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.pal-item.com.

1512. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1513. Defendant The Palladium-Item's website includes commercial advertising targeting the subscribers of The Palladium-Item's publication, including those in Missouri.

1514. Upon information and belief, because the advertisers on Defendant The Palladium-Item's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1515. Upon information and belief, The Palladium-Item selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1516. Upon information and belief, The Palladium-Item is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1517. Upon information The Palladium-Item reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1518. Alternatively, The Palladium-Item obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Palladium-Item's website for its digital subscribers and in connection with advertising located on its website.

1519. Defendant The Palladium-Item used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1520. Defendant The Palladium-Item's infringement arose out of the reproduction of

Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1521. Ms. Campbell did not give Defendant The Palladium-Item permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1522. Ms. Campbell did not give Defendant The Palladium-Item permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1523. Nonetheless, Defendant The Palladium-Item reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Palladium-Item's Use").

1524. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1525. Upon information and belief, The Palladium-Item's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1526. Defendant The Palladium-Item did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LI.    Defendant South Bend Tribune

1527. Defendant South Bend Tribune is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in South Bend, Indiana.

1528. Upon information and belief, South Bend Tribune has subscribers, advertisers and is

distributed digitally across the United States, which includes targeted Missouri residents.

1529.   As part of its publication, South Bend Tribune sells copies of its publication along with subscriptions and advertising for the publication.

1530.   South Bend Tribune is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1531.   As part of its publication, South Bend Tribune also provides a website located at southbendtribune.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1532.   Upon information and belief, South Bend Tribune knows that its website is read from users across the United States, including the residents in the Kansas City area.

1533.   South Bend Tribune is in charge of and determines which content is placed on its website located at South Bend Tribune which is used for its website, its advertisers, its subscribers and in its publication.

1534.   South Bend Tribune maintains at least one server accessible online to the public at www.southbendtribune.com(the "Website").

1535.   The Website has a copyright notice on the website © 2022 www.southbendtribune.com. All rights reserved.

1536.   Upon information and belief, South Bend Tribune used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.southbendtribune.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.southbendtribune.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and https://www.southbendtribune.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1537.   The Sowers Photograph was used for advertising by South Bend Tribune.

1538.   On the Website, South Bend Tribune posts and disseminates content to its subscribers, including those located in Missouri.

1539.   Such content is used to market and promote South Bend Tribune and its advertisers.

1540.   Upon information and belief, Defendant South Bend Tribune has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant South Bend Tribune's Infringement**

1541.   Defendant South Bend Tribune reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.southbendtribune.com.

1542.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1543.   Defendant South Bend Tribune's website includes commercial advertising targeting the subscribers of South Bend Tribune's publication, including those in Missouri.

1544.   Upon information and belief, because the advertisers on Defendant South Bend Tribune's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1545.   Upon information and belief, South Bend Tribune selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 200 of 848

1546. Upon information and belief, South Bend Tribune is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1547. Upon information South Bend Tribune reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1548. Alternatively, South Bend Tribune obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on South Bend Tribune's website for its digital subscribers and in connection with advertising located on its website.

1549. Defendant South Bend Tribune used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1550. Defendant South Bend Tribune's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1551. Ms. Campbell did not give Defendant South Bend Tribune permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1552. Ms. Campbell did not give Defendant South Bend Tribune permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1553. Nonetheless, Defendant South Bend Tribune reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "South Bend Tribune's Use").

1554.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1555.   Upon information and belief, the South Bend Tribune's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1556.   Defendant South Bend Tribune did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LII.   Defendant The Courier & Press**

1557.   Defendant The Courier & Press is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Evansville, Indiana.

1558.   Upon information and belief, The Courier & Press has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1559.   As part of its publication, The Courier & Press sells copies of its publication along with subscriptions and advertising for the publication.

1560.   The Courier & Press is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1561.   As part of its publication, The Courier & Press also provides a website located at courierpress.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1562.   Upon information and belief, The Courier & Press knows that its website is read from

users across the United States, including the residents in the Kansas City area.

1563.  The Courier & Press is in charge of and determines which content is placed on its website located at The Courier & Press which is used for its website, its advertisers, its subscribers and in its publication.

1564.  The Courier & Press maintains at least one server accessible online to the public at www.courierpress.com(the "Website").

1565.  The Website has a copyright notice on the website © 2022 www.courierpress.com. All rights reserved.

1566.  Upon information and belief, The Courier & Press used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.courierpress.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
>
> https://www.courierpress.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-
> 2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.courierpress.com/story/entertainment/2020/01/29/super-bowl-commercials-
> 2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1567.  The Sowers Photograph was used for advertising by The Courier & Press.

1568.  On the Website, The Courier & Press posts and disseminates content to its subscribers, including those located in Missouri.

1569.  Such content is used to market and promote The Courier & Press and its advertisers.

1570.  Upon information and belief, Defendant The Courier & Press has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Courier & Press's Infringement**

1571.   Defendant The Courier & Press reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.courierpress.com.

1572.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1573.   Defendant The Courier & Press's website includes commercial advertising targeting the subscribers of The Courier & Press's publication, including those in Missouri.

1574.   Upon information and belief, because the advertisers on Defendant The Courier & Press's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1575.   Upon information and belief, The Courier & Press selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1576.   Upon information and belief, The Courier & Press is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1577.   Upon information The Courier & Press reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1578.   Alternatively, The Courier & Press obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Courier & Press's website for its digital subscribers and in connection with advertising located on its website.

1579.   Defendant The Courier & Press used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in

Missouri.

1580.    Defendant The Courier & Press's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1581.    Ms. Campbell did not give Defendant The Courier & Press permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1582.    Ms. Campbell did not give Defendant The Courier & Press permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1583.    Nonetheless, Defendant The Courier & Press reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Courier & Press's Use").

1584.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1585.    Upon information and belief, the The Courier & Press's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1586.    Defendant The Courier & Press did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LIII.    Defendant The Herald-Times

1587.    Defendant The Herald-Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Bloomington,

Indiana.

1588.   Upon information and belief, The Herald-Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1589.   As part of its publication, The Herald-Times sells copies of its publication along with subscriptions and advertising for the publication.

1590.   The Herald-Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1591.   As part of its publication, The Herald-Times also provides a website located at heraldtimesonline.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1592.   Upon information and belief, The Herald-Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

1593.   The Herald-Times is in charge of and determines which content is placed on its website located at The Herald-Times which is used for its website, its advertisers, its subscribers and in its publication.

1594.   The Herald-Times maintains at least one server accessible online to the public at www.heraldtimesonline.com(the "Website").

1595.   The Website has a copyright notice on the website © 2022 www.heraldtimesonline.com. All rights reserved.

1596.   Upon information and belief, The Herald-Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.heraldtimesonline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.heraldtimesonline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.heraldtimesonline.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1597.   The Sowers Photograph was used for advertising by The Herald-Times.

1598.   On the Website, The Herald-Times posts and disseminates content to its subscribers, including those located in Missouri.

1599.   Such content is used to market and promote The Herald-Times and its advertisers.

1600.   Upon information and belief, Defendant The Herald-Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Herald-Times's Infringement**

1601.   Defendant The Herald-Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.heraldtimesonline.com.

1602.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1603.   Defendant The Herald-Times's website includes commercial advertising targeting the subscribers of The Herald-Times's publication, including those in Missouri.

1604.   Upon information and belief, because the advertisers on Defendant The Herald-Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1605. Upon information and belief, The Herald-Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1606. Upon information and belief, The Herald-Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1607. Upon information The Herald-Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1608. Alternatively, The Herald-Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Herald-Times's website for its digital subscribers and in connection with advertising located on its website.

1609. Defendant The Herald-Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1610. Defendant The Herald-Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1611. Ms. Campbell did not give Defendant The Herald-Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1612. Ms. Campbell did not give Defendant The Herald-Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1613. Nonetheless, Defendant The Herald-Times reproduced Plaintiff's photograph and

used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Herald-Times's Use").

1614. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1615. Upon information and belief, the The Herald-Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1616. Defendant The Herald-Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

LIV. **Defendant The Reporter-Times**

1617. Defendant The Reporter-Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Martinsville, Indiana.

1618. Upon information and belief, The Reporter-Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1619. As part of its publication, The Reporter-Times sells copies of its publication along with subscriptions and advertising for the publication.

1620. The Reporter-Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1621. As part of its publication, The Reporter-Times also provides a website located at reporter-times.com where digital subscribers, including those located in Missouri, can access and

review its content, including photographs, videos and advertising.

1622.   Upon information and belief, The Reporter-Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

1623.   The Reporter-Times is in charge of and determines which content is placed on its website located at The Reporter-Times which is used for its website, its advertisers, its subscribers and in its publication.

1624.   The Reporter-Times maintains at least one server accessible online to the public at www.reporter-times.com (the "Website").

1625.   The Website has a copyright notice on the website © 2022 www.reporter-times.com. All rights reserved.

1626.   Upon information and belief, The Reporter-Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.reporter-times.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.reporter-times.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.reporter-times.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1627.   The Sowers Photograph was used for advertising by The Reporter-Times.

1628.   On the Website, The Reporter-Times posts and disseminates content to its subscribers, including those located in Missouri.

1629.   Such content is used to market and promote The Reporter-Times and its advertisers.

1630.  Upon information and belief, Defendant The Reporter-Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Reporter-Times's Infringement**

1631.  Defendant The Reporter-Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.reporter-times.com.

1632.  Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1633.  Defendant The Reporter-Times's website includes commercial advertising targeting the subscribers of The Reporter-Times's publication, including those in Missouri.

1634.  Upon information and belief, because the advertisers on Defendant The Reporter-Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1635.  Upon information and belief, The Reporter-Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1636.  Upon information and belief, The Reporter-Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1637.  Upon information The Reporter-Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1638.  Alternatively, The Reporter-Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Reporter-Times's website for its digital subscribers and in connection with advertising located on its website.

1639. Defendant The Reporter-Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1640. Defendant The Reporter-Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1641. Ms. Campbell did not give Defendant The Reporter-Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1642. Ms. Campbell did not give Defendant The Reporter-Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1643. Nonetheless, Defendant The Reporter-Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Reporter-Times's Use").

1644. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1645. Upon information and belief, the The Reporter-Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1646. Defendant The Reporter-Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

LV.     **Defendant The Star Press**

1647. Defendant The Star Press is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Muncie, Indiana.

1648. Upon information and belief, The Star Press has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1649. As part of its publication, The Star Press sells copies of its publication along with subscriptions and advertising for the publication.

1650. The Star Press is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1651. As part of its publication, The Star Press also provides a website located at thestarpress.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1652. Upon information and belief, The Star Press knows that its website is read from users across the United States, including the residents in the Kansas City area.

1653. The Star Press is in charge of and determines which content is placed on its website located at The Star Press which is used for its website, its advertisers, its subscribers and in its publication.

1654. The Star Press maintains at least one server accessible online to the public at www.thestarpress.com(the "Website").

1655. The Website has a copyright notice on the website © 2022 www.thestarpress.com. All rights reserved.

1656. Upon information and belief, The Star Press used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the

Website along with the Sowers Photograph at the following urls:

https://www.thestarpress.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thestarpress.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thestarpress.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1657.   The Sowers Photograph was used for advertising by The Star Press.

1658.   On the Website, The Star Press posts and disseminates content to its subscribers, including those located in Missouri.

1659.   Such content is used to market and promote The Star Press and its advertisers.

1660.   Upon information and belief, Defendant The Star Press has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Star Press's Infringement**

1661.   Defendant The Star Press reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thestarpress.com.

1662.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1663.   Defendant The Star Press's website includes commercial advertising targeting the subscribers of The Star Press's publication, including those in Missouri.

1664.   Upon information and belief, because the advertisers on Defendant The Star Press's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1665. Upon information and belief, The Star Press selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1666. Upon information and belief, The Star Press is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1667. Upon information The Star Press reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1668. Alternatively, The Star Press obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Star Press's website for its digital subscribers and in connection with advertising located on its website.

1669. Defendant The Star Press used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1670. Defendant The Star Press's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1671. Ms. Campbell did not give Defendant The Star Press permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1672. Ms. Campbell did not give Defendant The Star Press permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1673. Nonetheless, Defendant The Star Press reproduced Plaintiff's photograph and used

the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Star Press's Use").

1674.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1675.   Upon information and belief, the The Star Press's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1676.   Defendant The Star Press did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LVI.   **Defendant Times-Mail**

1677.   Defendant Times-Mail is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Bedford, Indiana.

1678.   Upon information and belief, Times-Mail has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1679.   As part of its publication, Times-Mail sells copies of its publication along with subscriptions and advertising for the publication.

1680.   Times-Mail is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1681.   As part of its publication, Times-Mail also provides a website located at tmnews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1682.   Upon information and belief, Times-Mail knows that its website is read from users

across the United States, including the residents in the Kansas City area.

1683. Times-Mail is in charge of and determines which content is placed on its website located at Times-Mail which is used for its website, its advertisers, its subscribers and in its publication.

1684. Times-Mail maintains at least one server accessible online to the public at www.tmnews.com(the "Website").

1685. The Website has a copyright notice on the website © 2022 www.tmnews.com. All rights reserved.

1686. Upon information and belief, Times-Mail used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.tmnews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.tmnews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.tmnews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1687. The Sowers Photograph was used for advertising by Times-Mail.

1688. On the Website, Times-Mail posts and disseminates content to its subscribers, including those located in Missouri.

1689. Such content is used to market and promote Times-Mail and its advertisers.

1690. Upon information and belief, Defendant Times-Mail has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Times-Mail's Infringement**

1691.   Defendant Times-Mail reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.tmnews.com.

1692.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1693.   Defendant Times-Mail's website includes commercial advertising targeting the subscribers of Times-Mail's publication, including those in Missouri.

1694.   Upon information and belief, because the advertisers on Defendant Times-Mail's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1695.   Upon information and belief, Times-Mail selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1696.   Upon information and belief, Times-Mail is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1697.   Upon information Times-Mail reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1698.   Alternatively, Times-Mail obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Times-Mail's website for its digital subscribers and in connection with advertising located on its website.

1699.   Defendant Times-Mail used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1700. Defendant Times-Mail's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1701. Ms. Campbell did not give Defendant Times-Mail permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1702. Ms. Campbell did not give Defendant Times-Mail permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1703. Nonetheless, Defendant Times-Mail reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Times-Mail's Use").

1704. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1705. Upon information and belief, the Times-Mail's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1706. Defendant Times-Mail did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LVII.  **Defendant The Hawk Eye**

1707. Defendant The Hawk Eye is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Burlington, Iowa.

1708. Upon information and belief, The Hawk Eye has subscribers, advertisers and is

distributed digitally across the United States, which includes targeted Missouri residents.

1709.   As part of its publication, The Hawk Eye sells copies of its publication along with subscriptions and advertising for the publication.

1710.   The Hawk Eye is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1711.   As part of its publication, The Hawk Eye also provides a website located at thehawkeye.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1712.   Upon information and belief, The Hawk Eye knows that its website is read from users across the United States, including the residents in the Kansas City area.

1713.   The Hawk Eye is in charge of and determines which content is placed on its website located at The Hawk Eye which is used for its website, its advertisers, its subscribers and in its publication.

1714.   The Hawk Eye maintains at least one server accessible online to the public at www.thehawkeye.com(the "Website").

1715.   The Website has a copyright notice on the website © 2022 www.thehawkeye.com. All rights reserved.

1716.   Upon information and belief, The Hawk Eye used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.thehawkeye.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.thehawkeye.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thehawkeye.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1717.   The Sowers Photograph was used for advertising by The Hawk Eye.

1718.   On the Website, The Hawk Eye posts and disseminates content to its subscribers,

including those located in Missouri.

1719.   Such content is used to market and promote The Hawk Eye and its advertisers.

1720.   Upon information and belief, Defendant The Hawk Eye has targeted dissemination

of its content toward residents in the state of Missouri.

**Defendant The Hawk Eye's Infringement**

1721.   Defendant The Hawk Eye reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.thehawkeye.com.

1722.   Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1723.   Defendant The Hawk Eye's website includes commercial advertising targeting the

subscribers of The Hawk Eye's publication, including those in Missouri.

1724.   Upon information and belief, because the advertisers on Defendant The Hawk Eye's

website are based on the location of the viewer, these advertisements target Missouri residents and

include advertisers targeting Missouri residents.

1725.   Upon information and belief, The Hawk Eye selected Plaintiff's image for inclusion

on its website and modified its website to include a reproduction of Plaintiff's image.

1726.   Upon information and belief, The Hawk Eye is accustomed to negotiating and

obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1727. Upon information The Hawk Eye reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1728. Alternatively, The Hawk Eye obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Hawk Eye's website for its digital subscribers and in connection with advertising located on its website.

1729. Defendant The Hawk Eye used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1730. Defendant The Hawk Eye's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1731. Ms. Campbell did not give Defendant The Hawk Eye permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1732. Ms. Campbell did not give Defendant The Hawk Eye permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1733. Nonetheless, Defendant The Hawk Eye reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Hawk Eye's Use").

1734. The reproduced photograph is viewable by anyone in the United States with internet

access, including individuals residing in Missouri.

1735.   Upon information and belief, the The Hawk Eye's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1736.   Defendant The Hawk Eye did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LVIII. Defendant Iowa City Press-Citizen

1737.   Defendant Iowa City Press-Citizen is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Iowa City, Iowa.

1738.   Upon information and belief, Iowa City Press-Citizen has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1739.   As part of its publication, Iowa City Press-Citizen sells copies of its publication along with subscriptions and advertising for the publication.

1740.   Iowa City Press-Citizen is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1741.   As part of its publication, Iowa City Press-Citizen also provides a website located at press-citizen.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1742.   Upon information and belief, Iowa City Press-Citizen knows that its website is read from users across the United States, including the residents in the Kansas City area.

1743.   Iowa City Press-Citizen is in charge of and determines which content is placed on its website located at Iowa City Press-Citizen which is used for its website, its advertisers, its subscribers and in its publication.

1744.   Iowa City Press-Citizen maintains at least one server accessible online to the public at www.press-citizen.com(the "Website").

1745.   The Website has a copyright notice on the website © 2022 www.press-citizen.com. All rights reserved.

1746.   Upon information and belief, Iowa City Press-Citizen used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.press-citizen.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
>
> https://www.press-citizen.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.press-citizen.com/story/entertainment/2020/01/29/super-bowl-commercials-
> 2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1747.   The Sowers Photograph was used for advertising by Iowa City Press-Citizen.

1748.   On the Website, Iowa City Press-Citizen posts and disseminates content to its subscribers, including those located in Missouri.

1749.   Such content is used to market and promote Iowa City Press-Citizen and its advertisers.

1750.   Upon information and belief, Defendant Iowa City Press-Citizen has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Iowa City Press-Citizen's Infringement**

1751.    Defendant Iowa City Press-Citizen reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.press-citizen.com.

1752.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1753.    Defendant Iowa City Press-Citizen's website includes commercial advertising targeting the subscribers of Iowa City Press-Citizen's publication, including those in Missouri.

1754.    Upon information and belief, because the advertisers on Defendant Iowa City Press-Citizen's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1755.    Upon information and belief, Iowa City Press-Citizen selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1756.    Upon information and belief, Iowa City Press-Citizen is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1757.    Upon information Iowa City Press-Citizen reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1758.    Alternatively, Iowa City Press-Citizen obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Iowa City Press-Citizen's website for its digital subscribers and in connection with advertising located on its website.

1759.    Defendant Iowa City Press-Citizen used the image as part of a video which was provided through its website to various subscribers around the United States, including those located

in Missouri.

1760. Defendant Iowa City Press-Citizen's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1761. Ms. Campbell did not give Defendant Iowa City Press-Citizen permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1762. Ms. Campbell did not give Defendant Iowa City Press-Citizen permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1763. Nonetheless, Defendant Iowa City Press-Citizen reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Iowa City Press-Citizen's Use").

1764. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1765. Upon information and belief, the Iowa City Press-Citizen's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1766. Defendant Iowa City Press-Citizen did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LIX.** **Defendant Ames Tribune**

1767. Defendant Ames Tribune is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Ames, Iowa.

1768. Upon information and belief, Ames Tribune has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1769. As part of its publication, Ames Tribune sells copies of its publication along with subscriptions and advertising for the publication.

1770. Ames Tribune is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1771. As part of its publication, Ames Tribune also provides a website located at amestrib.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1772. Upon information and belief, Ames Tribune knows that its website is read from users across the United States, including the residents in the Kansas City area.

1773. Ames Tribune is in charge of and determines which content is placed on its website located at Ames Tribune which is used for its website, its advertisers, its subscribers and in its publication.

1774. Ames Tribune maintains at least one server accessible online to the public at www.amestrib.com(the "Website").

1775. The Website has a copyright notice on the website © 2022 www.amestrib.com. All rights reserved.

1776. Upon information and belief, Ames Tribune used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the

Website along with the Sowers Photograph at the following urls:

https://www.amestrib.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.amestrib.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.amestrib.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1777. The Sowers Photograph was used for advertising by Ames Tribune.

1778. On the Website, Ames Tribune posts and disseminates content to its subscribers, including those located in Missouri.

1779. Such content is used to market and promote Ames Tribune and its advertisers.

1780. Upon information and belief, Defendant Ames Tribune has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Ames Tribune's Infringement**

1781. Defendant Ames Tribune reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.amestrib.com.

1782. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1783. Defendant Ames Tribune's website includes commercial advertising targeting the subscribers of Ames Tribune's publication, including those in Missouri.

1784. Upon information and belief, because the advertisers on Defendant Ames Tribune's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 228 of 848

1785. Upon information and belief, Ames Tribune selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1786. Upon information and belief, Ames Tribune is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1787. Upon information Ames Tribune reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1788. Alternatively, Ames Tribune obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Ames Tribune's website for its digital subscribers and in connection with advertising located on its website.

1789. Defendant Ames Tribune used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1790. Defendant Ames Tribune's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1791. Ms. Campbell did not give Defendant Ames Tribune permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1792. Ms. Campbell did not give Defendant Ames Tribune permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1793. Nonetheless, Defendant Ames Tribune reproduced Plaintiff's photograph and used

the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Ames Tribune's Use").

1794.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1795.   Upon information and belief, the Ames Tribune's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1796.   Defendant Ames Tribune did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### LX.   Defendant Dodge City Daily Globe

1797.   Defendant Dodge City Daily Globe is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Dodge City, Kansas.

1798.   Upon information and belief, Dodge City Daily Globe has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1799.   As part of its publication, Dodge City Daily Globe sells copies of its publication along with subscriptions and advertising for the publication.

1800.   Dodge City Daily Globe is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1801.   As part of its publication, Dodge City Daily Globe also provides a website located at dodgeglobe.com where digital subscribers, including those located in Missouri, can access and

review its content, including photographs, videos and advertising.

1802.   Upon information and belief, Dodge City Daily Globe knows that its website is read from users across the United States, including the residents in the Kansas City area.

1803.   Dodge City Daily Globe is in charge of and determines which content is placed on its website located at Dodge City Daily Globe which is used for its website, its advertisers, its subscribers and in its publication.

1804.   Dodge City Daily Globe maintains at least one server accessible online to the public at www.dodgeglobe.com(the "Website").

1805.   The Website has a copyright notice on the website © 2022 www.dodgeglobe.com. All rights reserved.

1806.   Upon information and belief, Dodge City Daily Globe used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.dodgeglobe.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
/microsoft/4597663002/,

https://www.dodgeglobe.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-
2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.dodgeglobe.com/story/entertainment/2020/01/29/super-bowl-commercials-
2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1807.   The Sowers Photograph was used for advertising by Dodge City Daily Globe.

1808.   On the Website, Dodge City Daily Globe posts and disseminates content to its subscribers, including those located in Missouri.

1809.   Such content is used to market and promote Dodge City Daily Globe and its

advertisers.

1810.   Upon information and belief, Defendant Dodge City Daily Globe has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Dodge City Daily Globe's Infringement**

1811.   Defendant Dodge City Daily Globe reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.dodgeglobe.com.

1812.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1813.   Defendant Dodge City Daily Globe's website includes commercial advertising targeting the subscribers of Dodge City Daily Globe's publication, including those in Missouri.

1814.   Upon information and belief, because the advertisers on Defendant Dodge City Daily Globe's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1815.   Upon information and belief, Dodge City Daily Globe selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1816.   Upon information and belief, Dodge City Daily Globe is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1817.   Upon information Dodge City Daily Globe reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1818.   Alternatively, Dodge City Daily Globe obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Dodge City Daily Globe's website for its

digital subscribers and in connection with advertising located on its website.

1819.  Defendant Dodge City Daily Globe used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1820.  Defendant Dodge City Daily Globe's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1821.  Ms. Campbell did not give Defendant Dodge City Daily Globe permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1822.  Ms. Campbell did not give Defendant Dodge City Daily Globe permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1823.  Nonetheless, Defendant Dodge City Daily Globe reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Dodge City Daily Globe's Use").

1824.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1825.  Upon information and belief, the Dodge City Daily Globe's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1826.   Defendant Dodge City Daily Globe did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LXI.**   **Defendant Garden City Telegram**

1827.   Defendant Garden City Telegram is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Garden City, Kansas.

1828.   Upon information and belief, Garden City Telegram has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1829.   As part of its publication, Garden City Telegram sells copies of its publication along with subscriptions and advertising for the publication.

1830.   Garden City Telegram is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1831.   As part of its publication, Garden City Telegram also provides a website located at gctelegram.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1832.   Upon information and belief, Garden City Telegram knows that its website is read from users across the United States, including the residents in the Kansas City area.

1833.   Garden City Telegram is in charge of and determines which content is placed on its website located at Garden City Telegram which is used for its website, its advertisers, its subscribers and in its publication.

1834.   Garden City Telegram maintains at least one server accessible online to the public at www.gctelegram.com(the "Website").

1835.   The Website has a copyright notice on the website © 2022 www.gctelegram.com. All rights reserved.

1836.   Upon information and belief, Garden City Telegram used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.gctelegram.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.gctelegram.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.gctelegram.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1837.   The Sowers Photograph was used for advertising by Garden City Telegram.

1838.   On the Website, Garden City Telegram posts and disseminates content to its subscribers, including those located in Missouri.

1839.   Such content is used to market and promote Garden City Telegram and its advertisers.

1840.   Upon information and belief, Defendant Garden City Telegram has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Garden City Telegram's Infringement**

1841.   Defendant Garden City Telegram reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.gctelegram.com.

1842.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1843.   Defendant Garden City Telegram's website includes commercial advertising targeting the subscribers of Garden City Telegram's publication, including those in Missouri.

1844.   Upon information and belief, because the advertisers on Defendant Garden City Telegram's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1845.   Upon information and belief, Garden City Telegram selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1846.   Upon information and belief, Garden City Telegram is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1847.   Upon information Garden City Telegram reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1848.   Alternatively, Garden City Telegram obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Garden City Telegram's website for its digital subscribers and in connection with advertising located on its website.

1849.   Defendant Garden City Telegram used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1850.   Defendant Garden City Telegram's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1851.   Ms. Campbell did not give Defendant Garden City Telegram permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1852.   Ms. Campbell did not give Defendant Garden City Telegram permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1853.   Nonetheless, Defendant Garden City Telegram reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Garden City Telegram's Use").

1854.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1855.   Upon information and belief, the Garden City Telegram's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1856.   Defendant Garden City Telegram did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LXII.   Defendant McPherson Sentinel**

1857.   Defendant McPherson Sentinel is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in McPherson, Kansas.

1858.   Upon information and belief, McPherson Sentinel has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1859.   As part of its publication, McPherson Sentinel sells copies of its publication along

with subscriptions and advertising for the publication.

1860. McPherson Sentinel is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1861. As part of its publication, McPherson Sentinel also provides a website located at mcphersonsentinel.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1862. Upon information and belief, McPherson Sentinel knows that its website is read from users across the United States, including the residents in the Kansas City area.

1863. McPherson Sentinel is in charge of and determines which content is placed on its website located at McPherson Sentinel which is used for its website, its advertisers, its subscribers and in its publication.

1864. McPherson Sentinel maintains at least one server accessible online to the public at www.mcphersonsentinel.com(the "Website").

1865. The Website has a copyright notice on the website © 2022 www.mcphersonsentinel.com. All rights reserved.

1866. Upon information and belief, McPherson Sentinel used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.mcphersonsentinel.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.mcphersonsentinel.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.mcphersonsentinel.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1867.   The Sowers Photograph was used for advertising by McPherson Sentinel.

1868.   On the Website, McPherson Sentinel posts and disseminates content to its subscribers, including those located in Missouri.

1869.   Such content is used to market and promote McPherson Sentinel and its advertisers.

1870.   Upon information and belief, Defendant McPherson Sentinel has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant McPherson Sentinel's Infringement**

1871.   Defendant McPherson Sentinel reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.mcphersonsentinel.com.

1872.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1873.   Defendant McPherson Sentinel's website includes commercial advertising targeting the subscribers of McPherson Sentinel's publication, including those in Missouri.

1874.   Upon information and belief, because the advertisers on Defendant McPherson Sentinel's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1875.   Upon information and belief, McPherson Sentinel selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1876.   Upon information and belief, McPherson Sentinel is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of

the consequences for failing to do so.

1877.  Upon information McPherson Sentinel reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1878.  Alternatively, McPherson Sentinel obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on McPherson Sentinel's website for its digital subscribers and in connection with advertising located on its website.

1879.  Defendant McPherson Sentinel used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1880.  Defendant McPherson Sentinel's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1881.  Ms. Campbell did not give Defendant McPherson Sentinel permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1882.  Ms. Campbell did not give Defendant McPherson Sentinel permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1883.  Nonetheless, Defendant McPherson Sentinel reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "McPherson Sentinel's Use").

1884.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1885.   Upon information and belief, the McPherson Sentinel's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1886.   Defendant McPherson Sentinel did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LXIII. **Defendant Salina Journal**

1887.   Defendant Salina Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Salina, Kansas.

1888.   Upon information and belief, Salina Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1889.   As part of its publication, Salina Journal sells copies of its publication along with subscriptions and advertising for the publication.

1890.   Salina Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1891.   As part of its publication, Salina Journal also provides a website located at salina.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1892.   Upon information and belief, Salina Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

1893.   Salina Journal is in charge of and determines which content is placed on its website located at Salina Journal which is used for its website, its advertisers, its subscribers and in its

publication.

1894.  Salina Journal maintains at least one server accessible online to the public at www.salina.com(the "Website").

1895.  The Website has a copyright notice on the website © 2022 www.salina.com. All rights reserved.

1896.  Upon information and belief, Salina Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.salina.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.salina.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.salina.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1897.  The Sowers Photograph was used for advertising by Salina Journal.

1898.  On the Website, Salina Journal posts and disseminates content to its subscribers, including those located in Missouri.

1899.  Such content is used to market and promote Salina Journal and its advertisers.

1900.  Upon information and belief, Defendant Salina Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Salina Journal's Infringement**

1901.  Defendant Salina Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.salina.com.

1902.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1903.   Defendant Salina Journal's website includes commercial advertising targeting the subscribers of Salina Journal's publication, including those in Missouri.

1904.   Upon information and belief, because the advertisers on Defendant Salina Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1905.   Upon information and belief, Salina Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1906.   Upon information and belief, Salina Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1907.   Upon information Salina Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1908.   Alternatively, Salina Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Salina Journal's website for its digital subscribers and in connection with advertising located on its website.

1909.   Defendant Salina Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1910.   Defendant Salina Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed

reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1911.   Ms. Campbell did not give Defendant Salina Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1912.   Ms. Campbell did not give Defendant Salina Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1913.   Nonetheless, Defendant Salina Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Salina Journal's Use").

1914.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1915.   Upon information and belief, the Salina Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1916.   Defendant Salina Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LXIV. <u>Defendant The Hays Daily News</u>**

1917.   Defendant The Hays Daily News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Hays, Kansas.

1918.   Upon information and belief, The Hays Daily News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1919.   As part of its publication, The Hays Daily News sells copies of its publication along with subscriptions and advertising for the publication.

1920.   The Hays Daily News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1921.   As part of its publication, The Hays Daily News also provides a website located at hdnews.net where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1922.   Upon information and belief, The Hays Daily News knows that its website is read from users across the United States, including the residents in the Kansas City area.

1923.   The Hays Daily News is in charge of and determines which content is placed on its website located at The Hays Daily News which is used for its website, its advertisers, its subscribers and in its publication.

1924.   The Hays Daily News maintains at least one server accessible online to the public at www.hdnews.net(the "Website").

1925.   The Website has a copyright notice on the website © 2022 www.hdnews.net. All rights reserved.

1926.   Upon information and belief, The Hays Daily News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.hdnews.net/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.hdnews.net/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.hdnews.net/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1927.    The Sowers Photograph was used for advertising by The Hays Daily News.

1928.    On the Website, The Hays Daily News posts and disseminates content to its subscribers, including those located in Missouri.

1929.    Such content is used to market and promote The Hays Daily News and its advertisers.

1930.    Upon information and belief, Defendant The Hays Daily News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Hays Daily News's Infringement**

1931.    Defendant The Hays Daily News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.hdnews.net.

1932.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1933.    Defendant The Hays Daily News's website includes commercial advertising targeting the subscribers of The Hays Daily News's publication, including those in Missouri.

1934.    Upon information and belief, because the advertisers on Defendant The Hays Daily News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1935.    Upon information and belief, The Hays Daily News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1936.    Upon information and belief, The Hays Daily News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of

the consequences for failing to do so.

1937. Upon information The Hays Daily News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1938. Alternatively, The Hays Daily News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Hays Daily News's website for its digital subscribers and in connection with advertising located on its website.

1939. Defendant The Hays Daily News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1940. Defendant The Hays Daily News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1941. Ms. Campbell did not give Defendant The Hays Daily News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1942. Ms. Campbell did not give Defendant The Hays Daily News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1943. Nonetheless, Defendant The Hays Daily News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Hays Daily News's Use").

1944. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1945.   Upon information and belief, the The Hays Daily News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1946.   Defendant The Hays Daily News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LXV.   Defendant The Hutchinson News

1947.   Defendant The Hutchinson News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Hutchinson, Kansas.

1948.   Upon information and belief, The Hutchinson News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1949.   As part of its publication, The Hutchinson News sells copies of its publication along with subscriptions and advertising for the publication.

1950.   The Hutchinson News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1951.   As part of its publication, The Hutchinson News also provides a website located at hutchnews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1952.   Upon information and belief, The Hutchinson News knows that its website is read from users across the United States, including the residents in the Kansas City area.

1953.   The Hutchinson News is in charge of and determines which content is placed on its

website located at The Hutchinson News which is used for its website, its advertisers, its subscribers and in its publication.

1954. The Hutchinson News maintains at least one server accessible online to the public at www.hutchnews.com(the "Website").

1955. The Website has a copyright notice on the website © 2022 www.hutchnews.com. All rights reserved.

1956. Upon information and belief, The Hutchinson News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.hutchnews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.hutchnews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.hutchnews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1957. The Sowers Photograph was used for advertising by The Hutchinson News.

1958. On the Website, The Hutchinson News posts and disseminates content to its subscribers, including those located in Missouri.

1959. Such content is used to market and promote The Hutchinson News and its advertisers.

1960. Upon information and belief, Defendant The Hutchinson News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Hutchinson News's Infringement**

1961. Defendant The Hutchinson News reproduced Plaintiff's image and distributed it to

its subscribers, including those located in Missouri, via its website located at www.hutchnews.com.

1962.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1963.   Defendant The Hutchinson News's website includes commercial advertising targeting the subscribers of The Hutchinson News's publication, including those in Missouri.

1964.   Upon information and belief, because the advertisers on Defendant The Hutchinson News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1965.   Upon information and belief, The Hutchinson News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1966.   Upon information and belief, The Hutchinson News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1967.   Upon information The Hutchinson News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1968.   Alternatively, The Hutchinson News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Hutchinson News's website for its digital subscribers and in connection with advertising located on its website.

1969.   Defendant The Hutchinson News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

1970.   Defendant The Hutchinson News's infringement arose out of the reproduction of

Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

1971.    Ms. Campbell did not give Defendant The Hutchinson News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

1972.    Ms. Campbell did not give Defendant The Hutchinson News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

1973.    Nonetheless, Defendant The Hutchinson News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Hutchinson News's Use").

1974.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

1975.    Upon information and belief, the The Hutchinson News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

1976.    Defendant The Hutchinson News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

LXVI. **Defendant The Leavenworth Times**

1977.    Defendant The Leavenworth Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Leavenworth, Kansas.

1978.   Upon information and belief, The Leavenworth Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

1979.   As part of its publication, The Leavenworth Times sells copies of its publication along with subscriptions and advertising for the publication.

1980.   The Leavenworth Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

1981.   As part of its publication, The Leavenworth Times also provides a website located at leavenworthtimes.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

1982.   Upon information and belief, The Leavenworth Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

1983.   The Leavenworth Times is in charge of and determines which content is placed on its website located at The Leavenworth Times which is used for its website, its advertisers, its subscribers and in its publication.

1984.   The Leavenworth Times maintains at least one server accessible online to the public at www.leavenworthtimes.com(the "Website").

1985.   The Website has a copyright notice on the website © 2022 www.leavenworthtimes.com. All rights reserved.

1986.   Upon information and belief, The Leavenworth Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.leavenworthtimes.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.leavenworthtimes.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.leavenworthtimes.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

1987.   The Sowers Photograph was used for advertising by The Leavenworth Times.

1988.   On the Website, The Leavenworth Times posts and disseminates content to its subscribers, including those located in Missouri.

1989.   Such content is used to market and promote The Leavenworth Times and its advertisers.

1990.   Upon information and belief, Defendant The Leavenworth Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Leavenworth Times's Infringement**

1991.   Defendant The Leavenworth Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.leavenworthtimes.com.

1992.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

1993.   Defendant The Leavenworth Times's website includes commercial advertising targeting the subscribers of The Leavenworth Times's publication, including those in Missouri.

1994.   Upon information and belief, because the advertisers on Defendant The Leavenworth Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

1995.   Upon information and belief, The Leavenworth Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

1996.   Upon information and belief, The Leavenworth Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

1997.   Upon information The Leavenworth Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

1998.   Alternatively, The Leavenworth Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Leavenworth Times's website for its digital subscribers and in connection with advertising located on its website.

1999.   Defendant The Leavenworth Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2000.   Defendant The Leavenworth Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2001.   Ms. Campbell did not give Defendant The Leavenworth Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2002.   Ms. Campbell did not give Defendant The Leavenworth Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2003.  Nonetheless, Defendant The Leavenworth Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Leavenworth Times's Use").

2004.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2005.  Upon information and belief, the The Leavenworth Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2006.  Defendant The Leavenworth Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LXVII.**   **Defendant The Morning Sun**

2007.  Defendant The Morning Sun is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Pittsburg, Kansas.

2008.  Upon information and belief, The Morning Sun has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2009.  As part of its publication, The Morning Sun sells copies of its publication along with subscriptions and advertising for the publication.

2010.  The Morning Sun is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2011.   As part of its publication, The Morning Sun also provides a website located at morningsun.net where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2012.   Upon information and belief, The Morning Sun knows that its website is read from users across the United States, including the residents in the Kansas City area.

2013.   The Morning Sun is in charge of and determines which content is placed on its website located at The Morning Sun which is used for its website, its advertisers, its subscribers and in its publication.

2014.   The Morning Sun maintains at least one server accessible online to the public at www.morningsun.net(the "Website").

2015.   The Website has a copyright notice on the website © 2022 www.morningsun.net. All rights reserved.

2016.   Upon information and belief, The Morning Sun used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

    https://www.morningsun.net/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

    https://www.morningsun.net/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

    https://www.morningsun.net/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2017.   The Sowers Photograph was used for advertising by The Morning Sun.

2018.   On the Website, The Morning Sun posts and disseminates content to its subscribers,

including those located in Missouri.

2019.   Such content is used to market and promote The Morning Sun and its advertisers.

2020.   Upon information and belief, Defendant The Morning Sun has targeted dissemination of its content toward residents in the state of Missouri.

**<u>Defendant The Morning Sun's Infringement</u>**

2021.   Defendant The Morning Sun reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.morningsun.net.

2022.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2023.   Defendant The Morning Sun's website includes commercial advertising targeting the subscribers of The Morning Sun's publication, including those in Missouri.

2024.   Upon information and belief, because the advertisers on Defendant The Morning Sun's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2025.   Upon information and belief, The Morning Sun selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2026.   Upon information and belief, The Morning Sun is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2027.   Upon information The Morning Sun reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2028.   Alternatively, The Morning Sun obtained an unlicensed reproduction of Plaintiff's

image from Gannett Media Corp for use on The Morning Sun's website for its digital subscribers and in connection with advertising located on its website.

2029. Defendant The Morning Sun used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2030. Defendant The Morning Sun's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2031. Ms. Campbell did not give Defendant The Morning Sun permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2032. Ms. Campbell did not give Defendant The Morning Sun permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2033. Nonetheless, Defendant The Morning Sun reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Morning Sun's Use").

2034. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2035. Upon information and belief, the The Morning Sun's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2036. Defendant The Morning Sun did not have a license or any permission to use the

Sowers Photograph or distribute it to others.

LXVIII.    **Defendant The Newton Kansan**

2037.    Defendant The Newton Kansan is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Newton, Kansas.

2038.    Upon information and belief, The Newton Kansan has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2039.    As part of its publication, The Newton Kansan sells copies of its publication along with subscriptions and advertising for the publication.

2040.    The Newton Kansan is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2041.    As part of its publication, The Newton Kansan also provides a website located at thekansan.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2042.    Upon information and belief, The Newton Kansan knows that its website is read from users across the United States, including the residents in the Kansas City area.

2043.    The Newton Kansan is in charge of and determines which content is placed on its website located at The Newton Kansan which is used for its website, its advertisers, its subscribers and in its publication.

2044.    The Newton Kansan maintains at least one server accessible online to the public at www.thekansan.com(the "Website").

2045.    The Website has a copyright notice on the website © 2022 www.thekansan.com. All

rights reserved.

2046.  Upon information and belief, The Newton Kansan used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.thekansan.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thekansan.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thekansan.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2047.  The Sowers Photograph was used for advertising by The Newton Kansan.

2048.  On the Website, The Newton Kansan posts and disseminates content to its subscribers, including those located in Missouri.

2049.  Such content is used to market and promote The Newton Kansan and its advertisers.

2050.  Upon information and belief, Defendant The Newton Kansan has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Newton Kansan's Infringement**

2051.  Defendant The Newton Kansan reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thekansan.com.

2052.  Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2053.  Defendant The Newton Kansan's website includes commercial advertising targeting the subscribers of The Newton Kansan's publication, including those in Missouri.

2054.   Upon information and belief, because the advertisers on Defendant The Newton Kansan's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2055.   Upon information and belief, The Newton Kansan selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2056.   Upon information and belief, The Newton Kansan is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2057.   Upon information The Newton Kansan reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2058.   Alternatively, The Newton Kansan obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Newton Kansan's website for its digital subscribers and in connection with advertising located on its website.

2059.   Defendant The Newton Kansan used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2060.   Defendant The Newton Kansan's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2061.   Ms. Campbell did not give Defendant The Newton Kansan permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2062.   Ms. Campbell did not give Defendant The Newton Kansan permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2063.   Nonetheless, Defendant The Newton Kansan reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Newton Kansan's Use").

2064.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2065.   Upon information and belief, the The Newton Kansan's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2066.   Defendant The Newton Kansan did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LXIX. Defendant The Topeka Capital-Journal

2067.   Defendant The Topeka Capital-Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Topeka, Kansas.

2068.   Upon information and belief, The Topeka Capital-Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2069.   As part of its publication, The Topeka Capital-Journal sells copies of its publication along with subscriptions and advertising for the publication.

2070.   The Topeka Capital-Journal is part of a network of over 300 publications across 46

states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2071.   As part of its publication, The Topeka Capital-Journal also provides a website located at cjonline.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2072.   Upon information and belief, The Topeka Capital-Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

2073.   The Topeka Capital-Journal is in charge of and determines which content is placed on its website located at The Topeka Capital-Journal which is used for its website, its advertisers, its subscribers and in its publication.

2074.   The Topeka Capital-Journal maintains at least one server accessible online to the public at www.cjonline.com(the "Website").

2075.   The Website has a copyright notice on the website © 2022 www.cjonline.com. All rights reserved.

2076.   Upon information and belief, The Topeka Capital-Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.cjonline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.cjonline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.cjonline.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2077. The Sowers Photograph was used for advertising by The Topeka Capital-Journal.

2078. On the Website, The Topeka Capital-Journal posts and disseminates content to its subscribers, including those located in Missouri.

2079. Such content is used to market and promote The Topeka Capital-Journal and its advertisers.

2080. Upon information and belief, Defendant The Topeka Capital-Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Topeka Capital-Journal's Infringement**

2081. Defendant The Topeka Capital-Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.cjonline.com.

2082. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2083. Defendant The Topeka Capital-Journal's website includes commercial advertising targeting the subscribers of The Topeka Capital-Journal's publication, including those in Missouri.

2084. Upon information and belief, because the advertisers on Defendant The Topeka Capital-Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2085. Upon information and belief, The Topeka Capital-Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2086. Upon information and belief, The Topeka Capital-Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2087. Upon information The Topeka Capital-Journal reproduced Plaintiff's image by using

a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2088.   Alternatively, The Topeka Capital-Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Topeka Capital-Journal's website for its digital subscribers and in connection with advertising located on its website.

2089.   Defendant The Topeka Capital-Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2090.   Defendant The Topeka Capital-Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2091.   Ms. Campbell did not give Defendant The Topeka Capital-Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2092.   Ms. Campbell did not give Defendant The Topeka Capital-Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2093.   Nonetheless, Defendant The Topeka Capital-Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Topeka Capital-Journal's Use").

2094.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2095. Upon information and belief, the The Topeka Capital-Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2096. Defendant The Topeka Capital-Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LXX. Defendant The Gleaner**

2097. Defendant The Gleaner is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Henderson, Kentucky.

2098. Upon information and belief, The Gleaner has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2099. As part of its publication, The Gleaner sells copies of its publication along with subscriptions and advertising for the publication.

2100. The Gleaner is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2101. As part of its publication, The Gleaner also provides a website located at thegleaner.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2102. Upon information and belief, The Gleaner knows that its website is read from users across the United States, including the residents in the Kansas City area.

2103. The Gleaner is in charge of and determines which content is placed on its website located at The Gleaner which is used for its website, its advertisers, its subscribers and in its

publication.

2104. The Gleaner maintains at least one server accessible online to the public at www.thegleaner.com(the "Website").

2105. The Website has a copyright notice on the website © 2022 www.thegleaner.com. All rights reserved.

2106. Upon information and belief, The Gleaner used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.thegleaner.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thegleaner.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thegleaner.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2107. The Sowers Photograph was used for advertising by The Gleaner.

2108. On the Website, The Gleaner posts and disseminates content to its subscribers, including those located in Missouri.

2109. Such content is used to market and promote The Gleaner and its advertisers.

2110. Upon information and belief, Defendant The Gleaner has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Gleaner's Infringement**

2111. Defendant The Gleaner reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thegleaner.com.

2112. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2113. Defendant The Gleaner's website includes commercial advertising targeting the subscribers of The Gleaner's publication, including those in Missouri.

2114. Upon information and belief, because the advertisers on Defendant The Gleaner's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2115. Upon information and belief, The Gleaner selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2116. Upon information and belief, The Gleaner is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2117. Upon information The Gleaner reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2118. Alternatively, The Gleaner obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Gleaner's website for its digital subscribers and in connection with advertising located on its website.

2119. Defendant The Gleaner used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2120. Defendant The Gleaner's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to

various subscribers, including Missouri residents.

2121. Ms. Campbell did not give Defendant The Gleaner permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2122. Ms. Campbell did not give Defendant The Gleaner permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2123. Nonetheless, Defendant The Gleaner reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Gleaner's Use").

2124. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2125. Upon information and belief, the The Gleaner's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2126. Defendant The Gleaner did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LXXI. **Defendant Daily Comet**

2127. Defendant Daily Comet is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Thibodaux, Louisiana.

2128. Upon information and belief, Daily Comet has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2129. As part of its publication, Daily Comet sells copies of its publication along with

subscriptions and advertising for the publication.

2130. Daily Comet is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2131. As part of its publication, Daily Comet also provides a website located at dailycomet.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2132. Upon information and belief, Daily Comet knows that its website is read from users across the United States, including the residents in the Kansas City area.

2133. Daily Comet is in charge of and determines which content is placed on its website located at Daily Comet which is used for its website, its advertisers, its subscribers and in its publication.

2134. Daily Comet maintains at least one server accessible online to the public at www.dailycomet.com(the "Website").

2135. The Website has a copyright notice on the website © 2022 www.dailycomet.com. All rights reserved.

2136. Upon information and belief, Daily Comet used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.dailycomet.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
/microsoft/4597663002/,

https://www.dailycomet.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-
2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.dailycomet.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2137. The Sowers Photograph was used for advertising by Daily Comet.

2138. On the Website, Daily Comet posts and disseminates content to its subscribers, including those located in Missouri.

2139. Such content is used to market and promote Daily Comet and its advertisers.

2140. Upon information and belief, Defendant Daily Comet has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Daily Comet's Infringement**

2141. Defendant Daily Comet reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.dailycomet.com.

2142. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2143. Defendant Daily Comet's website includes commercial advertising targeting the subscribers of Daily Comet's publication, including those in Missouri.

2144. Upon information and belief, because the advertisers on Defendant Daily Comet's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2145. Upon information and belief, Daily Comet selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2146. Upon information and belief, Daily Comet is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2147. Upon information Daily Comet reproduced Plaintiff's image by using a screen shot

of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2148.   Alternatively, Daily Comet obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Daily Comet's website for its digital subscribers and in connection with advertising located on its website.

2149.   Defendant Daily Comet used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2150.   Defendant Daily Comet's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2151.   Ms. Campbell did not give Defendant Daily Comet permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2152.   Ms. Campbell did not give Defendant Daily Comet permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2153.   Nonetheless, Defendant Daily Comet reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Daily Comet's Use").

2154.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2155.   Upon information and belief, the Daily Comet's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to

encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2156.   Defendant Daily Comet did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LXXII.**   **Defendant The Daily Advertiser**

2157.   Defendant The Daily Advertiser is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Lafayette, Louisiana.

2158.   Upon information and belief, The Daily Advertiser has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2159.   As part of its publication, The Daily Advertiser sells copies of its publication along with subscriptions and advertising for the publication.

2160.   The Daily Advertiser is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2161.   As part of its publication, The Daily Advertiser also provides a website located at theadvertiser.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2162.   Upon information and belief, The Daily Advertiser knows that its website is read from users across the United States, including the residents in the Kansas City area.

2163.   The Daily Advertiser is in charge of and determines which content is placed on its website located at The Daily Advertiser which is used for its website, its advertisers, its subscribers and in its publication.

2164.   The Daily Advertiser maintains at least one server accessible online to the public at www.theadvertiser.com(the "Website").

2165.   The Website has a copyright notice on the website © 2022 www.theadvertiser.com. All rights reserved.

2166.   Upon information and belief, The Daily Advertiser used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.theadvertiser.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.theadvertiser.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.theadvertiser.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2167.   The Sowers Photograph was used for advertising by The Daily Advertiser.

2168.   On the Website, The Daily Advertiser posts and disseminates content to its subscribers, including those located in Missouri.

2169.   Such content is used to market and promote The Daily Advertiser and its advertisers.

2170.   Upon information and belief, Defendant The Daily Advertiser has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Daily Advertiser's Infringement**

2171.   Defendant The Daily Advertiser reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.theadvertiser.com.

2172.   Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2173. Defendant The Daily Advertiser's website includes commercial advertising targeting the subscribers of The Daily Advertiser's publication, including those in Missouri.

2174. Upon information and belief, because the advertisers on Defendant The Daily Advertiser's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2175. Upon information and belief, The Daily Advertiser selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2176. Upon information and belief, The Daily Advertiser is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2177. Upon information The Daily Advertiser reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2178. Alternatively, The Daily Advertiser obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Daily Advertiser's website for its digital subscribers and in connection with advertising located on its website.

2179. Defendant The Daily Advertiser used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2180. Defendant The Daily Advertiser's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its

website to various subscribers, including Missouri residents.

2181. Ms. Campbell did not give Defendant The Daily Advertiser permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2182. Ms. Campbell did not give Defendant The Daily Advertiser permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2183. Nonetheless, Defendant The Daily Advertiser reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Daily Advertiser's Use").

2184. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2185. Upon information and belief, the The Daily Advertiser's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2186. Defendant The Daily Advertiser did not have a license or any permission to use the Sowers Photograph or distribute it to others.

LXXIII.    **Defendant The News-Star**

2187. Defendant The News-Star is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Monroe, Louisiana.

2188. Upon information and belief, The News-Star has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2189. As part of its publication, The News-Star sells copies of its publication along with subscriptions and advertising for the publication.

2190.   The News-Star is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2191.   As part of its publication, The News-Star also provides a website located at thenewsstar.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2192.   Upon information and belief, The News-Star knows that its website is read from users across the United States, including the residents in the Kansas City area.

2193.   The News-Star is in charge of and determines which content is placed on its website located at The News-Star which is used for its website, its advertisers, its subscribers and in its publication.

2194.   The News-Star maintains at least one server accessible online to the public at www.thenewsstar.com(the "Website").

2195.   The Website has a copyright notice on the website © 2022 www.thenewsstar.com. All rights reserved.

2196.   Upon information and belief, The News-Star used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.thenewsstar.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thenewsstar.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thenewsstar.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2197. The Sowers Photograph was used for advertising by The News-Star.

2198. On the Website, The News-Star posts and disseminates content to its subscribers, including those located in Missouri.

2199. Such content is used to market and promote The News-Star and its advertisers.

2200. Upon information and belief, Defendant The News-Star has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The News-Star's Infringement**

2201. Defendant The News-Star reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thenewsstar.com.

2202. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2203. Defendant The News-Star's website includes commercial advertising targeting the subscribers of The News-Star's publication, including those in Missouri.

2204. Upon information and belief, because the advertisers on Defendant The News-Star's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2205. Upon information and belief, The News-Star selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2206. Upon information and belief, The News-Star is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2207. Upon information The News-Star reproduced Plaintiff's image by using a screen shot

of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2208.   Alternatively, The News-Star obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The News-Star's website for its digital subscribers and in connection with advertising located on its website.

2209.   Defendant The News-Star used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2210.   Defendant The News-Star's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2211.   Ms. Campbell did not give Defendant The News-Star permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2212.   Ms. Campbell did not give Defendant The News-Star permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2213.   Nonetheless, Defendant The News-Star reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The News-Star's Use").

2214.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2215.   Upon information and belief, the The News-Star's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to

encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2216.   Defendant The News-Star did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### LXXIV.   <u>Defendant Post South</u>

2217.   Defendant Post South is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Plaquemine, Louisiana.

2218.   Upon information and belief, Post South has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2219.   As part of its publication, Post South sells copies of its publication along with subscriptions and advertising for the publication.

2220.   Post South is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2221.   As part of its publication, Post South also provides a website located at postsouth.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2222.   Upon information and belief, Post South knows that its website is read from users across the United States, including the residents in the Kansas City area.

2223.   Post South is in charge of and determines which content is placed on its website located at Post South which is used for its website, its advertisers, its subscribers and in its publication.

2224.   Post South maintains at least one server accessible online to the public at

www.postsouth.com(the "Website").

2225. The Website has a copyright notice on the website © 2022 www.postsouth.com. All rights reserved.

2226. Upon information and belief, Post South used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.postsouth.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.postsouth.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.postsouth.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2227. The Sowers Photograph was used for advertising by Post South.

2228. On the Website, Post South posts and disseminates content to its subscribers, including those located in Missouri.

2229. Such content is used to market and promote Post South and its advertisers.

2230. Upon information and belief, Defendant Post South has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Post South's Infringement**

2231. Defendant Post South reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.postsouth.com.

2232. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2233. Defendant Post South's website includes commercial advertising targeting the subscribers of Post South's publication, including those in Missouri.

2234. Upon information and belief, because the advertisers on Defendant Post South's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2235. Upon information and belief, Post South selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2236. Upon information and belief, Post South is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2237. Upon information Post South reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2238. Alternatively, Post South obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Post South's website for its digital subscribers and in connection with advertising located on its website.

2239. Defendant Post South used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2240. Defendant Post South's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2241. Ms. Campbell did not give Defendant Post South permission to reproduce or use the

Sowers Photograph or any of her other photographs in anyway.

2242. Ms. Campbell did not give Defendant Post South permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2243. Nonetheless, Defendant Post South reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Post South's Use").

2244. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2245. Upon information and belief, the Post South's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2246. Defendant Post South did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LXXV.** **Defendant The Town Talk**

2247. Defendant The Town Talk is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Alexandria, Louisiana.

2248. Upon information and belief, The Town Talk has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2249. As part of its publication, The Town Talk sells copies of its publication along with subscriptions and advertising for the publication.

2250. The Town Talk is part of a network of over 300 publications across 46 states with

5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2251. As part of its publication, The Town Talk also provides a website located at thetowntalk.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2252. Upon information and belief, The Town Talk knows that its website is read from users across the United States, including the residents in the Kansas City area.

2253. The Town Talk is in charge of and determines which content is placed on its website located at The Town Talk which is used for its website, its advertisers, its subscribers and in its publication.

2254. The Town Talk maintains at least one server accessible online to the public at www.thetowntalk.com(the "Website").

2255. The Website has a copyright notice on the website © 2022 www.thetowntalk.com. All rights reserved.

2256. Upon information and belief, The Town Talk used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.thetowntalk.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thetowntalk.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thetowntalk.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2257.   The Sowers Photograph was used for advertising by The Town Talk.

2258.   On the Website, The Town Talk posts and disseminates content to its subscribers, including those located in Missouri.

2259.   Such content is used to market and promote The Town Talk and its advertisers.

2260.   Upon information and belief, Defendant The Town Talk has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Town Talk's Infringement**

2261.   Defendant The Town Talk reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thetowntalk.com.

2262.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2263.   Defendant The Town Talk's website includes commercial advertising targeting the subscribers of The Town Talk's publication, including those in Missouri.

2264.   Upon information and belief, because the advertisers on Defendant The Town Talk's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2265.   Upon information and belief, The Town Talk selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2266.   Upon information and belief, The Town Talk is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2267.   Upon information The Town Talk reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its

subscribers, including those in Missouri.

2268. Alternatively, The Town Talk obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Town Talk's website for its digital subscribers and in connection with advertising located on its website.

2269. Defendant The Town Talk used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2270. Defendant The Town Talk's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2271. Ms. Campbell did not give Defendant The Town Talk permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2272. Ms. Campbell did not give Defendant The Town Talk permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2273. Nonetheless, Defendant The Town Talk reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Town Talk's Use").

2274. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2275. Upon information and belief, the The Town Talk's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri

advertisers.

2276. Defendant The Town Talk did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LXXVI.** **Defendant The Shreveport Times**

2277. Defendant The Shreveport Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Shreveport, Louisiana.

2278. Upon information and belief, The Shreveport Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2279. As part of its publication, The Shreveport Times sells copies of its publication along with subscriptions and advertising for the publication.

2280. The Shreveport Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2281. As part of its publication, The Shreveport Times also provides a website located at shreveporttimes.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2282. Upon information and belief, The Shreveport Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

2283. The Shreveport Times is in charge of and determines which content is placed on its website located at The Shreveport Times which is used for its website, its advertisers, its subscribers and in its publication.

2284. The Shreveport Times maintains at least one server accessible online to the public at

www.shreveporttimes.com(the "Website").

2285. The Website has a copyright notice on the website © 2022 www.shreveporttimes.com. All rights reserved.

2286. Upon information and belief, The Shreveport Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.shreveporttimes.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.shreveporttimes.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.shreveporttimes.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2287. The Sowers Photograph was used for advertising by The Shreveport Times.

2288. On the Website, The Shreveport Times posts and disseminates content to its subscribers, including those located in Missouri.

2289. Such content is used to market and promote The Shreveport Times and its advertisers.

2290. Upon information and belief, Defendant The Shreveport Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Shreveport Times's Infringement**

2291. Defendant The Shreveport Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.shreveporttimes.com.

2292. Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2293. Defendant The Shreveport Times's website includes commercial advertising targeting the subscribers of The Shreveport Times's publication, including those in Missouri.

2294. Upon information and belief, because the advertisers on Defendant The Shreveport Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2295. Upon information and belief, The Shreveport Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2296. Upon information and belief, The Shreveport Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2297. Upon information The Shreveport Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2298. Alternatively, The Shreveport Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Shreveport Times's website for its digital subscribers and in connection with advertising located on its website.

2299. Defendant The Shreveport Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2300. Defendant The Shreveport Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its

website to various subscribers, including Missouri residents.

2301. Ms. Campbell did not give Defendant The Shreveport Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2302. Ms. Campbell did not give Defendant The Shreveport Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2303. Nonetheless, Defendant The Shreveport Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Shreveport Times's Use").

2304. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2305. Upon information and belief, the The Shreveport Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2306. Defendant The Shreveport Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

LXXVII. **Defendant Daily World**

2307. Defendant Daily World is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Opelousas, Louisiana.

2308. Upon information and belief, Daily World has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2309.   As part of its publication, Daily World sells copies of its publication along with subscriptions and advertising for the publication.

2310.   Daily World is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2311.   As part of its publication, Daily World also provides a website located at dailyworld.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2312.   Upon information and belief, Daily World knows that its website is read from users across the United States, including the residents in the Kansas City area.

2313.   Daily World is in charge of and determines which content is placed on its website located at Daily World which is used for its website, its advertisers, its subscribers and in its publication.

2314.   Daily World maintains at least one server accessible online to the public at www.dailyworld.com(the "Website").

2315.   The Website has a copyright notice on the website © 2022 www.dailyworld.com. All rights reserved.

2316.   Upon information and belief, Daily World used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.dailyworld.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.dailyworld.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.dailyworld.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2317.   The Sowers Photograph was used for advertising by Daily World.

2318.   On the Website, Daily World posts and disseminates content to its subscribers, including those located in Missouri.

2319.   Such content is used to market and promote Daily World and its advertisers.

2320.   Upon information and belief, Defendant Daily World has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Daily World's Infringement**

2321.   Defendant Daily World reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.dailyworld.com.

2322.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2323.   Defendant Daily World's website includes commercial advertising targeting the subscribers of Daily World's publication, including those in Missouri.

2324.   Upon information and belief, because the advertisers on Defendant Daily World's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2325.   Upon information and belief, Daily World selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2326.   Upon information and belief, Daily World is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2327.   Upon information Daily World reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2328.   Alternatively, Daily World obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Daily World's website for its digital subscribers and in connection with advertising located on its website.

2329.   Defendant Daily World used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2330.   Defendant Daily World's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2331.   Ms. Campbell did not give Defendant Daily World permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2332.   Ms. Campbell did not give Defendant Daily World permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2333.   Nonetheless, Defendant Daily World reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Daily World's Use").

2334.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2335.   Upon information and belief, the Daily World's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to

encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2336.   Defendant Daily World did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LXXVIII. **Defendant The Courier**

2337.   Defendant The Courier is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Houma, Louisiana.

2338.   Upon information and belief, The Courier has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2339.   As part of its publication, The Courier sells copies of its publication along with subscriptions and advertising for the publication.

2340.   The Courier is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2341.   As part of its publication, The Courier also provides a website located at houmatoday.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2342.   Upon information and belief, The Courier knows that its website is read from users across the United States, including the residents in the Kansas City area.

2343.   The Courier is in charge of and determines which content is placed on its website located at The Courier which is used for its website, its advertisers, its subscribers and in its publication.

2344.   The Courier maintains at least one server accessible online to the public at www.houmatoday.com(the "Website").

2345. The Website has a copyright notice on the website © 2022 www.houmatoday.com. All rights reserved.

2346. Upon information and belief, The Courier used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.houmatoday.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.houmatoday.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.houmatoday.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2347. The Sowers Photograph was used for advertising by The Courier.

2348. On the Website, The Courier posts and disseminates content to its subscribers, including those located in Missouri.

2349. Such content is used to market and promote The Courier and its advertisers.

2350. Upon information and belief, Defendant The Courier has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Courier's Infringement**

2351. Defendant The Courier reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.houmatoday.com.

2352. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2353. Defendant The Courier's website includes commercial advertising targeting the

subscribers of The Courier's publication, including those in Missouri.

2354.   Upon information and belief, because the advertisers on Defendant The Courier's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2355.   Upon information and belief, The Courier selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2356.   Upon information and belief, The Courier is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2357.   Upon information The Courier reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2358.   Alternatively, The Courier obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Courier's website for its digital subscribers and in connection with advertising located on its website.

2359.   Defendant The Courier used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2360.   Defendant The Courier's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2361.   Ms. Campbell did not give Defendant The Courier permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2362. Ms. Campbell did not give Defendant The Courier permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2363. Nonetheless, Defendant The Courier reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Courier's Use").

2364. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2365. Upon information and belief, the The Courier's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2366. Defendant The Courier did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LXXIX.** **Defendant The Daily Times Salisbury**

2367. Defendant The Daily Times Salisbury is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Salisbury, Maryland.

2368. Upon information and belief, The Daily Times Salisbury has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2369. As part of its publication, The Daily Times Salisbury sells copies of its publication along with subscriptions and advertising for the publication.

2370. The Daily Times Salisbury is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million

monthly visitors.

2371.   As part of its publication, The Daily Times Salisbury also provides a website located at delmarvanow.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2372.   Upon information and belief, The Daily Times Salisbury knows that its website is read from users across the United States, including the residents in the Kansas City area.

2373.   The Daily Times Salisbury is in charge of and determines which content is placed on its website located at The Daily Times Salisbury which is used for its website, its advertisers, its subscribers and in its publication.

2374.   The Daily Times Salisbury maintains at least one server accessible online to the public at www.delmarvanow.com(the "Website").

2375.   The Website has a copyright notice on the website © 2022 www.delmarvanow.com. All rights reserved.

2376.   Upon information and belief, The Daily Times Salisbury used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.delmarvanow.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.delmarvanow.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.delmarvanow.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2377.   The Sowers Photograph was used for advertising by The Daily Times Salisbury.

2378.   On the Website, The Daily Times Salisbury posts and disseminates content to its subscribers, including those located in Missouri.

2379.   Such content is used to market and promote The Daily Times Salisbury and its advertisers.

2380.   Upon information and belief, Defendant The Daily Times Salisbury has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Daily Times Salisbury's Infringement**

2381.   Defendant The Daily Times Salisbury reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.delmarvanow.com.

2382.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2383.   Defendant The Daily Times Salisbury's website includes commercial advertising targeting the subscribers of The Daily Times Salisbury's publication, including those in Missouri.

2384.   Upon information and belief, because the advertisers on Defendant The Daily Times Salisbury's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2385.   Upon information and belief, The Daily Times Salisbury selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2386.   Upon information and belief, The Daily Times Salisbury is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2387.   Upon information The Daily Times Salisbury reproduced Plaintiff's image by using

a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2388. Alternatively, The Daily Times Salisbury obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Daily Times Salisbury's website for its digital subscribers and in connection with advertising located on its website.

2389. Defendant The Daily Times Salisbury used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2390. Defendant The Daily Times Salisbury's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2391. Ms. Campbell did not give Defendant The Daily Times Salisbury permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2392. Ms. Campbell did not give Defendant The Daily Times Salisbury permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2393. Nonetheless, Defendant The Daily Times Salisbury reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Daily Times Salisbury's Use").

2394. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2395. Upon information and belief, the The Daily Times Salisbury's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2396. Defendant The Daily Times Salisbury did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LXXX. Defendant The Herald-Mail

2397. Defendant The Herald-Mail is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Hagerstown, Maryland.

2398. Upon information and belief, The Herald-Mail has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2399. As part of its publication, The Herald-Mail sells copies of its publication along with subscriptions and advertising for the publication.

2400. The Herald-Mail is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2401. As part of its publication, The Herald-Mail also provides a website located at heraldmailmedia.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2402. Upon information and belief, The Herald-Mail knows that its website is read from users across the United States, including the residents in the Kansas City area.

2403. The Herald-Mail is in charge of and determines which content is placed on its website

located at The Herald-Mail which is used for its website, its advertisers, its subscribers and in its publication.

2404. The Herald-Mail maintains at least one server accessible online to the public at www.heraldmailmedia.com(the "Website").

2405. The Website has a copyright notice on the website © 2022 www.heraldmailmedia.com. All rights reserved.

2406. Upon information and belief, The Herald-Mail used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.heraldmailmedia.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.heraldmailmedia.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.heraldmailmedia.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2407. The Sowers Photograph was used for advertising by The Herald-Mail.

2408. On the Website, The Herald-Mail posts and disseminates content to its subscribers, including those located in Missouri.

2409. Such content is used to market and promote The Herald-Mail and its advertisers.

2410. Upon information and belief, Defendant The Herald-Mail has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Herald-Mail's Infringement**

2411. Defendant The Herald-Mail reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.heraldmailmedia.com.

2412.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2413.   Defendant The Herald-Mail's website includes commercial advertising targeting the subscribers of The Herald-Mail's publication, including those in Missouri.

2414.   Upon information and belief, because the advertisers on Defendant The Herald-Mail's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2415.   Upon information and belief, The Herald-Mail selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2416.   Upon information and belief, The Herald-Mail is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2417.   Upon information The Herald-Mail reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2418.   Alternatively, The Herald-Mail obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Herald-Mail's website for its digital subscribers and in connection with advertising located on its website.

2419.   Defendant The Herald-Mail used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2420. Defendant The Herald-Mail's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2421. Ms. Campbell did not give Defendant The Herald-Mail permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2422. Ms. Campbell did not give Defendant The Herald-Mail permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2423. Nonetheless, Defendant The Herald-Mail reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Herald-Mail's Use").

2424. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2425. Upon information and belief, the The Herald-Mail's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2426. Defendant The Herald-Mail did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LXXXI.  Defendant Cape Cod Times**

2427. Defendant Cape Cod Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Hyannis, Massachusetts.

2428.   Upon information and belief, Cape Cod Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2429.   As part of its publication, Cape Cod Times sells copies of its publication along with subscriptions and advertising for the publication.

2430.   Cape Cod Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2431.   As part of its publication, Cape Cod Times also provides a website located at capecodtimes.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2432.   Upon information and belief, Cape Cod Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

2433.   Cape Cod Times is in charge of and determines which content is placed on its website located at Cape Cod Times which is used for its website, its advertisers, its subscribers and in its publication.

2434.   Cape Cod Times maintains at least one server accessible online to the public at www.capecodtimes.com (the "Website").

2435.   The Website has a copyright notice on the website © 2022 www.capecodtimes.com. All rights reserved.

2436.   Upon information and belief, Cape Cod Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.capecodtimes.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.capecodtimes.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.capecodtimes.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2437.   The Sowers Photograph was used for advertising by Cape Cod Times.

2438.   On the Website, Cape Cod Times posts and disseminates content to its subscribers, including those located in Missouri.

2439.   Such content is used to market and promote Cape Cod Times and its advertisers.

2440.   Upon information and belief, Defendant Cape Cod Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Cape Cod Times's Infringement**

2441.   Defendant Cape Cod Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.capecodtimes.com.

2442.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2443.   Defendant Cape Cod Times's website includes commercial advertising targeting the subscribers of Cape Cod Times's publication, including those in Missouri.

2444.   Upon information and belief, because the advertisers on Defendant Cape Cod Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2445.   Upon information and belief, Cape Cod Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2446. Upon information and belief, Cape Cod Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2447. Upon information Cape Cod Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2448. Alternatively, Cape Cod Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Cape Cod Times's website for its digital subscribers and in connection with advertising located on its website.

2449. Defendant Cape Cod Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2450. Defendant Cape Cod Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2451. Ms. Campbell did not give Defendant Cape Cod Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2452. Ms. Campbell did not give Defendant Cape Cod Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2453. Nonetheless, Defendant Cape Cod Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Cape Cod Times's Use").

2454.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2455.   Upon information and belief, the Cape Cod Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2456.   Defendant Cape Cod Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**LXXXII.   <u>Defendant Marshfield News Herald</u>**

2457.   Defendant Marshfield News Herald is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Marshfield, Massachusetts.

2458.   Upon information and belief, Marshfield News Herald has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2459.   As part of its publication, Marshfield News Herald sells copies of its publication along with subscriptions and advertising for the publication.

2460.   Marshfield News Herald is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2461.   As part of its publication, Marshfield News Herald also provides a website located at marshfieldnewsherald.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2462.   Upon information and belief, Marshfield News Herald knows that its website is read

from users across the United States, including the residents in the Kansas City area.

2463. Marshfield News Herald is in charge of and determines which content is placed on its website located at Marshfield News Herald which is used for its website, its advertisers, its subscribers and in its publication.

2464. Marshfield News Herald maintains at least one server accessible online to the public at www.marshfieldnewsherald.com(the "Website").

2465. The Website has a copyright notice on the website © 2022 www.marshfieldnewsherald.com. All rights reserved.

2466. Upon information and belief, Marshfield News Herald used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.marshfieldnewsherald.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-
> 2020-/microsoft/4597663002/,
> https://www.marshfieldnewsherald.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
> https://www.marshfieldnewsherald.com/story/entertainment/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2467. The Sowers Photograph was used for advertising by Marshfield News Herald.

2468. On the Website, Marshfield News Herald posts and disseminates content to its subscribers, including those located in Missouri.

2469. Such content is used to market and promote Marshfield News Herald and its advertisers.

2470. Upon information and belief, Defendant Marshfield News Herald has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant Marshfield News Herald's Infringement**

2471.   Defendant Marshfield News Herald reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.marshfieldnewsherald.com.

2472.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2473.   Defendant Marshfield News Herald's website includes commercial advertising targeting the subscribers of Marshfield News Herald's publication, including those in Missouri.

2474.   Upon information and belief, because the advertisers on Defendant Marshfield News Herald's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2475.   Upon information and belief, Marshfield News Herald selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2476.   Upon information and belief, Marshfield News Herald is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2477.   Upon information Marshfield News Herald reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2478.   Alternatively, Marshfield News Herald obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Marshfield News Herald's website for its digital subscribers and in connection with advertising located on its website.

2479.   Defendant Marshfield News Herald used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2480.   Defendant Marshfield News Herald's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2481.   Ms. Campbell did not give Defendant Marshfield News Herald permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2482.   Ms. Campbell did not give Defendant Marshfield News Herald permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2483.   Nonetheless, Defendant Marshfield News Herald reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Marshfield News Herald's Use").

2484.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2485.   Upon information and belief, the Marshfield News Herald's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2486.   Defendant Marshfield News Herald did not have a license or any permission to use

the Sowers Photograph or distribute it to others.

### LXXXIII. **Defendant Patriot Ledger**

2487.   Defendant Patriot Ledger is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Quincy, Massachusetts.

2488.   Upon information and belief, Patriot Ledger has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2489.   As part of its publication, Patriot Ledger sells copies of its publication along with subscriptions and advertising for the publication.

2490.   Patriot Ledger is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2491.   As part of its publication, Patriot Ledger also provides a website located at patriotledger.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2492.   Upon information and belief, Patriot Ledger knows that its website is read from users across the United States, including the residents in the Kansas City area.

2493.   Patriot Ledger is in charge of and determines which content is placed on its website located at Patriot Ledger which is used for its website, its advertisers, its subscribers and in its publication.

2494.   Patriot Ledger maintains at least one server accessible online to the public at www.patriotledger.com(the "Website").

2495.   The Website has a copyright notice on the website © 2022 www.patriotledger.com.

All rights reserved.

2496. Upon information and belief, Patriot Ledger used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.patriotledger.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.patriotledger.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.patriotledger.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2497. The Sowers Photograph was used for advertising by Patriot Ledger.

2498. On the Website, Patriot Ledger posts and disseminates content to its subscribers, including those located in Missouri.

2499. Such content is used to market and promote Patriot Ledger and its advertisers.

2500. Upon information and belief, Defendant Patriot Ledger has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Patriot Ledger's Infringement**

2501. Defendant Patriot Ledger reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.patriotledger.com.

2502. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2503. Defendant Patriot Ledger's website includes commercial advertising targeting the subscribers of Patriot Ledger's publication, including those in Missouri.

2504.   Upon information and belief, because the advertisers on Defendant Patriot Ledger's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2505.   Upon information and belief, Patriot Ledger selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2506.   Upon information and belief, Patriot Ledger is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2507.   Upon information Patriot Ledger reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2508.   Alternatively, Patriot Ledger obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Patriot Ledger's website for its digital subscribers and in connection with advertising located on its website.

2509.   Defendant Patriot Ledger used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2510.   Defendant Patriot Ledger's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2511.   Ms. Campbell did not give Defendant Patriot Ledger permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2512.  Ms. Campbell did not give Defendant Patriot Ledger permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2513.  Nonetheless, Defendant Patriot Ledger reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Patriot Ledger's Use").

2514.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2515.  Upon information and belief, the Patriot Ledger's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2516.  Defendant Patriot Ledger did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LXXXIV.  Defendant Taunton Daily Gazette

2517.  Defendant Taunton Daily Gazette is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Taunton, Massachusetts.

2518.  Upon information and belief, Taunton Daily Gazette has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2519.  As part of its publication, Taunton Daily Gazette sells copies of its publication along with subscriptions and advertising for the publication.

2520.  Taunton Daily Gazette is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million

monthly visitors.

2521.   As part of its publication, Taunton Daily Gazette also provides a website located at tauntongazette.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2522.   Upon information and belief, Taunton Daily Gazette knows that its website is read from users across the United States, including the residents in the Kansas City area.

2523.   Taunton Daily Gazette is in charge of and determines which content is placed on its website located at Taunton Daily Gazette which is used for its website, its advertisers, its subscribers and in its publication.

2524.   Taunton Daily Gazette maintains at least one server accessible online to the public at www.tauntongazette.com(the "Website").

2525.   The Website has a copyright notice on the website © 2022 www.tauntongazette.com. All rights reserved.

2526.   Upon information and belief, Taunton Daily Gazette used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.tauntongazette.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.tauntongazette.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.tauntongazette.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2527.   The Sowers Photograph was used for advertising by Taunton Daily Gazette.

2528.  On the Website, Taunton Daily Gazette posts and disseminates content to its subscribers, including those located in Missouri.

2529.  Such content is used to market and promote Taunton Daily Gazette and its advertisers.

2530.  Upon information and belief, Defendant Taunton Daily Gazette has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Taunton Daily Gazette's Infringement**

2531.  Defendant Taunton Daily Gazette reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.tauntongazette.com.

2532.  Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2533.  Defendant Taunton Daily Gazette's website includes commercial advertising targeting the subscribers of Taunton Daily Gazette's publication, including those in Missouri.

2534.  Upon information and belief, because the advertisers on Defendant Taunton Daily Gazette's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2535.  Upon information and belief, Taunton Daily Gazette selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2536.  Upon information and belief, Taunton Daily Gazette is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2537.  Upon information Taunton Daily Gazette reproduced Plaintiff's image by using a

screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2538. Alternatively, Taunton Daily Gazette obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Taunton Daily Gazette's website for its digital subscribers and in connection with advertising located on its website.

2539. Defendant Taunton Daily Gazette used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2540. Defendant Taunton Daily Gazette's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2541. Ms. Campbell did not give Defendant Taunton Daily Gazette permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2542. Ms. Campbell did not give Defendant Taunton Daily Gazette permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2543. Nonetheless, Defendant Taunton Daily Gazette reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Taunton Daily Gazette's Use").

2544. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2545. Upon information and belief, the Taunton Daily Gazette's Use was part of a

marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2546.  Defendant Taunton Daily Gazette did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LXXXV.  <u>Defendant The Enterprise</u>

2547.  Defendant The Enterprise is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Brockton, Massachusetts.

2548.  Upon information and belief, The Enterprise has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2549.  As part of its publication, The Enterprise sells copies of its publication along with subscriptions and advertising for the publication.

2550.  The Enterprise is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2551.  As part of its publication, The Enterprise also provides a website located at enterprisenews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2552.  Upon information and belief, The Enterprise knows that its website is read from users across the United States, including the residents in the Kansas City area.

2553.  The Enterprise is in charge of and determines which content is placed on its website located at The Enterprise which is used for its website, its advertisers, its subscribers and in its

publication.

2554. The Enterprise maintains at least one server accessible online to the public at www.enterprisenews.com(the "Website").

2555. The Website has a copyright notice on the website © 2022 www.enterprisenews.com. All rights reserved.

2556. Upon information and belief, The Enterprise used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.enterprisenews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.enterprisenews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.enterprisenews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2557. The Sowers Photograph was used for advertising by The Enterprise.

2558. On the Website, The Enterprise posts and disseminates content to its subscribers, including those located in Missouri.

2559. Such content is used to market and promote The Enterprise and its advertisers.

2560. Upon information and belief, Defendant The Enterprise has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Enterprise's Infringement**

2561. Defendant The Enterprise reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.enterprisenews.com.

2562.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2563.   Defendant The Enterprise's website includes commercial advertising targeting the subscribers of The Enterprise's publication, including those in Missouri.

2564.   Upon information and belief, because the advertisers on Defendant The Enterprise's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2565.   Upon information and belief, The Enterprise selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2566.   Upon information and belief, The Enterprise is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2567.   Upon information The Enterprise reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2568.   Alternatively, The Enterprise obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Enterprise's website for its digital subscribers and in connection with advertising located on its website.

2569.   Defendant The Enterprise used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2570.   Defendant The Enterprise's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed

reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2571. Ms. Campbell did not give Defendant The Enterprise permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2572. Ms. Campbell did not give Defendant The Enterprise permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2573. Nonetheless, Defendant The Enterprise reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Enterprise's Use").

2574. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2575. Upon information and belief, the The Enterprise's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2576. Defendant The Enterprise did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LXXXVI. Defendant The Gardner News

2577. Defendant The Gardner News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Gardner, Massachusetts.

2578. Upon information and belief, The Gardner News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2579.  As part of its publication, The Gardner News sells copies of its publication along with subscriptions and advertising for the publication.

2580.  The Gardner News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2581.  As part of its publication, The Gardner News also provides a website located at thegardnernews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2582.  Upon information and belief, The Gardner News knows that its website is read from users across the United States, including the residents in the Kansas City area.

2583.  The Gardner News is in charge of and determines which content is placed on its website located at The Gardner News which is used for its website, its advertisers, its subscribers and in its publication.

2584.  The Gardner News maintains at least one server accessible online to the public at www.thegardnernews.com(the "Website").

2585.  The Website has a copyright notice on the website © 2022 www.thegardnernews.com. All rights reserved.

2586.  Upon information and belief, The Gardner News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.thegardnernews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thegardnernews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thegardnernews.com/story/entertainment/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2587.   The Sowers Photograph was used for advertising by The Gardner News.

2588.   On the Website, The Gardner News posts and disseminates content to its subscribers,

including those located in Missouri.

2589.   Such content is used to market and promote The Gardner News and its advertisers.

2590.   Upon information and belief, Defendant The Gardner News has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant The Gardner News's Infringement**

2591.   Defendant The Gardner News reproduced Plaintiff's image and distributed it to its

subscribers,      including      those      located      in      Missouri,      via      its      website      located      at

www.thegardnernews.com.

2592.   Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2593.   Defendant The Gardner News's website includes commercial advertising targeting

the subscribers of The Gardner News's publication, including those in Missouri.

2594.   Upon information and belief, because the advertisers on Defendant The Gardner

News's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

2595.   Upon information and belief, The Gardner News selected Plaintiff's image for

inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2596.   Upon information and belief, The Gardner News is accustomed to negotiating and

obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2597. Upon information The Gardner News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2598. Alternatively, The Gardner News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Gardner News's website for its digital subscribers and in connection with advertising located on its website.

2599. Defendant The Gardner News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2600. Defendant The Gardner News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2601. Ms. Campbell did not give Defendant The Gardner News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2602. Ms. Campbell did not give Defendant The Gardner News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2603. Nonetheless, Defendant The Gardner News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Gardner News's Use").

2604. The reproduced photograph is viewable by anyone in the United States with internet

access, including individuals residing in Missouri.

2605.   Upon information and belief, the The Gardner News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2606.   Defendant The Gardner News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## LXXXVII.      Defendant The Herald News

2607.   Defendant The Herald News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Fall River, Massachusetts.

2608.   Upon information and belief, The Herald News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2609.   As part of its publication, The Herald News sells copies of its publication along with subscriptions and advertising for the publication.

2610.   The Herald News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2611.   As part of its publication, The Herald News also provides a website located at heraldnews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2612.   Upon information and belief, The Herald News knows that its website is read from users across the United States, including the residents in the Kansas City area.

2613.   The Herald News is in charge of and determines which content is placed on its website located at The Herald News which is used for its website, its advertisers, its subscribers and in its publication.

2614.   The Herald News maintains at least one server accessible online to the public at www.heraldnews.com(the "Website").

2615.   The Website has a copyright notice on the website © 2022 www.heraldnews.com. All rights reserved.

2616.   Upon information and belief, The Herald News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.heraldnews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
>
> /microsoft/4597663002/,
>
> https://www.heraldnews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-
>
> 2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.heraldnews.com/story/entertainment/2020/01/29/super-bowl-commercials-
>
> 2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2617.   The Sowers Photograph was used for advertising by The Herald News.

2618.   On the Website, The Herald News posts and disseminates content to its subscribers, including those located in Missouri.

2619.   Such content is used to market and promote The Herald News and its advertisers.

2620.   Upon information and belief, Defendant The Herald News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Herald News's Infringement**

2621.    Defendant The Herald News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.heraldnews.com.

2622.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2623.    Defendant The Herald News's website includes commercial advertising targeting the subscribers of The Herald News's publication, including those in Missouri.

2624.    Upon information and belief, because the advertisers on Defendant The Herald News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2625.    Upon information and belief, The Herald News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2626.    Upon information and belief, The Herald News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2627.    Upon information The Herald News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2628.    Alternatively, The Herald News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Herald News's website for its digital subscribers and in connection with advertising located on its website.

2629.    Defendant The Herald News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2630. Defendant The Herald News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2631. Ms. Campbell did not give Defendant The Herald News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2632. Ms. Campbell did not give Defendant The Herald News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2633. Nonetheless, Defendant The Herald News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Herald News's Use").

2634. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2635. Upon information and belief, the The Herald News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2636. Defendant The Herald News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### LXXXVIII.  Defendant The MetroWest Daily News

2637. Defendant The MetroWest Daily News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Framingham, Massachusetts.

2638. Upon information and belief, The MetroWest Daily News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2639. As part of its publication, The MetroWest Daily News sells copies of its publication along with subscriptions and advertising for the publication.

2640. The MetroWest Daily News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2641. As part of its publication, The MetroWest Daily News also provides a website located at metrowestdailynews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2642. Upon information and belief, The MetroWest Daily News knows that its website is read from users across the United States, including the residents in the Kansas City area.

2643. The MetroWest Daily News is in charge of and determines which content is placed on its website located at The MetroWest Daily News which is used for its website, its advertisers, its subscribers and in its publication.

2644. The MetroWest Daily News maintains at least one server accessible online to the public at www.metrowestdailynews.com(the "Website").

2645. The Website has a copyright notice on the website © 2022 www.metrowestdailynews.com. All rights reserved.

2646. Upon information and belief, The MetroWest Daily News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.metrowestdailynews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.metrowestdailynews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.metrowestdailynews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2647.   The Sowers Photograph was used for advertising by The MetroWest Daily News.

2648.   On the Website, The MetroWest Daily News posts and disseminates content to its subscribers, including those located in Missouri.

2649.   Such content is used to market and promote The MetroWest Daily News and its advertisers.

2650.   Upon information and belief, Defendant The MetroWest Daily News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The MetroWest Daily News's Infringement**

2651.   Defendant The MetroWest Daily News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.metrowestdailynews.com.

2652.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2653.   Defendant The MetroWest Daily News's website includes commercial advertising targeting the subscribers of The MetroWest Daily News's publication, including those in Missouri.

2654.   Upon information and belief, because the advertisers on Defendant The MetroWest Daily News's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

2655.   Upon information and belief, The MetroWest Daily News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2656.   Upon information and belief, The MetroWest Daily News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2657.   Upon information The MetroWest Daily News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2658.   Alternatively, The MetroWest Daily News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The MetroWest Daily News's website for its digital subscribers and in connection with advertising located on its website.

2659.   Defendant The MetroWest Daily News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2660.   Defendant The MetroWest Daily News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2661.   Ms. Campbell did not give Defendant The MetroWest Daily News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2662.   Ms. Campbell did not give Defendant The MetroWest Daily News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and

distribution.

2663.   Nonetheless, Defendant The MetroWest Daily News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The MetroWest Daily News's Use").

2664.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2665.   Upon information and belief, the The MetroWest Daily News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2666.   Defendant The MetroWest Daily News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### LXXXIX. <u>Defendant The Milford Daily News</u>

2667.   Defendant The Milford Daily News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Milford, Massachusetts.

2668.   Upon information and belief, The Milford Daily News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2669.   As part of its publication, The Milford Daily News sells copies of its publication along with subscriptions and advertising for the publication.

2670.   The Milford Daily News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million

monthly visitors.

2671.   As part of its publication, The Milford Daily News also provides a website located at milforddailynews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2672.   Upon information and belief, The Milford Daily News knows that its website is read from users across the United States, including the residents in the Kansas City area.

2673.   The Milford Daily News is in charge of and determines which content is placed on its website located at The Milford Daily News which is used for its website, its advertisers, its subscribers and in its publication.

2674.   The Milford Daily News maintains at least one server accessible online to the public at www.milforddailynews.com(the "Website").

2675.   The Website has a copyright notice on the website © 2022 www.milforddailynews.com. All rights reserved.

2676.   Upon information and belief, The Milford Daily News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.milforddailynews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.milforddailynews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.milforddailynews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2677.   The Sowers Photograph was used for advertising by The Milford Daily News.

2678.   On the Website, The Milford Daily News posts and disseminates content to its subscribers, including those located in Missouri.

2679.   Such content is used to market and promote The Milford Daily News and its advertisers.

2680.   Upon information and belief, Defendant The Milford Daily News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Milford Daily News's Infringement**

2681.   Defendant The Milford Daily News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.milforddailynews.com.

2682.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2683.   Defendant The Milford Daily News's website includes commercial advertising targeting the subscribers of The Milford Daily News's publication, including those in Missouri.

2684.   Upon information and belief, because the advertisers on Defendant The Milford Daily News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2685.   Upon information and belief, The Milford Daily News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2686.   Upon information and belief, The Milford Daily News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2687.   Upon information The Milford Daily News reproduced Plaintiff's image by using a

screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2688. Alternatively, The Milford Daily News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Milford Daily News's website for its digital subscribers and in connection with advertising located on its website.

2689. Defendant The Milford Daily News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2690. Defendant The Milford Daily News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2691. Ms. Campbell did not give Defendant The Milford Daily News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2692. Ms. Campbell did not give Defendant The Milford Daily News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2693. Nonetheless, Defendant The Milford Daily News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Milford Daily News's Use").

2694. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2695. Upon information and belief, the The Milford Daily News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2696. Defendant The Milford Daily News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XC.    **Defendant The Standard-Times**

2697. Defendant The Standard-Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in New Bedford, Massachusetts.

2698. Upon information and belief, The Standard-Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2699. As part of its publication, The Standard-Times sells copies of its publication along with subscriptions and advertising for the publication.

2700. The Standard-Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2701. As part of its publication, The Standard-Times also provides a website located at southcoasttoday.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2702. Upon information and belief, The Standard-Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

2703. The Standard-Times is in charge of and determines which content is placed on its

website located at The Standard-Times which is used for its website, its advertisers, its subscribers and in its publication.

2704.   The Standard-Times maintains at least one server accessible online to the public at www.southcoasttoday.com(the "Website").

2705.   The Website has a copyright notice on the website © 2022 www.southcoasttoday.com. All rights reserved.

2706.   Upon information and belief, The Standard-Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.southcoasttoday.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.southcoasttoday.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.southcoasttoday.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2707.   The Sowers Photograph was used for advertising by The Standard-Times.

2708.   On the Website, The Standard-Times posts and disseminates content to its subscribers, including those located in Missouri.

2709.   Such content is used to market and promote The Standard-Times and its advertisers.

2710.   Upon information and belief, Defendant The Standard-Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Standard-Times's Infringement**

2711.   Defendant The Standard-Times reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.southcoasttoday.com.

2712. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2713. Defendant The Standard-Times's website includes commercial advertising targeting the subscribers of The Standard-Times's publication, including those in Missouri.

2714. Upon information and belief, because the advertisers on Defendant The Standard-Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2715. Upon information and belief, The Standard-Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2716. Upon information and belief, The Standard-Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2717. Upon information The Standard-Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2718. Alternatively, The Standard-Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Standard-Times's website for its digital subscribers and in connection with advertising located on its website.

2719. Defendant The Standard-Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2720. Defendant The Standard-Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2721. Ms. Campbell did not give Defendant The Standard-Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2722. Ms. Campbell did not give Defendant The Standard-Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2723. Nonetheless, Defendant The Standard-Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Standard-Times's Use").

2724. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2725. Upon information and belief, the The Standard-Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2726. Defendant The Standard-Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

XCI. **Defendant Worcester Telegram & Gazette**

2727. Defendant Worcester Telegram & Gazette is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Worcester, Massachusetts.

2728. Upon information and belief, Worcester Telegram & Gazette has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2729. As part of its publication, Worcester Telegram & Gazette sells copies of its publication along with subscriptions and advertising for the publication.

2730. Worcester Telegram & Gazette is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2731. As part of its publication, Worcester Telegram & Gazette also provides a website located at telegram.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2732. Upon information and belief, Worcester Telegram & Gazette knows that its website is read from users across the United States, including the residents in the Kansas City area.

2733. Worcester Telegram & Gazette is in charge of and determines which content is placed on its website located at Worcester Telegram & Gazette which is used for its website, its advertisers, its subscribers and in its publication.

2734. Worcester Telegram & Gazette maintains at least one server accessible online to the public at www.telegram.com(the "Website").

2735. The Website has a copyright notice on the website © 2022 www.telegram.com. All rights reserved.

2736. Upon information and belief, Worcester Telegram & Gazette used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.telegram.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.telegram.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.telegram.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

2737.   The Sowers Photograph was used for advertising by Worcester Telegram & Gazette.

2738.   On the Website, Worcester Telegram & Gazette posts and disseminates content to its

subscribers, including those located in Missouri.

2739.   Such content is used to market and promote Worcester Telegram & Gazette and its

advertisers.

2740.   Upon information and belief, Defendant Worcester Telegram & Gazette has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant Worcester Telegram & Gazette's Infringement**

2741.   Defendant Worcester Telegram & Gazette reproduced Plaintiff's image and

distributed it to its subscribers, including those located in Missouri, via its website located at

www.telegram.com.

2742.   Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2743.   Defendant Worcester Telegram & Gazette's website includes commercial

advertising targeting the subscribers of Worcester Telegram & Gazette's publication, including those

in Missouri.

2744.   Upon information and belief, because the advertisers on Defendant Worcester

Telegram & Gazette's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2745.  Upon information and belief, Worcester Telegram & Gazette selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2746.  Upon information and belief, Worcester Telegram & Gazette is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2747.  Upon information Worcester Telegram & Gazette reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2748.  Alternatively, Worcester Telegram & Gazette obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Worcester Telegram & Gazette's website for its digital subscribers and in connection with advertising located on its website.

2749.  Defendant Worcester Telegram & Gazette used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2750.  Defendant Worcester Telegram & Gazette's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2751.  Ms. Campbell did not give Defendant Worcester Telegram & Gazette permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2752.  Ms. Campbell did not give Defendant Worcester Telegram & Gazette permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2753.  Nonetheless, Defendant Worcester Telegram & Gazette reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Worcester Telegram & Gazette's Use").

2754.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2755.  Upon information and belief, the Worcester Telegram & Gazette's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2756.  Defendant Worcester Telegram & Gazette did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XCII.  Defendant Cheboygan Daily Tribune**

2757.  Defendant Cheboygan Daily Tribune is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Cheboygan, Michigan.

2758.  Upon information and belief, Cheboygan Daily Tribune has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2759.  As part of its publication, Cheboygan Daily Tribune sells copies of its publication along with subscriptions and advertising for the publication.

2760. Cheboygan Daily Tribune is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2761. As part of its publication, Cheboygan Daily Tribune also provides a website located at cheboygannews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2762. Upon information and belief, Cheboygan Daily Tribune knows that its website is read from users across the United States, including the residents in the Kansas City area.

2763. Cheboygan Daily Tribune is in charge of and determines which content is placed on its website located at Cheboygan Daily Tribune which is used for its website, its advertisers, its subscribers and in its publication.

2764. Cheboygan Daily Tribune maintains at least one server accessible online to the public at www.cheboygannews.com(the "Website").

2765. The Website has a copyright notice on the website © 2022 www.cheboygannews.com. All rights reserved.

2766. Upon information and belief, Cheboygan Daily Tribune used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.cheboygannews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.cheboygannews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.cheboygannews.com/story/entertainment/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2767. The Sowers Photograph was used for advertising by Cheboygan Daily Tribune.

2768. On the Website, Cheboygan Daily Tribune posts and disseminates content to its subscribers, including those located in Missouri.

2769. Such content is used to market and promote Cheboygan Daily Tribune and its advertisers.

2770. Upon information and belief, Defendant Cheboygan Daily Tribune has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Cheboygan Daily Tribune's Infringement**

2771. Defendant Cheboygan Daily Tribune reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.cheboygannews.com.

2772. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2773. Defendant Cheboygan Daily Tribune's website includes commercial advertising targeting the subscribers of Cheboygan Daily Tribune's publication, including those in Missouri.

2774. Upon information and belief, because the advertisers on Defendant Cheboygan Daily Tribune's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2775. Upon information and belief, Cheboygan Daily Tribune selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2776. Upon information and belief, Cheboygan Daily Tribune is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware

of the consequences for failing to do so.

2777.   Upon information Cheboygan Daily Tribune reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2778.   Alternatively, Cheboygan Daily Tribune obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Cheboygan Daily Tribune's website for its digital subscribers and in connection with advertising located on its website.

2779.   Defendant Cheboygan Daily Tribune used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2780.   Defendant Cheboygan Daily Tribune's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2781.   Ms. Campbell did not give Defendant Cheboygan Daily Tribune permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2782.   Ms. Campbell did not give Defendant Cheboygan Daily Tribune permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2783.   Nonetheless, Defendant Cheboygan Daily Tribune reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Cheboygan Daily Tribune's Use").

2784.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2785.   Upon information and belief, the Cheboygan Daily Tribune's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2786.   Defendant Cheboygan Daily Tribune did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### XCIII. Defendant Hillsdale Daily News

2787.   Defendant Hillsdale Daily News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Hillsdale, Michigan.

2788.   Upon information and belief, Hillsdale Daily News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2789.   As part of its publication, Hillsdale Daily News sells copies of its publication along with subscriptions and advertising for the publication.

2790.   Hillsdale Daily News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2791.   As part of its publication, Hillsdale Daily News also provides a website located at hillsdale.net where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2792.   Upon information and belief, Hillsdale Daily News knows that its website is read

from users across the United States, including the residents in the Kansas City area.

2793.   Hillsdale Daily News is in charge of and determines which content is placed on its website located at Hillsdale Daily News which is used for its website, its advertisers, its subscribers and in its publication.

2794.   Hillsdale Daily News maintains at least one server accessible online to the public at www.hillsdale.net(the "Website").

2795.   The Website has a copyright notice on the website © 2022 www.hillsdale.net. All rights reserved.

2796.   Upon information and belief, Hillsdale Daily News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.hillsdale.net/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.hillsdale.net/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.hillsdale.net/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

2797.   The Sowers Photograph was used for advertising by Hillsdale Daily News.

2798.   On the Website, Hillsdale Daily News posts and disseminates content to its subscribers, including those located in Missouri.

2799.   Such content is used to market and promote Hillsdale Daily News and its advertisers.

2800.   Upon information and belief, Defendant Hillsdale Daily News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Hillsdale Daily News's Infringement**

2801.   Defendant Hillsdale Daily News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.hillsdale.net.

2802.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2803.   Defendant Hillsdale Daily News's website includes commercial advertising targeting the subscribers of Hillsdale Daily News's publication, including those in Missouri.

2804.   Upon information and belief, because the advertisers on Defendant Hillsdale Daily News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2805.   Upon information and belief, Hillsdale Daily News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2806.   Upon information and belief, Hillsdale Daily News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2807.   Upon information Hillsdale Daily News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2808.   Alternatively, Hillsdale Daily News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Hillsdale Daily News's website for its digital subscribers and in connection with advertising located on its website.

2809.   Defendant Hillsdale Daily News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located

in Missouri.

2810. Defendant Hillsdale Daily News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2811. Ms. Campbell did not give Defendant Hillsdale Daily News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2812. Ms. Campbell did not give Defendant Hillsdale Daily News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2813. Nonetheless, Defendant Hillsdale Daily News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Hillsdale Daily News's Use").

2814. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2815. Upon information and belief, the Hillsdale Daily News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2816. Defendant Hillsdale Daily News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XCIV. Defendant Lansing State Journal**

2817. Defendant Lansing State Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Lansing,

Michigan.

2818. Upon information and belief, Lansing State Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2819. As part of its publication, Lansing State Journal sells copies of its publication along with subscriptions and advertising for the publication.

2820. Lansing State Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2821. As part of its publication, Lansing State Journal also provides a website located at lansingstatejournal.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2822. Upon information and belief, Lansing State Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

2823. Lansing State Journal is in charge of and determines which content is placed on its website located at Lansing State Journal which is used for its website, its advertisers, its subscribers and in its publication.

2824. Lansing State Journal maintains at least one server accessible online to the public at www.lansingstatejournal.com(the "Website").

2825. The Website has a copyright notice on the website © 2022 www.lansingstatejournal.com. All rights reserved.

2826. Upon information and belief, Lansing State Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.lansingstatejournal.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.lansingstatejournal.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.lansingstatejournal.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2827.   The Sowers Photograph was used for advertising by Lansing State Journal.

2828.   On the Website, Lansing State Journal posts and disseminates content to its subscribers, including those located in Missouri.

2829.   Such content is used to market and promote Lansing State Journal and its advertisers.

2830.   Upon information and belief, Defendant Lansing State Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Lansing State Journal's Infringement**

2831.   Defendant Lansing State Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.lansingstatejournal.com.

2832.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2833.   Defendant Lansing State Journal's website includes commercial advertising targeting the subscribers of Lansing State Journal's publication, including those in Missouri.

2834.   Upon information and belief, because the advertisers on Defendant Lansing State Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2835.   Upon information and belief, Lansing State Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2836.   Upon information and belief, Lansing State Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2837.   Upon information Lansing State Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2838.   Alternatively, Lansing State Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Lansing State Journal's website for its digital subscribers and in connection with advertising located on its website.

2839.   Defendant Lansing State Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2840.   Defendant Lansing State Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2841.   Ms. Campbell did not give Defendant Lansing State Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2842.   Ms. Campbell did not give Defendant Lansing State Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2843.   Nonetheless, Defendant Lansing State Journal reproduced Plaintiff's photograph and

used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Lansing State Journal's Use").

2844.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2845.   Upon information and belief, the Lansing State Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2846.   Defendant Lansing State Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

XCV.  **Defendant Livingston Daily Press & Argus**

2847.   Defendant Livingston Daily Press & Argus is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Livingston, Michigan.

2848.   Upon information and belief, Livingston Daily Press & Argus has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2849.   As part of its publication, Livingston Daily Press & Argus sells copies of its publication along with subscriptions and advertising for the publication.

2850.   Livingston Daily Press & Argus is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2851.   As part of its publication, Livingston Daily Press & Argus also provides a website

located at livingstondaily.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2852.  Upon information and belief, Livingston Daily Press & Argus knows that its website is read from users across the United States, including the residents in the Kansas City area.

2853.  Livingston Daily Press & Argus is in charge of and determines which content is placed on its website located at Livingston Daily Press & Argus which is used for its website, its advertisers, its subscribers and in its publication.

2854.  Livingston Daily Press & Argus maintains at least one server accessible online to the public at www.livingstondaily.com(the "Website").

2855.  The Website has a copyright notice on the website © 2022 www.livingstondaily.com. All rights reserved.

2856.  Upon information and belief, Livingston Daily Press & Argus used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.livingstondaily.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.livingstondaily.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.livingstondaily.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2857.  The Sowers Photograph was used for advertising by Livingston Daily Press & Argus.

2858.  On the Website, Livingston Daily Press & Argus posts and disseminates content to its subscribers, including those located in Missouri.

2859.   Such content is used to market and promote Livingston Daily Press & Argus and its advertisers.

2860.   Upon information and belief, Defendant Livingston Daily Press & Argus has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Livingston Daily Press & Argus's Infringement**

2861.   Defendant Livingston Daily Press & Argus reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.livingstondaily.com.

2862.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2863.   Defendant Livingston Daily Press & Argus's website includes commercial advertising targeting the subscribers of Livingston Daily Press & Argus's publication, including those in Missouri.

2864.   Upon information and belief, because the advertisers on Defendant Livingston Daily Press & Argus's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2865.   Upon information and belief, Livingston Daily Press & Argus selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2866.   Upon information and belief, Livingston Daily Press & Argus is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2867.   Upon information Livingston Daily Press & Argus reproduced Plaintiff's image by

using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2868.   Alternatively, Livingston Daily Press & Argus obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Livingston Daily Press & Argus's website for its digital subscribers and in connection with advertising located on its website.

2869.   Defendant Livingston Daily Press & Argus used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2870.   Defendant Livingston Daily Press & Argus's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2871.   Ms. Campbell did not give Defendant Livingston Daily Press & Argus permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2872.   Ms. Campbell did not give Defendant Livingston Daily Press & Argus permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2873.   Nonetheless, Defendant Livingston Daily Press & Argus reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Livingston Daily Press & Argus's Use").

2874.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2875.   Upon information and belief, the Livingston Daily Press & Argus's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2876.   Defendant Livingston Daily Press & Argus did not have a license or any permission to use the Sowers Photograph or distribute it to others.

XCVI. **Defendant Petoskey News Review**

2877.   Defendant Petoskey News Review is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Petoskey, Michigan.

2878.   Upon information and belief, Petoskey News Review has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2879.   As part of its publication, Petoskey News Review sells copies of its publication along with subscriptions and advertising for the publication.

2880.   Petoskey News Review is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2881.   As part of its publication, Petoskey News Review also provides a website located at petoskeynews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2882.   Upon information and belief, Petoskey News Review knows that its website is read from users across the United States, including the residents in the Kansas City area.

2883.   Petoskey News Review is in charge of and determines which content is placed on its

website located at Petoskey News Review which is used for its website, its advertisers, its subscribers and in its publication.

2884. Petoskey News Review maintains at least one server accessible online to the public at www.petoskeynews.com(the "Website").

2885. The Website has a copyright notice on the website © 2022 www.petoskeynews.com. All rights reserved.

2886. Upon information and belief, Petoskey News Review used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.petoskeynews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
/microsoft/4597663002/,

https://www.petoskeynews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.petoskeynews.com/story/entertainment/2020/01/29/super-bowl-commercials-
2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2887. The Sowers Photograph was used for advertising by Petoskey News Review.

2888. On the Website, Petoskey News Review posts and disseminates content to its subscribers, including those located in Missouri.

2889. Such content is used to market and promote Petoskey News Review and its advertisers.

2890. Upon information and belief, Defendant Petoskey News Review has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Petoskey News Review's Infringement**

2891.  Defendant Petoskey News Review reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.petoskeynews.com.

2892.  Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2893.  Defendant Petoskey News Review's website includes commercial advertising targeting the subscribers of Petoskey News Review's publication, including those in Missouri.

2894.  Upon information and belief, because the advertisers on Defendant Petoskey News Review's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2895.  Upon information and belief, Petoskey News Review selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2896.  Upon information and belief, Petoskey News Review is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2897.  Upon information Petoskey News Review reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2898.  Alternatively, Petoskey News Review obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Petoskey News Review's website for its digital subscribers and in connection with advertising located on its website.

2899.  Defendant Petoskey News Review used the image as part of a video which was provided through its website to various subscribers around the United States, including those located

in Missouri.

2900.  Defendant Petoskey News Review's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2901.  Ms. Campbell did not give Defendant Petoskey News Review permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2902.  Ms. Campbell did not give Defendant Petoskey News Review permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2903.  Nonetheless, Defendant Petoskey News Review reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Petoskey News Review's Use").

2904.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2905.  Upon information and belief, the Petoskey News Review's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2906.  Defendant Petoskey News Review did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XCVII.**    **Defendant Sentinel-Standard**

2907. Defendant Sentinel-Standard is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Ionia, Michigan.

2908. Upon information and belief, Sentinel-Standard has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2909. As part of its publication, Sentinel-Standard sells copies of its publication along with subscriptions and advertising for the publication.

2910. Sentinel-Standard is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2911. As part of its publication, Sentinel-Standard also provides a website located at sentinel-standard.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2912. Upon information and belief, Sentinel-Standard knows that its website is read from users across the United States, including the residents in the Kansas City area.

2913. Sentinel-Standard is in charge of and determines which content is placed on its website located at Sentinel-Standard which is used for its website, its advertisers, its subscribers and in its publication.

2914. Sentinel-Standard maintains at least one server accessible online to the public at www.sentinel-standard.com(the "Website").

2915. The Website has a copyright notice on the website © 2022 www.sentinel-standard.com. All rights reserved.

2916. Upon information and belief, Sentinel-Standard used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the

Website along with the Sowers Photograph at the following urls:

https://www.sentinel-standard.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.sentinel-standard.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.sentinel-standard.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2917. The Sowers Photograph was used for advertising by Sentinel-Standard.

2918. On the Website, Sentinel-Standard posts and disseminates content to its subscribers, including those located in Missouri.

2919. Such content is used to market and promote Sentinel-Standard and its advertisers.

2920. Upon information and belief, Defendant Sentinel-Standard has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Sentinel-Standard's Infringement**

2921. Defendant Sentinel-Standard reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.sentinel-standard.com.

2922. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2923. Defendant Sentinel-Standard's website includes commercial advertising targeting the subscribers of Sentinel-Standard's publication, including those in Missouri.

2924. Upon information and belief, because the advertisers on Defendant Sentinel-Standard's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

2925. Upon information and belief, Sentinel-Standard selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2926. Upon information and belief, Sentinel-Standard is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2927. Upon information Sentinel-Standard reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2928. Alternatively, Sentinel-Standard obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Sentinel-Standard's website for its digital subscribers and in connection with advertising located on its website.

2929. Defendant Sentinel-Standard used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2930. Defendant Sentinel-Standard's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2931. Ms. Campbell did not give Defendant Sentinel-Standard permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2932. Ms. Campbell did not give Defendant Sentinel-Standard permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2933. Nonetheless, Defendant Sentinel-Standard reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Sentinel-Standard's Use").

2934. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2935. Upon information and belief, the Sentinel-Standard's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2936. Defendant Sentinel-Standard did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## XCVIII.   **Defendant Sturgis Journal**

2937. Defendant Sturgis Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Sturgis, Michigan.

2938. Upon information and belief, Sturgis Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2939. As part of its publication, Sturgis Journal sells copies of its publication along with subscriptions and advertising for the publication.

2940. Sturgis Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2941. As part of its publication, Sturgis Journal also provides a website located at sturgisjournal.com where digital subscribers, including those located in Missouri, can access and

review its content, including photographs, videos and advertising.

2942. Upon information and belief, Sturgis Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

2943. Sturgis Journal is in charge of and determines which content is placed on its website located at Sturgis Journal which is used for its website, its advertisers, its subscribers and in its publication.

2944. Sturgis Journal maintains at least one server accessible online to the public at www.sturgisjournal.com(the "Website").

2945. The Website has a copyright notice on the website © 2022 www.sturgisjournal.com. All rights reserved.

2946. Upon information and belief, Sturgis Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.sturgisjournal.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
>
> https://www.sturgisjournal.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.sturgisjournal.com/story/entertainment/2020/01/29/super-bowl-commercials-
> 2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2947. The Sowers Photograph was used for advertising by Sturgis Journal.

2948. On the Website, Sturgis Journal posts and disseminates content to its subscribers, including those located in Missouri.

2949. Such content is used to market and promote Sturgis Journal and its advertisers.

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 367 of 848

2950.   Upon information and belief, Defendant Sturgis Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Sturgis Journal's Infringement**

2951.   Defendant Sturgis Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.sturgisjournal.com.

2952.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2953.   Defendant Sturgis Journal's website includes commercial advertising targeting the subscribers of Sturgis Journal's publication, including those in Missouri.

2954.   Upon information and belief, because the advertisers on Defendant Sturgis Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2955.   Upon information and belief, Sturgis Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2956.   Upon information and belief, Sturgis Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2957.   Upon information Sturgis Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2958.   Alternatively, Sturgis Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Sturgis Journal's website for its digital subscribers and in connection with advertising located on its website.

2959.   Defendant Sturgis Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2960.   Defendant Sturgis Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2961.   Ms. Campbell did not give Defendant Sturgis Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2962.   Ms. Campbell did not give Defendant Sturgis Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2963.   Nonetheless, Defendant Sturgis Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Sturgis Journal's Use").

2964.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2965.   Upon information and belief, the Sturgis Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2966.   Defendant Sturgis Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**XCIX. Defendant The Battle Creek Enquirer**

2967.   Defendant The Battle Creek Enquirer is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Battle Creek, Michigan.

2968.   Upon information and belief, The Battle Creek Enquirer has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2969.   As part of its publication, The Battle Creek Enquirer sells copies of its publication along with subscriptions and advertising for the publication.

2970.   The Battle Creek Enquirer is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

2971.   As part of its publication, The Battle Creek Enquirer also provides a website located at battlecreekenquirer.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

2972.   Upon information and belief, The Battle Creek Enquirer knows that its website is read from users across the United States, including the residents in the Kansas City area.

2973.   The Battle Creek Enquirer is in charge of and determines which content is placed on its website located at The Battle Creek Enquirer which is used for its website, its advertisers, its subscribers and in its publication.

2974.   The Battle Creek Enquirer maintains at least one server accessible online to the public at www.battlecreekenquirer.com(the "Website").

2975.   The Website has a copyright notice on the website © 2022 www.battlecreekenquirer.com. All rights reserved.

2976.   Upon information and belief, The Battle Creek Enquirer used the Sowers Photograph

in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.battlecreekenquirer.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.battlecreekenquirer.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.battlecreekenquirer.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

2977.   The Sowers Photograph was used for advertising by The Battle Creek Enquirer.

2978.   On the Website, The Battle Creek Enquirer posts and disseminates content to its subscribers, including those located in Missouri.

2979.   Such content is used to market and promote The Battle Creek Enquirer and its advertisers.

2980.   Upon information and belief, Defendant The Battle Creek Enquirer has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Battle Creek Enquirer's Infringement**

2981.   Defendant The Battle Creek Enquirer reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.battlecreekenquirer.com.

2982.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

2983.   Defendant The Battle Creek Enquirer's website includes commercial advertising targeting the subscribers of The Battle Creek Enquirer's publication, including those in Missouri.

2984. Upon information and belief, because the advertisers on Defendant The Battle Creek Enquirer's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

2985. Upon information and belief, The Battle Creek Enquirer selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

2986. Upon information and belief, The Battle Creek Enquirer is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

2987. Upon information The Battle Creek Enquirer reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

2988. Alternatively, The Battle Creek Enquirer obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Battle Creek Enquirer's website for its digital subscribers and in connection with advertising located on its website.

2989. Defendant The Battle Creek Enquirer used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

2990. Defendant The Battle Creek Enquirer's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

2991. Ms. Campbell did not give Defendant The Battle Creek Enquirer permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

2992.  Ms. Campbell did not give Defendant The Battle Creek Enquirer permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

2993.  Nonetheless, Defendant The Battle Creek Enquirer reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Battle Creek Enquirer's Use").

2994.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

2995.  Upon information and belief, the The Battle Creek Enquirer's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

2996.  Defendant The Battle Creek Enquirer did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### C.  **Defendant The Daily Reporter**

2997.  Defendant The Daily Reporter is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Coldwater, Michigan.

2998.  Upon information and belief, The Daily Reporter has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

2999.  As part of its publication, The Daily Reporter sells copies of its publication along with subscriptions and advertising for the publication.

3000. The Daily Reporter is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3001. As part of its publication, The Daily Reporter also provides a website located at thedailyreporter.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3002. Upon information and belief, The Daily Reporter knows that its website is read from users across the United States, including the residents in the Kansas City area.

3003. The Daily Reporter is in charge of and determines which content is placed on its website located at The Daily Reporter which is used for its website, its advertisers, its subscribers and in its publication.

3004. The Daily Reporter maintains at least one server accessible online to the public at www.thedailyreporter.com(the "Website").

3005. The Website has a copyright notice on the website © 2022 www.thedailyreporter.com. All rights reserved.

3006. Upon information and belief, The Daily Reporter used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.thedailyreporter.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thedailyreporter.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thedailyreporter.com/story/entertainment/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3007.   The Sowers Photograph was used for advertising by The Daily Reporter.

3008.   On the Website, The Daily Reporter posts and disseminates content to its subscribers, including those located in Missouri.

3009.   Such content is used to market and promote The Daily Reporter and its advertisers.

3010.   Upon information and belief, Defendant The Daily Reporter has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Daily Reporter's Infringement**

3011.   Defendant The Daily Reporter reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thedailyreporter.com.

3012.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3013.   Defendant The Daily Reporter's website includes commercial advertising targeting the subscribers of The Daily Reporter's publication, including those in Missouri.

3014.   Upon information and belief, because the advertisers on Defendant The Daily Reporter's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3015.   Upon information and belief, The Daily Reporter selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3016.   Upon information and belief, The Daily Reporter is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3017.   Upon information The Daily Reporter reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3018.   Alternatively, The Daily Reporter obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Daily Reporter's website for its digital subscribers and in connection with advertising located on its website.

3019.   Defendant The Daily Reporter used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3020.   Defendant The Daily Reporter's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3021.   Ms. Campbell did not give Defendant The Daily Reporter permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3022.   Ms. Campbell did not give Defendant The Daily Reporter permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3023.   Nonetheless, Defendant The Daily Reporter reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Daily Reporter's Use").

3024.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3025.   Upon information and belief, the The Daily Reporter's Use was part of a marketing

and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3026.    Defendant The Daily Reporter did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CI.    Defendant The Daily Telegram**

3027.    Defendant The Daily Telegram is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Adrian, Michigan.

3028.    Upon information and belief, The Daily Telegram has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3029.    As part of its publication, The Daily Telegram sells copies of its publication along with subscriptions and advertising for the publication.

3030.    The Daily Telegram is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3031.    As part of its publication, The Daily Telegram also provides a website located at lenconnect.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3032.    Upon information and belief, The Daily Telegram knows that its website is read from users across the United States, including the residents in the Kansas City area.

3033.    The Daily Telegram is in charge of and determines which content is placed on its website located at The Daily Telegram which is used for its website, its advertisers, its subscribers

and in its publication.

3034.   The Daily Telegram maintains at least one server accessible online to the public at www.lenconnect.com(the "Website").

3035.   The Website has a copyright notice on the website © 2022 www.lenconnect.com. All rights reserved.

3036.   Upon information and belief, The Daily Telegram used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.lenconnect.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
/microsoft/4597663002/,

https://www.lenconnect.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-
2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.lenconnect.com/story/entertainment/2020/01/29/super-bowl-commercials-
2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3037.   The Sowers Photograph was used for advertising by The Daily Telegram.

3038.   On the Website, The Daily Telegram posts and disseminates content to its subscribers, including those located in Missouri.

3039.   Such content is used to market and promote The Daily Telegram and its advertisers.

3040.   Upon information and belief, Defendant The Daily Telegram has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Daily Telegram's Infringement**

3041.   Defendant The Daily Telegram reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.lenconnect.com.

3042.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3043.   Defendant The Daily Telegram's website includes commercial advertising targeting the subscribers of The Daily Telegram's publication, including those in Missouri.

3044.   Upon information and belief, because the advertisers on Defendant The Daily Telegram's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3045.   Upon information and belief, The Daily Telegram selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3046.   Upon information and belief, The Daily Telegram is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3047.   Upon information The Daily Telegram reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3048.   Alternatively, The Daily Telegram obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Daily Telegram's website for its digital subscribers and in connection with advertising located on its website.

3049.   Defendant The Daily Telegram used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3050.   Defendant The Daily Telegram's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the

unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3051. Ms. Campbell did not give Defendant The Daily Telegram permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3052. Ms. Campbell did not give Defendant The Daily Telegram permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3053. Nonetheless, Defendant The Daily Telegram reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Daily Telegram's Use").

3054. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3055. Upon information and belief, the The Daily Telegram's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3056. Defendant The Daily Telegram did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CII. **Defendant The Detroit Free Press**

3057. Defendant The Detroit Free Press is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Detroit, Michigan.

3058. Upon information and belief, The Detroit Free Press has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3059.    As part of its publication, The Detroit Free Press sells copies of its publication along with subscriptions and advertising for the publication.

3060.    The Detroit Free Press is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3061.    As part of its publication, The Detroit Free Press also provides a website located at freep.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3062.    Upon information and belief, The Detroit Free Press knows that its website is read from users across the United States, including the residents in the Kansas City area.

3063.    The Detroit Free Press is in charge of and determines which content is placed on its website located at The Detroit Free Press which is used for its website, its advertisers, its subscribers and in its publication.

3064.    The Detroit Free Press maintains at least one server accessible online to the public at www.freep.com(the "Website").

3065.    The Website has a copyright notice on the website © 2022 www.freep.com. All rights reserved.

3066.    Upon information and belief, The Detroit Free Press used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.freep.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.freep.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.freep.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

3067.   The Sowers Photograph was used for advertising by The Detroit Free Press.

3068.   On the Website, The Detroit Free Press posts and disseminates content to its

subscribers, including those located in Missouri.

3069.   Such content is used to market and promote The Detroit Free Press and its advertisers.

3070.   Upon information and belief, Defendant The Detroit Free Press has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant The Detroit Free Press's Infringement**

3071.   Defendant The Detroit Free Press reproduced Plaintiff's image and distributed it to

its subscribers, including those located in Missouri, via its website located at www.freep.com.

3072.   Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3073.   Defendant The Detroit Free Press's website includes commercial advertising

targeting the subscribers of The Detroit Free Press's publication, including those in Missouri.

3074.   Upon information and belief, because the advertisers on Defendant The Detroit Free

Press's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

3075.   Upon information and belief, The Detroit Free Press selected Plaintiff's image for

inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3076.   Upon information and belief, The Detroit Free Press is accustomed to negotiating

and obtaining licenses for use of photographic images and as a sophisticated media company is aware

of the consequences for failing to do so.

3077.  Upon information The Detroit Free Press reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3078.  Alternatively, The Detroit Free Press obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Detroit Free Press's website for its digital subscribers and in connection with advertising located on its website.

3079.  Defendant The Detroit Free Press used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3080.  Defendant The Detroit Free Press's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3081.  Ms. Campbell did not give Defendant The Detroit Free Press permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3082.  Ms. Campbell did not give Defendant The Detroit Free Press permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3083.  Nonetheless, Defendant The Detroit Free Press reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Detroit Free Press's Use").

3084.  The reproduced photograph is viewable by anyone in the United States with internet

access, including individuals residing in Missouri.

3085. Upon information and belief, the The Detroit Free Press's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3086. Defendant The Detroit Free Press did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CIII.   Defendant The Holland Sentinel**

3087. Defendant The Holland Sentinel is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Holland, Michigan.

3088. Upon information and belief, The Holland Sentinel has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3089. As part of its publication, The Holland Sentinel sells copies of its publication along with subscriptions and advertising for the publication.

3090. The Holland Sentinel is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3091. As part of its publication, The Holland Sentinel also provides a website located at hollandsentinel.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3092. Upon information and belief, The Holland Sentinel knows that its website is read from users across the United States, including the residents in the Kansas City area.

3093.  The Holland Sentinel is in charge of and determines which content is placed on its website located at The Holland Sentinel which is used for its website, its advertisers, its subscribers and in its publication.

3094.  The Holland Sentinel maintains at least one server accessible online to the public at www.hollandsentinel.com(the "Website").

3095.  The Website has a copyright notice on the website © 2022 www.hollandsentinel.com. All rights reserved.

3096.  Upon information and belief, The Holland Sentinel used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.hollandsentinel.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
>
> /microsoft/4597663002/,
>
> https://www.hollandsentinel.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
>
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.hollandsentinel.com/story/entertainment/2020/01/29/super-bowl-commercials-
>
> 2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3097.  The Sowers Photograph was used for advertising by The Holland Sentinel.

3098.  On the Website, The Holland Sentinel posts and disseminates content to its subscribers, including those located in Missouri.

3099.  Such content is used to market and promote The Holland Sentinel and its advertisers.

3100.  Upon information and belief, Defendant The Holland Sentinel has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Holland Sentinel's Infringement**

3101.   Defendant The Holland Sentinel reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.hollandsentinel.com.

3102.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3103.   Defendant The Holland Sentinel's website includes commercial advertising targeting the subscribers of The Holland Sentinel's publication, including those in Missouri.

3104.   Upon information and belief, because the advertisers on Defendant The Holland Sentinel's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3105.   Upon information and belief, The Holland Sentinel selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3106.   Upon information and belief, The Holland Sentinel is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3107.   Upon information The Holland Sentinel reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3108.   Alternatively, The Holland Sentinel obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Holland Sentinel's website for its digital subscribers and in connection with advertising located on its website.

3109.   Defendant The Holland Sentinel used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3110. Defendant The Holland Sentinel's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3111. Ms. Campbell did not give Defendant The Holland Sentinel permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3112. Ms. Campbell did not give Defendant The Holland Sentinel permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3113. Nonetheless, Defendant The Holland Sentinel reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Holland Sentinel's Use").

3114. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3115. Upon information and belief, the The Holland Sentinel's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3116. Defendant The Holland Sentinel did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CIV.  **Defendant The Monroe News**

3117. Defendant The Monroe News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Monroe, Michigan.

3118.   Upon information and belief, The Monroe News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3119.   As part of its publication, The Monroe News sells copies of its publication along with subscriptions and advertising for the publication.

3120.   The Monroe News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3121.   As part of its publication, The Monroe News also provides a website located at monroenews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3122.   Upon information and belief, The Monroe News knows that its website is read from users across the United States, including the residents in the Kansas City area.

3123.   The Monroe News is in charge of and determines which content is placed on its website located at The Monroe News which is used for its website, its advertisers, its subscribers and in its publication.

3124.   The Monroe News maintains at least one server accessible online to the public at www.monroenews.com(the "Website").

3125.   The Website has a copyright notice on the website © 2022 www.monroenews.com. All rights reserved.

3126.   Upon information and belief, The Monroe News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.monroenews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.monroenews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.monroenews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3127. The Sowers Photograph was used for advertising by The Monroe News.

3128. On the Website, The Monroe News posts and disseminates content to its subscribers, including those located in Missouri.

3129. Such content is used to market and promote The Monroe News and its advertisers.

3130. Upon information and belief, Defendant The Monroe News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Monroe News's Infringement**

3131. Defendant The Monroe News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.monroenews.com.

3132. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3133. Defendant The Monroe News's website includes commercial advertising targeting the subscribers of The Monroe News's publication, including those in Missouri.

3134. Upon information and belief, because the advertisers on Defendant The Monroe News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3135. Upon information and belief, The Monroe News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3136.   Upon information and belief, The Monroe News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3137.   Upon information The Monroe News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3138.   Alternatively, The Monroe News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Monroe News's website for its digital subscribers and in connection with advertising located on its website.

3139.   Defendant The Monroe News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3140.   Defendant The Monroe News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3141.   Ms. Campbell did not give Defendant The Monroe News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3142.   Ms. Campbell did not give Defendant The Monroe News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3143.   Nonetheless, Defendant The Monroe News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Monroe News's Use").

3144.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3145.   Upon information and belief, the The Monroe News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3146.   Defendant The Monroe News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CV.   Defendant The Sault News**

3147.   Defendant The Sault News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Sault Ste Marie, Michigan.

3148.   Upon information and belief, The Sault News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3149.   As part of its publication, The Sault News sells copies of its publication along with subscriptions and advertising for the publication.

3150.   The Sault News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3151.   As part of its publication, The Sault News also provides a website located at sooeveningnews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3152.   Upon information and belief, The Sault News knows that its website is read from

users across the United States, including the residents in the Kansas City area.

3153. The Sault News is in charge of and determines which content is placed on its website located at The Sault News which is used for its website, its advertisers, its subscribers and in its publication.

3154. The Sault News maintains at least one server accessible online to the public at www.sooeveningnews.com(the "Website").

3155. The Website has a copyright notice on the website © 2022 www.sooeveningnews.com. All rights reserved.

3156. Upon information and belief, The Sault News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.sooeveningnews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
>
> /microsoft/4597663002/,
>
> https://www.sooeveningnews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
>
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.sooeveningnews.com/story/entertainment/2020/01/29/super-bowl-
>
> commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3157. The Sowers Photograph was used for advertising by The Sault News.

3158. On the Website, The Sault News posts and disseminates content to its subscribers, including those located in Missouri.

3159. Such content is used to market and promote The Sault News and its advertisers.

3160. Upon information and belief, Defendant The Sault News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Sault News's Infringement**

3161.   Defendant The Sault News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.sooeveningnews.com.

3162.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3163.   Defendant The Sault News's website includes commercial advertising targeting the subscribers of The Sault News's publication, including those in Missouri.

3164.   Upon information and belief, because the advertisers on Defendant The Sault News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3165.   Upon information and belief, The Sault News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3166.   Upon information and belief, The Sault News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3167.   Upon information The Sault News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3168.   Alternatively, The Sault News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Sault News's website for its digital subscribers and in connection with advertising located on its website.

3169.   Defendant The Sault News used the image as part of a video which was provided

through its website to various subscribers around the United States, including those located in Missouri.

3170. Defendant The Sault News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3171. Ms. Campbell did not give Defendant The Sault News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3172. Ms. Campbell did not give Defendant The Sault News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3173. Nonetheless, Defendant The Sault News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Sault News's Use").

3174. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3175. Upon information and belief, the The Sault News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3176. Defendant The Sault News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CVI.** **Defendant The Times Herald**

3177. Defendant The Times Herald is a daily publication which publishes local, national

and international articles in print, digital, video and on social media and is located in Port Huron, Michigan.

3178.   Upon information and belief, The Times Herald has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3179.   As part of its publication, The Times Herald sells copies of its publication along with subscriptions and advertising for the publication.

3180.   The Times Herald is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3181.   As part of its publication, The Times Herald also provides a website located at thetimesherald.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3182.   Upon information and belief, The Times Herald knows that its website is read from users across the United States, including the residents in the Kansas City area.

3183.   The Times Herald is in charge of and determines which content is placed on its website located at The Times Herald which is used for its website, its advertisers, its subscribers and in its publication.

3184.   The Times Herald maintains at least one server accessible online to the public at www.thetimesherald.com(the "Website").

3185.   The Website has a copyright notice on the website © 2022 www.thetimesherald.com. All rights reserved.

3186.   Upon information and belief, The Times Herald used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the

Website along with the Sowers Photograph at the following urls:

https://www.thetimesherald.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thetimesherald.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thetimesherald.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3187.   The Sowers Photograph was used for advertising by The Times Herald.

3188.   On the Website, The Times Herald posts and disseminates content to its subscribers, including those located in Missouri.

3189.   Such content is used to market and promote The Times Herald and its advertisers.

3190.   Upon information and belief, Defendant The Times Herald has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Times Herald's Infringement**

3191.   Defendant The Times Herald reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thetimesherald.com.

3192.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3193.   Defendant The Times Herald's website includes commercial advertising targeting the subscribers of The Times Herald's publication, including those in Missouri.

3194.   Upon information and belief, because the advertisers on Defendant The Times Herald's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3195.   Upon information and belief, The Times Herald selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3196.   Upon information and belief, The Times Herald is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3197.   Upon information The Times Herald reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3198.   Alternatively, The Times Herald obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Times Herald's website for its digital subscribers and in connection with advertising located on its website.

3199.   Defendant The Times Herald used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3200.   Defendant The Times Herald's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3201.   Ms. Campbell did not give Defendant The Times Herald permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3202.   Ms. Campbell did not give Defendant The Times Herald permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3203.   Nonetheless, Defendant The Times Herald reproduced Plaintiff's photograph and

used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Times Herald's Use").

3204.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3205.   Upon information and belief, the The Times Herald's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3206.   Defendant The Times Herald did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CVII.  **Defendant St. Cloud Times**

3207.   Defendant St. Cloud Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in St. Cloud, Minnesota.

3208.   Upon information and belief, St. Cloud Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3209.   As part of its publication, St. Cloud Times sells copies of its publication along with subscriptions and advertising for the publication.

3210.   St. Cloud Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3211.   As part of its publication, St. Cloud Times also provides a website located at sctimes.com where digital subscribers, including those located in Missouri, can access and review

its content, including photographs, videos and advertising.

3212.   Upon information and belief, St. Cloud Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

3213.   St. Cloud Times is in charge of and determines which content is placed on its website located at St. Cloud Times which is used for its website, its advertisers, its subscribers and in its publication.

3214.   St. Cloud Times maintains at least one server accessible online to the public at www.sctimes.com(the "Website").

3215.   The Website has a copyright notice on the website © 2022 www.sctimes.com. All rights reserved.

3216.   Upon information and belief, St. Cloud Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.sctimes.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
>
> /microsoft/4597663002/,
>
> https://www.sctimes.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-
>
> 2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.sctimes.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-
>
> watch-latest-ads-super-bowl-liv/4612768002/ .

3217.   The Sowers Photograph was used for advertising by St. Cloud Times.

3218.   On the Website, St. Cloud Times posts and disseminates content to its subscribers, including those located in Missouri.

3219.   Such content is used to market and promote St. Cloud Times and its advertisers.

3220.   Upon information and belief, Defendant St. Cloud Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant St. Cloud Times's Infringement**

3221.   Defendant St. Cloud Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.sctimes.com.

3222.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3223.   Defendant St. Cloud Times's website includes commercial advertising targeting the subscribers of St. Cloud Times's publication, including those in Missouri.

3224.   Upon information and belief, because the advertisers on Defendant St. Cloud Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3225.   Upon information and belief, St. Cloud Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3226.   Upon information and belief, St. Cloud Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3227.   Upon information St. Cloud Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3228.   Alternatively, St. Cloud Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on St. Cloud Times's website for its digital subscribers and in connection with advertising located on its website.

3229.   Defendant St. Cloud Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3230.   Defendant St. Cloud Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3231.   Ms. Campbell did not give Defendant St. Cloud Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3232.   Ms. Campbell did not give Defendant St. Cloud Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3233.   Nonetheless, Defendant St. Cloud Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "St. Cloud Times's Use").

3234.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3235.   Upon information and belief, the St. Cloud Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3236.   Defendant St. Cloud Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CVIII. Defendant Hattiesburg American

3237. Defendant Hattiesburg American is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Hattiesburg, Mississippi.

3238. Upon information and belief, Hattiesburg American has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3239. As part of its publication, Hattiesburg American sells copies of its publication along with subscriptions and advertising for the publication.

3240. Hattiesburg American is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3241. As part of its publication, Hattiesburg American also provides a website located at hattiesburgamerican.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3242. Upon information and belief, Hattiesburg American knows that its website is read from users across the United States, including the residents in the Kansas City area.

3243. Hattiesburg American is in charge of and determines which content is placed on its website located at Hattiesburg American which is used for its website, its advertisers, its subscribers and in its publication.

3244. Hattiesburg American maintains at least one server accessible online to the public at www.hattiesburgamerican.com(the "Website").

3245. The Website has a copyright notice on the website © 2022 www.hattiesburgamerican.com. All rights reserved.

3246. Upon information and belief, Hattiesburg American used the Sowers Photograph in

association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.hattiesburgamerican.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.hattiesburgamerican.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.hattiesburgamerican.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3247.   The Sowers Photograph was used for advertising by Hattiesburg American.

3248.   On the Website, Hattiesburg American posts and disseminates content to its subscribers, including those located in Missouri.

3249.   Such content is used to market and promote Hattiesburg American and its advertisers.

3250.   Upon information and belief, Defendant Hattiesburg American has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Hattiesburg American's Infringement**

3251.   Defendant Hattiesburg American reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.hattiesburgamerican.com.

3252.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3253.   Defendant Hattiesburg American's website includes commercial advertising targeting the subscribers of Hattiesburg American's publication, including those in Missouri.

3254.   Upon information and belief, because the advertisers on Defendant Hattiesburg

American's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3255.   Upon information and belief, Hattiesburg American selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3256.   Upon information and belief, Hattiesburg American is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3257.   Upon information Hattiesburg American reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3258.   Alternatively, Hattiesburg American obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Hattiesburg American's website for its digital subscribers and in connection with advertising located on its website.

3259.   Defendant Hattiesburg American used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3260.   Defendant Hattiesburg American's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3261.   Ms. Campbell did not give Defendant Hattiesburg American permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3262.   Ms. Campbell did not give Defendant Hattiesburg American permission to distribute

a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3263.   Nonetheless, Defendant Hattiesburg American reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Hattiesburg American's Use").

3264.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3265.   Upon information and belief, the Hattiesburg American's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3266.   Defendant Hattiesburg American did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CIX.   Defendant Springfield News-Leader

3267.   Defendant Springfield News-Leader is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Springfield, Missouri.

3268.   Upon information and belief, Springfield News-Leader has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3269.   As part of its publication, Springfield News-Leader sells copies of its publication along with subscriptions and advertising for the publication.

3270.   Springfield News-Leader is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million

monthly visitors.

3271.    As part of its publication, Springfield News-Leader also provides a website located at news-leader.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3272.    Upon information and belief, Springfield News-Leader knows that its website is read from users across the United States, including the residents in the Kansas City area.

3273.    Springfield News-Leader is in charge of and determines which content is placed on its website located at Springfield News-Leader which is used for its website, its advertisers, its subscribers and in its publication.

3274.    Springfield News-Leader maintains at least one server accessible online to the public at www.news-leader.com(the "Website").

3275.    The Website has a copyright notice on the website © 2022 www.news-leader.com. All rights reserved.

3276.    Upon information and belief, Springfield News-Leader used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.news-leader.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.news-leader.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.news-leader.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3277.    The Sowers Photograph was used for advertising by Springfield News-Leader.

3278. On the Website, Springfield News-Leader posts and disseminates content to its subscribers, including those located in Missouri.

3279. Such content is used to market and promote Springfield News-Leader and its advertisers.

3280. Upon information and belief, Defendant Springfield News-Leader has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Springfield News-Leader's Infringement**

3281. Defendant Springfield News-Leader reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.news-leader.com.

3282. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3283. Defendant Springfield News-Leader's website includes commercial advertising targeting the subscribers of Springfield News-Leader's publication, including those in Missouri.

3284. Upon information and belief, because the advertisers on Defendant Springfield News-Leader's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3285. Upon information and belief, Springfield News-Leader selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3286. Upon information and belief, Springfield News-Leader is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3287. Upon information Springfield News-Leader reproduced Plaintiff's image by using a

screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3288. Alternatively, Springfield News-Leader obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Springfield News-Leader's website for its digital subscribers and in connection with advertising located on its website.

3289. Defendant Springfield News-Leader used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3290. Defendant Springfield News-Leader's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3291. Ms. Campbell did not give Defendant Springfield News-Leader permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3292. Ms. Campbell did not give Defendant Springfield News-Leader permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3293. Nonetheless, Defendant Springfield News-Leader reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Springfield News-Leader's Use").

3294. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3295.  Upon information and belief, the Springfield News-Leader's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3296.  Defendant Springfield News-Leader did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CX.**    **Defendant Columbia Daily Tribune**

3297.  Defendant Columbia Daily Tribune is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Columbia, Missouri.

3298.  Upon information and belief, Columbia Daily Tribune has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3299.  As part of its publication, Columbia Daily Tribune sells copies of its publication along with subscriptions and advertising for the publication.

3300.  Columbia Daily Tribune is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3301.  As part of its publication, Columbia Daily Tribune also provides a website located at columbiatribune.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3302.  Upon information and belief, Columbia Daily Tribune knows that its website is read from users across the United States, including the residents in the Kansas City area.

3303.  Columbia Daily Tribune is in charge of and determines which content is placed on

its website located at Columbia Daily Tribune which is used for its website, its advertisers, its subscribers and in its publication.

3304. Columbia Daily Tribune maintains at least one server accessible online to the public at www.columbiatribune.com(the "Website").

3305. The Website has a copyright notice on the website © 2022 www.columbiatribune.com. All rights reserved.

3306. Upon information and belief, Columbia Daily Tribune used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.columbiatribune.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020- /microsoft/4597663002/,

https://www.columbiatribune.com/story/sports/Ad-Meter/2020/01/29/super-bowl- commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.columbiatribune.com/story/entertainment/2020/01/29/super-bowl- commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3307. The Sowers Photograph was used for advertising by Columbia Daily Tribune.

3308. On the Website, Columbia Daily Tribune posts and disseminates content to its subscribers, including those located in Missouri.

3309. Such content is used to market and promote Columbia Daily Tribune and its advertisers.

3310. Upon information and belief, Defendant Columbia Daily Tribune has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Columbia Daily Tribune's Infringement**

3311. Defendant Columbia Daily Tribune reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.columbiatribune.com.

3312. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3313. Defendant Columbia Daily Tribune's website includes commercial advertising targeting the subscribers of Columbia Daily Tribune's publication, including those in Missouri.

3314. Upon information and belief, because the advertisers on Defendant Columbia Daily Tribune's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3315. Upon information and belief, Columbia Daily Tribune selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3316. Upon information and belief, Columbia Daily Tribune is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3317. Upon information Columbia Daily Tribune reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3318. Alternatively, Columbia Daily Tribune obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Columbia Daily Tribune's website for its digital subscribers and in connection with advertising located on its website.

3319. Defendant Columbia Daily Tribune used the image as part of a video which was provided through its website to various subscribers around the United States, including those located

in Missouri.

3320. Defendant Columbia Daily Tribune's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3321. Ms. Campbell did not give Defendant Columbia Daily Tribune permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3322. Ms. Campbell did not give Defendant Columbia Daily Tribune permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3323. Nonetheless, Defendant Columbia Daily Tribune reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Columbia Daily Tribune's Use").

3324. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3325. Upon information and belief, the Columbia Daily Tribune's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3326. Defendant Columbia Daily Tribune did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXI.** **Defendant Great Falls Tribune**

3327.   Defendant Great Falls Tribune is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Great Falls, Montana.

3328.   Upon information and belief, Great Falls Tribune has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3329.   As part of its publication, Great Falls Tribune sells copies of its publication along with subscriptions and advertising for the publication.

3330.   Great Falls Tribune is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3331.   As part of its publication, Great Falls Tribune also provides a website located at greatfallstribune.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3332.   Upon information and belief, Great Falls Tribune knows that its website is read from users across the United States, including the residents in the Kansas City area.

3333.   Great Falls Tribune is in charge of and determines which content is placed on its website located at Great Falls Tribune which is used for its website, its advertisers, its subscribers and in its publication.

3334.   Great Falls Tribune maintains at least one server accessible online to the public at www.greatfallstribune.com(the "Website").

3335.   The Website has a copyright notice on the website © 2022 www.greatfallstribune.com. All rights reserved.

3336.   Upon information and belief, Great Falls Tribune used the Sowers Photograph in

association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.greatfallstribune.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.greatfallstribune.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.greatfallstribune.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3337.  The Sowers Photograph was used for advertising by Great Falls Tribune.

3338.  On the Website, Great Falls Tribune posts and disseminates content to its subscribers, including those located in Missouri.

3339.  Such content is used to market and promote Great Falls Tribune and its advertisers.

3340.  Upon information and belief, Defendant Great Falls Tribune has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Great Falls Tribune's Infringement**

3341.  Defendant Great Falls Tribune reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.greatfallstribune.com.

3342.  Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3343.  Defendant Great Falls Tribune's website includes commercial advertising targeting the subscribers of Great Falls Tribune's publication, including those in Missouri.

3344.  Upon information and belief, because the advertisers on Defendant Great Falls

Tribune's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3345.   Upon information and belief, Great Falls Tribune selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3346.   Upon information and belief, Great Falls Tribune is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3347.   Upon information Great Falls Tribune reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3348.   Alternatively, Great Falls Tribune obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Great Falls Tribune's website for its digital subscribers and in connection with advertising located on its website.

3349.   Defendant Great Falls Tribune used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3350.   Defendant Great Falls Tribune's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3351.   Ms. Campbell did not give Defendant Great Falls Tribune permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3352.   Ms. Campbell did not give Defendant Great Falls Tribune permission to distribute a

reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3353. Nonetheless, Defendant Great Falls Tribune reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Great Falls Tribune's Use").

3354. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3355. Upon information and belief, the Great Falls Tribune's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3356. Defendant Great Falls Tribune did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXII. Defendant Reno Gazette-Journal**

3357. Defendant Reno Gazette-Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Reno, Nevada.

3358. Upon information and belief, Reno Gazette-Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3359. As part of its publication, Reno Gazette-Journal sells copies of its publication along with subscriptions and advertising for the publication.

3360. Reno Gazette-Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

416

3361. As part of its publication, Reno Gazette-Journal also provides a website located at rgj.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3362. Upon information and belief, Reno Gazette-Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

3363. Reno Gazette-Journal is in charge of and determines which content is placed on its website located at Reno Gazette-Journal which is used for its website, its advertisers, its subscribers and in its publication.

3364. Reno Gazette-Journal maintains at least one server accessible online to the public at www.rgj.com(the "Website").

3365. The Website has a copyright notice on the website © 2022 www.rgj.com. All rights reserved.

3366. Upon information and belief, Reno Gazette-Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.rgj.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.rgj.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.rgj.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

3367. The Sowers Photograph was used for advertising by Reno Gazette-Journal.

3368. On the Website, Reno Gazette-Journal posts and disseminates content to its

subscribers, including those located in Missouri.

3369.   Such content is used to market and promote Reno Gazette-Journal and its advertisers.

3370.   Upon information and belief, Defendant Reno Gazette-Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Reno Gazette-Journal's Infringement**

3371.   Defendant Reno Gazette-Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.rgj.com.

3372.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3373.   Defendant Reno Gazette-Journal's website includes commercial advertising targeting the subscribers of Reno Gazette-Journal's publication, including those in Missouri.

3374.   Upon information and belief, because the advertisers on Defendant Reno Gazette-Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3375.   Upon information and belief, Reno Gazette-Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3376.   Upon information and belief, Reno Gazette-Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3377.   Upon information Reno Gazette-Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3378.   Alternatively, Reno Gazette-Journal obtained an unlicensed reproduction of

Plaintiff's image from Gannett Media Corp for use on Reno Gazette-Journal's website for its digital subscribers and in connection with advertising located on its website.

3379.   Defendant Reno Gazette-Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3380.   Defendant Reno Gazette-Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3381.   Ms. Campbell did not give Defendant Reno Gazette-Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3382.   Ms. Campbell did not give Defendant Reno Gazette-Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3383.   Nonetheless, Defendant Reno Gazette-Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Reno Gazette-Journal's Use").

3384.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3385.   Upon information and belief, the Reno Gazette-Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3386.   Defendant Reno Gazette-Journal did not have a license or any permission to use the

Sowers Photograph or distribute it to others.

## CXIII. **Defendant Fosters Daily Democrat**

3387. Defendant Fosters Daily Democrat is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Dover, New Hampshire.

3388. Upon information and belief, Fosters Daily Democrat has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3389. As part of its publication, Fosters Daily Democrat sells copies of its publication along with subscriptions and advertising for the publication.

3390. Fosters Daily Democrat is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3391. As part of its publication, Fosters Daily Democrat also provides a website located at fosters.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3392. Upon information and belief, Fosters Daily Democrat knows that its website is read from users across the United States, including the residents in the Kansas City area.

3393. Fosters Daily Democrat is in charge of and determines which content is placed on its website located at Fosters Daily Democrat which is used for its website, its advertisers, its subscribers and in its publication.

3394. Fosters Daily Democrat maintains at least one server accessible online to the public at www.fosters.com(the "Website").

3395. The Website has a copyright notice on the website © 2022 www.fosters.com. All

rights reserved.

3396. Upon information and belief, Fosters Daily Democrat used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.fosters.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.fosters.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.fosters.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3397. The Sowers Photograph was used for advertising by Fosters Daily Democrat.

3398. On the Website, Fosters Daily Democrat posts and disseminates content to its subscribers, including those located in Missouri.

3399. Such content is used to market and promote Fosters Daily Democrat and its advertisers.

3400. Upon information and belief, Defendant Fosters Daily Democrat has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Fosters Daily Democrat's Infringement**

3401. Defendant Fosters Daily Democrat reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.fosters.com.

3402. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3403. Defendant Fosters Daily Democrat's website includes commercial advertising

targeting the subscribers of Fosters Daily Democrat's publication, including those in Missouri.

3404.   Upon information and belief, because the advertisers on Defendant Fosters Daily Democrat's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3405.   Upon information and belief, Fosters Daily Democrat selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3406.   Upon information and belief, Fosters Daily Democrat is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3407.   Upon information Fosters Daily Democrat reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3408.   Alternatively, Fosters Daily Democrat obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Fosters Daily Democrat's website for its digital subscribers and in connection with advertising located on its website.

3409.   Defendant Fosters Daily Democrat used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3410.   Defendant Fosters Daily Democrat's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3411.   Ms. Campbell did not give Defendant Fosters Daily Democrat permission to

reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3412. Ms. Campbell did not give Defendant Fosters Daily Democrat permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3413. Nonetheless, Defendant Fosters Daily Democrat reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Fosters Daily Democrat's Use").

3414. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3415. Upon information and belief, the Fosters Daily Democrat's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3416. Defendant Fosters Daily Democrat did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXIV. Defendant Portsmouth Herald**

3417. Defendant Portsmouth Herald is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Portsmouth, New Hampshire.

3418. Upon information and belief, Portsmouth Herald has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3419. As part of its publication, Portsmouth Herald sells copies of its publication along with

subscriptions and advertising for the publication.

3420. Portsmouth Herald is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3421. As part of its publication, Portsmouth Herald also provides a website located at seacoastonline.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3422. Upon information and belief, Portsmouth Herald knows that its website is read from users across the United States, including the residents in the Kansas City area.

3423. Portsmouth Herald is in charge of and determines which content is placed on its website located at Portsmouth Herald which is used for its website, its advertisers, its subscribers and in its publication.

3424. Portsmouth Herald maintains at least one server accessible online to the public at www.seacoastonline.com(the "Website").

3425. The Website has a copyright notice on the website © 2022 www.seacoastonline.com. All rights reserved.

3426. Upon information and belief, Portsmouth Herald used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.seacoastonline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.seacoastonline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.seacoastonline.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3427.   The Sowers Photograph was used for advertising by Portsmouth Herald.

3428.   On the Website, Portsmouth Herald posts and disseminates content to its subscribers, including those located in Missouri.

3429.   Such content is used to market and promote Portsmouth Herald and its advertisers.

3430.   Upon information and belief, Defendant Portsmouth Herald has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Portsmouth Herald's Infringement**

3431.   Defendant Portsmouth Herald reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.seacoastonline.com.

3432.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3433.   Defendant Portsmouth Herald's website includes commercial advertising targeting the subscribers of Portsmouth Herald's publication, including those in Missouri.

3434.   Upon information and belief, because the advertisers on Defendant Portsmouth Herald's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3435.   Upon information and belief, Portsmouth Herald selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3436.   Upon information and belief, Portsmouth Herald is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3437.   Upon information Portsmouth Herald reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3438.   Alternatively, Portsmouth Herald obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Portsmouth Herald's website for its digital subscribers and in connection with advertising located on its website.

3439.   Defendant Portsmouth Herald used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3440.   Defendant Portsmouth Herald's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3441.   Ms. Campbell did not give Defendant Portsmouth Herald permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3442.   Ms. Campbell did not give Defendant Portsmouth Herald permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3443.   Nonetheless, Defendant Portsmouth Herald reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Portsmouth Herald's Use").

3444.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3445.   Upon information and belief, the Portsmouth Herald's Use was part of a marketing

and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3446.   Defendant Portsmouth Herald did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CXV.   Defendant Burlington County Times

3447.   Defendant Burlington County Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Willingboro, New Jersey.

3448.   Upon information and belief, Burlington County Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3449.   As part of its publication, Burlington County Times sells copies of its publication along with subscriptions and advertising for the publication.

3450.   Burlington County Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3451.   As part of its publication, Burlington County Times also provides a website located at burlingtoncountytimes.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3452.   Upon information and belief, Burlington County Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

3453.   Burlington County Times is in charge of and determines which content is placed on its website located at Burlington County Times which is used for its website, its advertisers, its

subscribers and in its publication.

3454. Burlington County Times maintains at least one server accessible online to the public at www.burlingtoncountytimes.com(the "Website").

3455. The Website has a copyright notice on the website © 2022 www.burlingtoncountytimes.com. All rights reserved.

3456. Upon information and belief, Burlington County Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.burlingtoncountytimes.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.burlingtoncountytimes.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.burlingtoncountytimes.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3457. The Sowers Photograph was used for advertising by Burlington County Times.

3458. On the Website, Burlington County Times posts and disseminates content to its subscribers, including those located in Missouri.

3459. Such content is used to market and promote Burlington County Times and its advertisers.

3460. Upon information and belief, Defendant Burlington County Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Burlington County Times's Infringement**

3461. Defendant Burlington County Times reproduced Plaintiff's image and distributed it

428

to its subscribers, including those located in Missouri, via its website located at www.burlingtoncountytimes.com.

3462. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3463. Defendant Burlington County Times's website includes commercial advertising targeting the subscribers of Burlington County Times's publication, including those in Missouri.

3464. Upon information and belief, because the advertisers on Defendant Burlington County Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3465. Upon information and belief, Burlington County Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3466. Upon information and belief, Burlington County Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3467. Upon information Burlington County Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3468. Alternatively, Burlington County Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Burlington County Times's website for its digital subscribers and in connection with advertising located on its website.

3469. Defendant Burlington County Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3470. Defendant Burlington County Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3471. Ms. Campbell did not give Defendant Burlington County Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3472. Ms. Campbell did not give Defendant Burlington County Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3473. Nonetheless, Defendant Burlington County Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Burlington County Times's Use").

3474. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3475. Upon information and belief, the Burlington County Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3476. Defendant Burlington County Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXVI. <u>Defendant Courier News</u>**

3477. Defendant Courier News is a daily publication which publishes local, national and

international articles in print, digital, video and on social media and is located in Bridgewater, New Jersey.

3478.  Upon information and belief, Courier News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3479.  As part of its publication, Courier News sells copies of its publication along with subscriptions and advertising for the publication.

3480.  Courier News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3481.  As part of its publication, Courier News also provides a website located at mycentraljersey.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3482.  Upon information and belief, Courier News knows that its website is read from users across the United States, including the residents in the Kansas City area.

3483.  Courier News is in charge of and determines which content is placed on its website located at Courier News which is used for its website, its advertisers, its subscribers and in its publication.

3484.  Courier News maintains at least one server accessible online to the public at www.mycentraljersey.com(the "Website").

3485.  The Website has a copyright notice on the website © 2022 www.mycentraljersey.com. All rights reserved.

3486.  Upon information and belief, Courier News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the

Website along with the Sowers Photograph at the following urls:

https://www.mycentraljersey.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.mycentraljersey.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.mycentraljersey.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3487.   The Sowers Photograph was used for advertising by Courier News.

3488.   On the Website, Courier News posts and disseminates content to its subscribers, including those located in Missouri.

3489.   Such content is used to market and promote Courier News and its advertisers.

3490.   Upon information and belief, Defendant Courier News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Courier News's Infringement**

3491.   Defendant Courier News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.mycentraljersey.com.

3492.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3493.   Defendant Courier News's website includes commercial advertising targeting the subscribers of Courier News's publication, including those in Missouri.

3494.   Upon information and belief, because the advertisers on Defendant Courier News's website are based on the location of the viewer, these advertisements target Missouri residents and

include advertisers targeting Missouri residents.

3495. Upon information and belief, Courier News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3496. Upon information and belief, Courier News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3497. Upon information Courier News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3498. Alternatively, Courier News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Courier News's website for its digital subscribers and in connection with advertising located on its website.

3499. Defendant Courier News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3500. Defendant Courier News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3501. Ms. Campbell did not give Defendant Courier News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3502. Ms. Campbell did not give Defendant Courier News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3503. Nonetheless, Defendant Courier News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Courier News's Use").

3504. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3505. Upon information and belief, the Courier News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3506. Defendant Courier News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CXVII.    **Defendant Courier Post**

3507. Defendant Courier Post is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Cherry Hill, New Jersey.

3508. Upon information and belief, Courier Post has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3509. As part of its publication, Courier Post sells copies of its publication along with subscriptions and advertising for the publication.

3510. Courier Post is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3511. As part of its publication, Courier Post also provides a website located at courierpostonline.com where digital subscribers, including those located in Missouri, can access and

review its content, including photographs, videos and advertising.

3512. Upon information and belief, Courier Post knows that its website is read from users across the United States, including the residents in the Kansas City area.

3513. Courier Post is in charge of and determines which content is placed on its website located at Courier Post which is used for its website, its advertisers, its subscribers and in its publication.

3514. Courier Post maintains at least one server accessible online to the public at www.courierpostonline.com(the "Website").

3515. The Website has a copyright notice on the website © 2022 www.courierpostonline.com. All rights reserved.

3516. Upon information and belief, Courier Post used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.courierpostonline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.courierpostonline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.courierpostonline.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3517. The Sowers Photograph was used for advertising by Courier Post.

3518. On the Website, Courier Post posts and disseminates content to its subscribers, including those located in Missouri.

3519. Such content is used to market and promote Courier Post and its advertisers.

3520.   Upon information and belief, Defendant Courier Post has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Courier Post's Infringement**

3521.   Defendant Courier Post reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.courierpostonline.com.

3522.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3523.   Defendant Courier Post's website includes commercial advertising targeting the subscribers of Courier Post's publication, including those in Missouri.

3524.   Upon information and belief, because the advertisers on Defendant Courier Post's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3525.   Upon information and belief, Courier Post selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3526.   Upon information and belief, Courier Post is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3527.   Upon information Courier Post reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3528.   Alternatively, Courier Post obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Courier Post's website for its digital subscribers and in

connection with advertising located on its website.

3529.　Defendant Courier Post used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3530.　Defendant Courier Post's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3531.　Ms. Campbell did not give Defendant Courier Post permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3532.　Ms. Campbell did not give Defendant Courier Post permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3533.　Nonetheless, Defendant Courier Post reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Courier Post's Use").

3534.　The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3535.　Upon information and belief, the Courier Post's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3536.　Defendant Courier Post did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXVIII.**　**Defendant Daily Journal**

3537.   Defendant Daily Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Vineland, New Jersey.

3538.   Upon information and belief, Daily Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3539.   As part of its publication, Daily Journal sells copies of its publication along with subscriptions and advertising for the publication.

3540.   Daily Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3541.   As part of its publication, Daily Journal also provides a website located at thedailyjournal.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3542.   Upon information and belief, Daily Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

3543.   Daily Journal is in charge of and determines which content is placed on its website located at Daily Journal which is used for its website, its advertisers, its subscribers and in its publication.

3544.   Daily Journal maintains at least one server accessible online to the public at www.thedailyjournal.com(the "Website").

3545.   The Website has a copyright notice on the website © 2022 www.thedailyjournal.com. All rights reserved.

3546.   Upon information and belief, Daily Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the

Website along with the Sowers Photograph at the following urls:

https://www.thedailyjournal.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thedailyjournal.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thedailyjournal.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3547.   The Sowers Photograph was used for advertising by Daily Journal.

3548.   On the Website, Daily Journal posts and disseminates content to its subscribers, including those located in Missouri.

3549.   Such content is used to market and promote Daily Journal and its advertisers.

3550.   Upon information and belief, Defendant Daily Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Daily Journal's Infringement**

3551.   Defendant Daily Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thedailyjournal.com.

3552.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3553.   Defendant Daily Journal's website includes commercial advertising targeting the subscribers of Daily Journal's publication, including those in Missouri.

3554.   Upon information and belief, because the advertisers on Defendant Daily Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3555. Upon information and belief, Daily Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3556. Upon information and belief, Daily Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3557. Upon information Daily Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3558. Alternatively, Daily Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Daily Journal's website for its digital subscribers and in connection with advertising located on its website.

3559. Defendant Daily Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3560. Defendant Daily Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3561. Ms. Campbell did not give Defendant Daily Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3562. Ms. Campbell did not give Defendant Daily Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3563. Nonetheless, Defendant Daily Journal reproduced Plaintiff's photograph and used

the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Daily Journal's Use").

3564.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3565.   Upon information and belief, the Daily Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3566.   Defendant Daily Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXIX. <u>Defendant Daily Record</u>**

3567.   Defendant Daily Record is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Morristown, New Jersey.

3568.   Upon information and belief, Daily Record has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3569.   As part of its publication, Daily Record sells copies of its publication along with subscriptions and advertising for the publication.

3570.   Daily Record is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3571.   As part of its publication, Daily Record also provides a website located at dailyrecord.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3572.   Upon information and belief, Daily Record knows that its website is read from users across the United States, including the residents in the Kansas City area.

3573.   Daily Record is in charge of and determines which content is placed on its website located at Daily Record which is used for its website, its advertisers, its subscribers and in its publication.

3574.   Daily Record maintains at least one server accessible online to the public at www.dailyrecord.com(the "Website").

3575.   The Website has a copyright notice on the website © 2022 www.dailyrecord.com. All rights reserved.

3576.   Upon information and belief, Daily Record used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.dailyrecord.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
>
> https://www.dailyrecord.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-
> 2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.dailyrecord.com/story/entertainment/2020/01/29/super-bowl-commercials-
> 2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3577.   The Sowers Photograph was used for advertising by Daily Record.

3578.   On the Website, Daily Record posts and disseminates content to its subscribers, including those located in Missouri.

3579.   Such content is used to market and promote Daily Record and its advertisers.

3580.   Upon information and belief, Defendant Daily Record has targeted dissemination of

its content toward residents in the state of Missouri.

**Defendant Daily Record's Infringement**

3581. Defendant Daily Record reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.dailyrecord.com.

3582. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3583. Defendant Daily Record's website includes commercial advertising targeting the subscribers of Daily Record's publication, including those in Missouri.

3584. Upon information and belief, because the advertisers on Defendant Daily Record's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3585. Upon information and belief, Daily Record selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3586. Upon information and belief, Daily Record is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3587. Upon information Daily Record reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3588. Alternatively, Daily Record obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Daily Record's website for its digital subscribers and in connection with advertising located on its website.

3589. Defendant Daily Record used the image as part of a video which was provided

through its website to various subscribers around the United States, including those located in Missouri.

3590.  Defendant Daily Record's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3591.  Ms. Campbell did not give Defendant Daily Record permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3592.  Ms. Campbell did not give Defendant Daily Record permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3593.  Nonetheless, Defendant Daily Record reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Daily Record's Use").

3594.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3595.  Upon information and belief, the Daily Record's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3596.  Defendant Daily Record did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CXX.  **Defendant Herald News**

3597.  Defendant Herald News is a daily publication which publishes local, national and

international articles in print, digital, video and on social media and is located in Woodland Park, New Jersey.

3598. Upon information and belief, Herald News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3599. As part of its publication, Herald News sells copies of its publication along with subscriptions and advertising for the publication.

3600. Herald News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3601. As part of its publication, Herald News also provides a website located at northjersey.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3602. Upon information and belief, Herald News knows that its website is read from users across the United States, including the residents in the Kansas City area.

3603. Herald News is in charge of and determines which content is placed on its website located at Herald News which is used for its website, its advertisers, its subscribers and in its publication.

3604. Herald News maintains at least one server accessible online to the public at www.northjersey.com(the "Website").

3605. The Website has a copyright notice on the website © 2022 www.northjersey.com. All rights reserved.

3606. Upon information and belief, Herald News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 445 of 848

https://www.northjersey.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.northjersey.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.northjersey.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3607.   The Sowers Photograph was used for advertising by Herald News.

3608.   On the Website, Herald News posts and disseminates content to its subscribers, including those located in Missouri.

3609.   Such content is used to market and promote Herald News and its advertisers.

3610.   Upon information and belief, Defendant Herald News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Herald News's Infringement**

3611.   Defendant Herald News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.northjersey.com.

3612.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3613.   Defendant Herald News's website includes commercial advertising targeting the subscribers of Herald News's publication, including those in Missouri.

3614.   Upon information and belief, because the advertisers on Defendant Herald News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3615.   Upon information and belief, Herald News selected Plaintiff's image for inclusion

on its website and modified its website to include a reproduction of Plaintiff's image.

3616.    Upon information and belief, Herald News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3617.    Upon information Herald News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3618.    Alternatively, Herald News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Herald News's website for its digital subscribers and in connection with advertising located on its website.

3619.    Defendant Herald News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3620.    Defendant Herald News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3621.    Ms. Campbell did not give Defendant Herald News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3622.    Ms. Campbell did not give Defendant Herald News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3623.    Nonetheless, Defendant Herald News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content

via its website to its digital subscribers and others (the "Herald News's Use").

3624.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3625.   Upon information and belief, the Herald News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3626.   Defendant Herald News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXXI. Defendant Home News Tribune**

3627.   Defendant Home News Tribune is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in E.Brunswick, New Jersey.

3628.   Upon information and belief, Home News Tribune has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3629.   As part of its publication, Home News Tribune sells copies of its publication along with subscriptions and advertising for the publication.

3630.   Home News Tribune is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3631.   As part of its publication, Home News Tribune also provides a website located at mycentraljersey.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3632. Upon information and belief, Home News Tribune knows that its website is read from users across the United States, including the residents in the Kansas City area.

3633. Home News Tribune is in charge of and determines which content is placed on its website located at Home News Tribune which is used for its website, its advertisers, its subscribers and in its publication.

3634. Home News Tribune maintains at least one server accessible online to the public at www.mycentraljersey.com(the "Website").

3635. The Website has a copyright notice on the website © 2022 www.mycentraljersey.com. All rights reserved.

3636. Upon information and belief, Home News Tribune used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.mycentraljersey.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.mycentraljersey.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.mycentraljersey.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3637. The Sowers Photograph was used for advertising by Home News Tribune.

3638. On the Website, Home News Tribune posts and disseminates content to its subscribers, including those located in Missouri.

3639. Such content is used to market and promote Home News Tribune and its advertisers.

3640. Upon information and belief, Defendant Home News Tribune has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant Home News Tribune's Infringement**

3641.   Defendant Home News Tribune reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.mycentraljersey.com.

3642.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3643.   Defendant Home News Tribune's website includes commercial advertising targeting the subscribers of Home News Tribune's publication, including those in Missouri.

3644.   Upon information and belief, because the advertisers on Defendant Home News Tribune's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3645.   Upon information and belief, Home News Tribune selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3646.   Upon information and belief, Home News Tribune is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3647.   Upon information Home News Tribune reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3648.   Alternatively, Home News Tribune obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Home News Tribune's website for its digital subscribers and in connection with advertising located on its website.

3649.   Defendant Home News Tribune used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3650.   Defendant Home News Tribune's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3651.   Ms. Campbell did not give Defendant Home News Tribune permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3652.   Ms. Campbell did not give Defendant Home News Tribune permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3653.   Nonetheless, Defendant Home News Tribune reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Home News Tribune's Use").

3654.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3655.   Upon information and belief, the Home News Tribune's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3656.   Defendant Home News Tribune did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CXXII.   Defendant MyCentralJersey.com

3657. Defendant MyCentralJersey.com is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Central New Jersey, New Jersey.

3658. Upon information and belief, MyCentralJersey.com has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3659. As part of its publication, MyCentralJersey.com sells copies of its publication along with subscriptions and advertising for the publication.

3660. MyCentralJersey.com is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3661. As part of its publication, MyCentralJersey.com also provides a website located at mycentraljersey.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3662. Upon information and belief, MyCentralJersey.com knows that its website is read from users across the United States, including the residents in the Kansas City area.

3663. MyCentralJersey.com is in charge of and determines which content is placed on its website located at MyCentralJersey.com which is used for its website, its advertisers, its subscribers and in its publication.

3664. MyCentralJersey.com maintains at least one server accessible online to the public at www.mycentraljersey.com(the "Website").

3665. The Website has a copyright notice on the website © 2022 www.mycentraljersey.com. All rights reserved.

3666. Upon information and belief, MyCentralJersey.com used the Sowers Photograph in

association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.mycentraljersey.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.mycentraljersey.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.mycentraljersey.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3667.   The Sowers Photograph was used for advertising by MyCentralJersey.com.

3668.   On the Website, MyCentralJersey.com posts and disseminates content to its subscribers, including those located in Missouri.

3669.   Such content is used to market and promote MyCentralJersey.com and its advertisers.

3670.   Upon information and belief, Defendant MyCentralJersey.com has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant MyCentralJersey.com's Infringement**

3671.   Defendant MyCentralJersey.com reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.mycentraljersey.com.

3672.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3673.   Defendant MyCentralJersey.com's website includes commercial advertising targeting the subscribers of MyCentralJersey.com's publication, including those in Missouri.

3674.   Upon information and belief, because the advertisers on Defendant

MyCentralJersey.com's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3675.   Upon information and belief, MyCentralJersey.com selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3676.   Upon information and belief, MyCentralJersey.com is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3677.   Upon information MyCentralJersey.com reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3678.   Alternatively, MyCentralJersey.com obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on MyCentralJersey.com's website for its digital subscribers and in connection with advertising located on its website.

3679.   Defendant MyCentralJersey.com used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3680.   Defendant MyCentralJersey.com's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3681.   Ms. Campbell did not give Defendant MyCentralJersey.com permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3682.   Ms. Campbell did not give Defendant MyCentralJersey.com permission to distribute

a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3683.   Nonetheless, Defendant MyCentralJersey.com reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "MyCentralJersey.com's Use").

3684.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3685.   Upon information and belief, the MyCentralJersey.com's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3686.   Defendant MyCentralJersey.com did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CXXIII.   <u>Defendant New Jersey Herald</u>

3687.   Defendant New Jersey Herald is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Newton, New Jersey.

3688.   Upon information and belief, New Jersey Herald has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3689.   As part of its publication, New Jersey Herald sells copies of its publication along with subscriptions and advertising for the publication.

3690.   New Jersey Herald is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly

visitors.

3691.   As part of its publication, New Jersey Herald also provides a website located at njherald.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3692.   Upon information and belief, New Jersey Herald knows that its website is read from users across the United States, including the residents in the Kansas City area.

3693.   New Jersey Herald is in charge of and determines which content is placed on its website located at New Jersey Herald which is used for its website, its advertisers, its subscribers and in its publication.

3694.   New Jersey Herald maintains at least one server accessible online to the public at www.njherald.com(the "Website").

3695.   The Website has a copyright notice on the website © 2022 www.njherald.com. All rights reserved.

3696.   Upon information and belief, New Jersey Herald used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.njherald.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
/microsoft/4597663002/,

https://www.njherald.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-
2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.njherald.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-
watch-latest-ads-super-bowl-liv/4612768002/ .

3697.   The Sowers Photograph was used for advertising by New Jersey Herald.

3698. On the Website, New Jersey Herald posts and disseminates content to its subscribers, including those located in Missouri.

3699. Such content is used to market and promote New Jersey Herald and its advertisers.

3700. Upon information and belief, Defendant New Jersey Herald has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant New Jersey Herald's Infringement**

3701. Defendant New Jersey Herald reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.njherald.com.

3702. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3703. Defendant New Jersey Herald's website includes commercial advertising targeting the subscribers of New Jersey Herald's publication, including those in Missouri.

3704. Upon information and belief, because the advertisers on Defendant New Jersey Herald's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3705. Upon information and belief, New Jersey Herald selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3706. Upon information and belief, New Jersey Herald is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3707. Upon information New Jersey Herald reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3708.   Alternatively, New Jersey Herald obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on New Jersey Herald's website for its digital subscribers and in connection with advertising located on its website.

3709.   Defendant New Jersey Herald used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3710.   Defendant New Jersey Herald's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3711.   Ms. Campbell did not give Defendant New Jersey Herald permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3712.   Ms. Campbell did not give Defendant New Jersey Herald permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3713.   Nonetheless, Defendant New Jersey Herald reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "New Jersey Herald's Use").

3714.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3715.   Upon information and belief, the New Jersey Herald's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3716.   Defendant New Jersey Herald did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXXIV.   Defendant The Bergen Record**

3717.   Defendant The Bergen Record is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in North New Jersey, New Jersey.

3718.   Upon information and belief, The Bergen Record has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3719.   As part of its publication, The Bergen Record sells copies of its publication along with subscriptions and advertising for the publication.

3720.   The Bergen Record is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3721.   As part of its publication, The Bergen Record also provides a website located at northjersey.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3722.   Upon information and belief, The Bergen Record knows that its website is read from users across the United States, including the residents in the Kansas City area.

3723.   The Bergen Record is in charge of and determines which content is placed on its website located at The Bergen Record which is used for its website, its advertisers, its subscribers and in its publication.

3724.   The Bergen Record maintains at least one server accessible online to the public at www.northjersey.com(the "Website").

3725.   The Website has a copyright notice on the website © 2022 www.northjersey.com. All rights reserved.

3726.   Upon information and belief, The Bergen Record used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.northjersey.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.northjersey.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.northjersey.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3727.   The Sowers Photograph was used for advertising by The Bergen Record.

3728.   On the Website, The Bergen Record posts and disseminates content to its subscribers, including those located in Missouri.

3729.   Such content is used to market and promote The Bergen Record and its advertisers.

3730.   Upon information and belief, Defendant The Bergen Record has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Bergen Record's Infringement**

3731.   Defendant The Bergen Record reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.northjersey.com.

3732.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3733.   Defendant The Bergen Record's website includes commercial advertising targeting

the subscribers of The Bergen Record's publication, including those in Missouri.

3734.   Upon information and belief, because the advertisers on Defendant The Bergen Record's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3735.   Upon information and belief, The Bergen Record selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3736.   Upon information and belief, The Bergen Record is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3737.   Upon information The Bergen Record reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3738.   Alternatively, The Bergen Record obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Bergen Record's website for its digital subscribers and in connection with advertising located on its website.

3739.   Defendant The Bergen Record used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3740.   Defendant The Bergen Record's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3741.   Ms. Campbell did not give Defendant The Bergen Record permission to reproduce

or use the Sowers Photograph or any of her other photographs in anyway.

3742.   Ms. Campbell did not give Defendant The Bergen Record permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3743.   Nonetheless, Defendant The Bergen Record reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Bergen Record's Use").

3744.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3745.   Upon information and belief, the The Bergen Record's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3746.   Defendant The Bergen Record did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CXXV.   **Defendant Alamogordo Daily News**

3747.   Defendant Alamogordo Daily News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Alamogordo, New Mexico.

3748.   Upon information and belief, Alamogordo Daily News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3749.   As part of its publication, Alamogordo Daily News sells copies of its publication along with subscriptions and advertising for the publication.

3750.   Alamogordo Daily News is part of a network of over 300 publications across 46

states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3751.  As part of its publication, Alamogordo Daily News also provides a website located at alamogordonews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3752.  Upon information and belief, Alamogordo Daily News knows that its website is read from users across the United States, including the residents in the Kansas City area.

3753.  Alamogordo Daily News is in charge of and determines which content is placed on its website located at Alamogordo Daily News which is used for its website, its advertisers, its subscribers and in its publication.

3754.  Alamogordo Daily News maintains at least one server accessible online to the public at www.alamogordonews.com(the "Website").

3755. The Website has a copyright notice on the website © 2022 www.alamogordonews.com. All rights reserved.

3756.  Upon information and belief, Alamogordo Daily News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.alamogordonews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.alamogordonews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.alamogordonews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3757.   The Sowers Photograph was used for advertising by Alamogordo Daily News.

3758.   On the Website, Alamogordo Daily News posts and disseminates content to its subscribers, including those located in Missouri.

3759.   Such content is used to market and promote Alamogordo Daily News and its advertisers.

3760.   Upon information and belief, Defendant Alamogordo Daily News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Alamogordo Daily News's Infringement**

3761.   Defendant Alamogordo Daily News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.alamogordonews.com.

3762.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3763.   Defendant Alamogordo Daily News's website includes commercial advertising targeting the subscribers of Alamogordo Daily News's publication, including those in Missouri.

3764.   Upon information and belief, because the advertisers on Defendant Alamogordo Daily News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3765.   Upon information and belief, Alamogordo Daily News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3766.   Upon information and belief, Alamogordo Daily News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3767.   Upon information Alamogordo Daily News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3768.   Alternatively, Alamogordo Daily News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Alamogordo Daily News's website for its digital subscribers and in connection with advertising located on its website.

3769.   Defendant Alamogordo Daily News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3770.   Defendant Alamogordo Daily News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3771.   Ms. Campbell did not give Defendant Alamogordo Daily News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3772.   Ms. Campbell did not give Defendant Alamogordo Daily News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3773.   Nonetheless, Defendant Alamogordo Daily News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Alamogordo Daily News's Use").

3774.   The reproduced photograph is viewable by anyone in the United States with internet

access, including individuals residing in Missouri.

3775.   Upon information and belief, the Alamogordo Daily News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3776.   Defendant Alamogordo Daily News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CXXVI.   **Defendant Carlsbad Current-Argus**

3777.   Defendant Carlsbad Current-Argus is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Carlsbad, New Mexico.

3778.   Upon information and belief, Carlsbad Current-Argus has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3779.   As part of its publication, Carlsbad Current-Argus sells copies of its publication along with subscriptions and advertising for the publication.

3780.   Carlsbad Current-Argus is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3781.   As part of its publication, Carlsbad Current-Argus also provides a website located at currentargus.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3782.   Upon information and belief, Carlsbad Current-Argus knows that its website is read from users across the United States, including the residents in the Kansas City area.

3783.  Carlsbad Current-Argus is in charge of and determines which content is placed on its website located at Carlsbad Current-Argus which is used for its website, its advertisers, its subscribers and in its publication.

3784.  Carlsbad Current-Argus maintains at least one server accessible online to the public at www.currentargus.com(the "Website").

3785.  The Website has a copyright notice on the website © 2022 www.currentargus.com. All rights reserved.

3786.  Upon information and belief, Carlsbad Current-Argus used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.currentargus.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
>
> https://www.currentargus.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.currentargus.com/story/entertainment/2020/01/29/super-bowl-commercials-
> 2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3787.  The Sowers Photograph was used for advertising by Carlsbad Current-Argus.

3788.  On the Website, Carlsbad Current-Argus posts and disseminates content to its subscribers, including those located in Missouri.

3789.  Such content is used to market and promote Carlsbad Current-Argus and its advertisers.

3790.  Upon information and belief, Defendant Carlsbad Current-Argus has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Carlsbad Current-Argus's Infringement**

3791.   Defendant Carlsbad Current-Argus reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.currentargus.com.

3792.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3793.   Defendant Carlsbad Current-Argus's website includes commercial advertising targeting the subscribers of Carlsbad Current-Argus's publication, including those in Missouri.

3794.   Upon information and belief, because the advertisers on Defendant Carlsbad Current-Argus's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3795.   Upon information and belief, Carlsbad Current-Argus selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3796.   Upon information and belief, Carlsbad Current-Argus is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3797.   Upon information Carlsbad Current-Argus reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3798.   Alternatively, Carlsbad Current-Argus obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Carlsbad Current-Argus's website for its digital subscribers and in connection with advertising located on its website.

3799.   Defendant Carlsbad Current-Argus used the image as part of a video which was provided through its website to various subscribers around the United States, including those located

in Missouri.

3800.  Defendant Carlsbad Current-Argus's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3801.  Ms. Campbell did not give Defendant Carlsbad Current-Argus permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3802.  Ms. Campbell did not give Defendant Carlsbad Current-Argus permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3803.  Nonetheless, Defendant Carlsbad Current-Argus reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Carlsbad Current-Argus's Use").

3804.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3805.  Upon information and belief, the Carlsbad Current-Argus's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3806.  Defendant Carlsbad Current-Argus did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXXVII.  <u>Defendant Deming Headlight</u>**

3807.   Defendant Deming Headlight is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Deming, New Mexico.

3808.   Upon information and belief, Deming Headlight has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3809.   As part of its publication, Deming Headlight sells copies of its publication along with subscriptions and advertising for the publication.

3810.   Deming Headlight is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3811.   As part of its publication, Deming Headlight also provides a website located at demingheadlight.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3812.   Upon information and belief, Deming Headlight knows that its website is read from users across the United States, including the residents in the Kansas City area.

3813.   Deming Headlight is in charge of and determines which content is placed on its website located at Deming Headlight which is used for its website, its advertisers, its subscribers and in its publication.

3814.   Deming Headlight maintains at least one server accessible online to the public at www.demingheadlight.com(the "Website").

3815.   The Website has a copyright notice on the website © 2022 www.demingheadlight.com. All rights reserved.

3816.   Upon information and belief, Deming Headlight used the Sowers Photograph in

association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.demingheadlight.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.demingheadlight.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.demingheadlight.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3817.   The Sowers Photograph was used for advertising by Deming Headlight.

3818.   On the Website, Deming Headlight posts and disseminates content to its subscribers, including those located in Missouri.

3819.   Such content is used to market and promote Deming Headlight and its advertisers.

3820.   Upon information and belief, Defendant Deming Headlight has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Deming Headlight's Infringement**

3821.   Defendant Deming Headlight reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.demingheadlight.com.

3822.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3823.   Defendant Deming Headlight's website includes commercial advertising targeting the subscribers of Deming Headlight's publication, including those in Missouri.

3824.   Upon information and belief, because the advertisers on Defendant Deming

Headlight's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3825.   Upon information and belief, Deming Headlight selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3826.   Upon information and belief, Deming Headlight is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3827.   Upon information Deming Headlight reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3828.   Alternatively, Deming Headlight obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Deming Headlight's website for its digital subscribers and in connection with advertising located on its website.

3829.   Defendant Deming Headlight used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3830.   Defendant Deming Headlight's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3831.   Ms. Campbell did not give Defendant Deming Headlight permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3832.   Ms. Campbell did not give Defendant Deming Headlight permission to distribute a

reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3833. Nonetheless, Defendant Deming Headlight reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Deming Headlight's Use").

3834. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3835. Upon information and belief, the Deming Headlight's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3836. Defendant Deming Headlight did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXXVIII. Defendant Las Cruces Sun-News**

3837. Defendant Las Cruces Sun-News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Las Cruces, New Mexico.

3838. Upon information and belief, Las Cruces Sun-News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3839. As part of its publication, Las Cruces Sun-News sells copies of its publication along with subscriptions and advertising for the publication.

3840. Las Cruces Sun-News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3841. As part of its publication, Las Cruces Sun-News also provides a website located at lcsun-news.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3842. Upon information and belief, Las Cruces Sun-News knows that its website is read from users across the United States, including the residents in the Kansas City area.

3843. Las Cruces Sun-News is in charge of and determines which content is placed on its website located at Las Cruces Sun-News which is used for its website, its advertisers, its subscribers and in its publication.

3844. Las Cruces Sun-News maintains at least one server accessible online to the public at www.lcsun-news.com(the "Website").

3845. The Website has a copyright notice on the website © 2022 www.lcsun-news.com. All rights reserved.

3846. Upon information and belief, Las Cruces Sun-News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.lcsun-news.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.lcsun-news.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.lcsun-news.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3847. The Sowers Photograph was used for advertising by Las Cruces Sun-News.

3848. On the Website, Las Cruces Sun-News posts and disseminates content to its

subscribers, including those located in Missouri.

3849.  Such content is used to market and promote Las Cruces Sun-News and its advertisers.

3850.  Upon information and belief, Defendant Las Cruces Sun-News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Las Cruces Sun-News's Infringement**

3851.  Defendant Las Cruces Sun-News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.lcsun-news.com.

3852.  Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3853.  Defendant Las Cruces Sun-News's website includes commercial advertising targeting the subscribers of Las Cruces Sun-News's publication, including those in Missouri.

3854.  Upon information and belief, because the advertisers on Defendant Las Cruces Sun-News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3855.  Upon information and belief, Las Cruces Sun-News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3856.  Upon information and belief, Las Cruces Sun-News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3857.  Upon information Las Cruces Sun-News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3858.  Alternatively, Las Cruces Sun-News obtained an unlicensed reproduction of

Plaintiff's image from Gannett Media Corp for use on Las Cruces Sun-News's website for its digital subscribers and in connection with advertising located on its website.

3859. Defendant Las Cruces Sun-News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3860. Defendant Las Cruces Sun-News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3861. Ms. Campbell did not give Defendant Las Cruces Sun-News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3862. Ms. Campbell did not give Defendant Las Cruces Sun-News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3863. Nonetheless, Defendant Las Cruces Sun-News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Las Cruces Sun-News's Use").

3864. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3865. Upon information and belief, the Las Cruces Sun-News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3866.   Defendant Las Cruces Sun-News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXXIX.   Defendant Ruidoso News**

3867.   Defendant Ruidoso News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Ruidoso, New Mexico.

3868.   Upon information and belief, Ruidoso News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3869.   As part of its publication, Ruidoso News sells copies of its publication along with subscriptions and advertising for the publication.

3870.   Ruidoso News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3871.   As part of its publication, Ruidoso News also provides a website located at ruidosonews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3872.   Upon information and belief, Ruidoso News knows that its website is read from users across the United States, including the residents in the Kansas City area.

3873.   Ruidoso News is in charge of and determines which content is placed on its website located at Ruidoso News which is used for its website, its advertisers, its subscribers and in its publication.

3874.   Ruidoso News maintains at least one server accessible online to the public at www.ruidosonews.com(the "Website").

3875.   The Website has a copyright notice on the website © 2022 www.ruidosonews.com. All rights reserved.

3876.   Upon information and belief, Ruidoso News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.ruidosonews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.ruidosonews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.ruidosonews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3877.   The Sowers Photograph was used for advertising by Ruidoso News.

3878.   On the Website, Ruidoso News posts and disseminates content to its subscribers, including those located in Missouri.

3879.   Such content is used to market and promote Ruidoso News and its advertisers.

3880.   Upon information and belief, Defendant Ruidoso News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Ruidoso News's Infringement**

3881.   Defendant Ruidoso News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.ruidosonews.com.

3882.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3883.   Defendant Ruidoso News's website includes commercial advertising targeting the

subscribers of Ruidoso News's publication, including those in Missouri.

3884.   Upon information and belief, because the advertisers on Defendant Ruidoso News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3885.   Upon information and belief, Ruidoso News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3886.   Upon information and belief, Ruidoso News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3887.   Upon information Ruidoso News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3888.   Alternatively, Ruidoso News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Ruidoso News's website for its digital subscribers and in connection with advertising located on its website.

3889.   Defendant Ruidoso News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3890.   Defendant Ruidoso News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3891.   Ms. Campbell did not give Defendant Ruidoso News permission to reproduce or use

the Sowers Photograph or any of her other photographs in anyway.

3892. Ms. Campbell did not give Defendant Ruidoso News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3893. Nonetheless, Defendant Ruidoso News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Ruidoso News's Use").

3894. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3895. Upon information and belief, the Ruidoso News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3896. Defendant Ruidoso News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXXX.**     **Defendant Silver City Sun-News**

3897. Defendant Silver City Sun-News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Silver City, New Mexico.

3898. Upon information and belief, Silver City Sun-News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3899. As part of its publication, Silver City Sun-News sells copies of its publication along with subscriptions and advertising for the publication.

3900. Silver City Sun-News is part of a network of over 300 publications across 46 states

with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3901.   As part of its publication, Silver City Sun-News also provides a website located at scsun-news.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3902.   Upon information and belief, Silver City Sun-News knows that its website is read from users across the United States, including the residents in the Kansas City area.

3903.   Silver City Sun-News is in charge of and determines which content is placed on its website located at Silver City Sun-News which is used for its website, its advertisers, its subscribers and in its publication.

3904.   Silver City Sun-News maintains at least one server accessible online to the public at www.scsun-news.com(the "Website").

3905.   The Website has a copyright notice on the website © 2022 www.scsun-news.com. All rights reserved.

3906.   Upon information and belief, Silver City Sun-News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.scsun-news.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.scsun-news.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.scsun-news.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3907. The Sowers Photograph was used for advertising by Silver City Sun-News.

3908. On the Website, Silver City Sun-News posts and disseminates content to its subscribers, including those located in Missouri.

3909. Such content is used to market and promote Silver City Sun-News and its advertisers.

3910. Upon information and belief, Defendant Silver City Sun-News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Silver City Sun-News's Infringement**

3911. Defendant Silver City Sun-News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.scsun-news.com.

3912. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3913. Defendant Silver City Sun-News's website includes commercial advertising targeting the subscribers of Silver City Sun-News's publication, including those in Missouri.

3914. Upon information and belief, because the advertisers on Defendant Silver City Sun-News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3915. Upon information and belief, Silver City Sun-News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3916. Upon information and belief, Silver City Sun-News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3917. Upon information Silver City Sun-News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to

its subscribers, including those in Missouri.

3918.   Alternatively, Silver City Sun-News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Silver City Sun-News's website for its digital subscribers and in connection with advertising located on its website.

3919.   Defendant Silver City Sun-News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3920.   Defendant Silver City Sun-News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3921.   Ms. Campbell did not give Defendant Silver City Sun-News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3922.   Ms. Campbell did not give Defendant Silver City Sun-News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3923.   Nonetheless, Defendant Silver City Sun-News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Silver City Sun-News's Use").

3924.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3925.   Upon information and belief, the Silver City Sun-News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri

advertisers.

3926.   Defendant Silver City Sun-News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXXXI.**   **Defendant The Daily Times**

3927.   Defendant The Daily Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Farmington, New Mexico.

3928.   Upon information and belief, The Daily Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3929.   As part of its publication, The Daily Times sells copies of its publication along with subscriptions and advertising for the publication.

3930.   The Daily Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3931.   As part of its publication, The Daily Times also provides a website located at daily-times.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3932.   Upon information and belief, The Daily Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

3933.   The Daily Times is in charge of and determines which content is placed on its website located at The Daily Times which is used for its website, its advertisers, its subscribers and in its publication.

3934.   The Daily Times maintains at least one server accessible online to the public at

www.daily-times.com(the "Website").

3935.   The Website has a copyright notice on the website © 2022 www.daily-times.com. All rights reserved.

3936.   Upon information and belief, The Daily Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.daily-times.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.daily-times.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.daily-times.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3937.   The Sowers Photograph was used for advertising by The Daily Times.

3938.   On the Website, The Daily Times posts and disseminates content to its subscribers, including those located in Missouri.

3939.   Such content is used to market and promote The Daily Times and its advertisers.

3940.   Upon information and belief, Defendant The Daily Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Daily Times's Infringement**

3941.   Defendant The Daily Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.daily-times.com.

3942.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3943.   Defendant The Daily Times's website includes commercial advertising targeting the subscribers of The Daily Times's publication, including those in Missouri.

3944.   Upon information and belief, because the advertisers on Defendant The Daily Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3945.   Upon information and belief, The Daily Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3946.   Upon information and belief, The Daily Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3947.   Upon information The Daily Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3948.   Alternatively, The Daily Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Daily Times's website for its digital subscribers and in connection with advertising located on its website.

3949.   Defendant The Daily Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3950.   Defendant The Daily Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3951. Ms. Campbell did not give Defendant The Daily Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3952. Ms. Campbell did not give Defendant The Daily Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3953. Nonetheless, Defendant The Daily Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Daily Times's Use").

3954. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3955. Upon information and belief, the The Daily Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3956. Defendant The Daily Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CXXXII. **Defendant Daily Messenger**

3957. Defendant Daily Messenger is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Canandaigua, New York.

3958. Upon information and belief, Daily Messenger has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3959. As part of its publication, Daily Messenger sells copies of its publication along with subscriptions and advertising for the publication.

3960. Daily Messenger is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3961. As part of its publication, Daily Messenger also provides a website located at mpnnow.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3962. Upon information and belief, Daily Messenger knows that its website is read from users across the United States, including the residents in the Kansas City area.

3963. Daily Messenger is in charge of and determines which content is placed on its website located at Daily Messenger which is used for its website, its advertisers, its subscribers and in its publication.

3964. Daily Messenger maintains at least one server accessible online to the public at www.mpnnow.com(the "Website").

3965. The Website has a copyright notice on the website © 2022 www.mpnnow.com. All rights reserved.

3966. Upon information and belief, Daily Messenger used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.mpnnow.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.mpnnow.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.mpnnow.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

3967.   The Sowers Photograph was used for advertising by Daily Messenger.

3968.   On the Website, Daily Messenger posts and disseminates content to its subscribers, including those located in Missouri.

3969.   Such content is used to market and promote Daily Messenger and its advertisers.

3970.   Upon information and belief, Defendant Daily Messenger has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Daily Messenger's Infringement**

3971.   Defendant Daily Messenger reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.mpnnow.com.

3972.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

3973.   Defendant Daily Messenger's website includes commercial advertising targeting the subscribers of Daily Messenger's publication, including those in Missouri.

3974.   Upon information and belief, because the advertisers on Defendant Daily Messenger's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

3975.   Upon information and belief, Daily Messenger selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

3976.   Upon information and belief, Daily Messenger is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

3977.   Upon information Daily Messenger reproduced Plaintiff's image by using a screen

shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

3978. Alternatively, Daily Messenger obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Daily Messenger's website for its digital subscribers and in connection with advertising located on its website.

3979. Defendant Daily Messenger used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

3980. Defendant Daily Messenger's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

3981. Ms. Campbell did not give Defendant Daily Messenger permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

3982. Ms. Campbell did not give Defendant Daily Messenger permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

3983. Nonetheless, Defendant Daily Messenger reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Daily Messenger's Use").

3984. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

3985. Upon information and belief, the Daily Messenger's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to

encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

3986.   Defendant Daily Messenger did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXXXIII. Defendant Democrat and Chronicle**

3987.   Defendant Democrat and Chronicle is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Rochester, New York.

3988.   Upon information and belief, Democrat and Chronicle has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

3989.   As part of its publication, Democrat and Chronicle sells copies of its publication along with subscriptions and advertising for the publication.

3990.   Democrat and Chronicle is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

3991.   As part of its publication, Democrat and Chronicle also provides a website located at democratandchronicle.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

3992.   Upon information and belief, Democrat and Chronicle knows that its website is read from users across the United States, including the residents in the Kansas City area.

3993.   Democrat and Chronicle is in charge of and determines which content is placed on its website located at Democrat and Chronicle which is used for its website, its advertisers, its subscribers and in its publication.

3994. Democrat and Chronicle maintains at least one server accessible online to the public at www.democratandchronicle.com(the "Website").

3995. The Website has a copyright notice on the website © 2022 www.democratandchronicle.com. All rights reserved.

3996. Upon information and belief, Democrat and Chronicle used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.democratandchronicle.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.democratandchronicle.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.democratandchronicle.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

3997. The Sowers Photograph was used for advertising by Democrat and Chronicle.

3998. On the Website, Democrat and Chronicle posts and disseminates content to its subscribers, including those located in Missouri.

3999. Such content is used to market and promote Democrat and Chronicle and its advertisers.

4000. Upon information and belief, Defendant Democrat and Chronicle has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Democrat and Chronicle's Infringement**

4001. Defendant Democrat and Chronicle reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at

www.democratandchronicle.com.

4002.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4003.   Defendant Democrat and Chronicle's website includes commercial advertising targeting the subscribers of Democrat and Chronicle's publication, including those in Missouri.

4004.   Upon information and belief, because the advertisers on Defendant Democrat and Chronicle's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4005.   Upon information and belief, Democrat and Chronicle selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4006.   Upon information and belief, Democrat and Chronicle is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4007.   Upon information Democrat and Chronicle reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4008.   Alternatively, Democrat and Chronicle obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Democrat and Chronicle's website for its digital subscribers and in connection with advertising located on its website.

4009.   Defendant Democrat and Chronicle used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4010.   Defendant Democrat and Chronicle's infringement arose out of the reproduction of

Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4011.    Ms. Campbell did not give Defendant Democrat and Chronicle permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4012.    Ms. Campbell did not give Defendant Democrat and Chronicle permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4013.    Nonetheless, Defendant Democrat and Chronicle reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Democrat and Chronicle's Use").

4014.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4015.    Upon information and belief, the Democrat and Chronicle's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4016.    Defendant Democrat and Chronicle did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CXXXIV. **Defendant The Journal News**

4017.    Defendant The Journal News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Westchester,

New York.

4018.   Upon information and belief, The Journal News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4019.   As part of its publication, The Journal News sells copies of its publication along with subscriptions and advertising for the publication.

4020.   The Journal News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4021.   As part of its publication, The Journal News also provides a website located at lohud.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4022.   Upon information and belief, The Journal News knows that its website is read from users across the United States, including the residents in the Kansas City area.

4023.   The Journal News is in charge of and determines which content is placed on its website located at The Journal News which is used for its website, its advertisers, its subscribers and in its publication.

4024.   The Journal News maintains at least one server accessible online to the public at www.lohud.com(the "Website").

4025.   The Website has a copyright notice on the website © 2022 www.lohud.com. All rights reserved.

4026.   Upon information and belief, The Journal News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.lohud.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.lohud.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.lohud.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

4027.  The Sowers Photograph was used for advertising by The Journal News.

4028.  On the Website, The Journal News posts and disseminates content to its subscribers,

including those located in Missouri.

4029.  Such content is used to market and promote The Journal News and its advertisers.

4030.  Upon information and belief, Defendant The Journal News has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant The Journal News's Infringement**

4031.  Defendant The Journal News reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.lohud.com.

4032.  Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4033.  Defendant The Journal News's website includes commercial advertising targeting

the subscribers of The Journal News's publication, including those in Missouri.

4034.  Upon information and belief, because the advertisers on Defendant The Journal

News's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

4035.  Upon information and belief, The Journal News selected Plaintiff's image for

inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4036. Upon information and belief, The Journal News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4037. Upon information The Journal News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4038. Alternatively, The Journal News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Journal News's website for its digital subscribers and in connection with advertising located on its website.

4039. Defendant The Journal News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4040. Defendant The Journal News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4041. Ms. Campbell did not give Defendant The Journal News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4042. Ms. Campbell did not give Defendant The Journal News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4043. Nonetheless, Defendant The Journal News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising

content via its website to its digital subscribers and others (the "The Journal News's Use").

4044.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4045.   Upon information and belief, the The Journal News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4046.   Defendant The Journal News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXXXV.  Defendant Poughkeepsie Journal**

4047.   Defendant Poughkeepsie Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Poughkeepsie, New York.

4048.   Upon information and belief, Poughkeepsie Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4049.   As part of its publication, Poughkeepsie Journal sells copies of its publication along with subscriptions and advertising for the publication.

4050.   Poughkeepsie Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4051.   As part of its publication, Poughkeepsie Journal also provides a website located at poughkeepsiejournal.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4052.   Upon information and belief, Poughkeepsie Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

4053.   Poughkeepsie Journal is in charge of and determines which content is placed on its website located at Poughkeepsie Journal which is used for its website, its advertisers, its subscribers and in its publication.

4054.   Poughkeepsie Journal maintains at least one server accessible online to the public at www.poughkeepsiejournal.com(the "Website").

4055.   The Website has a copyright notice on the website © 2022 www.poughkeepsiejournal.com. All rights reserved.

4056.   Upon information and belief, Poughkeepsie Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.poughkeepsiejournal.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.poughkeepsiejournal.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.poughkeepsiejournal.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4057.   The Sowers Photograph was used for advertising by Poughkeepsie Journal.

4058.   On the Website, Poughkeepsie Journal posts and disseminates content to its subscribers, including those located in Missouri.

4059.   Such content is used to market and promote Poughkeepsie Journal and its advertisers.

4060.   Upon information and belief, Defendant Poughkeepsie Journal has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant Poughkeepsie Journal's Infringement**

4061. Defendant Poughkeepsie Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.poughkeepsiejournal.com.

4062. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4063. Defendant Poughkeepsie Journal's website includes commercial advertising targeting the subscribers of Poughkeepsie Journal's publication, including those in Missouri.

4064. Upon information and belief, because the advertisers on Defendant Poughkeepsie Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4065. Upon information and belief, Poughkeepsie Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4066. Upon information and belief, Poughkeepsie Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4067. Upon information Poughkeepsie Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4068. Alternatively, Poughkeepsie Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Poughkeepsie Journal's website for its digital subscribers and in connection with advertising located on its website.

500

4069. Defendant Poughkeepsie Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4070. Defendant Poughkeepsie Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4071. Ms. Campbell did not give Defendant Poughkeepsie Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4072. Ms. Campbell did not give Defendant Poughkeepsie Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4073. Nonetheless, Defendant Poughkeepsie Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Poughkeepsie Journal's Use").

4074. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4075. Upon information and belief, the Poughkeepsie Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4076. Defendant Poughkeepsie Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXXXVI. Defendant Press & Sun-Bulletin**

4077.   Defendant Press & Sun-Bulletin is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Binghamton, New York.

4078.   Upon information and belief, Press & Sun-Bulletin has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4079.   As part of its publication, Press & Sun-Bulletin sells copies of its publication along with subscriptions and advertising for the publication.

4080.   Press & Sun-Bulletin is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4081.   As part of its publication, Press & Sun-Bulletin also provides a website located at pressconnects.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4082.   Upon information and belief, Press & Sun-Bulletin knows that its website is read from users across the United States, including the residents in the Kansas City area.

4083.   Press & Sun-Bulletin is in charge of and determines which content is placed on its website located at Press & Sun-Bulletin which is used for its website, its advertisers, its subscribers and in its publication.

4084.   Press & Sun-Bulletin maintains at least one server accessible online to the public at www.pressconnects.com(the "Website").

4085.   The Website has a copyright notice on the website © 2022 www.pressconnects.com. All rights reserved.

4086.   Upon information and belief, Press & Sun-Bulletin used the Sowers Photograph in

association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.pressconnects.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.pressconnects.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.pressconnects.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4087.    The Sowers Photograph was used for advertising by Press & Sun-Bulletin.

4088.    On the Website, Press & Sun-Bulletin posts and disseminates content to its subscribers, including those located in Missouri.

4089.    Such content is used to market and promote Press & Sun-Bulletin and its advertisers.

4090.    Upon information and belief, Defendant Press & Sun-Bulletin has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Press & Sun-Bulletin's Infringement**

4091.    Defendant Press & Sun-Bulletin reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.pressconnects.com.

4092.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4093.    Defendant Press & Sun-Bulletin's website includes commercial advertising targeting the subscribers of Press & Sun-Bulletin's publication, including those in Missouri.

4094.    Upon information and belief, because the advertisers on Defendant Press & Sun-Bulletin's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

4095.   Upon information and belief, Press & Sun-Bulletin selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4096.   Upon information and belief, Press & Sun-Bulletin is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4097.   Upon information Press & Sun-Bulletin reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4098.   Alternatively, Press & Sun-Bulletin obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Press & Sun-Bulletin's website for its digital subscribers and in connection with advertising located on its website.

4099.   Defendant Press & Sun-Bulletin used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4100.   Defendant Press & Sun-Bulletin's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4101.   Ms. Campbell did not give Defendant Press & Sun-Bulletin permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4102.   Ms. Campbell did not give Defendant Press & Sun-Bulletin permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4103.   Nonetheless, Defendant Press & Sun-Bulletin reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Press & Sun-Bulletin's Use").

4104.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4105.   Upon information and belief, the Press & Sun-Bulletin's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4106.   Defendant Press & Sun-Bulletin did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CXXXVII.          **Defendant Spectator**

4107.   Defendant Spectator is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Hornell, New York.

4108.   Upon information and belief, Spectator has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4109.   As part of its publication, Spectator sells copies of its publication along with subscriptions and advertising for the publication.

4110.   Spectator is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4111.   As part of its publication, Spectator also provides a website located at eveningtribune.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4112.   Upon information and belief, Spectator knows that its website is read from users across the United States, including the residents in the Kansas City area.

4113.   Spectator is in charge of and determines which content is placed on its website located at Spectator which is used for its website, its advertisers, its subscribers and in its publication.

4114.   Spectator maintains at least one server accessible online to the public at www.eveningtribune.com(the "Website").

4115.   The Website has a copyright notice on the website © 2022 www.eveningtribune.com. All rights reserved.

4116.   Upon information and belief, Spectator used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.eveningtribune.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
>
> /microsoft/4597663002/,
>
> https://www.eveningtribune.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
>
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.eveningtribune.com/story/entertainment/2020/01/29/super-bowl-commercials-
>
> 2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4117.   The Sowers Photograph was used for advertising by Spectator.

4118.   On the Website, Spectator posts and disseminates content to its subscribers, including those located in Missouri.

4119.   Such content is used to market and promote Spectator and its advertisers.

4120.   Upon information and belief, Defendant Spectator has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Spectator's Infringement**

4121.    Defendant Spectator reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.eveningtribune.com.

4122.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4123.    Defendant Spectator's website includes commercial advertising targeting the subscribers of Spectator's publication, including those in Missouri.

4124.    Upon information and belief, because the advertisers on Defendant Spectator's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4125.    Upon information and belief, Spectator selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4126.    Upon information and belief, Spectator is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4127.    Upon information Spectator reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4128.    Alternatively, Spectator obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Spectator's website for its digital subscribers and in connection with advertising located on its website.

4129.    Defendant Spectator used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4130.   Defendant Spectator's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4131.   Ms. Campbell did not give Defendant Spectator permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4132.   Ms. Campbell did not give Defendant Spectator permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4133.   Nonetheless, Defendant Spectator reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Spectator's Use").

4134.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4135.   Upon information and belief, the Spectator's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4136.   Defendant Spectator did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CXXXVIII.        Defendant The Ithaca Journal

4137.   Defendant The Ithaca Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Ithaca, New York.

4138.   Upon information and belief, The Ithaca Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4139.   As part of its publication, The Ithaca Journal sells copies of its publication along with subscriptions and advertising for the publication.

4140.   The Ithaca Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4141.   As part of its publication, The Ithaca Journal also provides a website located at ithacajournal.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4142.   Upon information and belief, The Ithaca Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

4143.   The Ithaca Journal is in charge of and determines which content is placed on its website located at The Ithaca Journal which is used for its website, its advertisers, its subscribers and in its publication.

4144.   The Ithaca Journal maintains at least one server accessible online to the public at www.ithacajournal.com(the "Website").

4145.   The Website has a copyright notice on the website © 2022 www.ithacajournal.com. All rights reserved.

4146.   Upon information and belief, The Ithaca Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.ithacajournal.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.ithacajournal.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.ithacajournal.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4147.   The Sowers Photograph was used for advertising by The Ithaca Journal.

4148.   On the Website, The Ithaca Journal posts and disseminates content to its subscribers, including those located in Missouri.

4149.   Such content is used to market and promote The Ithaca Journal and its advertisers.

4150.   Upon information and belief, Defendant The Ithaca Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Ithaca Journal's Infringement**

4151.   Defendant The Ithaca Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.ithacajournal.com.

4152.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4153.   Defendant The Ithaca Journal's website includes commercial advertising targeting the subscribers of The Ithaca Journal's publication, including those in Missouri.

4154.   Upon information and belief, because the advertisers on Defendant The Ithaca Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4155.   Upon information and belief, The Ithaca Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4156. Upon information and belief, The Ithaca Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4157. Upon information The Ithaca Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4158. Alternatively, The Ithaca Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Ithaca Journal's website for its digital subscribers and in connection with advertising located on its website.

4159. Defendant The Ithaca Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4160. Defendant The Ithaca Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4161. Ms. Campbell did not give Defendant The Ithaca Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4162. Ms. Campbell did not give Defendant The Ithaca Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4163. Nonetheless, Defendant The Ithaca Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Ithaca Journal's Use").

4164. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4165. Upon information and belief, the The Ithaca Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4166. Defendant The Ithaca Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CXXXIX. **Defendant The Leader**

4167. Defendant The Leader is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Corning, New York.

4168. Upon information and belief, The Leader has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4169. As part of its publication, The Leader sells copies of its publication along with subscriptions and advertising for the publication.

4170. The Leader is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4171. As part of its publication, The Leader also provides a website located at the-leader.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4172. Upon information and belief, The Leader knows that its website is read from users across the United States, including the residents in the Kansas City area.

4173. The Leader is in charge of and determines which content is placed on its website

located at The Leader which is used for its website, its advertisers, its subscribers and in its publication.

4174. The Leader maintains at least one server accessible online to the public at www.the-leader.com(the "Website").

4175. The Website has a copyright notice on the website © 2022 www.the-leader.com. All rights reserved.

4176. Upon information and belief, The Leader used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.the-leader.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.the-leader.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.the-leader.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4177. The Sowers Photograph was used for advertising by The Leader.

4178. On the Website, The Leader posts and disseminates content to its subscribers, including those located in Missouri.

4179. Such content is used to market and promote The Leader and its advertisers.

4180. Upon information and belief, Defendant The Leader has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Leader's Infringement**

4181. Defendant The Leader reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.the-leader.com.

4182.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4183.   Defendant The Leader's website includes commercial advertising targeting the subscribers of The Leader's publication, including those in Missouri.

4184.   Upon information and belief, because the advertisers on Defendant The Leader's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4185.   Upon information and belief, The Leader selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4186.   Upon information and belief, The Leader is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4187.   Upon information The Leader reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4188.   Alternatively, The Leader obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Leader's website for its digital subscribers and in connection with advertising located on its website.

4189.   Defendant The Leader used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4190.   Defendant The Leader's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed

reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4191.  Ms. Campbell did not give Defendant The Leader permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4192.  Ms. Campbell did not give Defendant The Leader permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4193.  Nonetheless, Defendant The Leader reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Leader's Use").

4194.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4195.  Upon information and belief, the The Leader's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4196.  Defendant The Leader did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXL.  Defendant The Star Gazette**

4197.  Defendant The Star Gazette is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Elmira, New York.

4198.  Upon information and belief, The Star Gazette has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4199.  As part of its publication, The Star Gazette sells copies of its publication along with

subscriptions and advertising for the publication.

4200. The Star Gazette is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4201. As part of its publication, The Star Gazette also provides a website located at stargazette.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4202. Upon information and belief, The Star Gazette knows that its website is read from users across the United States, including the residents in the Kansas City area.

4203. The Star Gazette is in charge of and determines which content is placed on its website located at The Star Gazette which is used for its website, its advertisers, its subscribers and in its publication.

4204. The Star Gazette maintains at least one server accessible online to the public at www.stargazette.com(the "Website").

4205. The Website has a copyright notice on the website © 2022 www.stargazette.com. All rights reserved.

4206. Upon information and belief, The Star Gazette used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.stargazette.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.stargazette.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.stargazette.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4207.    The Sowers Photograph was used for advertising by The Star Gazette.

4208.    On the Website, The Star Gazette posts and disseminates content to its subscribers, including those located in Missouri.

4209.    Such content is used to market and promote The Star Gazette and its advertisers.

4210.    Upon information and belief, Defendant The Star Gazette has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Star Gazette's Infringement**

4211.    Defendant The Star Gazette reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.stargazette.com.

4212.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4213.    Defendant The Star Gazette's website includes commercial advertising targeting the subscribers of The Star Gazette's publication, including those in Missouri.

4214.    Upon information and belief, because the advertisers on Defendant The Star Gazette's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4215.    Upon information and belief, The Star Gazette selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4216.    Upon information and belief, The Star Gazette is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4217. Upon information The Star Gazette reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4218. Alternatively, The Star Gazette obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Star Gazette's website for its digital subscribers and in connection with advertising located on its website.

4219. Defendant The Star Gazette used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4220. Defendant The Star Gazette's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4221. Ms. Campbell did not give Defendant The Star Gazette permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4222. Ms. Campbell did not give Defendant The Star Gazette permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4223. Nonetheless, Defendant The Star Gazette reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Star Gazette's Use").

4224. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4225. Upon information and belief, the The Star Gazette's Use was part of a marketing and

promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4226.   Defendant The Star Gazette did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CXLI. **Defendant Times Herald-Record**

4227.   Defendant Times Herald-Record is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Middletown, New York.

4228.   Upon information and belief, Times Herald-Record has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4229.   As part of its publication, Times Herald-Record sells copies of its publication along with subscriptions and advertising for the publication.

4230.   Times Herald-Record is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4231.   As part of its publication, Times Herald-Record also provides a website located at recordonline.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4232.   Upon information and belief, Times Herald-Record knows that its website is read from users across the United States, including the residents in the Kansas City area.

4233.   Times Herald-Record is in charge of and determines which content is placed on its website located at Times Herald-Record which is used for its website, its advertisers, its subscribers

and in its publication.

4234.  Times Herald-Record maintains at least one server accessible online to the public at www.recordonline.com(the "Website").

4235.  The Website has a copyright notice on the website © 2022 www.recordonline.com. All rights reserved.

4236.  Upon information and belief, Times Herald-Record used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.recordonline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.recordonline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.recordonline.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4237.  The Sowers Photograph was used for advertising by Times Herald-Record.

4238.  On the Website, Times Herald-Record posts and disseminates content to its subscribers, including those located in Missouri.

4239.  Such content is used to market and promote Times Herald-Record and its advertisers.

4240.  Upon information and belief, Defendant Times Herald-Record has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Times Herald-Record's Infringement**

4241.  Defendant Times Herald-Record reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.recordonline.com.

4242.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4243.   Defendant Times Herald-Record's website includes commercial advertising targeting the subscribers of Times Herald-Record's publication, including those in Missouri.

4244.   Upon information and belief, because the advertisers on Defendant Times Herald-Record's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4245.   Upon information and belief, Times Herald-Record selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4246.   Upon information and belief, Times Herald-Record is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4247.   Upon information Times Herald-Record reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4248.   Alternatively, Times Herald-Record obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Times Herald-Record's website for its digital subscribers and in connection with advertising located on its website.

4249.   Defendant Times Herald-Record used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4250.   Defendant Times Herald-Record's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the

unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4251.   Ms. Campbell did not give Defendant Times Herald-Record permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4252.   Ms. Campbell did not give Defendant Times Herald-Record permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4253.   Nonetheless, Defendant Times Herald-Record reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Times Herald-Record's Use").

4254.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4255.   Upon information and belief, the Times Herald-Record's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4256.   Defendant Times Herald-Record did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CXLII.   **Defendant Times Telegram**

4257.   Defendant Times Telegram is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Utica, New York.

4258.   Upon information and belief, Times Telegram has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4259.   As part of its publication, Times Telegram sells copies of its publication along with

subscriptions and advertising for the publication.

4260. Times Telegram is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4261. As part of its publication, Times Telegram also provides a website located at timestelegram.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4262. Upon information and belief, Times Telegram knows that its website is read from users across the United States, including the residents in the Kansas City area.

4263. Times Telegram is in charge of and determines which content is placed on its website located at Times Telegram which is used for its website, its advertisers, its subscribers and in its publication.

4264. Times Telegram maintains at least one server accessible online to the public at www.timestelegram.com(the "Website").

4265. The Website has a copyright notice on the website © 2022 www.timestelegram.com. All rights reserved.

4266. Upon information and belief, Times Telegram used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.timestelegram.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
/microsoft/4597663002/,

https://www.timestelegram.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.timestelegram.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4267. The Sowers Photograph was used for advertising by Times Telegram.

4268. On the Website, Times Telegram posts and disseminates content to its subscribers, including those located in Missouri.

4269. Such content is used to market and promote Times Telegram and its advertisers.

4270. Upon information and belief, Defendant Times Telegram has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Times Telegram's Infringement**

4271. Defendant Times Telegram reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.timestelegram.com.

4272. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4273. Defendant Times Telegram's website includes commercial advertising targeting the subscribers of Times Telegram's publication, including those in Missouri.

4274. Upon information and belief, because the advertisers on Defendant Times Telegram's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4275. Upon information and belief, Times Telegram selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4276. Upon information and belief, Times Telegram is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4277. Upon information Times Telegram reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4278. Alternatively, Times Telegram obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Times Telegram's website for its digital subscribers and in connection with advertising located on its website.

4279. Defendant Times Telegram used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4280. Defendant Times Telegram's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4281. Ms. Campbell did not give Defendant Times Telegram permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4282. Ms. Campbell did not give Defendant Times Telegram permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4283. Nonetheless, Defendant Times Telegram reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Times Telegram's Use").

4284. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4285. Upon information and belief, the Times Telegram's Use was part of a marketing and

promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4286.   Defendant Times Telegram did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CXLIII.   Defendant Utica Observer-Dispatch

4287.   Defendant Utica Observer-Dispatch is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Utica, New York.

4288.   Upon information and belief, Utica Observer-Dispatch has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4289.   As part of its publication, Utica Observer-Dispatch sells copies of its publication along with subscriptions and advertising for the publication.

4290.   Utica Observer-Dispatch is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4291.   As part of its publication, Utica Observer-Dispatch also provides a website located at uticaod.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4292.   Upon information and belief, Utica Observer-Dispatch knows that its website is read from users across the United States, including the residents in the Kansas City area.

4293.   Utica Observer-Dispatch is in charge of and determines which content is placed on its website located at Utica Observer-Dispatch which is used for its website, its advertisers, its

subscribers and in its publication.

4294.  Utica Observer-Dispatch maintains at least one server accessible online to the public at www.uticaod.com(the "Website").

4295.  The Website has a copyright notice on the website © 2022 www.uticaod.com. All rights reserved.

4296.  Upon information and belief, Utica Observer-Dispatch used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.uticaod.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.uticaod.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.uticaod.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

4297.  The Sowers Photograph was used for advertising by Utica Observer-Dispatch.

4298.  On the Website, Utica Observer-Dispatch posts and disseminates content to its subscribers, including those located in Missouri.

4299.  Such content is used to market and promote Utica Observer-Dispatch and its advertisers.

4300.  Upon information and belief, Defendant Utica Observer-Dispatch has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Utica Observer-Dispatch's Infringement**

4301.  Defendant Utica Observer-Dispatch reproduced Plaintiff's image and distributed it

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 527 of 848

to its subscribers, including those located in Missouri, via its website located at www.uticaod.com.

4302.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4303.   Defendant Utica Observer-Dispatch's website includes commercial advertising targeting the subscribers of Utica Observer-Dispatch's publication, including those in Missouri.

4304.   Upon information and belief, because the advertisers on Defendant Utica Observer-Dispatch's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4305.   Upon information and belief, Utica Observer-Dispatch selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4306.   Upon information and belief, Utica Observer-Dispatch is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4307.   Upon information Utica Observer-Dispatch reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4308.   Alternatively, Utica Observer-Dispatch obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Utica Observer-Dispatch's website for its digital subscribers and in connection with advertising located on its website.

4309.   Defendant Utica Observer-Dispatch used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4310.   Defendant Utica Observer-Dispatch's infringement arose out of the reproduction of

Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4311. Ms. Campbell did not give Defendant Utica Observer-Dispatch permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4312. Ms. Campbell did not give Defendant Utica Observer-Dispatch permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4313. Nonetheless, Defendant Utica Observer-Dispatch reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Utica Observer-Dispatch's Use").

4314. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4315. Upon information and belief, the Utica Observer-Dispatch's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4316. Defendant Utica Observer-Dispatch did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CXLIV. **Defendant Asheville Citizen-Times**

4317. Defendant Asheville Citizen-Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in

Asheville, North Carolina.

4318.   Upon information and belief, Asheville Citizen-Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4319.   As part of its publication, Asheville Citizen-Times sells copies of its publication along with subscriptions and advertising for the publication.

4320.   Asheville Citizen-Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4321.   As part of its publication, Asheville Citizen-Times also provides a website located at citizen-times.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4322.   Upon information and belief, Asheville Citizen-Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

4323.   Asheville Citizen-Times is in charge of and determines which content is placed on its website located at Asheville Citizen-Times which is used for its website, its advertisers, its subscribers and in its publication.

4324.   Asheville Citizen-Times maintains at least one server accessible online to the public at www.citizen-times.com(the "Website").

4325.   The Website has a copyright notice on the website © 2022 www.citizen-times.com. All rights reserved.

4326.   Upon information and belief, Asheville Citizen-Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.citizen-times.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.citizen-times.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.citizen-times.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4327.   The Sowers Photograph was used for advertising by Asheville Citizen-Times.

4328.   On the Website, Asheville Citizen-Times posts and disseminates content to its subscribers, including those located in Missouri.

4329.   Such content is used to market and promote Asheville Citizen-Times and its advertisers.

4330.   Upon information and belief, Defendant Asheville Citizen-Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Asheville Citizen-Times's Infringement**

4331.   Defendant Asheville Citizen-Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.citizen-times.com.

4332.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4333.   Defendant Asheville Citizen-Times's website includes commercial advertising targeting the subscribers of Asheville Citizen-Times's publication, including those in Missouri.

4334.   Upon information and belief, because the advertisers on Defendant Asheville Citizen-Times's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

4335. Upon information and belief, Asheville Citizen-Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4336. Upon information and belief, Asheville Citizen-Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4337. Upon information Asheville Citizen-Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4338. Alternatively, Asheville Citizen-Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Asheville Citizen-Times's website for its digital subscribers and in connection with advertising located on its website.

4339. Defendant Asheville Citizen-Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4340. Defendant Asheville Citizen-Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4341. Ms. Campbell did not give Defendant Asheville Citizen-Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4342. Ms. Campbell did not give Defendant Asheville Citizen-Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and

distribution.

4343. Nonetheless, Defendant Asheville Citizen-Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Asheville Citizen-Times's Use").

4344. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4345. Upon information and belief, the Asheville Citizen-Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4346. Defendant Asheville Citizen-Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXLV.** **Defendant Star News**

4347. Defendant Star News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Wilmington, North Carolina.

4348. Upon information and belief, Star News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4349. As part of its publication, Star News sells copies of its publication along with subscriptions and advertising for the publication.

4350. Star News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4351.  As part of its publication, Star News also provides a website located at starnewsonline.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4352.  Upon information and belief, Star News knows that its website is read from users across the United States, including the residents in the Kansas City area.

4353.  Star News is in charge of and determines which content is placed on its website located at Star News which is used for its website, its advertisers, its subscribers and in its publication.

4354.  Star News maintains at least one server accessible online to the public at www.starnewsonline.com(the "Website").

4355.  The Website has a copyright notice on the website © 2022 www.starnewsonline.com. All rights reserved.

4356.  Upon information and belief, Star News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.starnewsonline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.starnewsonline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.starnewsonline.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4357.  The Sowers Photograph was used for advertising by Star News.

4358.  On the Website, Star News posts and disseminates content to its subscribers,

including those located in Missouri.

4359.   Such content is used to market and promote Star News and its advertisers.

4360.   Upon information and belief, Defendant Star News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Star News's Infringement**

4361.   Defendant Star News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.starnewsonline.com.

4362.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4363.   Defendant Star News's website includes commercial advertising targeting the subscribers of Star News's publication, including those in Missouri.

4364.   Upon information and belief, because the advertisers on Defendant Star News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4365.   Upon information and belief, Star News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4366.   Upon information and belief, Star News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4367.   Upon information Star News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4368.   Alternatively, Star News obtained an unlicensed reproduction of Plaintiff's image

from Gannett Media Corp for use on Star News's website for its digital subscribers and in connection with advertising located on its website.

4369. Defendant Star News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4370. Defendant Star News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4371. Ms. Campbell did not give Defendant Star News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4372. Ms. Campbell did not give Defendant Star News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4373. Nonetheless, Defendant Star News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Star News's Use").

4374. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4375. Upon information and belief, the Star News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4376. Defendant Star News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXLVI.** **Defendant Sun Journal**

4377.   Defendant Sun Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in New Bern, North Carolina.

4378.   Upon information and belief, Sun Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4379.   As part of its publication, Sun Journal sells copies of its publication along with subscriptions and advertising for the publication.

4380.   Sun Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4381.   As part of its publication, Sun Journal also provides a website located at newbernsj.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4382.   Upon information and belief, Sun Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

4383.   Sun Journal is in charge of and determines which content is placed on its website located at Sun Journal which is used for its website, its advertisers, its subscribers and in its publication.

4384.   Sun Journal maintains at least one server accessible online to the public at www.newbernsj.com(the "Website").

4385.   The Website has a copyright notice on the website © 2022 www.newbernsj.com. All rights reserved.

4386.   Upon information and belief, Sun Journal used the Sowers Photograph in association

with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.newbernsj.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.newbernsj.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.newbernsj.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4387.   The Sowers Photograph was used for advertising by Sun Journal.

4388.   On the Website, Sun Journal posts and disseminates content to its subscribers, including those located in Missouri.

4389.   Such content is used to market and promote Sun Journal and its advertisers.

4390.   Upon information and belief, Defendant Sun Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Sun Journal's Infringement**

4391.   Defendant Sun Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.newbernsj.com.

4392.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4393.   Defendant Sun Journal's website includes commercial advertising targeting the subscribers of Sun Journal's publication, including those in Missouri.

4394.   Upon information and belief, because the advertisers on Defendant Sun Journal's website are based on the location of the viewer, these advertisements target Missouri residents and

include advertisers targeting Missouri residents.

4395. Upon information and belief, Sun Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4396. Upon information and belief, Sun Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4397. Upon information Sun Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4398. Alternatively, Sun Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Sun Journal's website for its digital subscribers and in connection with advertising located on its website.

4399. Defendant Sun Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4400. Defendant Sun Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4401. Ms. Campbell did not give Defendant Sun Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4402. Ms. Campbell did not give Defendant Sun Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4403. Nonetheless, Defendant Sun Journal reproduced Plaintiff's photograph and used the

reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Sun Journal's Use").

4404. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4405. Upon information and belief, the Sun Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4406. Defendant Sun Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CXLVII. **Defendant The Courier-Tribune**

4407. Defendant The Courier-Tribune is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Asheboro, North Carolina.

4408. Upon information and belief, The Courier-Tribune has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4409. As part of its publication, The Courier-Tribune sells copies of its publication along with subscriptions and advertising for the publication.

4410. The Courier-Tribune is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4411. As part of its publication, The Courier-Tribune also provides a website located at courier-tribune.com where digital subscribers, including those located in Missouri, can access and

review its content, including photographs, videos and advertising.

4412. Upon information and belief, The Courier-Tribune knows that its website is read from users across the United States, including the residents in the Kansas City area.

4413. The Courier-Tribune is in charge of and determines which content is placed on its website located at The Courier-Tribune which is used for its website, its advertisers, its subscribers and in its publication.

4414. The Courier-Tribune maintains at least one server accessible online to the public at www.courier-tribune.com(the "Website").

4415. The Website has a copyright notice on the website © 2022 www.courier-tribune.com. All rights reserved.

4416. Upon information and belief, The Courier-Tribune used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.courier-tribune.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.courier-tribune.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.courier-tribune.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4417. The Sowers Photograph was used for advertising by The Courier-Tribune.

4418. On the Website, The Courier-Tribune posts and disseminates content to its subscribers, including those located in Missouri.

4419. Such content is used to market and promote The Courier-Tribune and its advertisers.

4420. Upon information and belief, Defendant The Courier-Tribune has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Courier-Tribune's Infringement**

4421. Defendant The Courier-Tribune reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.courier-tribune.com.

4422. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4423. Defendant The Courier-Tribune's website includes commercial advertising targeting the subscribers of The Courier-Tribune's publication, including those in Missouri.

4424. Upon information and belief, because the advertisers on Defendant The Courier-Tribune's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4425. Upon information and belief, The Courier-Tribune selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4426. Upon information and belief, The Courier-Tribune is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4427. Upon information The Courier-Tribune reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4428. Alternatively, The Courier-Tribune obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Courier-Tribune's website for its digital subscribers and in connection with advertising located on its website.

4429. Defendant The Courier-Tribune used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4430. Defendant The Courier-Tribune's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4431. Ms. Campbell did not give Defendant The Courier-Tribune permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4432. Ms. Campbell did not give Defendant The Courier-Tribune permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4433. Nonetheless, Defendant The Courier-Tribune reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Courier-Tribune's Use").

4434. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4435. Upon information and belief, the The Courier-Tribune's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4436. Defendant The Courier-Tribune did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CXLVIII. **Defendant The Daily News**

4437.   Defendant The Daily News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Jacksonville, North Carolina.

4438.   Upon information and belief, The Daily News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4439.   As part of its publication, The Daily News sells copies of its publication along with subscriptions and advertising for the publication.

4440.   The Daily News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4441.   As part of its publication, The Daily News also provides a website located at jdnews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4442.   Upon information and belief, The Daily News knows that its website is read from users across the United States, including the residents in the Kansas City area.

4443.   The Daily News is in charge of and determines which content is placed on its website located at The Daily News which is used for its website, its advertisers, its subscribers and in its publication.

4444.   The Daily News maintains at least one server accessible online to the public at www.jdnews.com(the "Website").

4445.   The Website has a copyright notice on the website © 2022 www.jdnews.com. All rights reserved.

4446.   Upon information and belief, The Daily News used the Sowers Photograph in

association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.jdnews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.jdnews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.jdnews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4447.   The Sowers Photograph was used for advertising by The Daily News.

4448.   On the Website, The Daily News posts and disseminates content to its subscribers, including those located in Missouri.

4449.   Such content is used to market and promote The Daily News and its advertisers.

4450.   Upon information and belief, Defendant The Daily News has targeted dissemination of its content toward residents in the state of Missouri.

## Defendant The Daily News's Infringement

4451.   Defendant The Daily News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.jdnews.com.

4452.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4453.   Defendant The Daily News's website includes commercial advertising targeting the subscribers of The Daily News's publication, including those in Missouri.

4454.   Upon information and belief, because the advertisers on Defendant The Daily News's website are based on the location of the viewer, these advertisements target Missouri residents and

include advertisers targeting Missouri residents.

4455.   Upon information and belief, The Daily News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4456.   Upon information and belief, The Daily News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4457.   Upon information The Daily News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4458.   Alternatively, The Daily News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Daily News's website for its digital subscribers and in connection with advertising located on its website.

4459.   Defendant The Daily News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4460.   Defendant The Daily News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4461.   Ms. Campbell did not give Defendant The Daily News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4462.   Ms. Campbell did not give Defendant The Daily News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4463.   Nonetheless, Defendant The Daily News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Daily News's Use").

4464.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4465.   Upon information and belief, the The Daily News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4466.   Defendant The Daily News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXLIX.   <u>Defendant The Dispatch</u>**

4467.   Defendant The Dispatch is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Lexington, North Carolina.

4468.   Upon information and belief, The Dispatch has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4469.   As part of its publication, The Dispatch sells copies of its publication along with subscriptions and advertising for the publication.

4470.   The Dispatch is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4471.   As part of its publication, The Dispatch also provides a website located at the-dispatch.com where digital subscribers, including those located in Missouri, can access and review

its content, including photographs, videos and advertising.

4472.   Upon information and belief, The Dispatch knows that its website is read from users across the United States, including the residents in the Kansas City area.

4473.   The Dispatch is in charge of and determines which content is placed on its website located at The Dispatch which is used for its website, its advertisers, its subscribers and in its publication.

4474.   The Dispatch maintains at least one server accessible online to the public at www.the-dispatch.com(the "Website").

4475.   The Website has a copyright notice on the website © 2022 www.the-dispatch.com. All rights reserved.

4476.   Upon information and belief, The Dispatch used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.the-dispatch.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.the-dispatch.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.the-dispatch.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4477.   The Sowers Photograph was used for advertising by The Dispatch.

4478.   On the Website, The Dispatch posts and disseminates content to its subscribers, including those located in Missouri.

4479.   Such content is used to market and promote The Dispatch and its advertisers.

548

4480.   Upon information and belief, Defendant The Dispatch has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Dispatch's Infringement**

4481.   Defendant The Dispatch reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.the-dispatch.com.

4482.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4483.   Defendant The Dispatch's website includes commercial advertising targeting the subscribers of The Dispatch's publication, including those in Missouri.

4484.   Upon information and belief, because the advertisers on Defendant The Dispatch's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4485.   Upon information and belief, The Dispatch selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4486.   Upon information and belief, The Dispatch is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4487.   Upon information The Dispatch reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4488.   Alternatively, The Dispatch obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Dispatch's website for its digital subscribers and in connection with advertising located on its website.

4489.   Defendant The Dispatch used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4490.   Defendant The Dispatch's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4491.   Ms. Campbell did not give Defendant The Dispatch permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4492.   Ms. Campbell did not give Defendant The Dispatch permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4493.   Nonetheless, Defendant The Dispatch reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Dispatch's Use").

4494.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4495.   Upon information and belief, the The Dispatch's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4496.   Defendant The Dispatch did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CL.   **Defendant The Fayetteville Observer**

4497.   Defendant The Fayetteville Observer is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Fayetteville, North Carolina.

4498.   Upon information and belief, The Fayetteville Observer has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4499.   As part of its publication, The Fayetteville Observer sells copies of its publication along with subscriptions and advertising for the publication.

4500.   The Fayetteville Observer is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4501.   As part of its publication, The Fayetteville Observer also provides a website located at fayobserver.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4502.   Upon information and belief, The Fayetteville Observer knows that its website is read from users across the United States, including the residents in the Kansas City area.

4503.   The Fayetteville Observer is in charge of and determines which content is placed on its website located at The Fayetteville Observer which is used for its website, its advertisers, its subscribers and in its publication.

4504.   The Fayetteville Observer maintains at least one server accessible online to the public at www.fayobserver.com(the "Website").

4505.   The Website has a copyright notice on the website © 2022 www.fayobserver.com. All rights reserved.

4506.   Upon information and belief, The Fayetteville Observer used the Sowers Photograph

in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.fayobserver.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.fayobserver.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.fayobserver.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4507.   The Sowers Photograph was used for advertising by The Fayetteville Observer.

4508.   On the Website, The Fayetteville Observer posts and disseminates content to its subscribers, including those located in Missouri.

4509.   Such content is used to market and promote The Fayetteville Observer and its advertisers.

4510.   Upon information and belief, Defendant The Fayetteville Observer has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Fayetteville Observer's Infringement**

4511.   Defendant The Fayetteville Observer reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.fayobserver.com.

4512.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4513.   Defendant The Fayetteville Observer's website includes commercial advertising targeting the subscribers of The Fayetteville Observer's publication, including those in Missouri.

4514.   Upon information and belief, because the advertisers on Defendant The Fayetteville Observer's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4515.   Upon information and belief, The Fayetteville Observer selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4516.   Upon information and belief, The Fayetteville Observer is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4517.   Upon information The Fayetteville Observer reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4518.   Alternatively, The Fayetteville Observer obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Fayetteville Observer's website for its digital subscribers and in connection with advertising located on its website.

4519.   Defendant The Fayetteville Observer used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4520.   Defendant The Fayetteville Observer's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4521.   Ms. Campbell did not give Defendant The Fayetteville Observer permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4522. Ms. Campbell did not give Defendant The Fayetteville Observer permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4523. Nonetheless, Defendant The Fayetteville Observer reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Fayetteville Observer's Use").

4524. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4525. Upon information and belief, the The Fayetteville Observer's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4526. Defendant The Fayetteville Observer did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CLI.    **Defendant The Free Press**

4527. Defendant The Free Press is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Kinston, North Carolina.

4528. Upon information and belief, The Free Press has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4529. As part of its publication, The Free Press sells copies of its publication along with subscriptions and advertising for the publication.

4530. The Free Press is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4531. As part of its publication, The Free Press also provides a website located at kinston.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4532. Upon information and belief, The Free Press knows that its website is read from users across the United States, including the residents in the Kansas City area.

4533. The Free Press is in charge of and determines which content is placed on its website located at The Free Press which is used for its website, its advertisers, its subscribers and in its publication.

4534. The Free Press maintains at least one server accessible online to the public at www.kinston.com(the "Website").

4535. The Website has a copyright notice on the website © 2022 www.kinston.com. All rights reserved.

4536. Upon information and belief, The Free Press used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.kinston.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.kinston.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.kinston.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

4537.   The Sowers Photograph was used for advertising by The Free Press.

4538.   On the Website, The Free Press posts and disseminates content to its subscribers, including those located in Missouri.

4539.   Such content is used to market and promote The Free Press and its advertisers.

4540.   Upon information and belief, Defendant The Free Press has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Free Press's Infringement**

4541.   Defendant The Free Press reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.kinston.com.

4542.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4543.   Defendant The Free Press's website includes commercial advertising targeting the subscribers of The Free Press's publication, including those in Missouri.

4544.   Upon information and belief, because the advertisers on Defendant The Free Press's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4545.   Upon information and belief, The Free Press selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4546.   Upon information and belief, The Free Press is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4547.   Upon information The Free Press reproduced Plaintiff's image by using a screen shot

of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4548.   Alternatively, The Free Press obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Free Press's website for its digital subscribers and in connection with advertising located on its website.

4549.   Defendant The Free Press used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4550.   Defendant The Free Press's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4551.   Ms. Campbell did not give Defendant The Free Press permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4552.   Ms. Campbell did not give Defendant The Free Press permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4553.   Nonetheless, Defendant The Free Press reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Free Press's Use").

4554.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4555.   Upon information and belief, the The Free Press's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to

encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4556.   Defendant The Free Press did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CLII.  Defendant The Gaston Gazette**

4557.   Defendant The Gaston Gazette is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Gastonia, North Carolina.

4558.   Upon information and belief, The Gaston Gazette has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4559.   As part of its publication, The Gaston Gazette sells copies of its publication along with subscriptions and advertising for the publication.

4560.   The Gaston Gazette is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4561.   As part of its publication, The Gaston Gazette also provides a website located at gastongazette.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4562.   Upon information and belief, The Gaston Gazette knows that its website is read from users across the United States, including the residents in the Kansas City area.

4563.   The Gaston Gazette is in charge of and determines which content is placed on its website located at The Gaston Gazette which is used for its website, its advertisers, its subscribers and in its publication.

4564.   The Gaston Gazette maintains at least one server accessible online to the public at www.gastongazette.com(the "Website").

4565.   The Website has a copyright notice on the website © 2022 www.gastongazette.com. All rights reserved.

4566.   Upon information and belief, The Gaston Gazette used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.gastongazette.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.gastongazette.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.gastongazette.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4567.   The Sowers Photograph was used for advertising by The Gaston Gazette.

4568.   On the Website, The Gaston Gazette posts and disseminates content to its subscribers, including those located in Missouri.

4569.   Such content is used to market and promote The Gaston Gazette and its advertisers.

4570.   Upon information and belief, Defendant The Gaston Gazette has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Gaston Gazette's Infringement**

4571.   Defendant The Gaston Gazette reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.gastongazette.com.

4572.   Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4573.   Defendant The Gaston Gazette's website includes commercial advertising targeting the subscribers of The Gaston Gazette's publication, including those in Missouri.

4574.   Upon information and belief, because the advertisers on Defendant The Gaston Gazette's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4575.   Upon information and belief, The Gaston Gazette selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4576.   Upon information and belief, The Gaston Gazette is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4577.   Upon information The Gaston Gazette reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4578.   Alternatively, The Gaston Gazette obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Gaston Gazette's website for its digital subscribers and in connection with advertising located on its website.

4579.   Defendant The Gaston Gazette used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4580.   Defendant The Gaston Gazette's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its

website to various subscribers, including Missouri residents.

4581.   Ms. Campbell did not give Defendant The Gaston Gazette permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4582.   Ms. Campbell did not give Defendant The Gaston Gazette permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4583.   Nonetheless, Defendant The Gaston Gazette reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Gaston Gazette's Use").

4584.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4585.   Upon information and belief, the The Gaston Gazette's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4586.   Defendant The Gaston Gazette did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CLIII. Defendant The Star**

4587.   Defendant The Star is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Shelby, North Carolina.

4588.   Upon information and belief, The Star has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4589.   As part of its publication, The Star sells copies of its publication along with

subscriptions and advertising for the publication.

4590. The Star is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4591. As part of its publication, The Star also provides a website located at shelbystar.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4592. Upon information and belief, The Star knows that its website is read from users across the United States, including the residents in the Kansas City area.

4593. The Star is in charge of and determines which content is placed on its website located at The Star which is used for its website, its advertisers, its subscribers and in its publication.

4594. The Star maintains at least one server accessible online to the public at www.shelbystar.com(the "Website").

4595. The Website has a copyright notice on the website © 2022 www.shelbystar.com. All rights reserved.

4596. Upon information and belief, The Star used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.shelbystar.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.shelbystar.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.shelbystar.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 562 of 848

4597. The Sowers Photograph was used for advertising by The Star.

4598. On the Website, The Star posts and disseminates content to its subscribers, including those located in Missouri.

4599. Such content is used to market and promote The Star and its advertisers.

4600. Upon information and belief, Defendant The Star has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Star's Infringement**

4601. Defendant The Star reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.shelbystar.com.

4602. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4603. Defendant The Star's website includes commercial advertising targeting the subscribers of The Star's publication, including those in Missouri.

4604. Upon information and belief, because the advertisers on Defendant The Star's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4605. Upon information and belief, The Star selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4606. Upon information and belief, The Star is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4607. Upon information The Star reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers,

including those in Missouri.

4608.    Alternatively, The Star obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Star's website for its digital subscribers and in connection with advertising located on its website.

4609.    Defendant The Star used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4610.    Defendant The Star's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4611.    Ms. Campbell did not give Defendant The Star permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4612.    Ms. Campbell did not give Defendant The Star permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4613.    Nonetheless, Defendant The Star reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Star's Use").

4614.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4615.    Upon information and belief, the The Star's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4616.  Defendant The Star did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLIV. **Defendant Times-News**

4617.  Defendant Times-News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Burlington, North Carolina.

4618.  Upon information and belief, Times-News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4619.  As part of its publication, Times-News sells copies of its publication along with subscriptions and advertising for the publication.

4620.  Times-News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4621.  As part of its publication, Times-News also provides a website located at thetimesnews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4622.  Upon information and belief, Times-News knows that its website is read from users across the United States, including the residents in the Kansas City area.

4623.  Times-News is in charge of and determines which content is placed on its website located at Times-News which is used for its website, its advertisers, its subscribers and in its publication.

4624.  Times-News maintains at least one server accessible online to the public at www.thetimesnews.com(the "Website").

4625.  The Website has a copyright notice on the website © 2022 www.thetimesnews.com.

All rights reserved.

4626. Upon information and belief, Times-News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.thetimesnews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thetimesnews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thetimesnews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4627. The Sowers Photograph was used for advertising by Times-News.

4628. On the Website, Times-News posts and disseminates content to its subscribers, including those located in Missouri.

4629. Such content is used to market and promote Times-News and its advertisers.

4630. Upon information and belief, Defendant Times-News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Times-News's Infringement**

4631. Defendant Times-News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thetimesnews.com.

4632. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4633. Defendant Times-News's website includes commercial advertising targeting the subscribers of Times-News's publication, including those in Missouri.

4634. Upon information and belief, because the advertisers on Defendant Times-News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4635. Upon information and belief, Times-News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4636. Upon information and belief, Times-News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4637. Upon information Times-News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4638. Alternatively, Times-News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Times-News's website for its digital subscribers and in connection with advertising located on its website.

4639. Defendant Times-News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4640. Defendant Times-News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4641. Ms. Campbell did not give Defendant Times-News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4642. Ms. Campbell did not give Defendant Times-News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4643. Nonetheless, Defendant Times-News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Times-News's Use").

4644. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4645. Upon information and belief, the Times-News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4646. Defendant Times-News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CLV.  Defendant Times-News**

4647. Defendant Times-News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Hendersonville, North Carolina.

4648. Upon information and belief, Times-News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4649. As part of its publication, Times-News sells copies of its publication along with subscriptions and advertising for the publication.

4650. Times-News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4651. As part of its publication, Times-News also provides a website located at blueridgenow.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4652. Upon information and belief, Times-News knows that its website is read from users across the United States, including the residents in the Kansas City area.

4653. Times-News is in charge of and determines which content is placed on its website located at Times-News which is used for its website, its advertisers, its subscribers and in its publication.

4654. Times-News maintains at least one server accessible online to the public at www.blueridgenow.com(the "Website").

4655. The Website has a copyright notice on the website © 2022 www.blueridgenow.com. All rights reserved.

4656. Upon information and belief, Times-News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.blueridgenow.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.blueridgenow.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.blueridgenow.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4657. The Sowers Photograph was used for advertising by Times-News.

4658. On the Website, Times-News posts and disseminates content to its subscribers,

including those located in Missouri.

4659. Such content is used to market and promote Times-News and its advertisers.

4660. Upon information and belief, Defendant Times-News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Times-News's Infringement**

4661. Defendant Times-News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.blueridgenow.com.

4662. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4663. Defendant Times-News's website includes commercial advertising targeting the subscribers of Times-News's publication, including those in Missouri.

4664. Upon information and belief, because the advertisers on Defendant Times-News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4665. Upon information and belief, Times-News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4666. Upon information and belief, Times-News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4667. Upon information Times-News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4668. Alternatively, Times-News obtained an unlicensed reproduction of Plaintiff's image

from Gannett Media Corp for use on Times-News's website for its digital subscribers and in connection with advertising located on its website.

4669. Defendant Times-News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4670. Defendant Times-News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4671. Ms. Campbell did not give Defendant Times-News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4672. Ms. Campbell did not give Defendant Times-News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4673. Nonetheless, Defendant Times-News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Times-News's Use").

4674. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4675. Upon information and belief, the Times-News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4676. Defendant Times-News did not have a license or any permission to use the Sowers

Photograph or distribute it to others.

## CLVI. **Defendant Devils Lake Daily Journal**

4677.   Defendant Devils Lake Daily Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Devils Lake, North Dakota.

4678.   Upon information and belief, Devils Lake Daily Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4679.   As part of its publication, Devils Lake Daily Journal sells copies of its publication along with subscriptions and advertising for the publication.

4680.   Devils Lake Daily Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4681.   As part of its publication, Devils Lake Daily Journal also provides a website located at devilslakejournal.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4682.   Upon information and belief, Devils Lake Daily Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

4683.   Devils Lake Daily Journal is in charge of and determines which content is placed on its website located at Devils Lake Daily Journal which is used for its website, its advertisers, its subscribers and in its publication.

4684.   Devils Lake Daily Journal maintains at least one server accessible online to the public at www.devilslakejournal.com(the "Website").

4685.   The   Website   has   a   copyright   notice   on   the   website   ©   2022

572

www.devilslakejournal.com. All rights reserved.

4686.   Upon information and belief, Devils Lake Daily Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.devilslakejournal.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.devilslakejournal.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.devilslakejournal.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4687.   The Sowers Photograph was used for advertising by Devils Lake Daily Journal.

4688.   On the Website, Devils Lake Daily Journal posts and disseminates content to its subscribers, including those located in Missouri.

4689.   Such content is used to market and promote Devils Lake Daily Journal and its advertisers.

4690.   Upon information and belief, Defendant Devils Lake Daily Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Devils Lake Daily Journal's Infringement**

4691.   Defendant Devils Lake Daily Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.devilslakejournal.com.

4692.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4693.   Defendant Devils Lake Daily Journal's website includes commercial advertising targeting the subscribers of Devils Lake Daily Journal's publication, including those in Missouri.

4694.   Upon information and belief, because the advertisers on Defendant Devils Lake Daily Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4695.   Upon information and belief, Devils Lake Daily Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4696.   Upon information and belief, Devils Lake Daily Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4697.   Upon information Devils Lake Daily Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4698.   Alternatively, Devils Lake Daily Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Devils Lake Daily Journal's website for its digital subscribers and in connection with advertising located on its website.

4699.   Defendant Devils Lake Daily Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4700.   Defendant Devils Lake Daily Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4701.  Ms. Campbell did not give Defendant Devils Lake Daily Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4702.  Ms. Campbell did not give Defendant Devils Lake Daily Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4703.  Nonetheless, Defendant Devils Lake Daily Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Devils Lake Daily Journal's Use").

4704.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4705.  Upon information and belief, the Devils Lake Daily Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4706.  Defendant Devils Lake Daily Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLVII.    Defendant Akron Beacon Journal

4707.  Defendant Akron Beacon Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Akron, Ohio.

4708.  Upon information and belief, Akron Beacon Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4709.   As part of its publication, Akron Beacon Journal sells copies of its publication along with subscriptions and advertising for the publication.

4710.   Akron Beacon Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4711.   As part of its publication, Akron Beacon Journal also provides a website located at beaconjournal.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4712.   Upon information and belief, Akron Beacon Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

4713.   Akron Beacon Journal is in charge of and determines which content is placed on its website located at Akron Beacon Journal which is used for its website, its advertisers, its subscribers and in its publication.

4714.   Akron Beacon Journal maintains at least one server accessible online to the public at www.beaconjournal.com(the "Website").

4715.   The Website has a copyright notice on the website © 2022 www.beaconjournal.com. All rights reserved.

4716.   Upon information and belief, Akron Beacon Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.beaconjournal.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.beaconjournal.com/story/sports/Ad-Meter/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.beaconjournal.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4717. The Sowers Photograph was used for advertising by Akron Beacon Journal.

4718. On the Website, Akron Beacon Journal posts and disseminates content to its

subscribers, including those located in Missouri.

4719. Such content is used to market and promote Akron Beacon Journal and its

advertisers.

4720. Upon information and belief, Defendant Akron Beacon Journal has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant Akron Beacon Journal's Infringement**

4721. Defendant Akron Beacon Journal reproduced Plaintiff's image and distributed it to

its subscribers, including those located in Missouri, via its website located at

www.beaconjournal.com.

4722. Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4723. Defendant Akron Beacon Journal's website includes commercial advertising

targeting the subscribers of Akron Beacon Journal's publication, including those in Missouri.

4724. Upon information and belief, because the advertisers on Defendant Akron Beacon

Journal's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

4725. Upon information and belief, Akron Beacon Journal selected Plaintiff's image for

inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4726. Upon information and belief, Akron Beacon Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4727. Upon information Akron Beacon Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4728. Alternatively, Akron Beacon Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Akron Beacon Journal's website for its digital subscribers and in connection with advertising located on its website.

4729. Defendant Akron Beacon Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4730. Defendant Akron Beacon Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4731. Ms. Campbell did not give Defendant Akron Beacon Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4732. Ms. Campbell did not give Defendant Akron Beacon Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4733. Nonetheless, Defendant Akron Beacon Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Akron Beacon Journal's

Use").

4734.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4735.   Upon information and belief, the Akron Beacon Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4736.   Defendant Akron Beacon Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLVIII.   **Defendant Chillicothe Gazette**

4737.   Defendant Chillicothe Gazette is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Chillicothe, Ohio.

4738.   Upon information and belief, Chillicothe Gazette has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4739.   As part of its publication, Chillicothe Gazette sells copies of its publication along with subscriptions and advertising for the publication.

4740.   Chillicothe Gazette is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4741.   As part of its publication, Chillicothe Gazette also provides a website located at chillicothegazette.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4742.   Upon information and belief, Chillicothe Gazette knows that its website is read from users across the United States, including the residents in the Kansas City area.

4743.   Chillicothe Gazette is in charge of and determines which content is placed on its website located at Chillicothe Gazette which is used for its website, its advertisers, its subscribers and in its publication.

4744.   Chillicothe Gazette maintains at least one server accessible online to the public at www.chillicothegazette.com(the "Website").

4745.   The Website has a copyright notice on the website © 2022 www.chillicothegazette.com. All rights reserved.

4746.   Upon information and belief, Chillicothe Gazette used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.chillicothegazette.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.chillicothegazette.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.chillicothegazette.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4747.   The Sowers Photograph was used for advertising by Chillicothe Gazette.

4748.   On the Website, Chillicothe Gazette posts and disseminates content to its subscribers, including those located in Missouri.

4749.   Such content is used to market and promote Chillicothe Gazette and its advertisers.

4750.   Upon information and belief, Defendant Chillicothe Gazette has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant Chillicothe Gazette's Infringement**

4751.   Defendant Chillicothe Gazette reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.chillicothegazette.com.

4752.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4753.   Defendant Chillicothe Gazette's website includes commercial advertising targeting the subscribers of Chillicothe Gazette's publication, including those in Missouri.

4754.   Upon information and belief, because the advertisers on Defendant Chillicothe Gazette's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4755.   Upon information and belief, Chillicothe Gazette selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4756.   Upon information and belief, Chillicothe Gazette is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4757.   Upon information Chillicothe Gazette reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4758.   Alternatively, Chillicothe Gazette obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Chillicothe Gazette's website for its digital subscribers and in connection with advertising located on its website.

4759. Defendant Chillicothe Gazette used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4760. Defendant Chillicothe Gazette's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4761. Ms. Campbell did not give Defendant Chillicothe Gazette permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4762. Ms. Campbell did not give Defendant Chillicothe Gazette permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4763. Nonetheless, Defendant Chillicothe Gazette reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Chillicothe Gazette's Use").

4764. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4765. Upon information and belief, the Chillicothe Gazette's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4766. Defendant Chillicothe Gazette did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CLIX. Defendant The Cincinnati Enquirer**

4767. Defendant The Cincinnati Enquirer is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Cincinnati, Ohio.

4768. Upon information and belief, The Cincinnati Enquirer has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4769. As part of its publication, The Cincinnati Enquirer sells copies of its publication along with subscriptions and advertising for the publication.

4770. The Cincinnati Enquirer is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4771. As part of its publication, The Cincinnati Enquirer also provides a website located at cincinnati.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4772. Upon information and belief, The Cincinnati Enquirer knows that its website is read from users across the United States, including the residents in the Kansas City area.

4773. The Cincinnati Enquirer is in charge of and determines which content is placed on its website located at The Cincinnati Enquirer which is used for its website, its advertisers, its subscribers and in its publication.

4774. The Cincinnati Enquirer maintains at least one server accessible online to the public at www.cincinnati.com (the "Website").

4775. The Website has a copyright notice on the website © 2022 www.cincinnati.com. All rights reserved.

4776. Upon information and belief, The Cincinnati Enquirer used the Sowers Photograph

in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.cincinnati.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.cincinnati.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.cincinnati.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4777.   The Sowers Photograph was used for advertising by The Cincinnati Enquirer.

4778.   On the Website, The Cincinnati Enquirer posts and disseminates content to its subscribers, including those located in Missouri.

4779.   Such content is used to market and promote The Cincinnati Enquirer and its advertisers.

4780.   Upon information and belief, Defendant The Cincinnati Enquirer has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Cincinnati Enquirer's Infringement**

4781.   Defendant The Cincinnati Enquirer reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.cincinnati.com.

4782.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4783.   Defendant The Cincinnati Enquirer's website includes commercial advertising targeting the subscribers of The Cincinnati Enquirer's publication, including those in Missouri.

4784.   Upon information and belief, because the advertisers on Defendant The Cincinnati

Enquirer's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4785.   Upon information and belief, The Cincinnati Enquirer selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4786.   Upon information and belief, The Cincinnati Enquirer is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4787.   Upon information The Cincinnati Enquirer reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4788.   Alternatively, The Cincinnati Enquirer obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Cincinnati Enquirer's website for its digital subscribers and in connection with advertising located on its website.

4789.   Defendant The Cincinnati Enquirer used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4790.   Defendant The Cincinnati Enquirer's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4791.   Ms. Campbell did not give Defendant The Cincinnati Enquirer permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4792.   Ms. Campbell did not give Defendant The Cincinnati Enquirer permission to

distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4793.   Nonetheless, Defendant The Cincinnati Enquirer reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Cincinnati Enquirer's Use").

4794.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4795.   Upon information and belief, the The Cincinnati Enquirer's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4796.   Defendant The Cincinnati Enquirer did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CLX.  Defendant Lancaster Eagle-Gazette**

4797.   Defendant Lancaster Eagle-Gazette is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Lancaster, Ohio.

4798.   Upon information and belief, Lancaster Eagle-Gazette has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4799.   As part of its publication, Lancaster Eagle-Gazette sells copies of its publication along with subscriptions and advertising for the publication.

4800.   Lancaster Eagle-Gazette is part of a network of over 300 publications across 46 states

586

with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4801. As part of its publication, Lancaster Eagle-Gazette also provides a website located at lancastereaglegazette.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4802. Upon information and belief, Lancaster Eagle-Gazette knows that its website is read from users across the United States, including the residents in the Kansas City area.

4803. Lancaster Eagle-Gazette is in charge of and determines which content is placed on its website located at Lancaster Eagle-Gazette which is used for its website, its advertisers, its subscribers and in its publication.

4804. Lancaster Eagle-Gazette maintains at least one server accessible online to the public at www.lancastereaglegazette.com (the "Website").

4805. The Website has a copyright notice on the website © 2022 www.lancastereaglegazette.com. All rights reserved.

4806. Upon information and belief, Lancaster Eagle-Gazette used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.lancastereaglegazette.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.lancastereaglegazette.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.lancastereaglegazette.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4807. The Sowers Photograph was used for advertising by Lancaster Eagle-Gazette.

4808. On the Website, Lancaster Eagle-Gazette posts and disseminates content to its subscribers, including those located in Missouri.

4809. Such content is used to market and promote Lancaster Eagle-Gazette and its advertisers.

4810. Upon information and belief, Defendant Lancaster Eagle-Gazette has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Lancaster Eagle-Gazette's Infringement**

4811. Defendant Lancaster Eagle-Gazette reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.lancastereaglegazette.com.

4812. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4813. Defendant Lancaster Eagle-Gazette's website includes commercial advertising targeting the subscribers of Lancaster Eagle-Gazette's publication, including those in Missouri.

4814. Upon information and belief, because the advertisers on Defendant Lancaster Eagle-Gazette's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4815. Upon information and belief, Lancaster Eagle-Gazette selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4816. Upon information and belief, Lancaster Eagle-Gazette is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4817.  Upon information Lancaster Eagle-Gazette reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4818.  Alternatively, Lancaster Eagle-Gazette obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Lancaster Eagle-Gazette's website for its digital subscribers and in connection with advertising located on its website.

4819.  Defendant Lancaster Eagle-Gazette used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4820.  Defendant Lancaster Eagle-Gazette's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4821.  Ms. Campbell did not give Defendant Lancaster Eagle-Gazette permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4822.  Ms. Campbell did not give Defendant Lancaster Eagle-Gazette permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4823.  Nonetheless, Defendant Lancaster Eagle-Gazette reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Lancaster Eagle-Gazette's Use").

4824.  The reproduced photograph is viewable by anyone in the United States with internet

access, including individuals residing in Missouri.

4825. Upon information and belief, the Lancaster Eagle-Gazette's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4826. Defendant Lancaster Eagle-Gazette did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CLXI. Defendant Mansfield News Journal**

4827. Defendant Mansfield News Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Mansfield, Ohio.

4828. Upon information and belief, Mansfield News Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4829. As part of its publication, Mansfield News Journal sells copies of its publication along with subscriptions and advertising for the publication.

4830. Mansfield News Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4831. As part of its publication, Mansfield News Journal also provides a website located at mansfieldnewsjournal.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4832. Upon information and belief, Mansfield News Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

4833.  Mansfield News Journal is in charge of and determines which content is placed on its website located at Mansfield News Journal which is used for its website, its advertisers, its subscribers and in its publication.

4834.  Mansfield News Journal maintains at least one server accessible online to the public at www.mansfieldnewsjournal.com(the "Website").

4835.  The Website has a copyright notice on the website © 2022 www.mansfieldnewsjournal.com. All rights reserved.

4836.  Upon information and belief, Mansfield News Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.mansfieldnewsjournal.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.mansfieldnewsjournal.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.mansfieldnewsjournal.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4837.  The Sowers Photograph was used for advertising by Mansfield News Journal.

4838.  On the Website, Mansfield News Journal posts and disseminates content to its subscribers, including those located in Missouri.

4839.  Such content is used to market and promote Mansfield News Journal and its advertisers.

4840.  Upon information and belief, Defendant Mansfield News Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Mansfield News Journal's Infringement**

4841.    Defendant Mansfield News Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.mansfieldnewsjournal.com.

4842.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4843.    Defendant Mansfield News Journal's website includes commercial advertising targeting the subscribers of Mansfield News Journal's publication, including those in Missouri.

4844.    Upon information and belief, because the advertisers on Defendant Mansfield News Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4845.    Upon information and belief, Mansfield News Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4846.    Upon information and belief, Mansfield News Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4847.    Upon information Mansfield News Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4848.    Alternatively, Mansfield News Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Mansfield News Journal's website for its digital subscribers and in connection with advertising located on its website.

4849.    Defendant Mansfield News Journal used the image as part of a video which was

provided through its website to various subscribers around the United States, including those located in Missouri.

4850. Defendant Mansfield News Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4851. Ms. Campbell did not give Defendant Mansfield News Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4852. Ms. Campbell did not give Defendant Mansfield News Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4853. Nonetheless, Defendant Mansfield News Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Mansfield News Journal's Use").

4854. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4855. Upon information and belief, the Mansfield News Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4856. Defendant Mansfield News Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXII.    Defendant Newark Advocate

4857.   Defendant Newark Advocate is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Newark, Ohio.

4858.   Upon information and belief, Newark Advocate has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4859.   As part of its publication, Newark Advocate sells copies of its publication along with subscriptions and advertising for the publication.

4860.   Newark Advocate is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4861.   As part of its publication, Newark Advocate also provides a website located at newarkadvocate.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4862.   Upon information and belief, Newark Advocate knows that its website is read from users across the United States, including the residents in the Kansas City area.

4863.   Newark Advocate is in charge of and determines which content is placed on its website located at Newark Advocate which is used for its website, its advertisers, its subscribers and in its publication.

4864.   Newark Advocate maintains at least one server accessible online to the public at www.newarkadvocate.com(the "Website").

4865.   The Website has a copyright notice on the website © 2022 www.newarkadvocate.com. All rights reserved.

4866.   Upon information and belief, Newark Advocate used the Sowers Photograph in

594

association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.newarkadvocate.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.newarkadvocate.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.newarkadvocate.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4867.   The Sowers Photograph was used for advertising by Newark Advocate.

4868.   On the Website, Newark Advocate posts and disseminates content to its subscribers, including those located in Missouri.

4869.   Such content is used to market and promote Newark Advocate and its advertisers.

4870.   Upon information and belief, Defendant Newark Advocate has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Newark Advocate's Infringement**

4871.   Defendant Newark Advocate reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.newarkadvocate.com.

4872.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4873.   Defendant Newark Advocate's website includes commercial advertising targeting the subscribers of Newark Advocate's publication, including those in Missouri.

4874.   Upon information and belief, because the advertisers on Defendant Newark

Advocate's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4875. Upon information and belief, Newark Advocate selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4876. Upon information and belief, Newark Advocate is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4877. Upon information Newark Advocate reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4878. Alternatively, Newark Advocate obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Newark Advocate's website for its digital subscribers and in connection with advertising located on its website.

4879. Defendant Newark Advocate used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4880. Defendant Newark Advocate's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4881. Ms. Campbell did not give Defendant Newark Advocate permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4882. Ms. Campbell did not give Defendant Newark Advocate permission to distribute a

reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4883. Nonetheless, Defendant Newark Advocate reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Newark Advocate's Use").

4884. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4885. Upon information and belief, the Newark Advocate's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4886. Defendant Newark Advocate did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXIII. Defendant News Herald

4887. Defendant News Herald is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Port Clinton, Ohio.

4888. Upon information and belief, News Herald has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4889. As part of its publication, News Herald sells copies of its publication along with subscriptions and advertising for the publication.

4890. News Herald is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4891. As part of its publication, News Herald also provides a website located at portclintonnewsherald.com where digital subscribers, including those located in Missouri, can

access and review its content, including photographs, videos and advertising.

4892. Upon information and belief, News Herald knows that its website is read from users across the United States, including the residents in the Kansas City area.

4893. News Herald is in charge of and determines which content is placed on its website located at News Herald which is used for its website, its advertisers, its subscribers and in its publication.

4894. News Herald maintains at least one server accessible online to the public at www.portclintonnewsherald.com(the "Website").

4895. The Website has a copyright notice on the website © 2022 www.portclintonnewsherald.com. All rights reserved.

4896. Upon information and belief, News Herald used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.portclintonnewsherald.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.portclintonnewsherald.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.portclintonnewsherald.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4897. The Sowers Photograph was used for advertising by News Herald.

4898. On the Website, News Herald posts and disseminates content to its subscribers, including those located in Missouri.

4899. Such content is used to market and promote News Herald and its advertisers.

4900. Upon information and belief, Defendant News Herald has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant News Herald's Infringement**

4901. Defendant News Herald reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.portclintonnewsherald.com.

4902. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4903. Defendant News Herald's website includes commercial advertising targeting the subscribers of News Herald's publication, including those in Missouri.

4904. Upon information and belief, because the advertisers on Defendant News Herald's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4905. Upon information and belief, News Herald selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4906. Upon information and belief, News Herald is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4907. Upon information News Herald reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4908. Alternatively, News Herald obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on News Herald's website for its digital subscribers and in

connection with advertising located on its website.

4909.   Defendant News Herald used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4910.   Defendant News Herald's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4911.   Ms. Campbell did not give Defendant News Herald permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4912.   Ms. Campbell did not give Defendant News Herald permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4913.   Nonetheless, Defendant News Herald reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "News Herald's Use").

4914.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4915.   Upon information and belief, the News Herald's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4916.   Defendant News Herald did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXIV.  **Defendant Record-Courier**

4917.  Defendant Record-Courier is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Kent, Ohio.

4918.  Upon information and belief, Record-Courier has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4919.  As part of its publication, Record-Courier sells copies of its publication along with subscriptions and advertising for the publication.

4920.  Record-Courier is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4921.  As part of its publication, Record-Courier also provides a website located at record-courier.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4922.  Upon information and belief, Record-Courier knows that its website is read from users across the United States, including the residents in the Kansas City area.

4923.  Record-Courier is in charge of and determines which content is placed on its website located at Record-Courier which is used for its website, its advertisers, its subscribers and in its publication.

4924.  Record-Courier maintains at least one server accessible online to the public at www.record-courier.com(the "Website").

4925.  The Website has a copyright notice on the website © 2022 www.record-courier.com. All rights reserved.

4926.  Upon information and belief, Record-Courier used the Sowers Photograph in

association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.record-courier.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.record-courier.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.record-courier.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4927.   The Sowers Photograph was used for advertising by Record-Courier.

4928.   On the Website, Record-Courier posts and disseminates content to its subscribers, including those located in Missouri.

4929.   Such content is used to market and promote Record-Courier and its advertisers.

4930.   Upon information and belief, Defendant Record-Courier has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Record-Courier's Infringement**

4931.   Defendant Record-Courier reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.record-courier.com.

4932.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4933.   Defendant Record-Courier's website includes commercial advertising targeting the subscribers of Record-Courier's publication, including those in Missouri.

4934.   Upon information and belief, because the advertisers on Defendant Record-Courier's website are based on the location of the viewer, these advertisements target Missouri residents and

include advertisers targeting Missouri residents.

4935.   Upon information and belief, Record-Courier selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4936.   Upon information and belief, Record-Courier is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4937.   Upon information Record-Courier reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4938.   Alternatively, Record-Courier obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Record-Courier's website for its digital subscribers and in connection with advertising located on its website.

4939.   Defendant Record-Courier used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4940.   Defendant Record-Courier's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4941.   Ms. Campbell did not give Defendant Record-Courier permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4942.   Ms. Campbell did not give Defendant Record-Courier permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4943. Nonetheless, Defendant Record-Courier reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Record-Courier's Use").

4944. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4945. Upon information and belief, the Record-Courier's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4946. Defendant Record-Courier did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXV. Defendant Telegraph-Forum

4947. Defendant Telegraph-Forum is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Bucyrus, Ohio.

4948. Upon information and belief, Telegraph-Forum has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4949. As part of its publication, Telegraph-Forum sells copies of its publication along with subscriptions and advertising for the publication.

4950. Telegraph-Forum is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4951. As part of its publication, Telegraph-Forum also provides a website located at bucyrustelegraphforum.com where digital subscribers, including those located in Missouri, can

access and review its content, including photographs, videos and advertising.

4952.  Upon information and belief, Telegraph-Forum knows that its website is read from users across the United States, including the residents in the Kansas City area.

4953.  Telegraph-Forum is in charge of and determines which content is placed on its website located at Telegraph-Forum which is used for its website, its advertisers, its subscribers and in its publication.

4954.  Telegraph-Forum maintains at least one server accessible online to the public at www.bucyrustelegraphforum.com(the "Website").

4955.  The Website has a copyright notice on the website © 2022 www.bucyrustelegraphforum.com. All rights reserved.

4956.  Upon information and belief, Telegraph-Forum used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.bucyrustelegraphforum.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.bucyrustelegraphforum.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.bucyrustelegraphforum.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4957.  The Sowers Photograph was used for advertising by Telegraph-Forum.

4958.  On the Website, Telegraph-Forum posts and disseminates content to its subscribers, including those located in Missouri.

4959.  Such content is used to market and promote Telegraph-Forum and its advertisers.

4960. Upon information and belief, Defendant Telegraph-Forum has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Telegraph-Forum's Infringement**

4961. Defendant Telegraph-Forum reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.bucyrustelegraphforum.com.

4962. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4963. Defendant Telegraph-Forum's website includes commercial advertising targeting the subscribers of Telegraph-Forum's publication, including those in Missouri.

4964. Upon information and belief, because the advertisers on Defendant Telegraph-Forum's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

4965. Upon information and belief, Telegraph-Forum selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4966. Upon information and belief, Telegraph-Forum is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4967. Upon information Telegraph-Forum reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4968. Alternatively, Telegraph-Forum obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Telegraph-Forum's website for its digital subscribers

and in connection with advertising located on its website.

4969.   Defendant Telegraph-Forum used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

4970.   Defendant Telegraph-Forum's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

4971.   Ms. Campbell did not give Defendant Telegraph-Forum permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

4972.   Ms. Campbell did not give Defendant Telegraph-Forum permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

4973.   Nonetheless, Defendant Telegraph-Forum reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Telegraph-Forum's Use").

4974.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

4975.   Upon information and belief, the Telegraph-Forum's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

4976.   Defendant Telegraph-Forum did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CLXVI.** **Defendant The Alliance Review**

4977.   Defendant The Alliance Review is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Alliance, Ohio.

4978.   Upon information and belief, The Alliance Review has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

4979.   As part of its publication, The Alliance Review sells copies of its publication along with subscriptions and advertising for the publication.

4980.   The Alliance Review is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

4981.   As part of its publication, The Alliance Review also provides a website located at the-review.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

4982.   Upon information and belief, The Alliance Review knows that its website is read from users across the United States, including the residents in the Kansas City area.

4983.   The Alliance Review is in charge of and determines which content is placed on its website located at The Alliance Review which is used for its website, its advertisers, its subscribers and in its publication.

4984.   The Alliance Review maintains at least one server accessible online to the public at www.the-review.com(the "Website").

4985.   The Website has a copyright notice on the website © 2022 www.the-review.com. All rights reserved.

4986.   Upon information and belief, The Alliance Review used the Sowers Photograph in

association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.the-review.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.the-review.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.the-review.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

4987.   The Sowers Photograph was used for advertising by The Alliance Review.

4988.   On the Website, The Alliance Review posts and disseminates content to its subscribers, including those located in Missouri.

4989.   Such content is used to market and promote The Alliance Review and its advertisers.

4990.   Upon information and belief, Defendant The Alliance Review has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Alliance Review's Infringement**

4991.   Defendant The Alliance Review reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.the-review.com.

4992.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

4993.   Defendant The Alliance Review's website includes commercial advertising targeting the subscribers of The Alliance Review's publication, including those in Missouri.

4994.   Upon information and belief, because the advertisers on Defendant The Alliance Review's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

4995.   Upon information and belief, The Alliance Review selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

4996.   Upon information and belief, The Alliance Review is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

4997.   Upon information The Alliance Review reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

4998.   Alternatively, The Alliance Review obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Alliance Review's website for its digital subscribers and in connection with advertising located on its website.

4999.   Defendant The Alliance Review used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5000.   Defendant The Alliance Review's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5001.   Ms. Campbell did not give Defendant The Alliance Review permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5002.   Ms. Campbell did not give Defendant The Alliance Review permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5003.   Nonetheless, Defendant The Alliance Review reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Alliance Review's Use").

5004.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5005.   Upon information and belief, the The Alliance Review's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5006.   Defendant The Alliance Review did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXVII.   Defendant The Coshocton Tribune

5007.   Defendant The Coshocton Tribune is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Coshocton, Ohio.

5008.   Upon information and belief, The Coshocton Tribune has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5009.   As part of its publication, The Coshocton Tribune sells copies of its publication along with subscriptions and advertising for the publication.

5010.   The Coshocton Tribune is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5011.   As part of its publication, The Coshocton Tribune also provides a website located at

coshoctontribune.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5012.  Upon information and belief, The Coshocton Tribune knows that its website is read from users across the United States, including the residents in the Kansas City area.

5013.  The Coshocton Tribune is in charge of and determines which content is placed on its website located at The Coshocton Tribune which is used for its website, its advertisers, its subscribers and in its publication.

5014.  The Coshocton Tribune maintains at least one server accessible online to the public at www.coshoctontribune.com(the "Website").

5015.  The  Website  has  a  copyright  notice  on  the  website  ©  2022 www.coshoctontribune.com. All rights reserved.

5016.  Upon information and belief, The Coshocton Tribune used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.coshoctontribune.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.coshoctontribune.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.coshoctontribune.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5017.  The Sowers Photograph was used for advertising by The Coshocton Tribune.

5018.  On the Website, The Coshocton Tribune posts and disseminates content to its subscribers, including those located in Missouri.

5019. Such content is used to market and promote The Coshocton Tribune and its advertisers.

5020. Upon information and belief, Defendant The Coshocton Tribune has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Coshocton Tribune's Infringement**

5021. Defendant The Coshocton Tribune reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.coshoctontribune.com.

5022. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5023. Defendant The Coshocton Tribune's website includes commercial advertising targeting the subscribers of The Coshocton Tribune's publication, including those in Missouri.

5024. Upon information and belief, because the advertisers on Defendant The Coshocton Tribune's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5025. Upon information and belief, The Coshocton Tribune selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5026. Upon information and belief, The Coshocton Tribune is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5027. Upon information The Coshocton Tribune reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5028. Alternatively, The Coshocton Tribune obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Coshocton Tribune's website for its digital subscribers and in connection with advertising located on its website.

5029. Defendant The Coshocton Tribune used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5030. Defendant The Coshocton Tribune's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5031. Ms. Campbell did not give Defendant The Coshocton Tribune permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5032. Ms. Campbell did not give Defendant The Coshocton Tribune permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5033. Nonetheless, Defendant The Coshocton Tribune reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Coshocton Tribune's Use").

5034. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5035. Upon information and belief, the The Coshocton Tribune's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new

subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5036.   Defendant The Coshocton Tribune did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CLXVIII. <u>Defendant The Daily Jeffersonian</u>**

5037.   Defendant The Daily Jeffersonian is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Cambridge, Ohio.

5038.   Upon information and belief, The Daily Jeffersonian has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5039.   As part of its publication, The Daily Jeffersonian sells copies of its publication along with subscriptions and advertising for the publication.

5040.   The Daily Jeffersonian is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5041.   As part of its publication, The Daily Jeffersonian also provides a website located at daily-jeff.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5042.   Upon information and belief, The Daily Jeffersonian knows that its website is read from users across the United States, including the residents in the Kansas City area.

5043.   The Daily Jeffersonian is in charge of and determines which content is placed on its website located at The Daily Jeffersonian which is used for its website, its advertisers, its subscribers and in its publication.

5044.   The Daily Jeffersonian maintains at least one server accessible online to the public at www.daily-jeff.com(the "Website").

5045.   The Website has a copyright notice on the website © 2022 www.daily-jeff.com. All rights reserved.

5046.   Upon information and belief, The Daily Jeffersonian used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.daily-jeff.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.daily-jeff.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.daily-jeff.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

5047.   The Sowers Photograph was used for advertising by The Daily Jeffersonian.

5048.   On the Website, The Daily Jeffersonian posts and disseminates content to its subscribers, including those located in Missouri.

5049.   Such content is used to market and promote The Daily Jeffersonian and its advertisers.

5050.   Upon information and belief, Defendant The Daily Jeffersonian has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Daily Jeffersonian's Infringement**

5051.   Defendant The Daily Jeffersonian reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.daily-jeff.com.

5052.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5053.   Defendant The Daily Jeffersonian's website includes commercial advertising targeting the subscribers of The Daily Jeffersonian's publication, including those in Missouri.

5054.   Upon information and belief, because the advertisers on Defendant The Daily Jeffersonian's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5055.   Upon information and belief, The Daily Jeffersonian selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5056.   Upon information and belief, The Daily Jeffersonian is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5057.   Upon information The Daily Jeffersonian reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5058.   Alternatively, The Daily Jeffersonian obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Daily Jeffersonian's website for its digital subscribers and in connection with advertising located on its website.

5059.   Defendant The Daily Jeffersonian used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5060.   Defendant The Daily Jeffersonian's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the

unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5061. Ms. Campbell did not give Defendant The Daily Jeffersonian permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5062. Ms. Campbell did not give Defendant The Daily Jeffersonian permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5063. Nonetheless, Defendant The Daily Jeffersonian reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Daily Jeffersonian's Use").

5064. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5065. Upon information and belief, the The Daily Jeffersonian's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5066. Defendant The Daily Jeffersonian did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXIX. **Defendant The Daily Record**

5067. Defendant The Daily Record is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Wooster, Ohio.

5068. Upon information and belief, The Daily Record has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5069. As part of its publication, The Daily Record sells copies of its publication along with subscriptions and advertising for the publication.

5070. The Daily Record is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5071. As part of its publication, The Daily Record also provides a website located at the-daily-record.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5072. Upon information and belief, The Daily Record knows that its website is read from users across the United States, including the residents in the Kansas City area.

5073. The Daily Record is in charge of and determines which content is placed on its website located at The Daily Record which is used for its website, its advertisers, its subscribers and in its publication.

5074. The Daily Record maintains at least one server accessible online to the public at www.the-daily-record.com(the "Website").

5075. The Website has a copyright notice on the website © 2022 www.the-daily-record.com. All rights reserved.

5076. Upon information and belief, The Daily Record used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.the-daily-record.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.the-daily-record.com/story/sports/Ad-Meter/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.the-daily-record.com/story/entertainment/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5077.   The Sowers Photograph was used for advertising by The Daily Record.

5078.   On the Website, The Daily Record posts and disseminates content to its subscribers,

including those located in Missouri.

5079.   Such content is used to market and promote The Daily Record and its advertisers.

5080.   Upon information and belief, Defendant The Daily Record has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant The Daily Record's Infringement**

5081.   Defendant The Daily Record reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.the-daily-

record.com.

5082.   Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5083.   Defendant The Daily Record's website includes commercial advertising targeting the

subscribers of The Daily Record's publication, including those in Missouri.

5084.   Upon information and belief, because the advertisers on Defendant The Daily

Record's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

5085.   Upon information and belief, The Daily Record selected Plaintiff's image for

inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5086.   Upon information and belief, The Daily Record is accustomed to negotiating and

obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5087. Upon information The Daily Record reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5088. Alternatively, The Daily Record obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Daily Record's website for its digital subscribers and in connection with advertising located on its website.

5089. Defendant The Daily Record used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5090. Defendant The Daily Record's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5091. Ms. Campbell did not give Defendant The Daily Record permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5092. Ms. Campbell did not give Defendant The Daily Record permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5093. Nonetheless, Defendant The Daily Record reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Daily Record's Use").

5094. The reproduced photograph is viewable by anyone in the United States with internet

access, including individuals residing in Missouri.

5095.   Upon information and belief, the The Daily Record's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5096.   Defendant The Daily Record did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CLXX.**   **Defendant The Independent**

5097.   Defendant The Independent is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Massillon, Ohio.

5098.   Upon information and belief, The Independent has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5099.   As part of its publication, The Independent sells copies of its publication along with subscriptions and advertising for the publication.

5100.   The Independent is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5101.   As part of its publication, The Independent also provides a website located at indeonline.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5102.   Upon information and belief, The Independent knows that its website is read from users across the United States, including the residents in the Kansas City area.

5103.   The Independent is in charge of and determines which content is placed on its website

located at The Independent which is used for its website, its advertisers, its subscribers and in its publication.

5104.   The Independent maintains at least one server accessible online to the public at www.indeonline.com(the "Website").

5105.   The Website has a copyright notice on the website © 2022 www.indeonline.com. All rights reserved.

5106.   Upon information and belief, The Independent used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.indeonline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.indeonline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.indeonline.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5107.   The Sowers Photograph was used for advertising by The Independent.

5108.   On the Website, The Independent posts and disseminates content to its subscribers, including those located in Missouri.

5109.   Such content is used to market and promote The Independent and its advertisers.

5110.   Upon information and belief, Defendant The Independent has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Independent's Infringement**

5111.   Defendant The Independent reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.indeonline.com.

5112.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5113.   Defendant The Independent's website includes commercial advertising targeting the subscribers of The Independent's publication, including those in Missouri.

5114.   Upon information and belief, because the advertisers on Defendant The Independent's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5115.   Upon information and belief, The Independent selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5116.   Upon information and belief, The Independent is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5117.   Upon information The Independent reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5118.   Alternatively, The Independent obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Independent's website for its digital subscribers and in connection with advertising located on its website.

5119.   Defendant The Independent used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5120.   Defendant The Independent's infringement arose out of the reproduction of

Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5121. Ms. Campbell did not give Defendant The Independent permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5122. Ms. Campbell did not give Defendant The Independent permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5123. Nonetheless, Defendant The Independent reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Independent's Use").

5124. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5125. Upon information and belief, the The Independent's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5126. Defendant The Independent did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CLXXI.** **Defendant The Marion Star**

5127. Defendant The Marion Star is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Marion, Ohio.

5128. Upon information and belief, The Marion Star has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5129.   As part of its publication, The Marion Star sells copies of its publication along with subscriptions and advertising for the publication.

5130.   The Marion Star is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5131.   As part of its publication, The Marion Star also provides a website located at marionstar.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5132.   Upon information and belief, The Marion Star knows that its website is read from users across the United States, including the residents in the Kansas City area.

5133.   The Marion Star is in charge of and determines which content is placed on its website located at The Marion Star which is used for its website, its advertisers, its subscribers and in its publication.

5134.   The Marion Star maintains at least one server accessible online to the public at www.marionstar.com(the "Website").

5135.   The Website has a copyright notice on the website © 2022 www.marionstar.com. All rights reserved.

5136.   Upon information and belief, The Marion Star used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.marionstar.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.marionstar.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.marionstar.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5137. The Sowers Photograph was used for advertising by The Marion Star.

5138. On the Website, The Marion Star posts and disseminates content to its subscribers,

including those located in Missouri.

5139. Such content is used to market and promote The Marion Star and its advertisers.

5140. Upon information and belief, Defendant The Marion Star has targeted dissemination

of its content toward residents in the state of Missouri.

**Defendant The Marion Star's Infringement**

5141. Defendant The Marion Star reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.marionstar.com.

5142. Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5143. Defendant The Marion Star's website includes commercial advertising targeting the

subscribers of The Marion Star's publication, including those in Missouri.

5144. Upon information and belief, because the advertisers on Defendant The Marion

Star's website are based on the location of the viewer, these advertisements target Missouri residents

and include advertisers targeting Missouri residents.

5145. Upon information and belief, The Marion Star selected Plaintiff's image for inclusion

on its website and modified its website to include a reproduction of Plaintiff's image.

5146. Upon information and belief, The Marion Star is accustomed to negotiating and

obtaining licenses for use of photographic images and as a sophisticated media company is aware of

the consequences for failing to do so.

5147. Upon information The Marion Star reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5148. Alternatively, The Marion Star obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Marion Star's website for its digital subscribers and in connection with advertising located on its website.

5149. Defendant The Marion Star used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5150. Defendant The Marion Star's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5151. Ms. Campbell did not give Defendant The Marion Star permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5152. Ms. Campbell did not give Defendant The Marion Star permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5153. Nonetheless, Defendant The Marion Star reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Marion Star's Use").

5154. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5155.   Upon information and belief, the The Marion Star's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5156.   Defendant The Marion Star did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXXII.   Defendant The News-Messenger

5157.   Defendant The News-Messenger is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Fremont, Ohio.

5158.   Upon information and belief, The News-Messenger has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5159.   As part of its publication, The News-Messenger sells copies of its publication along with subscriptions and advertising for the publication.

5160.   The News-Messenger is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5161.   As part of its publication, The News-Messenger also provides a website located at thenews-messenger.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5162.   Upon information and belief, The News-Messenger knows that its website is read from users across the United States, including the residents in the Kansas City area.

5163.   The News-Messenger is in charge of and determines which content is placed on its

website located at The News-Messenger which is used for its website, its advertisers, its subscribers and in its publication.

5164.    The News-Messenger maintains at least one server accessible online to the public at www.thenews-messenger.com(the "Website").

5165.    The Website has a copyright notice on the website © 2022 www.thenews-messenger.com. All rights reserved.

5166.    Upon information and belief, The News-Messenger used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.thenews-messenger.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thenews-messenger.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thenews-messenger.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5167.    The Sowers Photograph was used for advertising by The News-Messenger.

5168.    On the Website, The News-Messenger posts and disseminates content to its subscribers, including those located in Missouri.

5169.    Such content is used to market and promote The News-Messenger and its advertisers.

5170.    Upon information and belief, Defendant The News-Messenger has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The News-Messenger's Infringement**

5171.    Defendant The News-Messenger reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.thenews-messenger.com.

5172.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5173.   Defendant The News-Messenger's website includes commercial advertising targeting the subscribers of The News-Messenger's publication, including those in Missouri.

5174.   Upon information and belief, because the advertisers on Defendant The News-Messenger's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5175.   Upon information and belief, The News-Messenger selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5176.   Upon information and belief, The News-Messenger is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5177.   Upon information The News-Messenger reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5178.   Alternatively, The News-Messenger obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The News-Messenger's website for its digital subscribers and in connection with advertising located on its website.

5179.   Defendant The News-Messenger used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5180. Defendant The News-Messenger's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5181. Ms. Campbell did not give Defendant The News-Messenger permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5182. Ms. Campbell did not give Defendant The News-Messenger permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5183. Nonetheless, Defendant The News-Messenger reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The News-Messenger's Use").

5184. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5185. Upon information and belief, the The News-Messenger's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5186. Defendant The News-Messenger did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CLXXIII. <u>Defendant The Repository</u>**

5187. Defendant The Repository is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Canton, Ohio.

5188. Upon information and belief, The Repository has subscribers, advertisers and is

distributed digitally across the United States, which includes targeted Missouri residents.

5189.  As part of its publication, The Repository sells copies of its publication along with subscriptions and advertising for the publication.

5190.  The Repository is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5191.  As part of its publication, The Repository also provides a website located at cantonrep.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5192.  Upon information and belief, The Repository knows that its website is read from users across the United States, including the residents in the Kansas City area.

5193.  The Repository is in charge of and determines which content is placed on its website located at The Repository which is used for its website, its advertisers, its subscribers and in its publication.

5194.  The Repository maintains at least one server accessible online to the public at www.cantonrep.com(the "Website").

5195.  The Website has a copyright notice on the website © 2022 www.cantonrep.com. All rights reserved.

5196.  Upon information and belief, The Repository used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.cantonrep.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.cantonrep.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.cantonrep.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5197.    The Sowers Photograph was used for advertising by The Repository.

5198.    On the Website, The Repository posts and disseminates content to its subscribers, including those located in Missouri.

5199.    Such content is used to market and promote The Repository and its advertisers.

5200.    Upon information and belief, Defendant The Repository has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Repository's Infringement**

5201.    Defendant The Repository reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.cantonrep.com.

5202.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5203.    Defendant The Repository's website includes commercial advertising targeting the subscribers of The Repository's publication, including those in Missouri.

5204.    Upon information and belief, because the advertisers on Defendant The Repository's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5205.    Upon information and belief, The Repository selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5206.    Upon information and belief, The Repository is accustomed to negotiating and

obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5207.   Upon information The Repository reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5208.   Alternatively, The Repository obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Repository's website for its digital subscribers and in connection with advertising located on its website.

5209.   Defendant The Repository used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5210.   Defendant The Repository's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5211.   Ms. Campbell did not give Defendant The Repository permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5212.   Ms. Campbell did not give Defendant The Repository permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5213.   Nonetheless, Defendant The Repository reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Repository's Use").

5214.   The reproduced photograph is viewable by anyone in the United States with internet

access, including individuals residing in Missouri.

5215.   Upon information and belief, the The Repository's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5216.   Defendant The Repository did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXXIV. **Defendant The Times-Gazette**

5217.   Defendant The Times-Gazette is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Ashland, Ohio.

5218.   Upon information and belief, The Times-Gazette has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5219.   As part of its publication, The Times-Gazette sells copies of its publication along with subscriptions and advertising for the publication.

5220.   The Times-Gazette is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5221.   As part of its publication, The Times-Gazette also provides a website located at times-gazette.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5222.   Upon information and belief, The Times-Gazette knows that its website is read from users across the United States, including the residents in the Kansas City area.

5223.   The Times-Gazette is in charge of and determines which content is placed on its

website located at The Times-Gazette which is used for its website, its advertisers, its subscribers and in its publication.

5224. The Times-Gazette maintains at least one server accessible online to the public at www.times-gazette.com(the "Website").

5225. The Website has a copyright notice on the website © 2022 www.times-gazette.com. All rights reserved.

5226. Upon information and belief, The Times-Gazette used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.times-gazette.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.times-gazette.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.times-gazette.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5227. The Sowers Photograph was used for advertising by The Times-Gazette.

5228. On the Website, The Times-Gazette posts and disseminates content to its subscribers, including those located in Missouri.

5229. Such content is used to market and promote The Times-Gazette and its advertisers.

5230. Upon information and belief, Defendant The Times-Gazette has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Times-Gazette's Infringement**

5231. Defendant The Times-Gazette reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.times-gazette.com.

5232. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5233. Defendant The Times-Gazette's website includes commercial advertising targeting the subscribers of The Times-Gazette's publication, including those in Missouri.

5234. Upon information and belief, because the advertisers on Defendant The Times-Gazette's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5235. Upon information and belief, The Times-Gazette selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5236. Upon information and belief, The Times-Gazette is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5237. Upon information The Times-Gazette reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5238. Alternatively, The Times-Gazette obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Times-Gazette's website for its digital subscribers and in connection with advertising located on its website.

5239. Defendant The Times-Gazette used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5240. Defendant The Times-Gazette's infringement arose out of the reproduction of

Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5241. Ms. Campbell did not give Defendant The Times-Gazette permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5242. Ms. Campbell did not give Defendant The Times-Gazette permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5243. Nonetheless, Defendant The Times-Gazette reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Times-Gazette's Use").

5244. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5245. Upon information and belief, the The Times-Gazette's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5246. Defendant The Times-Gazette did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CLXXV.  Defendant The Times-Reporter**

5247. Defendant The Times-Reporter is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Dover/New Philadelphia, Ohio.

5248. Upon information and belief, The Times-Reporter has subscribers, advertisers and is

distributed digitally across the United States, which includes targeted Missouri residents.

5249. As part of its publication, The Times-Reporter sells copies of its publication along with subscriptions and advertising for the publication.

5250. The Times-Reporter is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5251. As part of its publication, The Times-Reporter also provides a website located at timesreporter.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5252. Upon information and belief, The Times-Reporter knows that its website is read from users across the United States, including the residents in the Kansas City area.

5253. The Times-Reporter is in charge of and determines which content is placed on its website located at The Times-Reporter which is used for its website, its advertisers, its subscribers and in its publication.

5254. The Times-Reporter maintains at least one server accessible online to the public at www.timesreporter.com(the "Website").

5255. The Website has a copyright notice on the website © 2022 www.timesreporter.com. All rights reserved.

5256. Upon information and belief, The Times-Reporter used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.timesreporter.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.timesreporter.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.timesreporter.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5257.   The Sowers Photograph was used for advertising by The Times-Reporter.

5258.   On the Website, The Times-Reporter posts and disseminates content to its subscribers, including those located in Missouri.

5259.   Such content is used to market and promote The Times-Reporter and its advertisers.

5260.   Upon information and belief, Defendant The Times-Reporter has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Times-Reporter's Infringement**

5261.   Defendant The Times-Reporter reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.timesreporter.com.

5262.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5263.   Defendant The Times-Reporter's website includes commercial advertising targeting the subscribers of The Times-Reporter's publication, including those in Missouri.

5264.   Upon information and belief, because the advertisers on Defendant The Times-Reporter's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5265.   Upon information and belief, The Times-Reporter selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5266.   Upon information and belief, The Times-Reporter is accustomed to negotiating and

obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5267. Upon information The Times-Reporter reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5268. Alternatively, The Times-Reporter obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Times-Reporter's website for its digital subscribers and in connection with advertising located on its website.

5269. Defendant The Times-Reporter used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5270. Defendant The Times-Reporter's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5271. Ms. Campbell did not give Defendant The Times-Reporter permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5272. Ms. Campbell did not give Defendant The Times-Reporter permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5273. Nonetheless, Defendant The Times-Reporter reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Times-Reporter's Use").

5274. The reproduced photograph is viewable by anyone in the United States with internet

access, including individuals residing in Missouri.

5275.   Upon information and belief, the The Times-Reporter's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5276.   Defendant The Times-Reporter did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXXVI. **Defendant Times Recorder**

5277.   Defendant Times Recorder is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Zanesville, Ohio.

5278.   Upon information and belief, Times Recorder has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5279.   As part of its publication, Times Recorder sells copies of its publication along with subscriptions and advertising for the publication.

5280.   Times Recorder is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5281.   As part of its publication, Times Recorder also provides a website located at zanesvilletimesrecorder.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5282.   Upon information and belief, Times Recorder knows that its website is read from users across the United States, including the residents in the Kansas City area.

5283.   Times Recorder is in charge of and determines which content is placed on its website

located at Times Recorder which is used for its website, its advertisers, its subscribers and in its publication.

5284. Times Recorder maintains at least one server accessible online to the public at www.zanesvilletimesrecorder.com(the "Website").

5285. The Website has a copyright notice on the website © 2022 www.zanesvilletimesrecorder.com. All rights reserved.

5286. Upon information and belief, Times Recorder used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.zanesvilletimesrecorder.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.zanesvilletimesrecorder.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.zanesvilletimesrecorder.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5287. The Sowers Photograph was used for advertising by Times Recorder.

5288. On the Website, Times Recorder posts and disseminates content to its subscribers, including those located in Missouri.

5289. Such content is used to market and promote Times Recorder and its advertisers.

5290. Upon information and belief, Defendant Times Recorder has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Times Recorder's Infringement**

5291. Defendant Times Recorder reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.zanesvilletimesrecorder.com.

5292. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5293. Defendant Times Recorder's website includes commercial advertising targeting the subscribers of Times Recorder's publication, including those in Missouri.

5294. Upon information and belief, because the advertisers on Defendant Times Recorder's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5295. Upon information and belief, Times Recorder selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5296. Upon information and belief, Times Recorder is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5297. Upon information Times Recorder reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5298. Alternatively, Times Recorder obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Times Recorder's website for its digital subscribers and in connection with advertising located on its website.

5299. Defendant Times Recorder used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5300. Defendant Times Recorder's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5301. Ms. Campbell did not give Defendant Times Recorder permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5302. Ms. Campbell did not give Defendant Times Recorder permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5303. Nonetheless, Defendant Times Recorder reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Times Recorder's Use").

5304. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5305. Upon information and belief, the Times Recorder's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5306. Defendant Times Recorder did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CLXXVII.          Defendant Examiner Enterprise

5307. Defendant Examiner Enterprise is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Bartlesville, Oklahoma.

5308.   Upon information and belief, Examiner Enterprise has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5309.   As part of its publication, Examiner Enterprise sells copies of its publication along with subscriptions and advertising for the publication.

5310.   Examiner Enterprise is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5311.   As part of its publication, Examiner Enterprise also provides a website located at examiner-enterprise.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5312.   Upon information and belief, Examiner Enterprise knows that its website is read from users across the United States, including the residents in the Kansas City area.

5313.   Examiner Enterprise is in charge of and determines which content is placed on its website located at Examiner Enterprise which is used for its website, its advertisers, its subscribers and in its publication.

5314.   Examiner Enterprise maintains at least one server accessible online to the public at www.examiner-enterprise.com(the "Website").

5315.   The Website has a copyright notice on the website © 2022 www.examiner-enterprise.com. All rights reserved.

5316.   Upon information and belief, Examiner Enterprise used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.examiner-enterprise.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.examiner-enterprise.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.examiner-enterprise.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5317.   The Sowers Photograph was used for advertising by Examiner Enterprise.

5318.   On the Website, Examiner Enterprise posts and disseminates content to its subscribers, including those located in Missouri.

5319.   Such content is used to market and promote Examiner Enterprise and its advertisers.

5320.   Upon information and belief, Defendant Examiner Enterprise has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Examiner Enterprise's Infringement**

5321.   Defendant Examiner Enterprise reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.examiner-enterprise.com.

5322.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5323.   Defendant Examiner Enterprise's website includes commercial advertising targeting the subscribers of Examiner Enterprise's publication, including those in Missouri.

5324.   Upon information and belief, because the advertisers on Defendant Examiner Enterprise's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5325.   Upon information and belief, Examiner Enterprise selected Plaintiff's image for

inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5326.   Upon information and belief, Examiner Enterprise is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5327.   Upon information Examiner Enterprise reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5328.   Alternatively, Examiner Enterprise obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Examiner Enterprise's website for its digital subscribers and in connection with advertising located on its website.

5329.   Defendant Examiner Enterprise used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5330.   Defendant Examiner Enterprise's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5331.   Ms. Campbell did not give Defendant Examiner Enterprise permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5332.   Ms. Campbell did not give Defendant Examiner Enterprise permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5333.   Nonetheless, Defendant Examiner Enterprise reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising

content via its website to its digital subscribers and others (the "Examiner Enterprise's Use").

5334.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5335.   Upon information and belief, the Examiner Enterprise's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5336.   Defendant Examiner Enterprise did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXXVIII.      **Defendant The Oklahoman**

5337.   Defendant The Oklahoman is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Oklahoma City, Oklahoma.

5338.   Upon information and belief, The Oklahoman has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5339.   As part of its publication, The Oklahoman sells copies of its publication along with subscriptions and advertising for the publication.

5340.   The Oklahoman is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5341.   As part of its publication, The Oklahoman also provides a website located at oklahoman.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5342.   Upon information and belief, The Oklahoman knows that its website is read from users across the United States, including the residents in the Kansas City area.

5343.   The Oklahoman is in charge of and determines which content is placed on its website located at The Oklahoman which is used for its website, its advertisers, its subscribers and in its publication.

5344.   The Oklahoman maintains at least one server accessible online to the public at www.oklahoman.com(the "Website").

5345.   The Website has a copyright notice on the website © 2022 www.oklahoman.com. All rights reserved.

5346.   Upon information and belief, The Oklahoman used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.oklahoman.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
>
> https://www.oklahoman.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-
> 2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.oklahoman.com/story/entertainment/2020/01/29/super-bowl-commercials-
> 2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5347.   The Sowers Photograph was used for advertising by The Oklahoman.

5348.   On the Website, The Oklahoman posts and disseminates content to its subscribers, including those located in Missouri.

5349.   Such content is used to market and promote The Oklahoman and its advertisers.

5350.   Upon information and belief, Defendant The Oklahoman has targeted dissemination

of its content toward residents in the state of Missouri.

**Defendant The Oklahoman's Infringement**

5351.  Defendant The Oklahoman reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.oklahoman.com.

5352.  Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5353.  Defendant The Oklahoman's website includes commercial advertising targeting the subscribers of The Oklahoman's publication, including those in Missouri.

5354.  Upon information and belief, because the advertisers on Defendant The Oklahoman's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5355.  Upon information and belief, The Oklahoman selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5356.  Upon information and belief, The Oklahoman is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5357.  Upon information The Oklahoman reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5358.  Alternatively, The Oklahoman obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Oklahoman's website for its digital subscribers and in connection with advertising located on its website.

5359.  Defendant The Oklahoman used the image as part of a video which was provided

through its website to various subscribers around the United States, including those located in Missouri.

5360. Defendant The Oklahoman's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5361. Ms. Campbell did not give Defendant The Oklahoman permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5362. Ms. Campbell did not give Defendant The Oklahoman permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5363. Nonetheless, Defendant The Oklahoman reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Oklahoman's Use").

5364. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5365. Upon information and belief, the The Oklahoman's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5366. Defendant The Oklahoman did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CLXXIX. **Defendant Statesman Journal**

5367. Defendant Statesman Journal is a daily publication which publishes local, national

and international articles in print, digital, video and on social media and is located in Salem, Oregon.

5368.  Upon information and belief, Statesman Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5369.  As part of its publication, Statesman Journal sells copies of its publication along with subscriptions and advertising for the publication.

5370.  Statesman Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5371.  As part of its publication, Statesman Journal also provides a website located at statesmanjournal.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5372.  Upon information and belief, Statesman Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

5373.  Statesman Journal is in charge of and determines which content is placed on its website located at Statesman Journal which is used for its website, its advertisers, its subscribers and in its publication.

5374.  Statesman Journal maintains at least one server accessible online to the public at www.statesmanjournal.com(the "Website").

5375. The Website has a copyright notice on the website © 2022 www.statesmanjournal.com. All rights reserved.

5376.  Upon information and belief, Statesman Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.statesmanjournal.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
/microsoft/4597663002/,

https://www.statesmanjournal.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.statesmanjournal.com/story/entertainment/2020/01/29/super-bowl-
commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5377.   The Sowers Photograph was used for advertising by Statesman Journal.

5378.   On the Website, Statesman Journal posts and disseminates content to its subscribers,
including those located in Missouri.

5379.   Such content is used to market and promote Statesman Journal and its advertisers.

5380.   Upon information and belief, Defendant Statesman Journal has targeted
dissemination of its content toward residents in the state of Missouri.

**Defendant Statesman Journal's Infringement**

5381.   Defendant Statesman Journal reproduced Plaintiff's image and distributed it to its
subscribers, including those located in Missouri, via its website located at
www.statesmanjournal.com.

5382.   Upon information and belief, the photograph was a large PNG image file which was
over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5383.   Defendant Statesman Journal's website includes commercial advertising targeting
the subscribers of Statesman Journal's publication, including those in Missouri.

5384.   Upon information and belief, because the advertisers on Defendant Statesman
Journal's website are based on the location of the viewer, these advertisements target Missouri
residents and include advertisers targeting Missouri residents.

5385.   Upon information and belief, Statesman Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5386.   Upon information and belief, Statesman Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5387.   Upon information Statesman Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5388.   Alternatively, Statesman Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Statesman Journal's website for its digital subscribers and in connection with advertising located on its website.

5389.   Defendant Statesman Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5390.   Defendant Statesman Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5391.   Ms. Campbell did not give Defendant Statesman Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5392.   Ms. Campbell did not give Defendant Statesman Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5393.   Nonetheless, Defendant Statesman Journal reproduced Plaintiff's photograph and

used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Statesman Journal's Use").

5394.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5395.   Upon information and belief, the Statesman Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5396.   Defendant Statesman Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CLXXX.   Defendant Beaver County Times

5397.   Defendant Beaver County Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Beaver, Pennsylvania.

5398.   Upon information and belief, Beaver County Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5399.   As part of its publication, Beaver County Times sells copies of its publication along with subscriptions and advertising for the publication.

5400.   Beaver County Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5401.   As part of its publication, Beaver County Times also provides a website located at timesonline.com where digital subscribers, including those located in Missouri, can access and

review its content, including photographs, videos and advertising.

5402.   Upon information and belief, Beaver County Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

5403.   Beaver County Times is in charge of and determines which content is placed on its website located at Beaver County Times which is used for its website, its advertisers, its subscribers and in its publication.

5404.   Beaver County Times maintains at least one server accessible online to the public at www.timesonline.com(the "Website").

5405.   The Website has a copyright notice on the website © 2022 www.timesonline.com. All rights reserved.

5406.   Upon information and belief, Beaver County Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.timesonline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
/microsoft/4597663002/,

https://www.timesonline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-
2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.timesonline.com/story/entertainment/2020/01/29/super-bowl-commercials-
2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5407.   The Sowers Photograph was used for advertising by Beaver County Times.

5408.   On the Website, Beaver County Times posts and disseminates content to its subscribers, including those located in Missouri.

5409.   Such content is used to market and promote Beaver County Times and its advertisers.

5410. Upon information and belief, Defendant Beaver County Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Beaver County Times's Infringement**

5411. Defendant Beaver County Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.timesonline.com.

5412. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5413. Defendant Beaver County Times's website includes commercial advertising targeting the subscribers of Beaver County Times's publication, including those in Missouri.

5414. Upon information and belief, because the advertisers on Defendant Beaver County Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5415. Upon information and belief, Beaver County Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5416. Upon information and belief, Beaver County Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5417. Upon information Beaver County Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5418. Alternatively, Beaver County Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Beaver County Times's website for its digital subscribers and in connection with advertising located on its website.

5419. Defendant Beaver County Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5420. Defendant Beaver County Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5421. Ms. Campbell did not give Defendant Beaver County Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5422. Ms. Campbell did not give Defendant Beaver County Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5423. Nonetheless, Defendant Beaver County Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Beaver County Times's Use").

5424. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5425. Upon information and belief, the Beaver County Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5426. Defendant Beaver County Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CLXXXI. **Defendant Bucks County Courier Times**

5427.   Defendant Bucks County Courier Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Levittown, Pennsylvania.

5428.   Upon information and belief, Bucks County Courier Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5429.   As part of its publication, Bucks County Courier Times sells copies of its publication along with subscriptions and advertising for the publication.

5430.   Bucks County Courier Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5431.   As part of its publication, Bucks County Courier Times also provides a website located at buckscountycouriertimes.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5432.   Upon information and belief, Bucks County Courier Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

5433.   Bucks County Courier Times is in charge of and determines which content is placed on its website located at Bucks County Courier Times which is used for its website, its advertisers, its subscribers and in its publication.

5434.   Bucks County Courier Times maintains at least one server accessible online to the public at www.buckscountycouriertimes.com(the "Website").

5435.   The Website has a copyright notice on the website © 2022 www.buckscountycouriertimes.com. All rights reserved.

5436. Upon information and belief, Bucks County Courier Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.buckscountycouriertimes.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.buckscountycouriertimes.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.buckscountycouriertimes.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5437. The Sowers Photograph was used for advertising by Bucks County Courier Times.

5438. On the Website, Bucks County Courier Times posts and disseminates content to its subscribers, including those located in Missouri.

5439. Such content is used to market and promote Bucks County Courier Times and its advertisers.

5440. Upon information and belief, Defendant Bucks County Courier Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Bucks County Courier Times's Infringement**

5441. Defendant Bucks County Courier Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.buckscountycouriertimes.com.

5442. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5443. Defendant Bucks County Courier Times's website includes commercial advertising

targeting the subscribers of Bucks County Courier Times's publication, including those in Missouri.

5444.   Upon information and belief, because the advertisers on Defendant Bucks County Courier Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5445.   Upon information and belief, Bucks County Courier Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5446.   Upon information and belief, Bucks County Courier Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5447.   Upon information Bucks County Courier Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5448.   Alternatively, Bucks County Courier Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Bucks County Courier Times's website for its digital subscribers and in connection with advertising located on its website.

5449.   Defendant Bucks County Courier Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5450.   Defendant Bucks County Courier Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5451.   Ms. Campbell did not give Defendant Bucks County Courier Times permission to

reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5452. Ms. Campbell did not give Defendant Bucks County Courier Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5453. Nonetheless, Defendant Bucks County Courier Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Bucks County Courier Times's Use").

5454. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5455. Upon information and belief, the Bucks County Courier Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5456. Defendant Bucks County Courier Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CLXXXII.    **Defendant Chambersburg Public Opinion**

5457. Defendant Chambersburg Public Opinion is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Chambersburg, Pennsylvania.

5458. Upon information and belief, Chambersburg Public Opinion has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5459.   As part of its publication, Chambersburg Public Opinion sells copies of its publication along with subscriptions and advertising for the publication.

5460.   Chambersburg Public Opinion is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5461.   As part of its publication, Chambersburg Public Opinion also provides a website located at publicopiniononline.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5462.   Upon information and belief, Chambersburg Public Opinion knows that its website is read from users across the United States, including the residents in the Kansas City area.

5463.   Chambersburg Public Opinion is in charge of and determines which content is placed on its website located at Chambersburg Public Opinion which is used for its website, its advertisers, its subscribers and in its publication.

5464.   Chambersburg Public Opinion maintains at least one server accessible online to the public at www.publicopiniononline.com(the "Website").

5465.   The Website has a copyright notice on the website © 2022 www.publicopiniononline.com. All rights reserved.

5466.   Upon information and belief, Chambersburg Public Opinion used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.publicopiniononline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.publicopiniononline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.publicopiniononline.com/story/entertainment/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5467.   The Sowers Photograph was used for advertising by Chambersburg Public Opinion.

5468.   On the Website, Chambersburg Public Opinion posts and disseminates content to its subscribers, including those located in Missouri.

5469.   Such content is used to market and promote Chambersburg Public Opinion and its advertisers.

5470.   Upon information and belief, Defendant Chambersburg Public Opinion has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Chambersburg Public Opinion's Infringement**

5471.   Defendant Chambersburg Public Opinion reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.publicopiniononline.com.

5472.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5473.   Defendant Chambersburg Public Opinion's website includes commercial advertising targeting the subscribers of Chambersburg Public Opinion's publication, including those in Missouri.

5474.   Upon information and belief, because the advertisers on Defendant Chambersburg Public Opinion's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5475.   Upon information and belief, Chambersburg Public Opinion selected Plaintiff's

image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5476. Upon information and belief, Chambersburg Public Opinion is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5477. Upon information Chambersburg Public Opinion reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5478. Alternatively, Chambersburg Public Opinion obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Chambersburg Public Opinion's website for its digital subscribers and in connection with advertising located on its website.

5479. Defendant Chambersburg Public Opinion used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5480. Defendant Chambersburg Public Opinion's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5481. Ms. Campbell did not give Defendant Chambersburg Public Opinion permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5482. Ms. Campbell did not give Defendant Chambersburg Public Opinion permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5483.    Nonetheless, Defendant Chambersburg Public Opinion reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Chambersburg Public Opinion's Use").

5484.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5485.    Upon information and belief, the Chambersburg Public Opinion's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5486.    Defendant Chambersburg Public Opinion did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXXXIII.    Defendant Ellwood City Ledger

5487.    Defendant Ellwood City Ledger is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Ellwood City, Pennsylvania.

5488.    Upon information and belief, Ellwood City Ledger has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5489.    As part of its publication, Ellwood City Ledger sells copies of its publication along with subscriptions and advertising for the publication.

5490.    Ellwood City Ledger is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5491. As part of its publication, Ellwood City Ledger also provides a website located at ellwoodcityledger.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5492. Upon information and belief, Ellwood City Ledger knows that its website is read from users across the United States, including the residents in the Kansas City area.

5493. Ellwood City Ledger is in charge of and determines which content is placed on its website located at Ellwood City Ledger which is used for its website, its advertisers, its subscribers and in its publication.

5494. Ellwood City Ledger maintains at least one server accessible online to the public at www.ellwoodcityledger.com(the "Website").

5495. The Website has a copyright notice on the website © 2022 www.ellwoodcityledger.com. All rights reserved.

5496. Upon information and belief, Ellwood City Ledger used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

   https://www.ellwoodcityledger.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
   /microsoft/4597663002/,

   https://www.ellwoodcityledger.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
   commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

   https://www.ellwoodcityledger.com/story/entertainment/2020/01/29/super-bowl-
   commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5497. The Sowers Photograph was used for advertising by Ellwood City Ledger.

5498. On the Website, Ellwood City Ledger posts and disseminates content to its

subscribers, including those located in Missouri.

5499.   Such content is used to market and promote Ellwood City Ledger and its advertisers.

5500.   Upon information and belief, Defendant Ellwood City Ledger has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Ellwood City Ledger's Infringement**

5501.   Defendant Ellwood City Ledger reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.ellwoodcityledger.com.

5502.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5503.   Defendant Ellwood City Ledger's website includes commercial advertising targeting the subscribers of Ellwood City Ledger's publication, including those in Missouri.

5504.   Upon information and belief, because the advertisers on Defendant Ellwood City Ledger's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5505.   Upon information and belief, Ellwood City Ledger selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5506.   Upon information and belief, Ellwood City Ledger is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5507.   Upon information Ellwood City Ledger reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5508.  Alternatively, Ellwood City Ledger obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Ellwood City Ledger's website for its digital subscribers and in connection with advertising located on its website.

5509.  Defendant Ellwood City Ledger used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5510.  Defendant Ellwood City Ledger's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5511.  Ms. Campbell did not give Defendant Ellwood City Ledger permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5512.  Ms. Campbell did not give Defendant Ellwood City Ledger permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5513.  Nonetheless, Defendant Ellwood City Ledger reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Ellwood City Ledger's Use").

5514.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5515.  Upon information and belief, the Ellwood City Ledger's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5516. Defendant Ellwood City Ledger did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXXXIV.     Defendant Erie Times News

5517. Defendant Erie Times News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Erie, Pennsylvania.

5518. Upon information and belief, Erie Times News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5519. As part of its publication, Erie Times News sells copies of its publication along with subscriptions and advertising for the publication.

5520. Erie Times News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5521. As part of its publication, Erie Times News also provides a website located at goerie.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5522. Upon information and belief, Erie Times News knows that its website is read from users across the United States, including the residents in the Kansas City area.

5523. Erie Times News is in charge of and determines which content is placed on its website located at Erie Times News which is used for its website, its advertisers, its subscribers and in its publication.

5524. Erie Times News maintains at least one server accessible online to the public at www.goerie.com(the "Website").

5525. The Website has a copyright notice on the website © 2022 www.goerie.com. All rights reserved.

5526. Upon information and belief, Erie Times News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.goerie.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.goerie.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.goerie.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5527. The Sowers Photograph was used for advertising by Erie Times News.

5528. On the Website, Erie Times News posts and disseminates content to its subscribers, including those located in Missouri.

5529. Such content is used to market and promote Erie Times News and its advertisers.

5530. Upon information and belief, Defendant Erie Times News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Erie Times News's Infringement**

5531. Defendant Erie Times News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.goerie.com.

5532. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5533. Defendant Erie Times News's website includes commercial advertising targeting the

subscribers of Erie Times News's publication, including those in Missouri.

5534.   Upon information and belief, because the advertisers on Defendant Erie Times News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5535.   Upon information and belief, Erie Times News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5536.   Upon information and belief, Erie Times News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5537.   Upon information Erie Times News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5538.   Alternatively, Erie Times News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Erie Times News's website for its digital subscribers and in connection with advertising located on its website.

5539.   Defendant Erie Times News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5540.   Defendant Erie Times News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5541.   Ms. Campbell did not give Defendant Erie Times News permission to reproduce or

use the Sowers Photograph or any of her other photographs in anyway.

5542. Ms. Campbell did not give Defendant Erie Times News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5543. Nonetheless, Defendant Erie Times News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Erie Times News's Use").

5544. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5545. Upon information and belief, the Erie Times News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5546. Defendant Erie Times News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CLXXXV. **Defendant Hanover Evening Sun**

5547. Defendant Hanover Evening Sun is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Hanover, Pennsylvania.

5548. Upon information and belief, Hanover Evening Sun has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5549. As part of its publication, Hanover Evening Sun sells copies of its publication along with subscriptions and advertising for the publication.

5550. Hanover Evening Sun is part of a network of over 300 publications across 46 states

with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5551.  As part of its publication, Hanover Evening Sun also provides a website located at eveningsun.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5552.  Upon information and belief, Hanover Evening Sun knows that its website is read from users across the United States, including the residents in the Kansas City area.

5553.  Hanover Evening Sun is in charge of and determines which content is placed on its website located at Hanover Evening Sun which is used for its website, its advertisers, its subscribers and in its publication.

5554.  Hanover Evening Sun maintains at least one server accessible online to the public at www.eveningsun.com(the "Website").

5555.  The Website has a copyright notice on the website © 2022 www.eveningsun.com. All rights reserved.

5556.  Upon information and belief, Hanover Evening Sun used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.eveningsun.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.eveningsun.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.eveningsun.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5557. The Sowers Photograph was used for advertising by Hanover Evening Sun.

5558. On the Website, Hanover Evening Sun posts and disseminates content to its subscribers, including those located in Missouri.

5559. Such content is used to market and promote Hanover Evening Sun and its advertisers.

5560. Upon information and belief, Defendant Hanover Evening Sun has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Hanover Evening Sun's Infringement**

5561. Defendant Hanover Evening Sun reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.eveningsun.com.

5562. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5563. Defendant Hanover Evening Sun's website includes commercial advertising targeting the subscribers of Hanover Evening Sun's publication, including those in Missouri.

5564. Upon information and belief, because the advertisers on Defendant Hanover Evening Sun's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5565. Upon information and belief, Hanover Evening Sun selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5566. Upon information and belief, Hanover Evening Sun is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5567. Upon information Hanover Evening Sun reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to

its subscribers, including those in Missouri.

5568. Alternatively, Hanover Evening Sun obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Hanover Evening Sun's website for its digital subscribers and in connection with advertising located on its website.

5569. Defendant Hanover Evening Sun used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5570. Defendant Hanover Evening Sun's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5571. Ms. Campbell did not give Defendant Hanover Evening Sun permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5572. Ms. Campbell did not give Defendant Hanover Evening Sun permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5573. Nonetheless, Defendant Hanover Evening Sun reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Hanover Evening Sun's Use").

5574. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5575. Upon information and belief, the Hanover Evening Sun's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri

advertisers.

5576.   Defendant Hanover Evening Sun did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CLXXXVI.        Defendant Lebanon Daily News

5577.   Defendant Lebanon Daily News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Lebanon, Pennsylvania.

5578.   Upon information and belief, Lebanon Daily News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5579.   As part of its publication, Lebanon Daily News sells copies of its publication along with subscriptions and advertising for the publication.

5580.   Lebanon Daily News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5581.   As part of its publication, Lebanon Daily News also provides a website located at ldnews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5582.   Upon information and belief, Lebanon Daily News knows that its website is read from users across the United States, including the residents in the Kansas City area.

5583.   Lebanon Daily News is in charge of and determines which content is placed on its website located at Lebanon Daily News which is used for its website, its advertisers, its subscribers and in its publication.

5584.   Lebanon Daily News maintains at least one server accessible online to the public at

www.ldnews.com(the "Website").

5585.   The Website has a copyright notice on the website © 2022 www.ldnews.com. All rights reserved.

5586.   Upon information and belief, Lebanon Daily News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.ldnews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.ldnews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.ldnews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

5587.   The Sowers Photograph was used for advertising by Lebanon Daily News.

5588.   On the Website, Lebanon Daily News posts and disseminates content to its subscribers, including those located in Missouri.

5589.   Such content is used to market and promote Lebanon Daily News and its advertisers.

5590.   Upon information and belief, Defendant Lebanon Daily News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Lebanon Daily News's Infringement**

5591.   Defendant Lebanon Daily News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.ldnews.com.

5592.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5593.   Defendant Lebanon Daily News's website includes commercial advertising targeting the subscribers of Lebanon Daily News's publication, including those in Missouri.

5594.   Upon information and belief, because the advertisers on Defendant Lebanon Daily News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5595.   Upon information and belief, Lebanon Daily News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5596.   Upon information and belief, Lebanon Daily News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5597.   Upon information Lebanon Daily News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5598.   Alternatively, Lebanon Daily News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Lebanon Daily News's website for its digital subscribers and in connection with advertising located on its website.

5599.   Defendant Lebanon Daily News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5600.   Defendant Lebanon Daily News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5601. Ms. Campbell did not give Defendant Lebanon Daily News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5602. Ms. Campbell did not give Defendant Lebanon Daily News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5603. Nonetheless, Defendant Lebanon Daily News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Lebanon Daily News's Use").

5604. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5605. Upon information and belief, the Lebanon Daily News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5606. Defendant Lebanon Daily News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CLXXXVII.  **Defendant Pocono Record**

5607. Defendant Pocono Record is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Stroudsburg, Pennsylvania.

5608. Upon information and belief, Pocono Record has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5609. As part of its publication, Pocono Record sells copies of its publication along with subscriptions and advertising for the publication.

5610.   Pocono Record is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5611.   As part of its publication, Pocono Record also provides a website located at poconorecord.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5612.   Upon information and belief, Pocono Record knows that its website is read from users across the United States, including the residents in the Kansas City area.

5613.   Pocono Record is in charge of and determines which content is placed on its website located at Pocono Record which is used for its website, its advertisers, its subscribers and in its publication.

5614.   Pocono Record maintains at least one server accessible online to the public at www.poconorecord.com(the "Website").

5615.   The Website has a copyright notice on the website © 2022 www.poconorecord.com. All rights reserved.

5616.   Upon information and belief, Pocono Record used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

   https://www.poconorecord.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
   /microsoft/4597663002/,

   https://www.poconorecord.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
   commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

   https://www.poconorecord.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5617. The Sowers Photograph was used for advertising by Pocono Record.

5618. On the Website, Pocono Record posts and disseminates content to its subscribers, including those located in Missouri.

5619. Such content is used to market and promote Pocono Record and its advertisers.

5620. Upon information and belief, Defendant Pocono Record has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Pocono Record's Infringement**

5621. Defendant Pocono Record reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.poconorecord.com.

5622. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5623. Defendant Pocono Record's website includes commercial advertising targeting the subscribers of Pocono Record's publication, including those in Missouri.

5624. Upon information and belief, because the advertisers on Defendant Pocono Record's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5625. Upon information and belief, Pocono Record selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5626. Upon information and belief, Pocono Record is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5627. Upon information Pocono Record reproduced Plaintiff's image by using a screen

shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5628. Alternatively, Pocono Record obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Pocono Record's website for its digital subscribers and in connection with advertising located on its website.

5629. Defendant Pocono Record used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5630. Defendant Pocono Record's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5631. Ms. Campbell did not give Defendant Pocono Record permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5632. Ms. Campbell did not give Defendant Pocono Record permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5633. Nonetheless, Defendant Pocono Record reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Pocono Record's Use").

5634. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5635. Upon information and belief, the Pocono Record's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to

encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5636.   Defendant Pocono Record did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CLXXXVIII.   **Defendant The Daily American**

5637.   Defendant The Daily American is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Somerset, Pennsylvania.

5638.   Upon information and belief, The Daily American has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5639.   As part of its publication, The Daily American sells copies of its publication along with subscriptions and advertising for the publication.

5640.   The Daily American is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5641.   As part of its publication, The Daily American also provides a website located at dailyamerican.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5642.   Upon information and belief, The Daily American knows that its website is read from users across the United States, including the residents in the Kansas City area.

5643.   The Daily American is in charge of and determines which content is placed on its website located at The Daily American which is used for its website, its advertisers, its subscribers and in its publication.

5644.    The Daily American maintains at least one server accessible online to the public at www.dailyamerican.com(the "Website").

5645.    The Website has a copyright notice on the website © 2022 www.dailyamerican.com. All rights reserved.

5646.    Upon information and belief, The Daily American used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.dailyamerican.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.dailyamerican.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.dailyamerican.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5647.    The Sowers Photograph was used for advertising by The Daily American.

5648.    On the Website, The Daily American posts and disseminates content to its subscribers, including those located in Missouri.

5649.    Such content is used to market and promote The Daily American and its advertisers.

5650.    Upon information and belief, Defendant The Daily American has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Daily American's Infringement**

5651.    Defendant The Daily American reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.dailyamerican.com.

5652.    Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5653. Defendant The Daily American's website includes commercial advertising targeting the subscribers of The Daily American's publication, including those in Missouri.

5654. Upon information and belief, because the advertisers on Defendant The Daily American's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5655. Upon information and belief, The Daily American selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5656. Upon information and belief, The Daily American is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5657. Upon information The Daily American reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5658. Alternatively, The Daily American obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Daily American's website for its digital subscribers and in connection with advertising located on its website.

5659. Defendant The Daily American used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5660. Defendant The Daily American's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its

website to various subscribers, including Missouri residents.

5661.   Ms. Campbell did not give Defendant The Daily American permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5662.   Ms. Campbell did not give Defendant The Daily American permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5663.   Nonetheless, Defendant The Daily American reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Daily American's Use").

5664.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5665.   Upon information and belief, the The Daily American's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5666.   Defendant The Daily American did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CLXXXIX.        Defendant The Echo Pilot

5667.   Defendant The Echo Pilot is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Greencastle, Pennsylvania.

5668.   Upon information and belief, The Echo Pilot has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5669.   As part of its publication, The Echo Pilot sells copies of its publication along with

subscriptions and advertising for the publication.

5670. The Echo Pilot is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5671. As part of its publication, The Echo Pilot also provides a website located at echo-pilot.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5672. Upon information and belief, The Echo Pilot knows that its website is read from users across the United States, including the residents in the Kansas City area.

5673. The Echo Pilot is in charge of and determines which content is placed on its website located at The Echo Pilot which is used for its website, its advertisers, its subscribers and in its publication.

5674. The Echo Pilot maintains at least one server accessible online to the public at www.echo-pilot.com(the "Website").

5675. The Website has a copyright notice on the website © 2022 www.echo-pilot.com. All rights reserved.

5676. Upon information and belief, The Echo Pilot used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.echo-pilot.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.echo-pilot.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.echo-pilot.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5677.   The Sowers Photograph was used for advertising by The Echo Pilot.

5678.   On the Website, The Echo Pilot posts and disseminates content to its subscribers, including those located in Missouri.

5679.   Such content is used to market and promote The Echo Pilot and its advertisers.

5680.   Upon information and belief, Defendant The Echo Pilot has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Echo Pilot's Infringement**

5681.   Defendant The Echo Pilot reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.echo-pilot.com.

5682.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5683.   Defendant The Echo Pilot's website includes commercial advertising targeting the subscribers of The Echo Pilot's publication, including those in Missouri.

5684.   Upon information and belief, because the advertisers on Defendant The Echo Pilot's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5685.   Upon information and belief, The Echo Pilot selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5686.   Upon information and belief, The Echo Pilot is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5687.  Upon information The Echo Pilot reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5688.  Alternatively, The Echo Pilot obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Echo Pilot's website for its digital subscribers and in connection with advertising located on its website.

5689.  Defendant The Echo Pilot used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5690.  Defendant The Echo Pilot's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5691.  Ms. Campbell did not give Defendant The Echo Pilot permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5692.  Ms. Campbell did not give Defendant The Echo Pilot permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5693.  Nonetheless, Defendant The Echo Pilot reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Echo Pilot's Use").

5694.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5695.  Upon information and belief, the The Echo Pilot's Use was part of a marketing and

promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5696.   Defendant The Echo Pilot did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXC.  Defendant The Intelligencer**

5697.   Defendant The Intelligencer is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Doylestown, Pennsylvania.

5698.   Upon information and belief, The Intelligencer has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5699.   As part of its publication, The Intelligencer sells copies of its publication along with subscriptions and advertising for the publication.

5700.   The Intelligencer is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5701.   As part of its publication, The Intelligencer also provides a website located at theintell.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5702.   Upon information and belief, The Intelligencer knows that its website is read from users across the United States, including the residents in the Kansas City area.

5703.   The Intelligencer is in charge of and determines which content is placed on its website located at The Intelligencer which is used for its website, its advertisers, its subscribers and in its

publication.

5704.   The Intelligencer maintains at least one server accessible online to the public at www.theintell.com(the "Website").

5705.   The Website has a copyright notice on the website © 2022 www.theintell.com. All rights reserved.

5706.   Upon information and belief, The Intelligencer used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.theintell.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.theintell.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.theintell.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5707.   The Sowers Photograph was used for advertising by The Intelligencer.

5708.   On the Website, The Intelligencer posts and disseminates content to its subscribers, including those located in Missouri.

5709.   Such content is used to market and promote The Intelligencer and its advertisers.

5710.   Upon information and belief, Defendant The Intelligencer has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Intelligencer's Infringement**

5711.   Defendant The Intelligencer reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.theintell.com.

5712.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5713.   Defendant The Intelligencer's website includes commercial advertising targeting the subscribers of The Intelligencer's publication, including those in Missouri.

5714.   Upon information and belief, because the advertisers on Defendant The Intelligencer's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5715.   Upon information and belief, The Intelligencer selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5716.   Upon information and belief, The Intelligencer is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5717.   Upon information The Intelligencer reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5718.   Alternatively, The Intelligencer obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Intelligencer's website for its digital subscribers and in connection with advertising located on its website.

5719.   Defendant The Intelligencer used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5720.   Defendant The Intelligencer's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the

unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5721. Ms. Campbell did not give Defendant The Intelligencer permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5722. Ms. Campbell did not give Defendant The Intelligencer permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5723. Nonetheless, Defendant The Intelligencer reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Intelligencer's Use").

5724. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5725. Upon information and belief, the The Intelligencer's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5726. Defendant The Intelligencer did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXCI. Defendant The Record Herald**

5727. Defendant The Record Herald is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Waynesboro, Pennsylvania.

5728. Upon information and belief, The Record Herald has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5729.   As part of its publication, The Record Herald sells copies of its publication along with subscriptions and advertising for the publication.

5730.   The Record Herald is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5731.   As part of its publication, The Record Herald also provides a website located at therecordherald.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5732.   Upon information and belief, The Record Herald knows that its website is read from users across the United States, including the residents in the Kansas City area.

5733.   The Record Herald is in charge of and determines which content is placed on its website located at The Record Herald which is used for its website, its advertisers, its subscribers and in its publication.

5734.   The Record Herald maintains at least one server accessible online to the public at www.therecordherald.com(the "Website").

5735.   The Website has a copyright notice on the website © 2022 www.therecordherald.com. All rights reserved.

5736.   Upon information and belief, The Record Herald used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.therecordherald.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.therecordherald.com/story/sports/Ad-Meter/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.therecordherald.com/story/entertainment/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5737.    The Sowers Photograph was used for advertising by The Record Herald.

5738.    On the Website, The Record Herald posts and disseminates content to its subscribers,

including those located in Missouri.

5739.    Such content is used to market and promote The Record Herald and its advertisers.

5740.    Upon information and belief, Defendant The Record Herald has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant The Record Herald's Infringement**

5741.    Defendant The Record Herald reproduced Plaintiff's image and distributed it to its

subscribers,    including    those    located    in    Missouri,    via    its    website    located    at

www.therecordherald.com.

5742.    Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5743.    Defendant The Record Herald's website includes commercial advertising targeting

the subscribers of The Record Herald's publication, including those in Missouri.

5744.    Upon information and belief, because the advertisers on Defendant The Record

Herald's website are based on the location of the viewer, these advertisements target Missouri

residents and include advertisers targeting Missouri residents.

5745.    Upon information and belief, The Record Herald selected Plaintiff's image for

inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5746.    Upon information and belief, The Record Herald is accustomed to negotiating and

698

obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5747. Upon information The Record Herald reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5748. Alternatively, The Record Herald obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Record Herald's website for its digital subscribers and in connection with advertising located on its website.

5749. Defendant The Record Herald used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5750. Defendant The Record Herald's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5751. Ms. Campbell did not give Defendant The Record Herald permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5752. Ms. Campbell did not give Defendant The Record Herald permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5753. Nonetheless, Defendant The Record Herald reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Record Herald's Use").

5754. The reproduced photograph is viewable by anyone in the United States with internet

access, including individuals residing in Missouri.

5755. Upon information and belief, the The Record Herald's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5756. Defendant The Record Herald did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CXCII.   **Defendant Tri-County Independent**

5757. Defendant Tri-County Independent is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Honesdale, Pennsylvania.

5758. Upon information and belief, Tri-County Independent has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5759. As part of its publication, Tri-County Independent sells copies of its publication along with subscriptions and advertising for the publication.

5760. Tri-County Independent is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5761. As part of its publication, Tri-County Independent also provides a website located at tricountyindependent.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5762. Upon information and belief, Tri-County Independent knows that its website is read from users across the United States, including the residents in the Kansas City area.

5763. Tri-County Independent is in charge of and determines which content is placed on its website located at Tri-County Independent which is used for its website, its advertisers, its subscribers and in its publication.

5764. Tri-County Independent maintains at least one server accessible online to the public at www.tricountyindependent.com(the "Website").

5765. The Website has a copyright notice on the website © 2022 www.tricountyindependent.com. All rights reserved.

5766. Upon information and belief, Tri-County Independent used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

      https://www.tricountyindependent.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

      https://www.tricountyindependent.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

      https://www.tricountyindependent.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5767. The Sowers Photograph was used for advertising by Tri-County Independent.

5768. On the Website, Tri-County Independent posts and disseminates content to its subscribers, including those located in Missouri.

5769. Such content is used to market and promote Tri-County Independent and its advertisers.

5770. Upon information and belief, Defendant Tri-County Independent has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Tri-County Independent's Infringement**

5771.   Defendant Tri-County Independent reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.tricountyindependent.com.

5772.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5773.   Defendant Tri-County Independent's website includes commercial advertising targeting the subscribers of Tri-County Independent's publication, including those in Missouri.

5774.   Upon information and belief, because the advertisers on Defendant Tri-County Independent's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5775.   Upon information and belief, Tri-County Independent selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5776.   Upon information and belief, Tri-County Independent is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5777.   Upon information Tri-County Independent reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5778.   Alternatively, Tri-County Independent obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Tri-County Independent's website for its digital subscribers and in connection with advertising located on its website.

5779.   Defendant Tri-County Independent used the image as part of a video which was

provided through its website to various subscribers around the United States, including those located in Missouri.

5780.   Defendant Tri-County Independent's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5781.   Ms. Campbell did not give Defendant Tri-County Independent permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5782.   Ms. Campbell did not give Defendant Tri-County Independent permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5783.   Nonetheless, Defendant Tri-County Independent reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Tri-County Independent's Use").

5784.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5785.   Upon information and belief, the Tri-County Independent's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5786.   Defendant Tri-County Independent did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CXCIII. **Defendant York Daily Record**

5787. Defendant York Daily Record is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in York, Pennsylvania.

5788. Upon information and belief, York Daily Record has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5789. As part of its publication, York Daily Record sells copies of its publication along with subscriptions and advertising for the publication.

5790. York Daily Record is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5791. As part of its publication, York Daily Record also provides a website located at ydr.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5792. Upon information and belief, York Daily Record knows that its website is read from users across the United States, including the residents in the Kansas City area.

5793. York Daily Record is in charge of and determines which content is placed on its website located at York Daily Record which is used for its website, its advertisers, its subscribers and in its publication.

5794. York Daily Record maintains at least one server accessible online to the public at www.ydr.com(the "Website").

5795. The Website has a copyright notice on the website © 2022 www.ydr.com. All rights reserved.

5796.  Upon information and belief, York Daily Record used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.ydr.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.ydr.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.ydr.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

5797.  The Sowers Photograph was used for advertising by York Daily Record.

5798.  On the Website, York Daily Record posts and disseminates content to its subscribers, including those located in Missouri.

5799.  Such content is used to market and promote York Daily Record and its advertisers.

5800.  Upon information and belief, Defendant York Daily Record has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant York Daily Record's Infringement**

5801.  Defendant York Daily Record reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.ydr.com.

5802.  Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5803.  Defendant York Daily Record's website includes commercial advertising targeting the subscribers of York Daily Record's publication, including those in Missouri.

5804.  Upon information and belief, because the advertisers on Defendant York Daily

Record's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5805.   Upon information and belief, York Daily Record selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5806.   Upon information and belief, York Daily Record is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5807.   Upon information York Daily Record reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5808.   Alternatively, York Daily Record obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on York Daily Record's website for its digital subscribers and in connection with advertising located on its website.

5809.   Defendant York Daily Record used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5810.   Defendant York Daily Record's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5811.   Ms. Campbell did not give Defendant York Daily Record permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5812.   Ms. Campbell did not give Defendant York Daily Record permission to distribute a

reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5813. Nonetheless, Defendant York Daily Record reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "York Daily Record's Use").

5814. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5815. Upon information and belief, the York Daily Record's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5816. Defendant York Daily Record did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXCIV.** **Defendant The Newport Daily News**

5817. Defendant The Newport Daily News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Newport, Rhode Island.

5818. Upon information and belief, The Newport Daily News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5819. As part of its publication, The Newport Daily News sells copies of its publication along with subscriptions and advertising for the publication.

5820. The Newport Daily News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5821.   As part of its publication, The Newport Daily News also provides a website located at newportri.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5822.   Upon information and belief, The Newport Daily News knows that its website is read from users across the United States, including the residents in the Kansas City area.

5823.   The Newport Daily News is in charge of and determines which content is placed on its website located at The Newport Daily News which is used for its website, its advertisers, its subscribers and in its publication.

5824.   The Newport Daily News maintains at least one server accessible online to the public at www.newportri.com(the "Website").

5825.   The Website has a copyright notice on the website © 2022 www.newportri.com. All rights reserved.

5826.   Upon information and belief, The Newport Daily News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.newportri.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.newportri.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.newportri.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5827.   The Sowers Photograph was used for advertising by The Newport Daily News.

5828.   On the Website, The Newport Daily News posts and disseminates content to its

subscribers, including those located in Missouri.

5829.    Such content is used to market and promote The Newport Daily News and its advertisers.

5830.    Upon information and belief, Defendant The Newport Daily News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Newport Daily News's Infringement**

5831.    Defendant The Newport Daily News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.newportri.com.

5832.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5833.    Defendant The Newport Daily News's website includes commercial advertising targeting the subscribers of The Newport Daily News's publication, including those in Missouri.

5834.    Upon information and belief, because the advertisers on Defendant The Newport Daily News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5835.    Upon information and belief, The Newport Daily News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5836.    Upon information and belief, The Newport Daily News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5837.    Upon information The Newport Daily News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5838.   Alternatively, The Newport Daily News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Newport Daily News's website for its digital subscribers and in connection with advertising located on its website.

5839.   Defendant The Newport Daily News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5840.   Defendant The Newport Daily News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5841.   Ms. Campbell did not give Defendant The Newport Daily News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5842.   Ms. Campbell did not give Defendant The Newport Daily News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5843.   Nonetheless, Defendant The Newport Daily News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Newport Daily News's Use").

5844.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5845.   Upon information and belief, the The Newport Daily News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new

subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5846.   Defendant The Newport Daily News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CXCV.   **Defendant The Anderson Independent-Mail**

5847.   Defendant The Anderson Independent-Mail is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Anderson, South Carolina.

5848.   Upon information and belief, The Anderson Independent-Mail has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5849.   As part of its publication, The Anderson Independent-Mail sells copies of its publication along with subscriptions and advertising for the publication.

5850.   The Anderson Independent-Mail is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5851.   As part of its publication, The Anderson Independent-Mail also provides a website located at independentmail.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5852.   Upon information and belief, The Anderson Independent-Mail knows that its website is read from users across the United States, including the residents in the Kansas City area.

5853.   The Anderson Independent-Mail is in charge of and determines which content is placed on its website located at The Anderson Independent-Mail which is used for its website, its

advertisers, its subscribers and in its publication.

5854.   The Anderson Independent-Mail maintains at least one server accessible online to the public at www.independentmail.com(the "Website").

5855.   The   Website   has   a   copyright   notice   on   the   website   ©   2022 www.independentmail.com. All rights reserved.

5856.   Upon information and belief, The Anderson Independent-Mail used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.independentmail.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
>
> https://www.independentmail.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.independentmail.com/story/entertainment/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5857.   The Sowers Photograph was used for advertising by The Anderson Independent-Mail.

5858.   On the Website, The Anderson Independent-Mail posts and disseminates content to its subscribers, including those located in Missouri.

5859.   Such content is used to market and promote The Anderson Independent-Mail and its advertisers.

5860.   Upon information and belief, Defendant The Anderson Independent-Mail has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Anderson Independent-Mail's Infringement**

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 712 of 848

5861. Defendant The Anderson Independent-Mail reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.independentmail.com.

5862. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5863. Defendant The Anderson Independent-Mail's website includes commercial advertising targeting the subscribers of The Anderson Independent-Mail's publication, including those in Missouri.

5864. Upon information and belief, because the advertisers on Defendant The Anderson Independent-Mail's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5865. Upon information and belief, The Anderson Independent-Mail selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5866. Upon information and belief, The Anderson Independent-Mail is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5867. Upon information The Anderson Independent-Mail reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5868. Alternatively, The Anderson Independent-Mail obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Anderson Independent-Mail's website for its digital subscribers and in connection with advertising located on its website.

5869. Defendant The Anderson Independent-Mail used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5870. Defendant The Anderson Independent-Mail's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5871. Ms. Campbell did not give Defendant The Anderson Independent-Mail permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5872. Ms. Campbell did not give Defendant The Anderson Independent-Mail permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5873. Nonetheless, Defendant The Anderson Independent-Mail reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Anderson Independent-Mail's Use").

5874. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5875. Upon information and belief, the The Anderson Independent-Mail's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5876. Defendant The Anderson Independent-Mail did not have a license or any permission

to use the Sowers Photograph or distribute it to others.

**CXCVI.**     **Defendant Greenville News**

5877.   Defendant Greenville News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Greenville, South Carolina.

5878.   Upon information and belief, Greenville News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5879.   As part of its publication, Greenville News sells copies of its publication along with subscriptions and advertising for the publication.

5880.   Greenville News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5881.   As part of its publication, Greenville News also provides a website located at greenvilleonline.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5882.   Upon information and belief, Greenville News knows that its website is read from users across the United States, including the residents in the Kansas City area.

5883.   Greenville News is in charge of and determines which content is placed on its website located at Greenville News which is used for its website, its advertisers, its subscribers and in its publication.

5884.   Greenville News maintains at least one server accessible online to the public at www.greenvilleonline.com(the "Website").

5885.   The Website has a copyright notice on the website © 2022

www.greenvilleonline.com. All rights reserved.

5886.    Upon information and belief, Greenville News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.greenvilleonline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.greenvilleonline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.greenvilleonline.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5887.    The Sowers Photograph was used for advertising by Greenville News.

5888.    On the Website, Greenville News posts and disseminates content to its subscribers, including those located in Missouri.

5889.    Such content is used to market and promote Greenville News and its advertisers.

5890.    Upon information and belief, Defendant Greenville News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Greenville News's Infringement**

5891.    Defendant Greenville News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.greenvilleonline.com.

5892.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5893.    Defendant Greenville News's website includes commercial advertising targeting the

subscribers of Greenville News's publication, including those in Missouri.

5894. Upon information and belief, because the advertisers on Defendant Greenville News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5895. Upon information and belief, Greenville News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5896. Upon information and belief, Greenville News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5897. Upon information Greenville News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5898. Alternatively, Greenville News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Greenville News's website for its digital subscribers and in connection with advertising located on its website.

5899. Defendant Greenville News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5900. Defendant Greenville News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5901. Ms. Campbell did not give Defendant Greenville News permission to reproduce or

use the Sowers Photograph or any of her other photographs in anyway.

5902. Ms. Campbell did not give Defendant Greenville News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5903. Nonetheless, Defendant Greenville News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Greenville News's Use").

5904. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5905. Upon information and belief, the Greenville News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5906. Defendant Greenville News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXCVII.** **Defendant Spartanburg Herald-Journal**

5907. Defendant Spartanburg Herald-Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Spartanburg, South Carolina.

5908. Upon information and belief, Spartanburg Herald-Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5909. As part of its publication, Spartanburg Herald-Journal sells copies of its publication along with subscriptions and advertising for the publication.

5910.   Spartanburg Herald-Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5911.   As part of its publication, Spartanburg Herald-Journal also provides a website located at goupstate.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5912.   Upon information and belief, Spartanburg Herald-Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

5913.   Spartanburg Herald-Journal is in charge of and determines which content is placed on its website located at Spartanburg Herald-Journal which is used for its website, its advertisers, its subscribers and in its publication.

5914.   Spartanburg Herald-Journal maintains at least one server accessible online to the public at www.goupstate.com(the "Website").

5915.   The Website has a copyright notice on the website © 2022 www.goupstate.com. All rights reserved.

5916.   Upon information and belief, Spartanburg Herald-Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.goupstate.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.goupstate.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.goupstate.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5917.   The Sowers Photograph was used for advertising by Spartanburg Herald-Journal.

5918.   On the Website, Spartanburg Herald-Journal posts and disseminates content to its subscribers, including those located in Missouri.

5919.   Such content is used to market and promote Spartanburg Herald-Journal and its advertisers.

5920.   Upon information and belief, Defendant Spartanburg Herald-Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Spartanburg Herald-Journal's Infringement**

5921.   Defendant Spartanburg Herald-Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.goupstate.com.

5922.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5923.   Defendant Spartanburg Herald-Journal's website includes commercial advertising targeting the subscribers of Spartanburg Herald-Journal's publication, including those in Missouri.

5924.   Upon information and belief, because the advertisers on Defendant Spartanburg Herald-Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5925.   Upon information and belief, Spartanburg Herald-Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5926.  Upon information and belief, Spartanburg Herald-Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media

company is aware of the consequences for failing to do so.

5927. Upon information Spartanburg Herald-Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5928. Alternatively, Spartanburg Herald-Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Spartanburg Herald-Journal's website for its digital subscribers and in connection with advertising located on its website.

5929. Defendant Spartanburg Herald-Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5930. Defendant Spartanburg Herald-Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5931. Ms. Campbell did not give Defendant Spartanburg Herald-Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5932. Ms. Campbell did not give Defendant Spartanburg Herald-Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5933. Nonetheless, Defendant Spartanburg Herald-Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Spartanburg Herald-Journal's Use").

5934.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5935.   Upon information and belief, the Spartanburg Herald-Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5936.   Defendant Spartanburg Herald-Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CXCVIII. **Defendant American News**

5937.   Defendant American News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Aberdeen, South Dakota.

5938.   Upon information and belief, American News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5939.   As part of its publication, American News sells copies of its publication along with subscriptions and advertising for the publication.

5940.   American News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5941.   As part of its publication, American News also provides a website located at aberdeennews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5942.   Upon information and belief, American News knows that its website is read from

users across the United States, including the residents in the Kansas City area.

5943.   American News is in charge of and determines which content is placed on its website located at American News which is used for its website, its advertisers, its subscribers and in its publication.

5944.   American News maintains at least one server accessible online to the public at www.aberdeennews.com(the "Website").

5945.   The Website has a copyright notice on the website © 2022 www.aberdeennews.com. All rights reserved.

5946.   Upon information and belief, American News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

    https://www.aberdeennews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
    /microsoft/4597663002/,

    https://www.aberdeennews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
    commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

    https://www.aberdeennews.com/story/entertainment/2020/01/29/super-bowl-commercials-
    2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5947.   The Sowers Photograph was used for advertising by American News.

5948.   On the Website, American News posts and disseminates content to its subscribers, including those located in Missouri.

5949.   Such content is used to market and promote American News and its advertisers.

5950.   Upon information and belief, Defendant American News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant American News's Infringement**

5951.   Defendant American News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.aberdeennews.com.

5952.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5953.   Defendant American News's website includes commercial advertising targeting the subscribers of American News's publication, including those in Missouri.

5954.   Upon information and belief, because the advertisers on Defendant American News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

5955.   Upon information and belief, American News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5956.   Upon information and belief, American News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5957.   Upon information American News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5958.   Alternatively, American News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on American News's website for its digital subscribers and in connection with advertising located on its website.

5959.   Defendant American News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in

Missouri.

5960.    Defendant American News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5961.    Ms. Campbell did not give Defendant American News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5962.    Ms. Campbell did not give Defendant American News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

5963.    Nonetheless, Defendant American News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "American News's Use").

5964.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5965.    Upon information and belief, the American News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5966.    Defendant American News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CXCIX.    Defendant Watertown Public Opinion**

5967.    Defendant Watertown Public Opinion is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in

Watertown, South Dakota.

5968.   Upon information and belief, Watertown Public Opinion has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5969.   As part of its publication, Watertown Public Opinion sells copies of its publication along with subscriptions and advertising for the publication.

5970.   Watertown Public Opinion is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

5971.   As part of its publication, Watertown Public Opinion also provides a website located at thepublicopinion.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

5972.   Upon information and belief, Watertown Public Opinion knows that its website is read from users across the United States, including the residents in the Kansas City area.

5973.   Watertown Public Opinion is in charge of and determines which content is placed on its website located at Watertown Public Opinion which is used for its website, its advertisers, its subscribers and in its publication.

5974.   Watertown Public Opinion maintains at least one server accessible online to the public at www.thepublicopinion.com(the "Website").

5975. The Website has a copyright notice on the website © 2022 www.thepublicopinion.com. All rights reserved.

5976. Upon information and belief, Watertown Public Opinion used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.thepublicopinion.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thepublicopinion.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thepublicopinion.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

5977.   The Sowers Photograph was used for advertising by Watertown Public Opinion.

5978.   On the Website, Watertown Public Opinion posts and disseminates content to its subscribers, including those located in Missouri.

5979.   Such content is used to market and promote Watertown Public Opinion and its advertisers.

5980.   Upon information and belief, Defendant Watertown Public Opinion has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Watertown Public Opinion's Infringement**

5981.   Defendant Watertown Public Opinion reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thepublicopinion.com.

5982.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

5983.   Defendant Watertown Public Opinion's website includes commercial advertising targeting the subscribers of Watertown Public Opinion's publication, including those in Missouri.

5984.   Upon information and belief, because the advertisers on Defendant Watertown Public Opinion's website are based on the location of the viewer, these advertisements target

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 727 of 848

Missouri residents and include advertisers targeting Missouri residents.

5985.   Upon information and belief, Watertown Public Opinion selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

5986.   Upon information and belief, Watertown Public Opinion is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

5987.   Upon information Watertown Public Opinion reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

5988.   Alternatively, Watertown Public Opinion obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Watertown Public Opinion's website for its digital subscribers and in connection with advertising located on its website.

5989.   Defendant Watertown Public Opinion used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

5990.   Defendant Watertown Public Opinion's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

5991.   Ms. Campbell did not give Defendant Watertown Public Opinion permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

5992.   Ms. Campbell did not give Defendant Watertown Public Opinion permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and

distribution.

5993.   Nonetheless, Defendant Watertown Public Opinion reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Watertown Public Opinion's Use").

5994.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

5995.   Upon information and belief, the Watertown Public Opinion's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

5996.   Defendant Watertown Public Opinion did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CC.   **Defendant Columbia Daily Herald**

5997.   Defendant Columbia Daily Herald is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Columbia, Tennessee.

5998.   Upon information and belief, Columbia Daily Herald has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

5999.   As part of its publication, Columbia Daily Herald sells copies of its publication along with subscriptions and advertising for the publication.

6000.   Columbia Daily Herald is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million

monthly visitors.

6001.   As part of its publication, Columbia Daily Herald also provides a website located at columbiadailyherald.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6002.   Upon information and belief, Columbia Daily Herald knows that its website is read from users across the United States, including the residents in the Kansas City area.

6003.   Columbia Daily Herald is in charge of and determines which content is placed on its website located at Columbia Daily Herald which is used for its website, its advertisers, its subscribers and in its publication.

6004.   Columbia Daily Herald maintains at least one server accessible online to the public at www.columbiadailyherald.com(the "Website").

6005.   The   Website   has   a   copyright   notice   on   the   website   ©   2022 www.columbiadailyherald.com. All rights reserved.

6006.   Upon information and belief, Columbia Daily Herald used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.columbiadailyherald.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.columbiadailyherald.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.columbiadailyherald.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6007.   The Sowers Photograph was used for advertising by Columbia Daily Herald.

6008.   On the Website, Columbia Daily Herald posts and disseminates content to its subscribers, including those located in Missouri.

6009.   Such content is used to market and promote Columbia Daily Herald and its advertisers.

6010.   Upon information and belief, Defendant Columbia Daily Herald has targeted dissemination of its content toward residents in the state of Missouri.

**<u>Defendant Columbia Daily Herald's Infringement</u>**

6011.   Defendant Columbia Daily Herald reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.columbiadailyherald.com.

6012.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6013.   Defendant Columbia Daily Herald's website includes commercial advertising targeting the subscribers of Columbia Daily Herald's publication, including those in Missouri.

6014.   Upon information and belief, because the advertisers on Defendant Columbia Daily Herald's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6015.   Upon information and belief, Columbia Daily Herald selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6016.   Upon information and belief, Columbia Daily Herald is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6017.   Upon information Columbia Daily Herald reproduced Plaintiff's image by using a

screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6018. Alternatively, Columbia Daily Herald obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Columbia Daily Herald's website for its digital subscribers and in connection with advertising located on its website.

6019. Defendant Columbia Daily Herald used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6020. Defendant Columbia Daily Herald's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6021. Ms. Campbell did not give Defendant Columbia Daily Herald permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6022. Ms. Campbell did not give Defendant Columbia Daily Herald permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6023. Nonetheless, Defendant Columbia Daily Herald reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Columbia Daily Herald's Use").

6024. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6025. Upon information and belief, the Columbia Daily Herald's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6026. Defendant Columbia Daily Herald did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CCI. Defendant The Knoxville News-Sentinel**

6027. Defendant The Knoxville News-Sentinel is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Knoxville, Tennessee.

6028. Upon information and belief, The Knoxville News-Sentinel has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6029. As part of its publication, The Knoxville News-Sentinel sells copies of its publication along with subscriptions and advertising for the publication.

6030. The Knoxville News-Sentinel is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6031. As part of its publication, The Knoxville News-Sentinel also provides a website located at knoxnews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6032. Upon information and belief, The Knoxville News-Sentinel knows that its website is read from users across the United States, including the residents in the Kansas City area.

6033. The Knoxville News-Sentinel is in charge of and determines which content is placed on its website located at The Knoxville News-Sentinel which is used for its website, its advertisers, its subscribers and in its publication.

6034. The Knoxville News-Sentinel maintains at least one server accessible online to the public at www.knoxnews.com(the "Website").

6035. The Website has a copyright notice on the website © 2022 www.knoxnews.com. All rights reserved.

6036. Upon information and belief, The Knoxville News-Sentinel used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.knoxnews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.knoxnews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.knoxnews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6037. The Sowers Photograph was used for advertising by The Knoxville News-Sentinel.

6038. On the Website, The Knoxville News-Sentinel posts and disseminates content to its subscribers, including those located in Missouri.

6039. Such content is used to market and promote The Knoxville News-Sentinel and its advertisers.

6040. Upon information and belief, Defendant The Knoxville News-Sentinel has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Knoxville News-Sentinel's Infringement**

6041.   Defendant The Knoxville News-Sentinel reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.knoxnews.com.

6042.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6043.   Defendant The Knoxville News-Sentinel's website includes commercial advertising targeting the subscribers of The Knoxville News-Sentinel's publication, including those in Missouri.

6044.   Upon information and belief, because the advertisers on Defendant The Knoxville News-Sentinel's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6045.   Upon information and belief, The Knoxville News-Sentinel selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6046.   Upon information and belief, The Knoxville News-Sentinel is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6047.   Upon information The Knoxville News-Sentinel reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6048.   Alternatively, The Knoxville News-Sentinel obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Knoxville News-Sentinel's website for its digital subscribers and in connection with advertising located on its website.

6049.  Defendant The Knoxville News-Sentinel used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6050.  Defendant The Knoxville News-Sentinel's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6051.  Ms. Campbell did not give Defendant The Knoxville News-Sentinel permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6052.  Ms. Campbell did not give Defendant The Knoxville News-Sentinel permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6053.  Nonetheless, Defendant The Knoxville News-Sentinel reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Knoxville News-Sentinel's Use").

6054.  The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6055.  Upon information and belief, the The Knoxville News-Sentinel's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6056.  Defendant The Knoxville News-Sentinel did not have a license or any permission to

use the Sowers Photograph or distribute it to others.

**CCII. <u>Defendant The Daily News Journal</u>**

6057.   Defendant The Daily News Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Murfreesboro, Tennessee.

6058.   Upon information and belief, The Daily News Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6059.   As part of its publication, The Daily News Journal sells copies of its publication along with subscriptions and advertising for the publication.

6060.   The Daily News Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6061.   As part of its publication, The Daily News Journal also provides a website located at dnj.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6062.   Upon information and belief, The Daily News Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

6063.   The Daily News Journal is in charge of and determines which content is placed on its website located at The Daily News Journal which is used for its website, its advertisers, its subscribers and in its publication.

6064.   The Daily News Journal maintains at least one server accessible online to the public at www.dnj.com(the "Website").

6065.   The Website has a copyright notice on the website © 2022 www.dnj.com. All rights

reserved.

6066. Upon information and belief, The Daily News Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.dnj.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.dnj.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.dnj.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6067. The Sowers Photograph was used for advertising by The Daily News Journal.

6068. On the Website, The Daily News Journal posts and disseminates content to its subscribers, including those located in Missouri.

6069. Such content is used to market and promote The Daily News Journal and its advertisers.

6070. Upon information and belief, Defendant The Daily News Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Daily News Journal's Infringement**

6071. Defendant The Daily News Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.dnj.com.

6072. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6073. Defendant The Daily News Journal's website includes commercial advertising

targeting the subscribers of The Daily News Journal's publication, including those in Missouri.

6074.   Upon information and belief, because the advertisers on Defendant The Daily News Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6075.   Upon information and belief, The Daily News Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6076.   Upon information and belief, The Daily News Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6077.   Upon information The Daily News Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6078.   Alternatively, The Daily News Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Daily News Journal's website for its digital subscribers and in connection with advertising located on its website.

6079.   Defendant The Daily News Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6080.   Defendant The Daily News Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6081.   Ms. Campbell did not give Defendant The Daily News Journal permission to

reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6082.   Ms. Campbell did not give Defendant The Daily News Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6083.   Nonetheless, Defendant The Daily News Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Daily News Journal's Use").

6084.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6085.   Upon information and belief, the The Daily News Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6086.   Defendant The Daily News Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CCIII. **Defendant The Jackson Sun**

6087.   Defendant The Jackson Sun is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Jackson, Tennessee.

6088.   Upon information and belief, The Jackson Sun has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6089.   As part of its publication, The Jackson Sun sells copies of its publication along with subscriptions and advertising for the publication.

6090. The Jackson Sun is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6091. As part of its publication, The Jackson Sun also provides a website located at jacksonsun.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6092. Upon information and belief, The Jackson Sun knows that its website is read from users across the United States, including the residents in the Kansas City area.

6093. The Jackson Sun is in charge of and determines which content is placed on its website located at The Jackson Sun which is used for its website, its advertisers, its subscribers and in its publication.

6094. The Jackson Sun maintains at least one server accessible online to the public at www.jacksonsun.com(the "Website").

6095. The Website has a copyright notice on the website © 2022 www.jacksonsun.com. All rights reserved.

6096. Upon information and belief, The Jackson Sun used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.jacksonsun.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.jacksonsun.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.jacksonsun.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6097.   The Sowers Photograph was used for advertising by The Jackson Sun.

6098.   On the Website, The Jackson Sun posts and disseminates content to its subscribers, including those located in Missouri.

6099.   Such content is used to market and promote The Jackson Sun and its advertisers.

6100.   Upon information and belief, Defendant The Jackson Sun has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Jackson Sun's Infringement**

6101.   Defendant The Jackson Sun reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.jacksonsun.com.

6102.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6103.   Defendant The Jackson Sun's website includes commercial advertising targeting the subscribers of The Jackson Sun's publication, including those in Missouri.

6104.   Upon information and belief, because the advertisers on Defendant The Jackson Sun's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6105.   Upon information and belief, The Jackson Sun selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6106.   Upon information and belief, The Jackson Sun is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6107.   Upon information The Jackson Sun reproduced Plaintiff's image by using a screen

shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6108. Alternatively, The Jackson Sun obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Jackson Sun's website for its digital subscribers and in connection with advertising located on its website.

6109. Defendant The Jackson Sun used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6110. Defendant The Jackson Sun's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6111. Ms. Campbell did not give Defendant The Jackson Sun permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6112. Ms. Campbell did not give Defendant The Jackson Sun permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6113. Nonetheless, Defendant The Jackson Sun reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Jackson Sun's Use").

6114. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6115. Upon information and belief, the The Jackson Sun's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to

encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6116. Defendant The Jackson Sun did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CCIV. **Defendant The Leaf-Chronicle**

6117. Defendant The Leaf-Chronicle is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Clarksville, Tennessee.

6118. Upon information and belief, The Leaf-Chronicle has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6119. As part of its publication, The Leaf-Chronicle sells copies of its publication along with subscriptions and advertising for the publication.

6120. The Leaf-Chronicle is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6121. As part of its publication, The Leaf-Chronicle also provides a website located at theleafchronicle.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6122. Upon information and belief, The Leaf-Chronicle knows that its website is read from users across the United States, including the residents in the Kansas City area.

6123. The Leaf-Chronicle is in charge of and determines which content is placed on its website located at The Leaf-Chronicle which is used for its website, its advertisers, its subscribers and in its publication.

6124.   The Leaf-Chronicle maintains at least one server accessible online to the public at www.theleafchronicle.com(the "Website").

6125.   The   Website   has   a   copyright   notice   on   the   website   ©   2022 www.theleafchronicle.com. All rights reserved.

6126.   Upon information and belief, The Leaf-Chronicle used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.theleafchronicle.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
>
> /microsoft/4597663002/,
>
> https://www.theleafchronicle.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
>
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.theleafchronicle.com/story/entertainment/2020/01/29/super-bowl-
>
> commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6127.   The Sowers Photograph was used for advertising by The Leaf-Chronicle.

6128.   On the Website, The Leaf-Chronicle posts and disseminates content to its subscribers, including those located in Missouri.

6129.   Such content is used to market and promote The Leaf-Chronicle and its advertisers.

6130.   Upon information and belief, Defendant The Leaf-Chronicle has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Leaf-Chronicle's Infringement**

6131.   Defendant The Leaf-Chronicle reproduced Plaintiff's image and distributed it to its subscribers,   including   those   located   in   Missouri,   via   its   website   located   at www.theleafchronicle.com.

6132. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6133. Defendant The Leaf-Chronicle's website includes commercial advertising targeting the subscribers of The Leaf-Chronicle's publication, including those in Missouri.

6134. Upon information and belief, because the advertisers on Defendant The Leaf-Chronicle's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6135. Upon information and belief, The Leaf-Chronicle selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6136. Upon information and belief, The Leaf-Chronicle is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6137. Upon information The Leaf-Chronicle reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6138. Alternatively, The Leaf-Chronicle obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Leaf-Chronicle's website for its digital subscribers and in connection with advertising located on its website.

6139. Defendant The Leaf-Chronicle used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6140. Defendant The Leaf-Chronicle's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the

unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6141.   Ms. Campbell did not give Defendant The Leaf-Chronicle permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6142.   Ms. Campbell did not give Defendant The Leaf-Chronicle permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6143.   Nonetheless, Defendant The Leaf-Chronicle reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Leaf-Chronicle's Use").

6144.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6145.   Upon information and belief, the The Leaf-Chronicle's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6146.   Defendant The Leaf-Chronicle did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CCV.  Defendant The Oak Ridger**

6147.   Defendant The Oak Ridger is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Oak Ridge, Tennessee.

6148.   Upon information and belief, The Oak Ridger has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

747

6149.   As part of its publication, The Oak Ridger sells copies of its publication along with subscriptions and advertising for the publication.

6150.   The Oak Ridger is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6151.   As part of its publication, The Oak Ridger also provides a website located at oakridger.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6152.   Upon information and belief, The Oak Ridger knows that its website is read from users across the United States, including the residents in the Kansas City area.

6153.   The Oak Ridger is in charge of and determines which content is placed on its website located at The Oak Ridger which is used for its website, its advertisers, its subscribers and in its publication.

6154.   The Oak Ridger maintains at least one server accessible online to the public at www.oakridger.com(the "Website").

6155.   The Website has a copyright notice on the website © 2022 www.oakridger.com. All rights reserved.

6156.   Upon information and belief, The Oak Ridger used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.oakridger.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.oakridger.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.oakridger.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6157.   The Sowers Photograph was used for advertising by The Oak Ridger.

6158.   On the Website, The Oak Ridger posts and disseminates content to its subscribers, including those located in Missouri.

6159.   Such content is used to market and promote The Oak Ridger and its advertisers.

6160.   Upon information and belief, Defendant The Oak Ridger has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Oak Ridger's Infringement**

6161.   Defendant The Oak Ridger reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.oakridger.com.

6162.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6163.   Defendant The Oak Ridger's website includes commercial advertising targeting the subscribers of The Oak Ridger's publication, including those in Missouri.

6164.   Upon information and belief, because the advertisers on Defendant The Oak Ridger's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6165.   Upon information and belief, The Oak Ridger selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6166.   Upon information and belief, The Oak Ridger is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of

the consequences for failing to do so.

6167. Upon information The Oak Ridger reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6168. Alternatively, The Oak Ridger obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Oak Ridger's website for its digital subscribers and in connection with advertising located on its website.

6169. Defendant The Oak Ridger used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6170. Defendant The Oak Ridger's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6171. Ms. Campbell did not give Defendant The Oak Ridger permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6172. Ms. Campbell did not give Defendant The Oak Ridger permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6173. Nonetheless, Defendant The Oak Ridger reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Oak Ridger's Use").

6174. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6175. Upon information and belief, the The Oak Ridger's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6176. Defendant The Oak Ridger did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CCVI. **Defendant The Tennessean**

6177. Defendant The Tennessean is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Nashville, Tennessee.

6178. Upon information and belief, The Tennessean has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6179. As part of its publication, The Tennessean sells copies of its publication along with subscriptions and advertising for the publication.

6180. The Tennessean is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6181. As part of its publication, The Tennessean also provides a website located at tennessean.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6182. Upon information and belief, The Tennessean knows that its website is read from users across the United States, including the residents in the Kansas City area.

6183. The Tennessean is in charge of and determines which content is placed on its website

located at The Tennessean which is used for its website, its advertisers, its subscribers and in its publication.

6184. The Tennessean maintains at least one server accessible online to the public at www.tennessean.com(the "Website").

6185. The Website has a copyright notice on the website © 2022 www.tennessean.com. All rights reserved.

6186. Upon information and belief, The Tennessean used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.tennessean.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.tennessean.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.tennessean.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6187. The Sowers Photograph was used for advertising by The Tennessean.

6188. On the Website, The Tennessean posts and disseminates content to its subscribers, including those located in Missouri.

6189. Such content is used to market and promote The Tennessean and its advertisers.

6190. Upon information and belief, Defendant The Tennessean has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Tennessean's Infringement**

6191. Defendant The Tennessean reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.tennessean.com.

6192.  Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6193.  Defendant The Tennessean's website includes commercial advertising targeting the subscribers of The Tennessean's publication, including those in Missouri.

6194.  Upon information and belief, because the advertisers on Defendant The Tennessean's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6195.  Upon information and belief, The Tennessean selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6196.  Upon information and belief, The Tennessean is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6197.  Upon information The Tennessean reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6198.  Alternatively, The Tennessean obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Tennessean's website for its digital subscribers and in connection with advertising located on its website.

6199.  Defendant The Tennessean used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6200.  Defendant The Tennessean's infringement arose out of the reproduction of Plaintiff's

image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6201.   Ms. Campbell did not give Defendant The Tennessean permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6202.   Ms. Campbell did not give Defendant The Tennessean permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6203.   Nonetheless, Defendant The Tennessean reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Tennessean's Use").

6204.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6205.   Upon information and belief, the The Tennessean's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6206.   Defendant The Tennessean did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CCVII.   **Defendant Amarillo Globe-News**

6207.   Defendant Amarillo Globe-News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Amarillo, Texas.

6208.   Upon information and belief, Amarillo Globe-News has subscribers, advertisers and

is distributed digitally across the United States, which includes targeted Missouri residents.

6209.   As part of its publication, Amarillo Globe-News sells copies of its publication along with subscriptions and advertising for the publication.

6210.   Amarillo Globe-News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6211.   As part of its publication, Amarillo Globe-News also provides a website located at amarillo.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6212.   Upon information and belief, Amarillo Globe-News knows that its website is read from users across the United States, including the residents in the Kansas City area.

6213.   Amarillo Globe-News is in charge of and determines which content is placed on its website located at Amarillo Globe-News which is used for its website, its advertisers, its subscribers and in its publication.

6214.   Amarillo Globe-News maintains at least one server accessible online to the public at www.amarillo.com(the "Website").

6215.   The Website has a copyright notice on the website © 2022 www.amarillo.com. All rights reserved.

6216.   Upon information and belief, Amarillo Globe-News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.amarillo.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.amarillo.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.amarillo.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6217.   The Sowers Photograph was used for advertising by Amarillo Globe-News.

6218.   On the Website, Amarillo Globe-News posts and disseminates content to its subscribers, including those located in Missouri.

6219.   Such content is used to market and promote Amarillo Globe-News and its advertisers.

6220.   Upon information and belief, Defendant Amarillo Globe-News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Amarillo Globe-News's Infringement**

6221.   Defendant Amarillo Globe-News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.amarillo.com.

6222.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6223.   Defendant Amarillo Globe-News's website includes commercial advertising targeting the subscribers of Amarillo Globe-News's publication, including those in Missouri.

6224.   Upon information and belief, because the advertisers on Defendant Amarillo Globe-News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6225.   Upon information and belief, Amarillo Globe-News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6226.   Upon information and belief, Amarillo Globe-News is accustomed to negotiating and

obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6227. Upon information Amarillo Globe-News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6228. Alternatively, Amarillo Globe-News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Amarillo Globe-News's website for its digital subscribers and in connection with advertising located on its website.

6229. Defendant Amarillo Globe-News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6230. Defendant Amarillo Globe-News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6231. Ms. Campbell did not give Defendant Amarillo Globe-News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6232. Ms. Campbell did not give Defendant Amarillo Globe-News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6233. Nonetheless, Defendant Amarillo Globe-News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Amarillo Globe-News's Use").

6234. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6235. Upon information and belief, the Amarillo Globe-News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6236. Defendant Amarillo Globe-News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CCVIII.  **Defendant Austin American-Statesman**

6237. Defendant Austin American-Statesman is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Austin, Texas.

6238. Upon information and belief, Austin American-Statesman has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6239. As part of its publication, Austin American-Statesman sells copies of its publication along with subscriptions and advertising for the publication.

6240. Austin American-Statesman is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6241. As part of its publication, Austin American-Statesman also provides a website located at statesman.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6242.   Upon information and belief, Austin American-Statesman knows that its website is read from users across the United States, including the residents in the Kansas City area.

6243.   Austin American-Statesman is in charge of and determines which content is placed on its website located at Austin American-Statesman which is used for its website, its advertisers, its subscribers and in its publication.

6244.   Austin American-Statesman maintains at least one server accessible online to the public at www.statesman.com(the "Website").

6245.   The Website has a copyright notice on the website © 2022 www.statesman.com. All rights reserved.

6246.   Upon information and belief, Austin American-Statesman used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.statesman.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.statesman.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.statesman.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6247.   The Sowers Photograph was used for advertising by Austin American-Statesman.

6248.   On the Website, Austin American-Statesman posts and disseminates content to its subscribers, including those located in Missouri.

6249.   Such content is used to market and promote Austin American-Statesman and its advertisers.

6250. Upon information and belief, Defendant Austin American-Statesman has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Austin American-Statesman's Infringement**

6251. Defendant Austin American-Statesman reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.statesman.com.

6252. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6253. Defendant Austin American-Statesman's website includes commercial advertising targeting the subscribers of Austin American-Statesman's publication, including those in Missouri.

6254. Upon information and belief, because the advertisers on Defendant Austin American-Statesman's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6255. Upon information and belief, Austin American-Statesman selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6256. Upon information and belief, Austin American-Statesman is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6257. Upon information Austin American-Statesman reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6258. Alternatively, Austin American-Statesman obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Austin American-Statesman's website for its

digital subscribers and in connection with advertising located on its website.

6259. Defendant Austin American-Statesman used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6260. Defendant Austin American-Statesman's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6261. Ms. Campbell did not give Defendant Austin American-Statesman permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6262. Ms. Campbell did not give Defendant Austin American-Statesman permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6263. Nonetheless, Defendant Austin American-Statesman reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Austin American-Statesman's Use").

6264. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6265. Upon information and belief, the Austin American-Statesman's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

761

6266.   Defendant Austin American-Statesman did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CCIX. Defendant Corpus Christi Caller-Times**

6267.   Defendant Corpus Christi Caller-Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Corpus Christi, Texas.

6268.   Upon information and belief, Corpus Christi Caller-Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6269.   As part of its publication, Corpus Christi Caller-Times sells copies of its publication along with subscriptions and advertising for the publication.

6270.   Corpus Christi Caller-Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6271.   As part of its publication, Corpus Christi Caller-Times also provides a website located at caller.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6272.   Upon information and belief, Corpus Christi Caller-Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

6273.   Corpus Christi Caller-Times is in charge of and determines which content is placed on its website located at Corpus Christi Caller-Times which is used for its website, its advertisers, its subscribers and in its publication.

6274.   Corpus Christi Caller-Times maintains at least one server accessible online to the

public at www.caller.com(the "Website").

6275. The Website has a copyright notice on the website © 2022 www.caller.com. All rights reserved.

6276. Upon information and belief, Corpus Christi Caller-Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.caller.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.caller.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.caller.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-

watch-latest-ads-super-bowl-liv/4612768002/ .

6277. The Sowers Photograph was used for advertising by Corpus Christi Caller-Times.

6278. On the Website, Corpus Christi Caller-Times posts and disseminates content to its subscribers, including those located in Missouri.

6279. Such content is used to market and promote Corpus Christi Caller-Times and its advertisers.

6280. Upon information and belief, Defendant Corpus Christi Caller-Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Corpus Christi Caller-Times's Infringement**

6281. Defendant Corpus Christi Caller-Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.caller.com.

6282. Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6283. Defendant Corpus Christi Caller-Times's website includes commercial advertising targeting the subscribers of Corpus Christi Caller-Times's publication, including those in Missouri.

6284. Upon information and belief, because the advertisers on Defendant Corpus Christi Caller-Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6285. Upon information and belief, Corpus Christi Caller-Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6286. Upon information and belief, Corpus Christi Caller-Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6287. Upon information Corpus Christi Caller-Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6288. Alternatively, Corpus Christi Caller-Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Corpus Christi Caller-Times's website for its digital subscribers and in connection with advertising located on its website.

6289. Defendant Corpus Christi Caller-Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6290. Defendant Corpus Christi Caller-Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its

website to various subscribers, including Missouri residents.

6291.   Ms. Campbell did not give Defendant Corpus Christi Caller-Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6292.   Ms. Campbell did not give Defendant Corpus Christi Caller-Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6293.   Nonetheless, Defendant Corpus Christi Caller-Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Corpus Christi Caller-Times's Use").

6294.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6295.   Upon information and belief, the Corpus Christi Caller-Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6296.   Defendant Corpus Christi Caller-Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CCX.  Defendant San Angelo Standard-Times**

6297.   Defendant San Angelo Standard-Times is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in San Angelo, Texas.

6298.   Upon information and belief, San Angelo Standard-Times has subscribers,

advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6299.   As part of its publication, San Angelo Standard-Times sells copies of its publication along with subscriptions and advertising for the publication.

6300.   San Angelo Standard-Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6301.   As part of its publication, San Angelo Standard-Times also provides a website located at gosanangelo.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6302.   Upon information and belief, San Angelo Standard-Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

6303.   San Angelo Standard-Times is in charge of and determines which content is placed on its website located at San Angelo Standard-Times which is used for its website, its advertisers, its subscribers and in its publication.

6304.   San Angelo Standard-Times maintains at least one server accessible online to the public at www.gosanangelo.com(the "Website").

6305.   The Website has a copyright notice on the website © 2022 www.gosanangelo.com. All rights reserved.

6306.   Upon information and belief, San Angelo Standard-Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.gosanangelo.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.gosanangelo.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.gosanangelo.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6307.    The Sowers Photograph was used for advertising by San Angelo Standard-Times.

6308.    On the Website, San Angelo Standard-Times posts and disseminates content to its subscribers, including those located in Missouri.

6309.    Such content is used to market and promote San Angelo Standard-Times and its advertisers.

6310.    Upon information and belief, Defendant San Angelo Standard-Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant San Angelo Standard-Times's Infringement**

6311.    Defendant San Angelo Standard-Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.gosanangelo.com.

6312.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6313.    Defendant San Angelo Standard-Times's website includes commercial advertising targeting the subscribers of San Angelo Standard-Times's publication, including those in Missouri.

6314.    Upon information and belief, because the advertisers on Defendant San Angelo Standard-Times's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6315.    Upon information and belief, San Angelo Standard-Times selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6316.    Upon information and belief, San Angelo Standard-Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6317.    Upon information San Angelo Standard-Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6318.    Alternatively, San Angelo Standard-Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on San Angelo Standard-Times's website for its digital subscribers and in connection with advertising located on its website.

6319.    Defendant San Angelo Standard-Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6320.    Defendant San Angelo Standard-Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6321.    Ms. Campbell did not give Defendant San Angelo Standard-Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6322.    Ms. Campbell did not give Defendant San Angelo Standard-Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6323.    Nonetheless, Defendant San Angelo Standard-Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "San Angelo Standard-Times's Use").

6324.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6325.    Upon information and belief, the San Angelo Standard-Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6326.    Defendant San Angelo Standard-Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CCXI. Defendant Lubbock Avalanche-Journal**

6327.    Defendant Lubbock Avalanche-Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Lubbock, Texas.

6328.    Upon information and belief, Lubbock Avalanche-Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6329.    As part of its publication, Lubbock Avalanche-Journal sells copies of its publication along with subscriptions and advertising for the publication.

6330.    Lubbock Avalanche-Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million

monthly visitors.

6331.   As part of its publication, Lubbock Avalanche-Journal also provides a website located at lubbockonline.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6332.   Upon information and belief, Lubbock Avalanche-Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

6333.   Lubbock Avalanche-Journal is in charge of and determines which content is placed on its website located at Lubbock Avalanche-Journal which is used for its website, its advertisers, its subscribers and in its publication.

6334.   Lubbock Avalanche-Journal maintains at least one server accessible online to the public at www.lubbockonline.com(the "Website").

6335.   The Website has a copyright notice on the website © 2022 www.lubbockonline.com. All rights reserved.

6336.   Upon information and belief, Lubbock Avalanche-Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.lubbockonline.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.lubbockonline.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.lubbockonline.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6337.   The Sowers Photograph was used for advertising by Lubbock Avalanche-Journal.

6338. On the Website, Lubbock Avalanche-Journal posts and disseminates content to its subscribers, including those located in Missouri.

6339. Such content is used to market and promote Lubbock Avalanche-Journal and its advertisers.

6340. Upon information and belief, Defendant Lubbock Avalanche-Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Lubbock Avalanche-Journal's Infringement**

6341. Defendant Lubbock Avalanche-Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.lubbockonline.com.

6342. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6343. Defendant Lubbock Avalanche-Journal's website includes commercial advertising targeting the subscribers of Lubbock Avalanche-Journal's publication, including those in Missouri.

6344. Upon information and belief, because the advertisers on Defendant Lubbock Avalanche-Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6345. Upon information and belief, Lubbock Avalanche-Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6346. Upon information and belief, Lubbock Avalanche-Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6347. Upon information Lubbock Avalanche-Journal reproduced Plaintiff's image by

using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6348.    Alternatively, Lubbock Avalanche-Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Lubbock Avalanche-Journal's website for its digital subscribers and in connection with advertising located on its website.

6349.    Defendant Lubbock Avalanche-Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6350.    Defendant Lubbock Avalanche-Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6351.    Ms. Campbell did not give Defendant Lubbock Avalanche-Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6352.    Ms. Campbell did not give Defendant Lubbock Avalanche-Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6353.    Nonetheless, Defendant Lubbock Avalanche-Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Lubbock Avalanche-Journal's Use").

6354.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6355.   Upon information and belief, the Lubbock Avalanche-Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6356.   Defendant Lubbock Avalanche-Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CCXII.   Defendant Sherman/Dennison Herald Democrat

6357.   Defendant Sherman/Dennison Herald Democrat is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Sherman, Texas.

6358.   Upon information and belief, Sherman/Dennison Herald Democrat has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6359.   As part of its publication, Sherman/Dennison Herald Democrat sells copies of its publication along with subscriptions and advertising for the publication.

6360.   Sherman/Dennison Herald Democrat is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6361.   As part of its publication, Sherman/Dennison Herald Democrat also provides a website located at heralddemocrat.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6362.   Upon information and belief, Sherman/Dennison Herald Democrat knows that its website is read from users across the United States, including the residents in the Kansas City area.

6363.   Sherman/Dennison Herald Democrat is in charge of and determines which content is placed on its website located at Sherman/Dennison Herald Democrat which is used for its website, its advertisers, its subscribers and in its publication.

6364.   Sherman/Dennison Herald Democrat maintains at least one server accessible online to the public at www.heralddemocrat.com(the "Website").

6365.   The Website has a copyright notice on the website © 2022 www.heralddemocrat.com. All rights reserved.

6366.   Upon information and belief, Sherman/Dennison Herald Democrat used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.heralddemocrat.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
>
> https://www.heralddemocrat.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.heralddemocrat.com/story/entertainment/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6367.   The Sowers Photograph was used for advertising by Sherman/Dennison Herald Democrat.

6368.   On the Website, Sherman/Dennison Herald Democrat posts and disseminates content to its subscribers, including those located in Missouri.

6369.   Such content is used to market and promote Sherman/Dennison Herald Democrat and its advertisers.

6370.   Upon information and belief, Defendant Sherman/Dennison Herald Democrat has

targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Sherman/Dennison Herald Democrat's Infringement**

6371.   Defendant Sherman/Dennison Herald Democrat reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.heralddemocrat.com.

6372.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6373.   Defendant Sherman/Dennison Herald Democrat's website includes commercial advertising targeting the subscribers of Sherman/Dennison Herald Democrat's publication, including those in Missouri.

6374.   Upon information and belief, because the advertisers on Defendant Sherman/Dennison Herald Democrat's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6375.   Upon information and belief, Sherman/Dennison Herald Democrat selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6376.   Upon information and belief, Sherman/Dennison Herald Democrat is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6377.   Upon information Sherman/Dennison Herald Democrat reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6378.   Alternatively, Sherman/Dennison Herald Democrat obtained an unlicensed

reproduction of Plaintiff's image from Gannett Media Corp for use on Sherman/Dennison Herald Democrat's website for its digital subscribers and in connection with advertising located on its website.

6379. Defendant Sherman/Dennison Herald Democrat used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6380. Defendant Sherman/Dennison Herald Democrat's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6381. Ms. Campbell did not give Defendant Sherman/Dennison Herald Democrat permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6382. Ms. Campbell did not give Defendant Sherman/Dennison Herald Democrat permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6383. Nonetheless, Defendant Sherman/Dennison Herald Democrat reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Sherman/Dennison Herald Democrat's Use").

6384. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6385. Upon information and belief, the Sherman/Dennison Herald Democrat's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new

subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6386.   Defendant Sherman/Dennison Herald Democrat did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CCXIII.   Defendant The Abilene Reporter-News**

6387.   Defendant The Abilene Reporter-News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Abilene, Texas.

6388.   Upon information and belief, The Abilene Reporter-News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6389.   As part of its publication, The Abilene Reporter-News sells copies of its publication along with subscriptions and advertising for the publication.

6390.   The Abilene Reporter-News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6391.   As part of its publication, The Abilene Reporter-News also provides a website located at reporternews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6392.   Upon information and belief, The Abilene Reporter-News knows that its website is read from users across the United States, including the residents in the Kansas City area.

6393.   The Abilene Reporter-News is in charge of and determines which content is placed on its website located at The Abilene Reporter-News which is used for its website, its advertisers,

its subscribers and in its publication.

6394. The Abilene Reporter-News maintains at least one server accessible online to the public at www.reporternews.com(the "Website").

6395. The Website has a copyright notice on the website © 2022 www.reporternews.com. All rights reserved.

6396. Upon information and belief, The Abilene Reporter-News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.reporternews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.reporternews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.reporternews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6397. The Sowers Photograph was used for advertising by The Abilene Reporter-News.

6398. On the Website, The Abilene Reporter-News posts and disseminates content to its subscribers, including those located in Missouri.

6399. Such content is used to market and promote The Abilene Reporter-News and its advertisers.

6400. Upon information and belief, Defendant The Abilene Reporter-News has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Abilene Reporter-News's Infringement**

6401. Defendant The Abilene Reporter-News reproduced Plaintiff's image and distributed

it to its subscribers, including those located in Missouri, via its website located at www.reporternews.com.

6402.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6403.   Defendant The Abilene Reporter-News's website includes commercial advertising targeting the subscribers of The Abilene Reporter-News's publication, including those in Missouri.

6404.   Upon information and belief, because the advertisers on Defendant The Abilene Reporter-News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6405.   Upon information and belief, The Abilene Reporter-News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6406.   Upon information and belief, The Abilene Reporter-News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6407.   Upon information The Abilene Reporter-News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6408.   Alternatively, The Abilene Reporter-News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Abilene Reporter-News's website for its digital subscribers and in connection with advertising located on its website.

6409.   Defendant The Abilene Reporter-News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6410.   Defendant The Abilene Reporter-News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6411.   Ms. Campbell did not give Defendant The Abilene Reporter-News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6412.   Ms. Campbell did not give Defendant The Abilene Reporter-News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6413.   Nonetheless, Defendant The Abilene Reporter-News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Abilene Reporter-News's Use").

6414.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6415.   Upon information and belief, the The Abilene Reporter-News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6416.   Defendant The Abilene Reporter-News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CCXIV.   <u>Defendant The El Paso Times</u>**

6417.   Defendant The El Paso Times is a daily publication which publishes local, national

and international articles in print, digital, video and on social media and is located in El Paso, Texas.

6418.   Upon information and belief, The El Paso Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6419.   As part of its publication, The El Paso Times sells copies of its publication along with subscriptions and advertising for the publication.

6420.   The El Paso Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6421.   As part of its publication, The El Paso Times also provides a website located at elpasotimes.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6422.   Upon information and belief, The El Paso Times knows that its website is read from users across the United States, including the residents in the Kansas City area.

6423.   The El Paso Times is in charge of and determines which content is placed on its website located at The El Paso Times which is used for its website, its advertisers, its subscribers and in its publication.

6424.   The El Paso Times maintains at least one server accessible online to the public at www.elpasotimes.com(the "Website").

6425.   The Website has a copyright notice on the website © 2022 www.elpasotimes.com. All rights reserved.

6426.   Upon information and belief, The El Paso Times used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.elpasotimes.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
/microsoft/4597663002/,

https://www.elpasotimes.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-
2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.elpasotimes.com/story/entertainment/2020/01/29/super-bowl-commercials-
2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6427.   The Sowers Photograph was used for advertising by The El Paso Times.

6428.   On the Website, The El Paso Times posts and disseminates content to its subscribers,
including those located in Missouri.

6429.   Such content is used to market and promote The El Paso Times and its advertisers.

6430.   Upon information and belief, Defendant The El Paso Times has targeted
dissemination of its content toward residents in the state of Missouri.

**Defendant The El Paso Times's Infringement**

6431.   Defendant The El Paso Times reproduced Plaintiff's image and distributed it to its
subscribers, including those located in Missouri, via its website located at www.elpasotimes.com.

6432.   Upon information and belief, the photograph was a large PNG image file which was
over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6433.   Defendant The El Paso Times's website includes commercial advertising targeting
the subscribers of The El Paso Times's publication, including those in Missouri.

6434.   Upon information and belief, because the advertisers on Defendant The El Paso
Times's website are based on the location of the viewer, these advertisements target Missouri
residents and include advertisers targeting Missouri residents.

6435.   Upon information and belief, The El Paso Times selected Plaintiff's image for

inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6436.   Upon information and belief, The El Paso Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6437.   Upon information The El Paso Times reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6438.   Alternatively, The El Paso Times obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The El Paso Times's website for its digital subscribers and in connection with advertising located on its website.

6439.   Defendant The El Paso Times used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6440.   Defendant The El Paso Times's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6441.   Ms. Campbell did not give Defendant The El Paso Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6442.   Ms. Campbell did not give Defendant The El Paso Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6443.   Nonetheless, Defendant The El Paso Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising

content via its website to its digital subscribers and others (the "The El Paso Times's Use").

6444. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6445. Upon information and belief, the The El Paso Times's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6446. Defendant The El Paso Times did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CCXV. **Defendant Times Record News**

6447. Defendant Times Record News is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Wichita Falls, Texas.

6448. Upon information and belief, Times Record News has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6449. As part of its publication, Times Record News sells copies of its publication along with subscriptions and advertising for the publication.

6450. Times Record News is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6451. As part of its publication, Times Record News also provides a website located at timesrecordnews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6452.  Upon information and belief, Times Record News knows that its website is read from users across the United States, including the residents in the Kansas City area.

6453.  Times Record News is in charge of and determines which content is placed on its website located at Times Record News which is used for its website, its advertisers, its subscribers and in its publication.

6454.  Times Record News maintains at least one server accessible online to the public at www.timesrecordnews.com(the "Website").

6455.  The Website has a copyright notice on the website © 2022 www.timesrecordnews.com. All rights reserved.

6456.  Upon information and belief, Times Record News used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.timesrecordnews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,
>
> https://www.timesrecordnews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.timesrecordnews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6457.  The Sowers Photograph was used for advertising by Times Record News.

6458.  On the Website, Times Record News posts and disseminates content to its subscribers, including those located in Missouri.

6459.  Such content is used to market and promote Times Record News and its advertisers.

6460.  Upon information and belief, Defendant Times Record News has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant Times Record News's Infringement**

6461. Defendant Times Record News reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.timesrecordnews.com.

6462. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6463. Defendant Times Record News's website includes commercial advertising targeting the subscribers of Times Record News's publication, including those in Missouri.

6464. Upon information and belief, because the advertisers on Defendant Times Record News's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6465. Upon information and belief, Times Record News selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6466. Upon information and belief, Times Record News is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6467. Upon information Times Record News reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6468. Alternatively, Times Record News obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Times Record News's website for its digital subscribers and in connection with advertising located on its website.

6469.   Defendant Times Record News used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6470.   Defendant Times Record News's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6471.   Ms. Campbell did not give Defendant Times Record News permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6472.   Ms. Campbell did not give Defendant Times Record News permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6473.   Nonetheless, Defendant Times Record News reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Times Record News's Use").

6474.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6475.   Upon information and belief, the Times Record News's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6476.   Defendant Times Record News did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CCXVI.   Defendant Waxahachie Daily Light

6477.   Defendant Waxahachie Daily Light is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Waxahachie, Texas.

6478.   Upon information and belief, Waxahachie Daily Light has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6479.   As part of its publication, Waxahachie Daily Light sells copies of its publication along with subscriptions and advertising for the publication.

6480.   Waxahachie Daily Light is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6481.   As part of its publication, Waxahachie Daily Light also provides a website located at waxahachietx.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6482.   Upon information and belief, Waxahachie Daily Light knows that its website is read from users across the United States, including the residents in the Kansas City area.

6483.   Waxahachie Daily Light is in charge of and determines which content is placed on its website located at Waxahachie Daily Light which is used for its website, its advertisers, its subscribers and in its publication.

6484.   Waxahachie Daily Light maintains at least one server accessible online to the public at www.waxahachietx.com(the "Website").

6485.   The Website has a copyright notice on the website © 2022 www.waxahachietx.com. All rights reserved.

6486.   Upon information and belief, Waxahachie Daily Light used the Sowers Photograph

in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.waxahachietx.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.waxahachietx.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.waxahachietx.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6487.   The Sowers Photograph was used for advertising by Waxahachie Daily Light.

6488.   On the Website, Waxahachie Daily Light posts and disseminates content to its subscribers, including those located in Missouri.

6489.   Such content is used to market and promote Waxahachie Daily Light and its advertisers.

6490.   Upon information and belief, Defendant Waxahachie Daily Light has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Waxahachie Daily Light's Infringement**

6491.   Defendant Waxahachie Daily Light reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.waxahachietx.com.

6492.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6493.   Defendant Waxahachie Daily Light's website includes commercial advertising targeting the subscribers of Waxahachie Daily Light's publication, including those in Missouri.

6494. Upon information and belief, because the advertisers on Defendant Waxahachie Daily Light's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6495. Upon information and belief, Waxahachie Daily Light selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6496. Upon information and belief, Waxahachie Daily Light is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6497. Upon information Waxahachie Daily Light reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6498. Alternatively, Waxahachie Daily Light obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Waxahachie Daily Light's website for its digital subscribers and in connection with advertising located on its website.

6499. Defendant Waxahachie Daily Light used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6500. Defendant Waxahachie Daily Light's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6501. Ms. Campbell did not give Defendant Waxahachie Daily Light permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6502. Ms. Campbell did not give Defendant Waxahachie Daily Light permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6503. Nonetheless, Defendant Waxahachie Daily Light reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Waxahachie Daily Light's Use").

6504. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6505. Upon information and belief, the Waxahachie Daily Light's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6506. Defendant Waxahachie Daily Light did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CCXVII. Defendant The Spectrum

6507. Defendant The Spectrum is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in St. George, Utah.

6508. Upon information and belief, The Spectrum has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6509. As part of its publication, The Spectrum sells copies of its publication along with subscriptions and advertising for the publication.

6510. The Spectrum is part of a network of over 300 publications across 46 states with

5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6511. As part of its publication, The Spectrum also provides a website located at thespectrum.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6512. Upon information and belief, The Spectrum knows that its website is read from users across the United States, including the residents in the Kansas City area.

6513. The Spectrum is in charge of and determines which content is placed on its website located at The Spectrum which is used for its website, its advertisers, its subscribers and in its publication.

6514. The Spectrum maintains at least one server accessible online to the public at www.thespectrum.com(the "Website").

6515. The Website has a copyright notice on the website © 2022 www.thespectrum.com. All rights reserved.

6516. Upon information and belief, The Spectrum used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.thespectrum.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thespectrum.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thespectrum.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 792 of 848

6517. The Sowers Photograph was used for advertising by The Spectrum.

6518. On the Website, The Spectrum posts and disseminates content to its subscribers, including those located in Missouri.

6519. Such content is used to market and promote The Spectrum and its advertisers.

6520. Upon information and belief, Defendant The Spectrum has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Spectrum's Infringement**

6521. Defendant The Spectrum reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thespectrum.com.

6522. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6523. Defendant The Spectrum's website includes commercial advertising targeting the subscribers of The Spectrum's publication, including those in Missouri.

6524. Upon information and belief, because the advertisers on Defendant The Spectrum's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6525. Upon information and belief, The Spectrum selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6526. Upon information and belief, The Spectrum is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6527. Upon information The Spectrum reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its

subscribers, including those in Missouri.

6528. Alternatively, The Spectrum obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Spectrum's website for its digital subscribers and in connection with advertising located on its website.

6529. Defendant The Spectrum used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6530. Defendant The Spectrum's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6531. Ms. Campbell did not give Defendant The Spectrum permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6532. Ms. Campbell did not give Defendant The Spectrum permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6533. Nonetheless, Defendant The Spectrum reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Spectrum's Use").

6534. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6535. Upon information and belief, the The Spectrum's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri

advertisers.

6536.   Defendant The Spectrum did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CCXVIII. <u>Defendant The News Leader</u>**

6537.   Defendant The News Leader is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Staunton, Virginia.

6538.   Upon information and belief, The News Leader has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6539.   As part of its publication, The News Leader sells copies of its publication along with subscriptions and advertising for the publication.

6540.   The News Leader is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6541.   As part of its publication, The News Leader also provides a website located at www.newsleader.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6542.   Upon information and belief, The News Leader knows that its website is read from users across the United States, including the residents in the Kansas City area.

6543.   The News Leader is in charge of and determines which content is placed on its website located at The News Leader which is used for its website, its advertisers, its subscribers and in its publication.

6544.   The News Leader maintains at least one server accessible online to the public at

www.www.newsleader.com(the "Website").

6545.   The   Website   has   a   copyright   notice   on   the   website   ©   2022 www.www.newsleader.com. All rights reserved.

6546.   Upon information and belief, The News Leader used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.www.newsleader.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.www.newsleader.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.www.newsleader.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6547.   The Sowers Photograph was used for advertising by The News Leader.

6548.   On the Website, The News Leader posts and disseminates content to its subscribers, including those located in Missouri.

6549.   Such content is used to market and promote The News Leader and its advertisers.

6550.   Upon   information   and   belief,   Defendant   The   News   Leader   has   targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The News Leader's Infringement**

6551.   Defendant The News Leader reproduced Plaintiff's image and distributed it to its subscribers,   including   those   located   in   Missouri,   via   its   website   located   at www.www.newsleader.com.

6552.   Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6553.  Defendant The News Leader's website includes commercial advertising targeting the subscribers of The News Leader's publication, including those in Missouri.

6554.  Upon information and belief, because the advertisers on Defendant The News Leader's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6555.  Upon information and belief, The News Leader selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6556.  Upon information and belief, The News Leader is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6557.  Upon information The News Leader reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6558.  Alternatively, The News Leader obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The News Leader's website for its digital subscribers and in connection with advertising located on its website.

6559.  Defendant The News Leader used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6560.  Defendant The News Leader's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its

website to various subscribers, including Missouri residents.

6561.   Ms. Campbell did not give Defendant The News Leader permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6562.   Ms. Campbell did not give Defendant The News Leader permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6563.   Nonetheless, Defendant The News Leader reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The News Leader's Use").

6564.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6565.   Upon information and belief, the The News Leader's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6566.   Defendant The News Leader did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CCXIX.   Defendant Kitsap Sun**

6567.   Defendant Kitsap Sun is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Bremerton, Washington.

6568.   Upon information and belief, Kitsap Sun has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6569.   As part of its publication, Kitsap Sun sells copies of its publication along with

subscriptions and advertising for the publication.

6570. Kitsap Sun is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6571. As part of its publication, Kitsap Sun also provides a website located at www.kitsapsun.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6572. Upon information and belief, Kitsap Sun knows that its website is read from users across the United States, including the residents in the Kansas City area.

6573. Kitsap Sun is in charge of and determines which content is placed on its website located at Kitsap Sun which is used for its website, its advertisers, its subscribers and in its publication.

6574. Kitsap Sun maintains at least one server accessible online to the public at www.www.kitsapsun.com(the "Website").

6575. The Website has a copyright notice on the website © 2022 www.www.kitsapsun.com. All rights reserved.

6576. Upon information and belief, Kitsap Sun used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.www.kitsapsun.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.www.kitsapsun.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.www.kitsapsun.com/story/entertainment/2020/01/29/super-bowl-

commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6577.   The Sowers Photograph was used for advertising by Kitsap Sun.

6578.   On the Website, Kitsap Sun posts and disseminates content to its subscribers, including those located in Missouri.

6579.   Such content is used to market and promote Kitsap Sun and its advertisers.

6580.   Upon information and belief, Defendant Kitsap Sun has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Kitsap Sun's Infringement**

6581.   Defendant Kitsap Sun reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.www.kitsapsun.com.

6582.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6583.   Defendant Kitsap Sun's website includes commercial advertising targeting the subscribers of Kitsap Sun's publication, including those in Missouri.

6584.   Upon information and belief, because the advertisers on Defendant Kitsap Sun's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6585.   Upon information and belief, Kitsap Sun selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6586.   Upon information and belief, Kitsap Sun is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6587.   Upon information Kitsap Sun reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6588.   Alternatively, Kitsap Sun obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Kitsap Sun's website for its digital subscribers and in connection with advertising located on its website.

6589.   Defendant Kitsap Sun used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6590.   Defendant Kitsap Sun's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6591.   Ms. Campbell did not give Defendant Kitsap Sun permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6592.   Ms. Campbell did not give Defendant Kitsap Sun permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6593.   Nonetheless, Defendant Kitsap Sun reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Kitsap Sun's Use").

6594.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6595.   Upon information and belief, the Kitsap Sun's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to

encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6596.   Defendant Kitsap Sun did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CCXX.    Defendant The Progress-Index

6597.   Defendant The Progress-Index is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Petersburg, Washington.

6598.   Upon information and belief, The Progress-Index has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6599.   As part of its publication, The Progress-Index sells copies of its publication along with subscriptions and advertising for the publication.

6600.   The Progress-Index is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6601.   As part of its publication, The Progress-Index also provides a website located at progress-index.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6602.   Upon information and belief, The Progress-Index knows that its website is read from users across the United States, including the residents in the Kansas City area.

6603.   The Progress-Index is in charge of and determines which content is placed on its website located at The Progress-Index which is used for its website, its advertisers, its subscribers and in its publication.

6604. The Progress-Index maintains at least one server accessible online to the public at www.progress-index.com(the "Website").

6605. The Website has a copyright notice on the website © 2022 www.progress-index.com. All rights reserved.

6606. Upon information and belief, The Progress-Index used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.progress-index.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.progress-index.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.progress-index.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6607. The Sowers Photograph was used for advertising by The Progress-Index.

6608. On the Website, The Progress-Index posts and disseminates content to its subscribers, including those located in Missouri.

6609. Such content is used to market and promote The Progress-Index and its advertisers.

6610. Upon information and belief, Defendant The Progress-Index has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Progress-Index's Infringement**

6611. Defendant The Progress-Index reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.progress-index.com.

6612. Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6613.   Defendant The Progress-Index's website includes commercial advertising targeting the subscribers of The Progress-Index's publication, including those in Missouri.

6614.   Upon information and belief, because the advertisers on Defendant The Progress-Index's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6615.   Upon information and belief, The Progress-Index selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6616.   Upon information and belief, The Progress-Index is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6617.   Upon information The Progress-Index reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6618.   Alternatively, The Progress-Index obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Progress-Index's website for its digital subscribers and in connection with advertising located on its website.

6619.   Defendant The Progress-Index used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6620.   Defendant The Progress-Index's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its

website to various subscribers, including Missouri residents.

6621. Ms. Campbell did not give Defendant The Progress-Index permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6622. Ms. Campbell did not give Defendant The Progress-Index permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6623. Nonetheless, Defendant The Progress-Index reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Progress-Index's Use").

6624. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6625. Upon information and belief, the The Progress-Index's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6626. Defendant The Progress-Index did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CCXXI.  **Defendant The Post-Crescent**

6627. Defendant The Post-Crescent is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Appleton, Wisconsin.

6628. Upon information and belief, The Post-Crescent has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6629. As part of its publication, The Post-Crescent sells copies of its publication along with

subscriptions and advertising for the publication.

6630.   The Post-Crescent is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6631.   As part of its publication, The Post-Crescent also provides a website located at postcrescent.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6632.   Upon information and belief, The Post-Crescent knows that its website is read from users across the United States, including the residents in the Kansas City area.

6633.   The Post-Crescent is in charge of and determines which content is placed on its website located at The Post-Crescent which is used for its website, its advertisers, its subscribers and in its publication.

6634.   The Post-Crescent maintains at least one server accessible online to the public at www.postcrescent.com(the "Website").

6635.   The Website has a copyright notice on the website © 2022 www.postcrescent.com. All rights reserved.

6636.   Upon information and belief, The Post-Crescent used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.postcrescent.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.postcrescent.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

Case 4:22-cv-00811-SRB   Document 1   Filed 12/09/22   Page 806 of 848

https://www.postcrescent.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6637.    The Sowers Photograph was used for advertising by The Post-Crescent.

6638.    On the Website, The Post-Crescent posts and disseminates content to its subscribers, including those located in Missouri.

6639.    Such content is used to market and promote The Post-Crescent and its advertisers.

6640.    Upon information and belief, Defendant The Post-Crescent has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Post-Crescent's Infringement**

6641.    Defendant The Post-Crescent reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.postcrescent.com.

6642.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6643.    Defendant The Post-Crescent's website includes commercial advertising targeting the subscribers of The Post-Crescent's publication, including those in Missouri.

6644.    Upon information and belief, because the advertisers on Defendant The Post-Crescent's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6645.    Upon information and belief, The Post-Crescent selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6646.    Upon information and belief, The Post-Crescent is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6647.   Upon information The Post-Crescent reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6648.   Alternatively, The Post-Crescent obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Post-Crescent's website for its digital subscribers and in connection with advertising located on its website.

6649.   Defendant The Post-Crescent used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6650.   Defendant The Post-Crescent's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6651.   Ms. Campbell did not give Defendant The Post-Crescent permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6652.   Ms. Campbell did not give Defendant The Post-Crescent permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6653.   Nonetheless, Defendant The Post-Crescent reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Post-Crescent's Use").

6654.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6655.   Upon information and belief, the The Post-Crescent's Use was part of a marketing

and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6656.  Defendant The Post-Crescent did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CCXXII.  **Defendant The Reporter**

6657.  Defendant The Reporter is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Fond Du Lac, Wisconsin.

6658.  Upon information and belief, The Reporter has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6659.  As part of its publication, The Reporter sells copies of its publication along with subscriptions and advertising for the publication.

6660.  The Reporter is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6661.  As part of its publication, The Reporter also provides a website located at fdlreporter.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6662.  Upon information and belief, The Reporter knows that its website is read from users across the United States, including the residents in the Kansas City area.

6663.  The Reporter is in charge of and determines which content is placed on its website located at The Reporter which is used for its website, its advertisers, its subscribers and in its publication.

6664. The Reporter maintains at least one server accessible online to the public at www.fdlreporter.com(the "Website").

6665. The Website has a copyright notice on the website © 2022 www.fdlreporter.com. All rights reserved.

6666. Upon information and belief, The Reporter used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.fdlreporter.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.fdlreporter.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.fdlreporter.com/story/entertainment/2020/01/29/super-bowl-commercials-

2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6667. The Sowers Photograph was used for advertising by The Reporter.

6668. On the Website, The Reporter posts and disseminates content to its subscribers, including those located in Missouri.

6669. Such content is used to market and promote The Reporter and its advertisers.

6670. Upon information and belief, Defendant The Reporter has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Reporter's Infringement**

6671. Defendant The Reporter reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.fdlreporter.com.

6672. Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6673. Defendant The Reporter's website includes commercial advertising targeting the subscribers of The Reporter's publication, including those in Missouri.

6674. Upon information and belief, because the advertisers on Defendant The Reporter's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6675. Upon information and belief, The Reporter selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6676. Upon information and belief, The Reporter is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6677. Upon information The Reporter reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6678. Alternatively, The Reporter obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Reporter's website for its digital subscribers and in connection with advertising located on its website.

6679. Defendant The Reporter used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6680. Defendant The Reporter's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to

various subscribers, including Missouri residents.

6681. Ms. Campbell did not give Defendant The Reporter permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6682. Ms. Campbell did not give Defendant The Reporter permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6683. Nonetheless, Defendant The Reporter reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Reporter's Use").

6684. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6685. Upon information and belief, the The Reporter's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6686. Defendant The Reporter did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CCXXIII. <u>Defendant Green Bay Press-Gazette</u>**

6687. Defendant Green Bay Press-Gazette is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Green Bay, Wisconsin.

6688. Upon information and belief, Green Bay Press-Gazette has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6689. As part of its publication, Green Bay Press-Gazette sells copies of its publication

along with subscriptions and advertising for the publication.

6690. Green Bay Press-Gazette is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6691. As part of its publication, Green Bay Press-Gazette also provides a website located at greenbaypressgazette.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6692. Upon information and belief, Green Bay Press-Gazette knows that its website is read from users across the United States, including the residents in the Kansas City area.

6693. Green Bay Press-Gazette is in charge of and determines which content is placed on its website located at Green Bay Press-Gazette which is used for its website, its advertisers, its subscribers and in its publication.

6694. Green Bay Press-Gazette maintains at least one server accessible online to the public at www.greenbaypressgazette.com(the "Website").

6695. The Website has a copyright notice on the website © 2022 www.greenbaypressgazette.com. All rights reserved.

6696. Upon information and belief, Green Bay Press-Gazette used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.greenbaypressgazette.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.greenbaypressgazette.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.greenbaypressgazette.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6697.   The Sowers Photograph was used for advertising by Green Bay Press-Gazette.

6698.   On the Website, Green Bay Press-Gazette posts and disseminates content to its subscribers, including those located in Missouri.

6699.   Such content is used to market and promote Green Bay Press-Gazette and its advertisers.

6700.   Upon information and belief, Defendant Green Bay Press-Gazette has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Green Bay Press-Gazette's Infringement**

6701.   Defendant Green Bay Press-Gazette reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.greenbaypressgazette.com.

6702.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6703.   Defendant Green Bay Press-Gazette's website includes commercial advertising targeting the subscribers of Green Bay Press-Gazette's publication, including those in Missouri.

6704.   Upon information and belief, because the advertisers on Defendant Green Bay Press-Gazette's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6705.   Upon information and belief, Green Bay Press-Gazette selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6706.   Upon information and belief, Green Bay Press-Gazette is accustomed to negotiating

and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6707.   Upon information Green Bay Press-Gazette reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6708.   Alternatively, Green Bay Press-Gazette obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Green Bay Press-Gazette's website for its digital subscribers and in connection with advertising located on its website.

6709.   Defendant Green Bay Press-Gazette used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6710.   Defendant Green Bay Press-Gazette's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6711.   Ms. Campbell did not give Defendant Green Bay Press-Gazette permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6712.   Ms. Campbell did not give Defendant Green Bay Press-Gazette permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6713.   Nonetheless, Defendant Green Bay Press-Gazette reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Green Bay Press-

Gazette's Use").

6714.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6715.   Upon information and belief, the Green Bay Press-Gazette's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6716.   Defendant Green Bay Press-Gazette did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CCXXIV. <u>Defendant Herald Times Reporter</u>**

6717.   Defendant Herald Times Reporter is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Manitowoc, Wisconsin.

6718.   Upon information and belief, Herald Times Reporter has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6719.   As part of its publication, Herald Times Reporter sells copies of its publication along with subscriptions and advertising for the publication.

6720.   Herald Times Reporter is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6721.   As part of its publication, Herald Times Reporter also provides a website located at htrnews.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6722.   Upon information and belief, Herald Times Reporter knows that its website is read from users across the United States, including the residents in the Kansas City area.

6723.   Herald Times Reporter is in charge of and determines which content is placed on its website located at Herald Times Reporter which is used for its website, its advertisers, its subscribers and in its publication.

6724.   Herald Times Reporter maintains at least one server accessible online to the public at www.htrnews.com(the "Website").

6725.   The Website has a copyright notice on the website © 2022 www.htrnews.com. All rights reserved.

6726.   Upon information and belief, Herald Times Reporter used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.htrnews.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
> https://www.htrnews.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-
> 2020-watch-latest-ads-super-bowl-liv/4608394002/, and
> https://www.htrnews.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-
> watch-latest-ads-super-bowl-liv/4612768002/ .

6727.   The Sowers Photograph was used for advertising by Herald Times Reporter.

6728.   On the Website, Herald Times Reporter posts and disseminates content to its subscribers, including those located in Missouri.

6729.   Such content is used to market and promote Herald Times Reporter and its advertisers.

6730.  Upon information and belief, Defendant Herald Times Reporter has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Herald Times Reporter's Infringement**

6731.  Defendant Herald Times Reporter reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.htrnews.com.

6732.  Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6733.  Defendant Herald Times Reporter's website includes commercial advertising targeting the subscribers of Herald Times Reporter's publication, including those in Missouri.

6734.  Upon information and belief, because the advertisers on Defendant Herald Times Reporter's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6735.  Upon information and belief, Herald Times Reporter selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6736.  Upon information and belief, Herald Times Reporter is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6737.  Upon information Herald Times Reporter reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6738.  Alternatively, Herald Times Reporter obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Herald Times Reporter's website for its digital subscribers and in connection with advertising located on its website.

6739.    Defendant Herald Times Reporter used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6740.    Defendant Herald Times Reporter's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6741.    Ms. Campbell did not give Defendant Herald Times Reporter permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6742.    Ms. Campbell did not give Defendant Herald Times Reporter permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6743.    Nonetheless, Defendant Herald Times Reporter reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Herald Times Reporter's Use").

6744.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6745.    Upon information and belief, the Herald Times Reporter's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6746.    Defendant Herald Times Reporter did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CCXXV.  **Defendant Marshfield News Herald**

6747.   Defendant Marshfield News Herald is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Marshfield, Wisconsin.

6748.   Upon information and belief, Marshfield News Herald has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6749.   As part of its publication, Marshfield News Herald sells copies of its publication along with subscriptions and advertising for the publication.

6750.   Marshfield News Herald is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6751.   As part of its publication, Marshfield News Herald also provides a website located at marshfieldnewsherald.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6752.   Upon information and belief, Marshfield News Herald knows that its website is read from users across the United States, including the residents in the Kansas City area.

6753.   Marshfield News Herald is in charge of and determines which content is placed on its website located at Marshfield News Herald which is used for its website, its advertisers, its subscribers and in its publication.

6754.   Marshfield News Herald maintains at least one server accessible online to the public at www.marshfieldnewsherald.com (the "Website").

6755.  The Website has a copyright notice on the website © 2022 www.marshfieldnewsherald.com. All rights reserved.

6756.   Upon information and belief, Marshfield News Herald used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.marshfieldnewsherald.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.marshfieldnewsherald.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.marshfieldnewsherald.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6757.   The Sowers Photograph was used for advertising by Marshfield News Herald.

6758.   On the Website, Marshfield News Herald posts and disseminates content to its subscribers, including those located in Missouri.

6759.   Such content is used to market and promote Marshfield News Herald and its advertisers.

6760.   Upon information and belief, Defendant Marshfield News Herald has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Marshfield News Herald's Infringement**

6761.   Defendant Marshfield News Herald reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.marshfieldnewsherald.com.

6762.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6763.   Defendant Marshfield News Herald's website includes commercial advertising

targeting the subscribers of Marshfield News Herald's publication, including those in Missouri.

6764. Upon information and belief, because the advertisers on Defendant Marshfield News Herald's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6765. Upon information and belief, Marshfield News Herald selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6766. Upon information and belief, Marshfield News Herald is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6767. Upon information Marshfield News Herald reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6768. Alternatively, Marshfield News Herald obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Marshfield News Herald's website for its digital subscribers and in connection with advertising located on its website.

6769. Defendant Marshfield News Herald used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6770. Defendant Marshfield News Herald's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6771. Ms. Campbell did not give Defendant Marshfield News Herald permission to

reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6772.   Ms. Campbell did not give Defendant Marshfield News Herald permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6773.   Nonetheless, Defendant Marshfield News Herald reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Marshfield News Herald's Use").

6774.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6775.   Upon information and belief, the Marshfield News Herald's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6776.   Defendant Marshfield News Herald did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CCXXVI. __Defendant The Northwestern__

6777.   Defendant The Northwestern is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Oshkosh, Wisconsin.

6778.   Upon information and belief, The Northwestern has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6779.   As part of its publication, The Northwestern sells copies of its publication along with

subscriptions and advertising for the publication.

6780. The Northwestern is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6781. As part of its publication, The Northwestern also provides a website located at thenorthwestern.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6782. Upon information and belief, The Northwestern knows that its website is read from users across the United States, including the residents in the Kansas City area.

6783. The Northwestern is in charge of and determines which content is placed on its website located at The Northwestern which is used for its website, its advertisers, its subscribers and in its publication.

6784. The Northwestern maintains at least one server accessible online to the public at www.thenorthwestern.com(the "Website").

6785. The Website has a copyright notice on the website © 2022 www.thenorthwestern.com. All rights reserved.

6786. Upon information and belief, The Northwestern used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.thenorthwestern.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.thenorthwestern.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.thenorthwestern.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6787.   The Sowers Photograph was used for advertising by The Northwestern.

6788.   On the Website, The Northwestern posts and disseminates content to its subscribers, including those located in Missouri.

6789.   Such content is used to market and promote The Northwestern and its advertisers.

6790.   Upon information and belief, Defendant The Northwestern has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Northwestern's Infringement**

6791.   Defendant The Northwestern reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.thenorthwestern.com.

6792.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6793.   Defendant The Northwestern's website includes commercial advertising targeting the subscribers of The Northwestern's publication, including those in Missouri.

6794.   Upon information and belief, because the advertisers on Defendant The Northwestern's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6795.   Upon information and belief, The Northwestern selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6796.   Upon information and belief, The Northwestern is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of

the consequences for failing to do so.

6797.   Upon information The Northwestern reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6798.   Alternatively, The Northwestern obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Northwestern's website for its digital subscribers and in connection with advertising located on its website.

6799.   Defendant The Northwestern used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6800.   Defendant The Northwestern's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6801.   Ms. Campbell did not give Defendant The Northwestern permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6802.   Ms. Campbell did not give Defendant The Northwestern permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6803.   Nonetheless, Defendant The Northwestern reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Northwestern's Use").

6804.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6805.    Upon information and belief, the The Northwestern's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6806.    Defendant The Northwestern did not have a license or any permission to use the Sowers Photograph or distribute it to others.

### CCXXVII.        **Defendant The Sheboygan Press**

6807.    Defendant The Sheboygan Press is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Sheboygan, Wisconsin.

6808.    Upon information and belief, The Sheboygan Press has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6809.    As part of its publication, The Sheboygan Press sells copies of its publication along with subscriptions and advertising for the publication.

6810.    The Sheboygan Press is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6811.    As part of its publication, The Sheboygan Press also provides a website located at sheboyganpress.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6812.    Upon information and belief, The Sheboygan Press knows that its website is read from users across the United States, including the residents in the Kansas City area.

6813.    The Sheboygan Press is in charge of and determines which content is placed on its

website located at The Sheboygan Press which is used for its website, its advertisers, its subscribers and in its publication.

6814.   The Sheboygan Press maintains at least one server accessible online to the public at www.sheboyganpress.com(the "Website").

6815.   The Website has a copyright notice on the website © 2022 www.sheboyganpress.com. All rights reserved.

6816.   Upon information and belief, The Sheboygan Press used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.sheboyganpress.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
> https://www.sheboyganpress.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
> https://www.sheboyganpress.com/story/entertainment/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6817.   The Sowers Photograph was used for advertising by The Sheboygan Press.

6818.   On the Website, The Sheboygan Press posts and disseminates content to its subscribers, including those located in Missouri.

6819.   Such content is used to market and promote The Sheboygan Press and its advertisers.

6820.   Upon information and belief, Defendant The Sheboygan Press has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Sheboygan Press's Infringement**

6821.   Defendant The Sheboygan Press reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.sheboyganpress.com.

6822.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6823.   Defendant The Sheboygan Press's website includes commercial advertising targeting the subscribers of The Sheboygan Press's publication, including those in Missouri.

6824.   Upon information and belief, because the advertisers on Defendant The Sheboygan Press's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6825.   Upon information and belief, The Sheboygan Press selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6826.   Upon information and belief, The Sheboygan Press is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6827.   Upon information The Sheboygan Press reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6828.   Alternatively, The Sheboygan Press obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Sheboygan Press's website for its digital subscribers and in connection with advertising located on its website.

6829.   Defendant The Sheboygan Press used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

829

6830. Defendant The Sheboygan Press's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6831. Ms. Campbell did not give Defendant The Sheboygan Press permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6832. Ms. Campbell did not give Defendant The Sheboygan Press permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6833. Nonetheless, Defendant The Sheboygan Press reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Sheboygan Press's Use").

6834. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6835. Upon information and belief, the The Sheboygan Press's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6836. Defendant The Sheboygan Press did not have a license or any permission to use the Sowers Photograph or distribute it to others.

CCXXVIII.      **Defendant Stevens Point Journal**

6837. Defendant Stevens Point Journal is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Stevens Point, Wisconsin.

6838.   Upon information and belief, Stevens Point Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6839.   As part of its publication, Stevens Point Journal sells copies of its publication along with subscriptions and advertising for the publication.

6840.   Stevens Point Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6841.   As part of its publication, Stevens Point Journal also provides a website located at stevenspointjournal.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6842.   Upon information and belief, Stevens Point Journal knows that its website is read from users across the United States, including the residents in the Kansas City area.

6843.   Stevens Point Journal is in charge of and determines which content is placed on its website located at Stevens Point Journal which is used for its website, its advertisers, its subscribers and in its publication.

6844.   Stevens Point Journal maintains at least one server accessible online to the public at www.stevenspointjournal.com(the "Website").

6845.   The Website has a copyright notice on the website © 2022 www.stevenspointjournal.com. All rights reserved.

6846.   Upon information and belief, Stevens Point Journal used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.stevenspointjournal.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-

/microsoft/4597663002/,

https://www.stevenspointjournal.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.stevenspointjournal.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6847.   The Sowers Photograph was used for advertising by Stevens Point Journal.

6848.   On the Website, Stevens Point Journal posts and disseminates content to its subscribers, including those located in Missouri.

6849.   Such content is used to market and promote Stevens Point Journal and its advertisers.

6850.   Upon information and belief, Defendant Stevens Point Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Stevens Point Journal's Infringement**

6851.   Defendant Stevens Point Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.stevenspointjournal.com.

6852.   Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6853.   Defendant Stevens Point Journal's website includes commercial advertising targeting the subscribers of Stevens Point Journal's publication, including those in Missouri.

6854.   Upon information and belief, because the advertisers on Defendant Stevens Point Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6855.   Upon information and belief, Stevens Point Journal selected Plaintiff's image for

inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6856.   Upon information and belief, Stevens Point Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6857.   Upon information Stevens Point Journal reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6858.   Alternatively, Stevens Point Journal obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Stevens Point Journal's website for its digital subscribers and in connection with advertising located on its website.

6859.   Defendant Stevens Point Journal used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6860.   Defendant Stevens Point Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6861.   Ms. Campbell did not give Defendant Stevens Point Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6862.   Ms. Campbell did not give Defendant Stevens Point Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6863.   Nonetheless, Defendant Stevens Point Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising

content via its website to its digital subscribers and others (the "Stevens Point Journal's Use").

6864.   The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6865.   Upon information and belief, the Stevens Point Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6866.   Defendant Stevens Point Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## CCXXIX. **Defendant Wausau Daily Herald**

6867.   Defendant Wausau Daily Herald is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Wausau, Wisconsin.

6868.   Upon information and belief, Wausau Daily Herald has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6869.   As part of its publication, Wausau Daily Herald sells copies of its publication along with subscriptions and advertising for the publication.

6870.   Wausau Daily Herald is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6871.   As part of its publication, Wausau Daily Herald also provides a website located at wausaudailyherald.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6872. Upon information and belief, Wausau Daily Herald knows that its website is read from users across the United States, including the residents in the Kansas City area.

6873. Wausau Daily Herald is in charge of and determines which content is placed on its website located at Wausau Daily Herald which is used for its website, its advertisers, its subscribers and in its publication.

6874. Wausau Daily Herald maintains at least one server accessible online to the public at www.wausaudailyherald.com(the "Website").

6875. The Website has a copyright notice on the website © 2022 www.wausaudailyherald.com. All rights reserved.

6876. Upon information and belief, Wausau Daily Herald used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

> https://www.wausaudailyherald.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-
> /microsoft/4597663002/,
>
> https://www.wausaudailyherald.com/story/sports/Ad-Meter/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and
>
> https://www.wausaudailyherald.com/story/entertainment/2020/01/29/super-bowl-
> commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6877. The Sowers Photograph was used for advertising by Wausau Daily Herald.

6878. On the Website, Wausau Daily Herald posts and disseminates content to its subscribers, including those located in Missouri.

6879. Such content is used to market and promote Wausau Daily Herald and its advertisers.

6880. Upon information and belief, Defendant Wausau Daily Herald has targeted

dissemination of its content toward residents in the state of Missouri.

**Defendant Wausau Daily Herald's Infringement**

6881. Defendant Wausau Daily Herald reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.wausaudailyherald.com.

6882. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6883. Defendant Wausau Daily Herald's website includes commercial advertising targeting the subscribers of Wausau Daily Herald's publication, including those in Missouri.

6884. Upon information and belief, because the advertisers on Defendant Wausau Daily Herald's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6885. Upon information and belief, Wausau Daily Herald selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6886. Upon information and belief, Wausau Daily Herald is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6887. Upon information Wausau Daily Herald reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6888. Alternatively, Wausau Daily Herald obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on Wausau Daily Herald's website for its digital subscribers and in connection with advertising located on its website.

6889. Defendant Wausau Daily Herald used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6890. Defendant Wausau Daily Herald's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6891. Ms. Campbell did not give Defendant Wausau Daily Herald permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6892. Ms. Campbell did not give Defendant Wausau Daily Herald permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6893. Nonetheless, Defendant Wausau Daily Herald reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Wausau Daily Herald's Use").

6894. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6895. Upon information and belief, the Wausau Daily Herald's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6896. Defendant Wausau Daily Herald did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**CCXXX.** **Defendant The Wisconsin Rapids Daily Tribune**

6897.  Defendant The Wisconsin Rapids Daily Tribune is a daily publication which publishes local, national and international articles in print, digital, video and on social media and is located in Wisconsin Rapids, Wisconsin.

6898.  Upon information and belief, The Wisconsin Rapids Daily Tribune has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

6899.  As part of its publication, The Wisconsin Rapids Daily Tribune sells copies of its publication along with subscriptions and advertising for the publication.

6900.  The Wisconsin Rapids Daily Tribune is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

6901.  As part of its publication, The Wisconsin Rapids Daily Tribune also provides a website located at wisconsinrapidstribune.com where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

6902.  Upon information and belief, The Wisconsin Rapids Daily Tribune knows that its website is read from users across the United States, including the residents in the Kansas City area.

6903.  The Wisconsin Rapids Daily Tribune is in charge of and determines which content is placed on its website located at The Wisconsin Rapids Daily Tribune which is used for its website, its advertisers, its subscribers and in its publication.

6904.  The Wisconsin Rapids Daily Tribune maintains at least one server accessible online to the public at www.wisconsinrapidstribune.com(the "Website").

6905. The Website has a copyright notice on the website © 2022 www.wisconsinrapidstribune.com. All rights reserved.

6906.  Upon information and belief, The Wisconsin Rapids Daily Tribune used the Sowers Photograph in association with advertisements placed on the Website which viewed by subscribers viewing the Website along with the Sowers Photograph at the following urls:

https://www.wisconsinrapidstribune.com/videos/sports/Ad-Meter/2020/01/28/ad-meter-2020-/microsoft/4597663002/,

https://www.wisconsinrapidstribune.com/story/sports/Ad-Meter/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4608394002/, and

https://www.wisconsinrapidstribune.com/story/entertainment/2020/01/29/super-bowl-commercials-2020-watch-latest-ads-super-bowl-liv/4612768002/ .

6907.  The Sowers Photograph was used for advertising by The Wisconsin Rapids Daily Tribune.

6908.  On the Website, The Wisconsin Rapids Daily Tribune posts and disseminates content to its subscribers, including those located in Missouri.

6909.  Such content is used to market and promote The Wisconsin Rapids Daily Tribune and its advertisers.

6910.  Upon information and belief, Defendant The Wisconsin Rapids Daily Tribune has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant The Wisconsin Rapids Daily Tribune's Infringement**

6911.  Defendant The Wisconsin Rapids Daily Tribune reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.wisconsinrapidstribune.com.

6912.  Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

6913. Defendant The Wisconsin Rapids Daily Tribune's website includes commercial advertising targeting the subscribers of The Wisconsin Rapids Daily Tribune's publication, including those in Missouri.

6914. Upon information and belief, because the advertisers on Defendant The Wisconsin Rapids Daily Tribune's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

6915. Upon information and belief, The Wisconsin Rapids Daily Tribune selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

6916. Upon information and belief, The Wisconsin Rapids Daily Tribune is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticated media company is aware of the consequences for failing to do so.

6917. Upon information The Wisconsin Rapids Daily Tribune reproduced Plaintiff's image by using a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

6918. Alternatively, The Wisconsin Rapids Daily Tribune obtained an unlicensed reproduction of Plaintiff's image from Gannett Media Corp for use on The Wisconsin Rapids Daily Tribune's website for its digital subscribers and in connection with advertising located on its website.

6919. Defendant The Wisconsin Rapids Daily Tribune used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

6920. Defendant The Wisconsin Rapids Daily Tribune's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website

to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

6921. Ms. Campbell did not give Defendant The Wisconsin Rapids Daily Tribune permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

6922. Ms. Campbell did not give Defendant The Wisconsin Rapids Daily Tribune permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

6923. Nonetheless, Defendant The Wisconsin Rapids Daily Tribune reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "The Wisconsin Rapids Daily Tribune's Use").

6924. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

6925. Upon information and belief, the The Wisconsin Rapids Daily Tribune's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

6926. Defendant The Wisconsin Rapids Daily Tribune did not have a license or any permission to use the Sowers Photograph or distribute it to others.

## COUNT 1 - COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

6927. Campbell incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

6928.   Campbell has a copyright registration for the Sowers Photograph.

6929.   Each of Defendants infringed Campbell's copyright through the unlawful display, reproduction, distribution, and creation of a derivative of the Sowers Photograph which was reproduced, stored and distributed via the Presto Content Delivery Network provided by Gannett Media Corp. for use on each of the Gannett Infringer's digital publications websites and other places online.

6930.   Each of the Gannett Infringers did not have any license, authorization, permission or consent to use, reproduce or distribution of Plaintiff's copyrighted image.

6931.   As a result of Defendant's direct infringement, Campbell is entitled to damages, including an election of statutory or actual damages, in an amount to be proven at trial.

6932.   Each of the Gannett Infringers are sophisticated media companies who are familiar with licensing images.

6933.   The Gannett Infringers actions have been willful, intentional and purposeful in disregard of and indifferent to Plaintiff's rights.

6934.   As a direct and proximate result of each of the Gannett Infringers infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to the maximum statutory damages up to $150,000 for each work infringed by each Defendant, or such other amounts as may be proper under 17 U.S.C. §504(c).  Alternatively, at Plaintiff's election, Plaintiff shall be entitled to her actual damages, including the Gannett Infringers' profits from infringement, pursuant to 17 U.S.C. §504(b).

6935.   Plaintiff is further entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

6936.   The infringement by the Gannett Infringers has caused and is continuing to cause

irreparable harm to Ms. Campbell for which she has no adequate remedy at law. Unless this Court restrains Defendants from infringing Ms. Campbell's protected work, the harm will continue to occur in the future. Accordingly, Ms. Campbell is entitled to a preliminary and permanent injunction prohibiting further infringements of her copyright and exclusive rights under copyright.

## COUNT 2 – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

6937. Ms. Campbell incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

6938. Copyrighted works owned by Plaintiff, and derivatives thereof, have been and continue to be illegally reproduced and distributed without authorization as part of the Presto content delivery network by Defendant Gannett Media Corp. in violation of 17 U.S.C. § 501.

6939. The Gannett Infringers directly infringed Plaintiff's copyright with content received from the Gannett Media Corp. for use as part of their publication including for use on and through their websites.

6940. Gannett Media Corp, knew or should have known of the infringing activity of each of the Gannett Infringers.

6941. Gannett Media Corp induced, caused or materially contributed to the infringing activity by each of the Gannett Infringers.

6942. Gannett Media Corp has actual and constructive knowledge of the infringing activity that occurs on and through the use of their content delivery network. Through the creation, training, maintenance and operation of the Presto network, Gannett Media Corp is liable for such infringing acts as a contributory infringer.

6943. Gannett Media Corp knowingly caused or otherwise materially contributed to the

unlawful reproduction and distribution of Plaintiff's copyrighted work and derivatives in violation of Plaintiff's exclusive rights under the Copyright Act.

6944.   The acts of Gannett Media Corp has been willful, intentional and purposeful, in disregard of and indifferent to Plaintiff's rights.

6945.   As a direct and proximate result of Gannett Media Corp contributory infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to maximum statutory damages of up to $150,000 for each work infringed by Gannett Media Corp, or for such other amounts as may be proper under 17 U.S.C. §504(c). Alternatively, at Plaintiff's election, Plaintiff shall be entitled to her actual damages, including the Gannett Media Corp's profits from infringement pursuant to 17 U.S.C. §504(b).

6946.   Plaintiff is further entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. §505.

6947.   Gannett Media Corp's contributory infringement has caused and is causing irreparable harm to Ms. Campbell for which she has no adequate remedy at law. Unless this Court restrains Gannett Media Corp from infringing Ms. Campbell's protected work, the harm will continue to occur in the future. Accordingly, Ms. Campbell is entitled to a permanent injunction prohibiting further infringements of her copyrights and exclusive rights under copyright.

## COUNT 3 – VICARIOUS COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

6948.   Ms. Campbell incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

6949.   Copyright works owned by Plaintiff, and derivative works thereof, have been and continue to be illegally reproduced and distributed without authorization on the Gannett Infringers

publications including as part of their websites in violation of 17 U.S.C. § 501.

6950.   Gannett Media Corp is vicariously liable for such infringing acts.  Gannett Media Corp is responsible for training the Gannett Infringers and has the right and ability to supervise and control the infringing activities that occur by the Gannett Infringers including on their publication and through their websites.

6951.   At all relevant times, Gannett Media Corp has a direct financial benefit attributable to the infringement by the Gannett Infringers.  Gannett Media Corp is therefor vicariously liable for the unlawful reproduction and distribution of Plaintiff's copyrighted works and the derivative works thereof in violation of Plaintiff's exclusive rights under the copyright laws of the United States including those protected by 17 U.S.C. §106.

6952.   The acts of Gannett Media Corp have been willful, intentional and purposeful, in disregard of and indifferent to Plaintiff's rights.

6953.   As a direct and proximate result of Gannett Media Corp's vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright Plaintiff is entitled to maximum statutory damages of up to $150,000 for each work infringed by each Gannett Infringer, or for such other amounts as may be proper under 17 U.S.C. §504(c).  Alternatively, at Plaintiff's election, Plaintiff shall be entitled to her actual damages, including the Gannett Infringer's profits from infringement pursuant to 17 U.S.C. §504(b).

6954.   Plaintiff is entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. §505.

6955.   Gannett Media Corp's vicarious infringement has caused and is causing irreparable harm to Ms. Campbell for which she has no adequate remedy at law.  Unless this Court restrains Gannett Media Corp from infringing Ms. Campbell's protected work, the harm will continue. Accordingly, Ms. Campbell is entitled to a permanent injunction prohibiting further infringements

of her copyrights and exclusive rights under copyright.

## PRAYER FOR RELIEF

WHEREFORE, Campbell demands a judgment against Defendants and prays that this Court will:

a.      Under 17 U.S.C. § 503, order the impounding and ultimately destruction, on such terms as it may deem reasonable, of any records or material involved in Defendants' copyright infringement, including any unauthorized reproductions of the work;

b.      That under 17 U.S.C. § 502, the Court grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain infringement of Campbell's copyrights;

c.      Under 17 U.S.C. § 504, award Campbell's actual damages and any additional profits of Defendants; or, if at any time before final judgment is rendered she so elects, award Campbell statutory damages pursuant to 17 U.S.C. §504(c);

d.      That Defendants be required to provide a full accounting to Ms. Campbell for all revenue received from any use of Ms. Campbell's copyrighted work;

e.      The Defendant's be ordered to pay Ms. Campbell all damages, including future damages, that Ms. Campbell has sustained or will sustain as a result of the acts complained of herein and that Ms. Campbell be awarded any profits derived by Defendants as a result of their acts, or as determined by an accounting ordered by the Court;

f.      That Defendants be ordered to pay Ms. Campbell prejudgment and postjudgment interest on all damages; and

g.      As the prevailing party in a Copyright Lawsuit, that Defendants be ordered to pay Ms. Campbell full costs and attorney's fees pursuant to 17 U.S.C. §505.

## DESIGNATION OF PACE OF TRIAL

Campbell herby designates Kansas City, Missouri as the place of trial of the above-styled matter.

## REQUEST FOR JURY TRIAL

Campbell herby requests trial by jury of the above-styled matter.

Respectfully submitted,

McDowell, Rice, Smith & Buchanan, P.C.

By:     /s/Arthur K. Shaffer
        Arthur K. Shaffer, #51,229
        605 W 47th St., Suite 350
        Kansas City, MO  64112
        Telephone: (816) 753-5400
        Facsimile:  (816) 753-9996
        Email: ashaffer@mcdowellrice.com

        Attorney for Plaintiff